UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANET HOWARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1968 (PLF) |
| | ) | |
| CARLOS M. GUTIERREZ, Secretary, | ) | |
| United States Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE

Pursuant to LCvR 40.5(b)(2), Defendant Carlos Gutierrez ("Defendant"), hereby objects to Plaintiffs' Notice of Related Case (Dkt. 2). The case at bar cannot be deemed related to Howard v. Guitierrez, 04-756 ("Howard I"), because the two cases involve different legal theories and arise out of different events.

Under Local Rule 40.5(a)(3), cases are deemed "related" if they: "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." Local Rule 40.5 is "an exception to the general rule of random assignment of cases in the District Court." Lucas v. Barreto, 2005 WL 607923, *2 (D.D.C. Mar. 16, 2005). "The general rule requiring random assignment of cases 'guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" Id. at *3 (quoting Tripp v. Executive Office of the President, 196 F.R.D. 201, 202 (D.D.C. 2000)).

Plaintiffs contend that the case at bar and Howard I meet the second and third prongs of the relatedness test, i.e. that they involve common issues of fact and grow out of the same event

or transaction.  See Dkt. 2.  Plaintiffs clearly are incorrect.  The case at bar is a putative class

action in which Ms. Howard and 12 other named plaintiffs purport to represent "all African-

American and non-African-Americans who are, or have been, employed by [the Department of]

Commerce and have experienced race discrimination or have been retaliated against for acting

against race discrimination" at any time from 1993 through the present.  See Complaint ¶ 254.

Plaintiffs challenge what they describe as a department-wide "system of racially discriminatory

and subjective employment practices with respect to promotions, awards, performance ratings,

career-enhancing work assignments, timely training for advancement, and job assignments"; an

allegedly department-wide disparity in pay between African-Americans and non-African-

Americans; an allegedly department-wide hostile work environment directed at African-

Americans; and allegedly department-wide retaliation against both African-Americans and

Caucasians who oppose racial discrimination.  See Complaint ¶¶ 4, 8; and Counts One and Two.

By contrast, Howard I is a single-plaintiff case involving a single claim:  that the Department of

Commerce violated the Rehabilitation Act of 1973 by failing to timely provide Ms. Howard a

reasonable accommodation for her alleged disability.  See Howard I, Memorandum Opinion

(Dkt. 20) at 1-2.

 Thus, the cases involve:

1. Different claims.  The case at bar alleges race discrimination and retaliation in

  violation of Title VII.[1]  Howard I alleges disability discrimination under the

---

[1] Only one of the plaintiffs in the case at bar, Ms. Ward Jordan, alleges disability discrimination.
See Complaint at 55 ("Count Three").  Ms. Ward Jordan, however, is not a party to Howard I.  In
addition, it appears from the face of the complaint that Ms. Ward Jordan already has litigated and
lost her Rehabilitation Act claims, see Complaint ¶¶ 90-91, 95, and therefore is barred by res
judicata from bringing them in the case at bar.

Rehabilitation Act.  Further, contrary to Plaintiffs' representation (see Complaint ¶ 11:  "Both [cases] involve retaliation against Commerce employees who speak out against race discrimination") , Howard I does not involve a claim of retaliation.  See First Amended Complaint (Dkt 5) at 14 ("First Cause of Action"); see also Memorandum Opinion (Dkt. 20) at 1-2.

2.    Different events.  The case at bar alleges systemic discrimination and retaliation against, respectively, all African-Americans, and all employees (regardless of race) who have opposed race discrimination, in all aspects of employment related to career advancement, since 1993.  While challenging potentially hundreds or thousands of discrete employment decisions by scores of supervisors, the case at bar posits that all of the allegedly discriminatory and retaliatory decisions were the result of some (unspecified) overarching department-level policy to limit the advancement of African-American employees—for which, according to Plaintiffs, the Department's Office of Human Resources Management "bears ultimate responsibility."  See Complaint ¶ 49.  Howard I alleges two discrete episodes (one in 2001, the other in 2003) of one supervisor allegedly failing to properly accommodate Ms. Howard's medical condition.

The only commonality Defendant can identify in the two cases is that they both involve claims by Ms. Howard against the Department of Commerce.  As made clear in Lucas, such a connection is insufficient to establish relatedness.  Lucas was a putative Title VII class action against the U.S. Small Business Administration ("SBA") in which the plaintiffs filed a notice of related case representing that their case grew out of the same event or transaction as an earlier

Title VII case filed against the SBA by Mr. Lucas.  2005 WL 607923, *1-2, n.4.  While acknowledging that "the issue of disparate treatment in the Agency's FY 2002 performance review process arises in both cases," the Court found that this issue linked at most one claim in the two cases; thus, "it can hardly be said that the cases, *on the whole*, grow out of the same event or transaction."  <u>Id.</u> at *3 (emphasis added).  Instead, the Court found that any judicial economy served by treating the cases as related was outweighed by "the fundamental interests served by the random assignment rule."  <u>Id.</u>  Ms. Howard's cases are even more inappropriate for treatment as related.  The cases have not even *one* claim in common.

Plaintiffs may attempt to portray the case at bar as related to <u>Howard I</u> on the ground that, in both cases, Ms. Howard recounts her history of EEO activity and her alleged failure to receive a timely reasonable accommodation.  <u>Compare</u> 05-1968, Complaint ¶¶ 54-68, with 04-756, First Amended Complaint ¶¶ 6, 14-19, 22, and 33.  The facial similarity of these few factual allegations (which, of course, relate only to Ms. Howard) is of no consequence given the nature of the *claims* asserted in the two cases.  In the case at bar, Ms. Howard claims retaliation and race discrimination:  that the agency retaliated against her for her prior EEO activity, and that it denied her reasonable accommodation "because of her race, African American."  <u>See</u> Complaint Counts Two and One, and ¶¶ 67-68.  In <u>Howard I</u>, Ms. Howard claims only disability discrimination.  <u>See</u> <u>Howard I</u>, First Amended Complaint ¶¶ 44-47; <u>see also</u> Mem. Op. (Dkt. 20) at 1-2.  The factual allegations relating to Ms. Howard's prior EEO activity, then, simply are irrelevant to the claim asserted in <u>Howard I</u>.  As to the reasonable-accommodation allegations, <u>Howard I</u> advances a theory of liability (disability discrimination) inconsistent with that advanced in the case at bar (race discrimination).  Thus, the few common factual allegations

-4-

relating to Ms. Howard do not translate to common claims.  Even as to her, the two cases have not a single claim in common.

Finally, while Plaintiffs baldly assert that treating the two cases as related would result in "judicial efficiency," see Complaint ¶ 11, it is not apparent how assigning two such different cases to the same judge would result in any judicial economy whatsoever.  Given the vastly different scope of the two cases, it obviously would not be feasible to have them proceed on similar discovery and briefing tracks.  To the contrary, linking Howard I to the case at bar—a massive putative class action purporting to challenge the operation of the Department of Commerce's entire personnel system over the last decade—would only serve to delay adjudication of Howard I.  Compare Stanford v. Pepco, 2005 WL 2401804 (D.D.C. Sep. 30, 2005) (declining to transfer case under LCvR 40.5, where plaintiff was member of plaintiff class in earlier-filed case and asserted employment claims in both cases, because inter alia "this case is an individual rather than a class action matter.").

WHEREFORE, Defendant respectfully objects to Plaintiffs' request that this case be treated as related to Howard I.  Given the tenuousness of the link between this case and Howard I, there appears to be no legitimate basis for exempting this case from the general rule of random assignment.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____/s/_____
STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7236