IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, TANYA WARD JORDAN, JOYCE MEGGINSON, JANICE GUINYARD, WILLIAM BURNS, DENNIS GOSIER, PHILIPPE MORRIS, COLONEL LOVETT, MICHELE PEYTON, JEANETTE DEVINS, ANTHONY WASHINGTON, BARBARA LORETZ, and QUEEN JONES, individually and on behalf of a class of all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS M. GUTIERREZ, Secretary, United States Department of Commerce, <br><br> Defendant. | Civil Action No. 05-1968 (PLF) <br><br> JUDGE PAUL FRIEDMAN <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE, OR, IN THE ALTERNATIVE, PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DENY RELATED CASE DESIGNATION**

Plaintiffs, by and through undersigned counsel, hereby submit Plaintiffs' Opposition to Defendant's Objection to Plaintiffs' Notice of Related Case, or, in the alternative, Plaintiffs' Opposition to Defendant's Motion to Deny Related Case Designation. Plaintiffs assert that their Complaint adequately demonstrates the required connection to be related to Howard v. Gutierrez ("Howard I"), 04-PLF-00756.

## I. DEFENDANT GUTIERREZ HAS SUBMITTED HIS OBJECTION IN ERROR

On October 24, 2005, Defendant Gutierrez submitted his Objection to Plaintiffs' Notice of Related Case. As an initial matter, such an objection is not recognized by either the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia. Under Local Rule 40.5, if a plaintiff files a notice of related case, that case is automatically assigned to the judge in the earlier case. Tripp v. Executive Office of the President, 196 F.R.D. 201 (D.D.C. 2000).

If anything, Defendant's submission to the Court could be read liberally and characterized as a motion for severance under Federal Rule of Civil Procedure 21. However, even if Defendant had filed such a motion, it would not have been not ripe for filing pursuant to this Court's Local Rules. Rather, "[a]ny objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion." Defendant filed no responsive pleading or motion, and as such, this objection, even if recognized as a motion, is submitted prematurely.

For the reasons stated above, Defendant's Objection to Plaintiffs' Notice of Related Case should be regarded as a nullity and struck from the docket in this case.

## II. EVEN IF DEFENDANT'S OBJECTION IS CONSIDERED NOW, PLAINTIFFS' NOTICE OF RELATED CASE SHOULD BE UPHELD

Cases will be deemed related if they involve common issues of fact or grow out of the same event or transaction. Local Rule 40.5(a)(3). Undeniably, the facts in Howard I and the facts in the class action Howard et al. v. Gutierrez ("Howard II") are substantially connected and, in many ways, overlap. Contrary to Defendant's argument that "the two cases involve different legal theories and arise out of different events," the Plaintiff's allegations in Howard II arise out of exactly the same facts alleged in Howard I. In Howard I, Janet Howard claimed denial of a

reasonable accommodation in violation of the Rehabilitation Act. As her Complaint makes clear, the denial of a reasonable accommodation arose directly from and solely because of Ms. Howard's activities as a civil rights leader within Commerce and because of her complaints regarding race discrimination at Commerce. Howard II develops Ms. Howard's allegations about race discrimination into causes of action and establishes the existence of a class that Ms. Howard alleged to exist in her earlier filing. The prosecution of Howard I could not stand alone without the facts that comprise Howard II.

Defendant Gutierrez emphasizes distinguishable case law applying Local Rule 40.5 while glossing over the fact that Howard I and Howard II share common issues of fact and grow out of the same events (see Local Rule 40.5(a)(3)). For example, in an attempt to advance his argument as to why Howard I and Howard II should not be related, Defendant cites Stanford v. Pepco, 2005 WL 2401804 (D.D.C. 2005), for the proposition that a case cannot be related to another case because one is a class action and the other is an individual action. However, Stanford is entirely distinguishable from Howard II.

