UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANET HOWARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1968 (PLF) |
| | ) | |
| CARLOS M. GUTIERREZ, Secretary, | ) | |
| United States Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE

Defendant Carlos Gutierrez, Secretary of the U.S. Department of Commerce

("Defendant"), respectfully submits this reply to "Plaintiffs' Opposition to Defendant's Objection

to Plaintiffs' Notice of Related Case, Or, In the Alternative, Plaintiffs' Opposition to Defendant's

Motion to Deny Related Case Designation" (Dkt. 6). Plaintiffs' opposition shows neither that

Defendant's objection is procedurally flawed, nor that there is any proper basis to consider the

case at bar related to Howard v. Guitierrez, 04-756 ("Howard I").

## I. ARGUMENT

### A.    Defendant's Objection Is Procedurally Proper

Perhaps recognizing the tenuousness of their relatedness designation, Plaintiffs begin by

seeking to avoid Defendant's objection altogether. Curiously, they first argue that an objection to

a notice of related case "is not recognized by . . . the Local Rules of the United States District

Court for the District of Columbia." See Pl. Opp. at 2. In actual fact, Local Rule 40.5 explicitly

recognizes such objections in three separate provisions. See LCvR 40.5(b)(1) (in criminal cases,

"[a]ny objection by the defendant to the related case designation shall be served on the U.S. Attorney and filed with the Clerk within 10 days after arraignment."); 40.5(b)(2) (in civil cases, "[a]ny objection by the defendant to the related case designation shall be filed and served with the defendant's first responsive pleading or motion."); and 40.5(c)(3) ("Where a party objects to a designation that cases are related pursuant to subparagraphs (b)(1) and (b)(2) of this Rule, the matter shall be determined by the judge to whom the case is assigned."). Thus, Plaintiffs clearly are incorrect in asserting that the local rules do not recognize objections to related-case designations.

Plaintiffs also are incorrect in asserting that Defendant's objection is premature. Local Rule 40.5(b)(2) provides that any objection "shall be filed and served with the defendant's first responsive pleading or motion." This language obviously represents a deadline—i.e. any objection shall be filed <u>no later</u> than with the first responsive pleading or motion—not a limitation on how early such an objection may be filed. To construe the language otherwise would be nonsensical given the importance of resolving case-assignment issues as early as possible. Defendant filed his objection immediately upon receiving the complaint in order to avoid any unnecessary delay in the processing of this case. Deeming the objection premature and requiring Defendant to re-file it later, as Plaintiffs would have the Court do, would serve no purpose other than delay.

**B.    <u>Plaintiffs Have Failed to Establish Relatedness</u>**

In a vain effort to establish relatedness, Plaintiffs make a number of conclusory assertions that simply are unfounded. Among these are Plaintiffs' statements that "the . . . allegations in <u>Howard II</u> arise out of exactly the same facts alleged in <u>Howard I</u>"; that "[t]he prosecution of

-2-

Howard I could not stand alone without the facts that comprise Howard II"; that "the legal issues

are the same" in the two cases; and that "the cases grow out of the same series of facts and

transactions." See Pl. Opp. at 2, 3, and 5. Thankfully, merely saying it is so does not make it so.

Despite their assertions of relatedness, Plaintiffs have failed to contest the crucial facts

and arguments that underlie Defendant's objection. Specifically, Plaintiffs have failed to contest

that Howard I does not include a Title VII retaliation claim but instead asserts only a claim for

failure to accommodate under the Rehabilitation Act (see Def. Objection at 3, 4); that there is no

*class* claim in the case at bar for violation of the Rehabilitation Act (id. at 2, n. 1); that Ms. Ward

Jordan, who purports to assert an *individual* Rehabilitation Act claim herein, is barred from

asserting such a claim by *res judicata* (id. at 2, n.1); that Howard I and the case at bar have not

even one claim in common (id. at 4); that the *acts* at issue in Howard I are two discrete

episodes—one in 2001, the other in 2003—of a single supervisor allegedly failing to timely

accommodate Ms. Howard, whereas the acts at issue in the case at bar are hundreds or thousands

of promotion-related employment decisions by scores of supervisors over the course of more

than a decade (id. at 3); and that, given the vastly different scope of the two cases, no judicial

economy whatsoever would be achieved by treating the two cases as related (id. at 5). Having

failed to contest these facts and arguments, Plaintiff must be deemed to have conceded them. "It

is well understood in this Circuit that when a plaintiff files an opposition . . . addressing only

certain arguments raised by the defendant, a court may treat those arguments that the plaintiff

failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries,

238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir.

