IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, TANYA WARD JORDAN, JOYCE MEGGINSON, JANICE GUINYARD, WILLIAM BURNS, DENNIS GOSIER, PHILIPPE MORRIS, COLONEL LOVETT, MICHELE PEYTON, JEANETTE DEVINS, ANTHONY WASHINGTON, BARBARA LORETZ, and QUEEN JONES, individually and on behalf of a class of all other persons similarly situated,<br><br>         **Plaintiffs,**<br><br>v.<br><br>CARLOS M. GUTIERREZ,<br>Secretary, United States Department of Commerce,<br><br>         **Defendant.** | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-1968 (PLF)<br>)<br>)<br>)<br>)<br>) JUDGE PAUL FRIEDMAN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE**

Plaintiffs, by and through undersigned counsel, hereby submit Plaintiffs' Surreply to Defendant's Reply to Plaintiffs' Opposition to Defendant's Objection to Plaintiffs' Notice of Related Case. Plaintiffs reassert that Howard v. Gutierrez ("Howard II"), Civil Action No. 05-1968 (PLF) meets the Local Rule 40.5(a)(3) standard to relate to Howard v. Gutierrez ("Howard I"), Civil Action No. 04-756 (PLF): cases will be deemed related if they involve common issues of fact or grow out of the same event or transaction.

Plaintiffs wish to clarify the following:

1.	When Plaintiffs maintained that "[Defendant's] objection is not recognized by either the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia" (Pl. Opp. at 2), Plaintiffs did not state that the rules did not allow for such an objection. Rather, Plaintiffs argue that the Defendant's submission, in the form in which it was submitted, was premature and therefore improper, and should have been styled as a motion upon which relief could be granted rather than a miscellaneous "objection." Plaintiffs maintain their assertion that Defendant's objection was premature and do not believe Defendant's interpretation of Local Rule 40.5 is a valid one.

2.	The basic facts of Howard I clearly center on Commerce's failure to provide reasonable accommodation **because of Ms. Howard's EEO activity and/or race**. In fact, Plaintiffs' omission of a Title VII retaliation claim was unintentional and Plaintiffs are currently in the process of asking for leave to amend the Howard I Complaint to add Title VII. Similarly, Howard II centers on further racially discriminatory activities Commerce has undertaken against Ms. Howard and others, including retaliatory actions taken **because of EEO activity**. Plaintiffs reiterate that Ms. Howard pursued her earlier EEO activity as a means of combatting the pervasive, systemic discrimination at Commerce that affected not only Ms. Howard but the putative class in Howard II. Relating the two cases will in fact serve judicial economy because the facts the Court will use to determine whether Commerce unlawfully denied Ms. Howard reasonable accommodation and retaliated against her in Howard I will also allow the Court to determine whether Commerce discriminated against Ms. Howard in Howard II. Moreover, although Defendant argues vigorously against relating an individual case to a class action case, class actions are, in essence, cases about individuals. Janet Howard's individual claims, as such, are included in the Howard II class action complaint.

3.      Defendant erroneously contends that <u>Lucas v. Barreto</u>, 2005 WL 607923 (D.D.C. 2005), cited in its original "Objection," is analogous to this matter, and further absurdly argues that that fact that Plaintiff did not mention this case in her Opposition amounts to a concession that it is indistinguishable.  To the contrary, in <u>Lucas</u>, the plaintiffs attempted to string together four different groups of plaintiffs with four disparate types of claims, the only common thread being "the Agency's failure to act on plaintiffs' various EEO complaints within the 180 days required by law."  2005 WL 607923 at *1-2.  Here, as stated above and in Plaintiff's Opposition, the two lawsuits involve common issues of fact regarding the rampant race discrimination and retaliation at Commerce.  Further, unlike in <u>Howard I</u> and <u>II</u>, the lead plaintiff in the class action in <u>Lucas</u> was not the plaintiff in the individual action.

Plaintiffs once again respectfully request that Defendant's Objection to Notice of Related Case be treated as a nullity or, if viewed as a motion, denied.

Dated: November 15, 2005         Respectfully submitted,

**SANFORD, WITTELS & HEISLER, LLP**
By: _/s/_ Laura C. Fentonmiller_____
David Sanford, D.C. Bar No. 457933
Lisa Goldblatt, D.C. Bar No. 456187
Laura Fentonmiller, D.C. Bar No. 450813
2121 K Street, NW
Suite 700
Washington, D.C. 20037
Telephone: (202) 942-9124
Facsimile:  (202) 628-8189

Steven L. Wittels (SLW-8110)
Jeremy Heisler (JH-0145)
**SANFORD, WITTELS & HEISLER, LLP**
545 5th Avenue
Suite 960
New York, NY 10017
Telephone: (646) 723-2947
Facsimile:  (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
2121 K Street, NW
Suite 700
Washington, D.C. 20037
Telephone: (202) 661-3510
Facsimile:  (202) 628-8189

*Attorneys for the Plaintiffs*