UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANET HOWARD, et al., )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>　　　　v. )<br>　　　　　　　　　　　　　　　　)<br>CARLOS M. GUTIERREZ, Secretary, )<br>United States Department of Commerce, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Defendant. )<br>　　　　　　　　　　　　　　　　) | Civil Action No. 05-1968 (PLF) |

MEMORANDUM OPINION AND ORDER

　　　　This matter comes before the Court on plaintiffs' notice of related case pursuant to Local Civil Rule ("LCvR") 40.5(b)(2), defendant's objection to that notice, and plaintiffs' reply. Plaintiffs, a number of African-American employees of the Department of Commerce ("DOC") allege in the instant case that they have been subjected to systemic racial discrimination by the defendant, their employer. In the case plaintiffs have designated as related, Janet Howard v. Carlos M. Gutierrez ("Howard I"), Civil Action No. 04-0756, the complaint alleges that Ms. Howard has been subjected to disability discrimination in that she was denied reasonable accommodation for her disability. This Court denied in part defendant's motion to dismiss Howard I on September 30, 2005. On October 5, 2005, Plaintiffs filed the instant case, Janet Howard v. Carlos M. Gutierrez ("Howard II"), Civil Action No. 05-1968.

　　　　Under Local Civil Rule 40.5, a lawsuit that is related to an earlier-filed lawsuit is assigned to the judge to whom the oldest related case is assigned. When the earlier lawsuit

is still pending on the merits, a civil case is deemed related if it "(i) relate[s] to common property, or (ii) involve[s] common issues of fact, or (iii) grow[s] out of the same event or transaction or (iv) involve[s] the validity of the same patent." LCvR 40.5(a)(3). Plaintiffs contend that their suit is related to Howard I under the latter two criteria, in that it involves common issues of fact and grows out of the same event or transaction. Defendant opposes the plaintiffs' related case designation, stating that the only commonalities between the two cases are that the plaintiff in Howard I is the lead plaintiff in Howard II and that the suits are brought against the same defendant. The Court finds that the cases are not related within the meaning of Local Civil Rule 40.5(a) and will transfer this case to the Calender Committee for random reassignment.

Howard I is a lawsuit under the Rehabilitation Act, brought by a single plaintiff, Ms. Howard, against her employer for alleged failure to accommodate her disability. The complaint contains a detailed factual history of Ms. Howard's employment with the Department of Commerce, prior alleged acts of race discrimination, Ms. Howard's race discrimination complaints to her employer, and her belief that her employer's failure to accommodate her was related to her race discrimination complaints. Despite an extensive discussion of the alleged racial discrimination and retaliation she suffered, the plaintiff failed in Howard I actually to make any claims of race discrimination or retaliation because of race discrimination in her cause of action, or bring her suit under the federal statute that protects employees from race discrimination or retaliation for race discrimination complaints in employment: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-5(f), et seq., ("Title VII"). Instead, the original complaint in Howard I was brought only

under two disability statutes - the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131-12165.[1] Howard II was filed with this Court on October 5, 2005. Thereafter, plaintiff Janet Howard filed a motion on November 18, 2005 for leave to amend her Howard I complaint to include a claim for retaliation under Title VII. That motion is opposed by the defendant and remains pending.

This case does not "involve[] common issues of fact" or "grow[] out of the same event or transaction" as those involved in Howard I. See LCvR 40.5(a)(3). While plaintiffs claim that the disability discrimination alleged by solo plaintiff Janet Howard in Howard I suffered by one plaintiff in Howard II and the alleged race discrimination in the instant suit are related, in fact the situations are factually distinct. The individual claims made in Howard I relate to certain instances in which plaintiff Janet Howard maintains that defendant refused to accommodate her disability. Denial of reasonable accommodation claims do not require that the plaintiff show intent. Therefore, although plaintiff Howard may or may not be correct that defendant had a discriminatory intent underlying its actions, it is not necessary to her case. The racial discrimination alleged by Ms. Howard and others in Howard II involves allegations of disparate treatment and employment actions different from the ones at issue in Howard I and does require a showing of racial animus.

Plaintiffs rely in part on plaintiff Howard's motion in Howard I to amend her complaint to include allegations of retaliation under Title VII, thereby linking the incidents of

---

[1] The Court granted defendant's motion to dismiss Ms. Howard's claims with respect to the Americans with Disabilities Act, as it does not apply to a federal government employer. Her Rehabilitation Act claims survived.

racial discrimination alleged in Howard II with those discussed in the Howard I complaint (though not brought as claims under Title VII). Local Civil Rule 40.5 states that cases are deemed related where the earliest "is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction." The language of the Rule is in the present tense and Howard I, at present, and at the time that plaintiffs filed Howard II, does not and did not involve claims under Title VII. Without addressing the merits of plaintiff Howard's motion in Howard I to amend the complaint, the Court reads the language of the Rule as restricting the designation of related cases to those that are related in the present, not in the possible future. If not, as the defendant points out, plaintiffs would have the option of judge shopping by filing motions to amend complaints in earlier lawsuits concurrent with filing unrelated lawsuits.

      The common aspects in Howard I cited by plaintiffs are not sufficient under this Court's Local Rules to justify waiving the normal judicial policy of random assignment of cases. See Sculimbrene v. Reno, Civil Action No. 99-2010, Memorandum and Order at 2 (D.D.C. Jan. 24, 2000) (Lamberth, J.) ("Local Rule 40.5 is intended to constitute an *exception* to the normal judicial policy of random assignment of cases, and it does not contemplate the kind of wide-ranging exception plaintiff seeks . . .") (emphasis in original). The Court hereby finds that this case and Howard I are not related under Local Civil Rule 40.5, and accordingly it is

ORDERED that this case is transferred to the Calender Committee for random reassignment.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 19, 2005