In Stanford, the defendants apparently wished to relate two cases after the plaintiff "had previously litigated 'these same factual allegations in a prior [class action] lawsuit against PEPCO' in Butler v. Potomac Elec. Power Co., No. 03-0946 (D.D.C. October 15, 2003)." Here, Howard I has only just survived Defendant's Motion to Dismiss and is in the initial stages of litigation. Discovery has not yet begun, nor has a schedule for discovery been set. In these circumstances, a plaintiff wants to relate her new class-based case to her original case against the same defendant, and has done so in the proper way and at the proper moment in the litigation. See also Keepseagle v. Glickman, 194 F.R.D. 1 (D.D.C. 2000) (finding cases were not related where original case was no longer pending on the merits).

3

Further, Defendant has overlooked the extensive factual links between <u>Howard I</u> and <u>Howard II</u>. These two cases are "replete with common issues of fact," <u>Assiniboine and Sioux Tribe of the Fort Peck Indian Reservation v. Norton</u>, 211 F.Supp.2d 157, 158 (D.D.C. 2002), which include the following:

- Commerce's discriminatory promotions system, including the discriminatory denial of several promotions to Ms. Howard;

- The disparate terms and conditions of employment experienced by African-Americans at Commerce, including Ms. Howard, because of their race;

- The racially hostile work environment in which African-Americans at Commerce, including Ms. Howard, were forced to work;

- The Department's failure to adequately respond to complaints of race discrimination, including those of Ms. Howard;

- Commerce's department-wide retaliation against individuals for having engaged in EEO activity and complaining about race discrimination at Commerce, including the denial of reasonable accommodations to Ms. Howard; and

- Commerce's subjective performance evaluation system, which allows for racial bias, and which adversely affected Ms. Howard.

Plainly, Ms. Howard's case represents a subset of the claims in <u>Howard II</u>; her allegations arise out of the same systemic events alleged in <u>Howard II</u>. In fact, the <u>Howard I</u> Complaint specifically references the administrative predecessor to <u>Howard II</u>, noting that it was, at that time, in front of Administrative Judge Kravetz of the EEOC.

Even if the claims in Howard II involve differing damages and slightly differing factual scenarios, this Court has, in the past, allowed such cases to be related under Local Rule 40.5.

4

For example, in <u>Baystate Health System v. Thompson</u>, this Court determined that 246 actions involved the same or similar legal issues to those in the initial thirty actions that had been filed, even though the plaintiffs were all different and the damages were individualized. 254 F.Supp.2d 80 (D.D.C. 2003). Therefore, even non-identical factual scenarios should be no bar to relating these cases since the legal issues are the same and since the cases grow out of the same series of facts and transactions, as set forth in Local Rule 40.5.

For the foregoing reasons, Defendant's Objection to Plaintiffs' Notice of Related Case should either be stricken as improper or, if treated as a Motion, denied.

**Dated: November 2, 2005**                    Respectfully submitted,

SANFORD, WITTELS & HEISLER, LLP
By: *[signature]*
David Sanford, D.C. Bar No. 457933
Lisa Goldblatt, D.C. Bar No. 456187
Laura Fentonmiller, D.C. Bar No. 450813
2121 K Street, NW
Suite 700
Washington, D.C. 20037
Telephone: (202) 942-9124
Facsimile: (202) 628-8189

Steven L. Wittels (SLW-8110)
Jeremy Heisler (JH-0145)
SANFORD, WITTELS & HEISLER, LLP
545 5th Avenue
Suite 960
New York, NY 10017
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
LAW OFFICES OF GRANT E. MORRIS
2121 K Street, NW
Suite 700
Washington, D.C. 20037
Telephone: (202) 661-3510
Facsimile: (202) 628-8189

*Attorneys for the Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. mail and electronic means on this 2nd day of November, 2005 upon the following counsel of record:

>Kenneth L. Wainstein, Esq.
>R. Craig Lawrence, Esq.
>Stratton C. Strand, Esq.
>United States Attorney's Office
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 514-7236

Shayna Bloom