1997); see also United States v. Real Property, Parcel No.03179-005R, Civ. A. No. 01-0706,

2003 WL 224053382 at * 12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002).

　　Plaintiffs also have failed even to mention Lucas v. Barreto, 2005 WL 607923, *2 (D.D.C. Mar. 16, 2005), which is the case on which Defendant principally relied in his objection. See Def. Objection at 3-4.  Having failed to address the applicability of Lucas, Plaintiffs must be deemed to have conceded that Lucas cannot be distinguished from the case at bar.[1]

　　In the end, the sole basis for Plaintiffs' broad pronouncements of relatedness is the fact that Howard I recounts as background information the history of Ms. Howard's EEO activity relating to her allegations of department-wide race discrimination and retaliation.  As Plaintiffs explicitly acknowledge, however, the only *claim* at issue in Howard I is a failure-to-accommodate claim.  See Pl. Opp. at 2-3 ("In Howard I, Janet Howard claimed a denial of a reasonable accommodation in violation of the Rehabilitation Act.").  Thus, none of the allegations of the case at bar that Plaintiffs identify as being common to Howard I—the allegedly Department-wide discriminatory promotions system, allegedly disparate treatment of all African Americans at Commerce, the alleged propagation of a Department-wide racially hostile environment against African Americans, an alleged Department-wide failure to adequately respond to complaints of race discrimination, an alleged Department-wide program of retaliation

---

[1] While Plaintiffs attempt to distinguish Stanford v. PEPCO, 2005 WL 2401804 (D.D.C. Sep. 30, 2005), they do so unconvincingly.  Plaintiffs suggest that the rejection of the transfer request in Stanford was not based on the fact that one of the cases was a class action while the other was an individual action.  Plaintiffs assert that the actual basis for the Court's ruling was that the two cases were at different stages in litigation.  See Pl. Opp. at 3.  That reasoning, however, is not found in the Court's opinion.  The Court merely states: "The Court has considered PEPCO's transfer request and decided, after consultation with Judge Bates, that the two cases are sufficiently distinct, *especially because this case is an individual rather than a class action matter.*  Accordingly, this Court will retain this case."  Id. at *10 n. 3 (emphasis added).

against employees who file EEO complaints, and an allegedly subjective performance evaluation system that allows for racial bias (see Pl. Opp. at 4)—are in any way relevant to Howard I. In Howard I, the Court must decide a single, discrete issue: whether Defendant failed to reasonably accommodate Ms. Howard's purported disability. Any evidence of Department-wide race discrimination or retaliation would be irrelevant to this issue and therefore inadmissible. See Fed. R. Evid. 401, 402; see also Gleklen v. Democratic Cong. Campaign Comm., Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000) ("Verdicts cannot rest on inadmissible evidence."). Thus, far from being "replete with common issues of fact," see Pl. Opp. at 4, the two cases share almost no facts of consequence to the differing legal issues to be decided.

The inappropriateness of treating this case as related to Howard I is further highlighted by the very cases Plaintiffs cite in support of their opposition. Assiniboine and Sioux Tribe of the Fort Peck Indian Reservation v. Norton, 211 F. Supp. 2d 157 (D.D.C. 2002), cited at page 4 of Plaintiffs' opposition, involved cases that were truly "replete with common issues of fact." The plaintiff tribe in Assiniboine alleged that the Secretary of the Interior had failed to provide a proper accounting of funds the Secretary held in trust for the tribe. The plaintiff tribe designated its case as related to Cobell v. Norton, Civ. A. No. 96-1285, which involved similar claims by individual Indians. As the Court described Cobell: "Like the plaintiff tribe in the instant case, the 'ultimate goal' of the individual Indian plaintiffs in Cobell is an accounting of their funds held in trust by the United States." 211 F. Supp. 2d at 158.

In Assiniboine, the Court accepted the plaintiff's relatedness designation on the ground that there were numerous overlapping factual issues to be decided in the two cases, including whether the government properly administered the same types of (and in some cases the very

same) grazing leases; whether the government properly managed the same funds (in which the government had co-mingled individual and tribe monies); whether the computer accounting systems used to manage both the individual and tribe trust accounts were proper; and whether the government provided adequate information technology security for the accounting systems common to both individual and tribe accounts. Id. at 158-59. As the Court held, "[i]t would clearly waste judicial resources to have two separate courts make findings of fact regarding" these same issues. Id. at 159. By contrast, in the case at bar, there are no overlapping issues that would lead different judges to duplicate their fact-finding efforts. Again, whether Defendant is guilty of Department-wide race discrimination and retaliation, as alleged herein, is irrelevant to the issue of whether a single supervisor failed to properly accommodate Ms. Howard's purported disability, as alleged in Howard I.

Baystate Health System v. Thompson, 254 F. Supp. 2d 80 (D.D.C. 2003) (PLF), cited at page 5 of Plaintiffs' opposition, did not even involve a relatedness determination. Instead, it involved a determination by this Court that 215 new civil actions should be consolidated with 31 pre-existing civil actions where both sets of civil actions involved "the same or similar legal and factual issues." Id. at 80-81.[2] The Court did so on the ground that consolidation was necessary in order to efficiently process the numerous individual actions. As the Court explained, "recognizing the logistical burdens plaintiffs' counsel have placed on the Court by filing separate actions instead of one class action, the Court has determined that a global case management plan

---

[2] Plaintiffs misleadingly suggest that Baystate is an example of a case in which this Court has "allowed . . . cases to be related under Local Rule 40.5." See Pl. Opp. at 4-5. While this Court described the 215 new civil actions as "related" to the earlier 31 civil actions, whether the two sets of cases were properly deemed related simply was not at issue. Id. at 80.

is necessary in order to effectuate the efficient disposition of these actions." Id. at 80.

The standards for consolidation, of course, are somewhat different from those for finding cases related. Compare Fed. R. Civ. P. 42(a) with LCvR 40.5(a)(3). Nor is Baystate comparable to the case at bar factually. Unlike the situation in Baystate, here there are no common legal issues and very few, if any, overlapping issues of fact. Further, given the vastly different scope of the case at bar and Howard I, no efficiency would gained by devising a common case management plan. Placing the two cases on the same discovery and briefing tracks would only serve to delay adjudication of Howard I.

Finally, in Keepseagle v. Glickman, 194 F.R.D. 1 (D.D.C. 2000) (PLF), cited at page 3 of Plaintiffs' opposition, this Court rejected a related-case designation. Keepseagle involved claims by Native American farmers that the Department of Agriculture had discriminated against them in reviewing their applications for credit or benefit programs. The Native American farmers sought to have their case designated as related to Pigford v. Glickman, "a similar lawsuit brought by a group of African American farmers." Id. at 1. The Court found the two cases "not related" and transferred Keepseagle to the Calendar Committee for random assignment. Id. at 2.

While this Court relied in part on the fact that Pigford was no longer pending on the merits, id. at 2-3, it also held in the alternative that the two cases did not involve common issues of fact or grow out of the same event or transaction because: (1) the cases alleged different types of discrimination (i.e. discrimination against Native Americans versus discrimination against African Americans); and (2) the alleged acts of discrimination were taken by different county commissions. Id. at 3. The same reasoning applies here. The case at bar and Howard I allege different types of discrimination: race discrimination and retaliation (this case) versus disability

discrimination (<u>Howard I</u>).  In addition, the alleged acts of discrimination are almost wholly

different in the two cases:  hundreds or thousands of allegedly discriminatory employment

decisions by scores of supervisors pursuant to a purported overarching Department policy of

limiting the advancement of African Americans (this case) versus a single supervisor allegedly

failing to properly accommodate Ms. Howard's purported disability (<u>Howard I</u>).  As the Court

held in <u>Keepseagle</u>, the mere fact that both cases allege discrimination by the same agency is "not

sufficient under this Court's Local Rules to justify waiving the normal judicial policy of random

assignment of cases."  194 F.R.D. at 3.

## II.  CONCLUSION

Based upon the foregoing, Defendant respectfully submits that, as it did in <u>Keepseagle</u>,

this Court should reject Plaintiffs' related-case designation and transfer this case to the Calendar

Committee for random assignment.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

STRATTON C. STRAND, D.C. Bar #464992
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7236