**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANET HOWARD, TANYA WARD JORDAN, and JOYCE MEGGINSON, individually and on behalf of a class of all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS M. GUTIERREZ, Secretary, United States Department of Commerce, <br><br> Defendant. | Case No. 05-1968 <br><br> JUDGE JOHN D. BATES <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, by and through undersigned counsel, hereby seek leave to amend their Class Action Complaint to eliminate all Class Representatives who did not work for Defendant Department of Commerce in Washington, D.C. and to narrow the proposed class to that certified by the Office of Federal Operations ("OFO") on July 20, 2000. Plaintiffs also seek leave to amend in order to clarify the nature of their claims of disparate impact race discrimination under Title VII of the Civil Rights Act of 1964.

In their First Amended Class Action Complaint ("Amended Complaint"), Plaintiffs allege that Commerce's subjective uniform policies regarding performance appraisals, promulgated by the main office and applicable across Bureaus, affect promotions and related promotional opportunities for positions at GS-9 through GS-15 and their equivalents. The performance appraisals allow for a broad range of managerial discretion and therefore serve as a conduit for

race discrimination, which results in a disparate impact on African-Americans in violation of Title VII. Plaintiff's Motion should be granted because Plaintiffs have not delayed in filing it, have no dilatory motive for filing it, and do so in good faith. Defendant will not be prejudiced by the granting of this Motion, and the amendment will not be futile as set forth in detail in Plaintiffs' Opposition to Defendant's Motion to Dismiss All Individual Claims, to Dismiss Certain Class Claims, and to Strike All Class Claims ("Plaintiffs' Opposition to Defendant's Motion to Dismiss"). Plaintiffs only wish to simplify their suit so that the litigation can proceed efficiently and more quickly than it might otherwise.

## I.     PROCEDURAL HISTORY

After years of suffering racial discrimination at Commerce, Janet Howard, an African-American female and a Commerce employee since 1983, contacted an EEO Counselor. She filed a timely class complaint on February 22, 1995 ("Howard Complaint"), alleging that the DOC engaged in race discrimination against a class of African-American employees who worked for the DOC in the metropolitan area of Washington, D.C.

Five years after the filing of the February 22, 1995 class charge with the EEOC, on July 20, 2000, in an exhaustive and scholarly opinion, the Office of Federal Operations ("OFO") provisionally certified a department-wide class composed of:

> African-American, non-supervisory employees and former employees of the Agency's [Department of Commerce] Headquarters' offices in the metropolitan area of Washington, D.C., who allegedly have been denied career advancement to one or more white collar positions in the agency's Headquarters' offices at grade levels GS-9 through GS-15, or equivalent level white collar non-GS positions, and who may have been denied related promotional opportunities[1] in those same

---

[1]    The Commission clarified that "[r]elated promotional opportunities include training, assignments, details, awards, etc., that would have enhanced a class member's qualifications for promotion to such a position, whether the promotion would have been a career ladder promotion, a competitive promotion, or an accretion of duties promotion." Id. at 10.


> offices based on their race during the period of time beginning two years prior to the filing of the class complaint on February 22, 1995, and continuing to the date a final determination is rendered on the class complaint claim.

July 20, 2000 OFO Decision, at 10.  The Commission found that the "class complaint states a claim that the agency has delayed and limited, and continues to delay and limit, the career advancement of class members because of their race." Id. at 10.  The Commission certified this class because "existing information suggests that significant numbers of African-American employees have been denied advancement to [GS-9 through GS-15 or equivalent] positions and, thus, that common questions of fact and law exist as to those positions." Id.

The EEOC held that the class complaint satisfied the commonality requirement, given that it appeared that "common standards govern agency promotion and performance appraisal decisions in the Washington, D.C. metropolitan area." Id. at 11.  Such common standards include:  the agency's issuance of a Department Administrative Order (DAO), implementing the federal merit promotion policy agency-wide; and the agency's promulgation of agency-wide principles governing the issuance of performance appraisals.  The Commission also found that the complainant possessed the same interest and suffered the same injury as the members of the class, and that numerosity and adequacy were satisfied. Id. at 10, 14.

On August 20, 2003, in a one-page order, Judge Varice Henry granted Defendant's Motion to Redefine the Class without offering any rationale or factual support.  This decision completely disregarded the careful analysis by the OFO, and cavalierly swept aside the OFO's metropolitan-wide class ruling.  The Decertification Order virtually eliminated the entire class previously certified by the OFO by excising five of the 15 bureaus of the OFO-certified class

(removing approximately 4500 of the 5300 class members) and confining the class to Commerce's African-American employees in Washington, D.C. proper.

At the end of 2003, Plaintiffs' prior counsel withdrew, and Plaintiffs' current counsel subsequently entered their appearances. After receiving word from the DOC that it planned to send notice to class members notifying them that they were excluded from the class, Plaintiffs' counsel requested leave to file a motion to reconsider Judge Henry's Order, which Judge Kravetz granted in January 2004.

On March 4, 2004, Plaintiffs moved for reconsideration of the Decertification Order and reinstatement of the OFO's certification of a D.C. metropolitan-wide class of African-American DOC employees. After waiting well over a year for a decision on their motion, Plaintiffs opted to take this action out of the administrative process and file in federal court.

On October 5, 2005, Plaintiffs filed a Complaint in the United States District Court for the District of Columbia, alleging that Defendant Department of Commerce discriminated against Class Representatives and the class because of their race and/or because they had either participated in anti-discrimination activities or opposed discrimination at Commerce. This suit was filed as related to Howard v. Evans, Civ. No. 04-0756 (PLF) ("Howard I"). On October 24, 2005, Defendant filed a motion to have this matter designated as unrelated to Howard I. After the issue was fully briefed, the Court determined that the cases were not related and this case was reassigned to Judge John D. Bates on December 21, 2005.

On March 17, 2006, after asking for and receiving five extensions with Plaintiffs' consent, Defendant filed its Motion to Dismiss.

To date, no discovery has been conducted in this matter and no case management plan has been set.

**II      ARGUMENT**

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading is filed "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave to amend a complaint shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Rule 15(a) embodies a generally favorable policy towards amendments." Davis v. Liberty Mutual Ins. Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989). While granting or denying leave to amend is, of course, committed to the discretion of the district court, the Court must nonetheless heed Rule 15's mandate that leave "be freely given when justice so requires." Liberty Mutual Ins. Co. v. Hurricane Logistics Co., 216 F.R.D. 14, 16 (D.D.C. 2003) (quoting Fed. R. Civ. P. 15(a)). Consequently, courts routinely grant leave to amend a complaint, unless there is a sufficiently compelling reason to deny the amendment, such as undue delay, futility of amendment, bad faith, dilatory motive or undue prejudice to the non-moving party. See Foman v. Davis, 371 U.S. 178, 182-83 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971); Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); Parker v. District of Columbia, 216 F.R.D. 128, 129 (D.D.C. 2002).

In this case, the Court should allow Plaintiffs' Motion for Leave to File a First Amended Class Action Complaint. First, there has been no undue delay; the Plaintiffs reexamined their claims upon receiving Defendant's Motion to Dismiss and, in the course of drafting their response, determined that it would be in the interest of the class to narrow the proposed class to the one certified by the OFO. Plaintiffs have dropped their retaliation claim for the same reason. Plaintiffs' filing of this Motion to Amend their Complaint comes in a timely manner, less than three months after Defendant's first responsive pleading and before any discovery has occurred.

This Court routinely allows Complaints to be amended long after the initial Complaint was filed. See, e.g., Hisler v. Gallaudet Univ., 206 F.R.D. 11, 13 (D.D.C. 2002) (where no final judgment had been issued, the Court allowed the complaint to be amended over two years after the initial filing of the complaint); M.K. v. Tenet, 216 F.R.D. 133 (D.D.C. 2002) (allowing plaintiff to file a Second Amended Complaint in November 2001 when the initial Complaint was filed in January 1999). Here, Plaintiffs decided to amend only after receiving the Defendant's Motion. No statute of limitations has run. The Court has yet to rule on Defendant's Motion to Dismiss, which has not yet been fully briefed, and discovery has yet to begin. Plaintiffs have absolutely no interest in delaying this litigation any further; it has already been ten years since Janet Howard filed her class charge. If the Court allows this amendment, Plaintiffs anticipate that the litigation will proceed on a faster track, and thus principles of judicial efficiency will be served.

Even if this Motion were the product of delay, "[i]n most cases delay alone is not sufficient reason for denying leave . . . If no prejudice [to the non-moving party] is found, the amendment will be allowed." Caribbean Broadcasting Sys. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1084 (D.C. Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Prac. & Proc.: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp. 1997)). This Court has elaborated further on the meaning of "undue prejudice" and explained that some prejudice is acceptable; "undue prejudice" only exists where the nonmoving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" Hartford Ins. Co. v. Socialist People's Libyan Arab Jamahirya, 2006 WL 751314, at *3 (D.D.C. 2006) (quoting In re Vitamins Antitrust Litig., 217 F.R.D. 34, 36 (D.D.C. 2003)).

6

Amending the complaint here would not unduly prejudice Defendant because the causes of action alleged rely on the same set of facts and circumstances described in the original Complaint. Plaintiffs do not propose the addition of new parties, new facts, or new claims. In fact, Plaintiffs' case has been substantially simplified. Plaintiffs seek to eliminate nine Class Representatives for whom Defendant challenges proper venue and several segments of the class Plaintiffs originally proposed. The new class would only include three Class Representatives, all of whom were Class Representatives in the first Complaint. Although Plaintiffs' First Amended Class Action Complaint references time-barred allegations, these allegations are proper background evidence for their claims of discrimination, and thus their inclusion in the Amended Complaint is appropriate. See Pleasants v. Allbaugh, 285 F.Supp.2d 53, 55 (D.D.C. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002) and concluding that evidence of time-barred discrimination claims is admissible as background in proving timely claims). Each of the remaining Class Representatives has viable, timely claims as explained in Plaintiffs' Opposition to Defendant's Motion to Dismiss, filed herewith.

The new class itself would be considerably narrowed and would include only African-American, non-supervisory employees and former employees in Commerce's offices in the metropolitan area of Washington, D.C. (including Washington, D.C. and adjacent areas of Maryland and Virginia) who have been denied career advancement to one or more white collar positions in the agency's offices at grade levels GS-9 through GS-15, or equivalent level white collar non-GS positions, and who may have been denied related promotional opportunities in those same offices based on their race during the period of time beginning two years prior to the filing of the class complaint on February 22, 1995 to the present. The new class would not include non-African-Americans, hourly employees, supervisors, foreign service officers,

members of the SES, or members of NOAA's Uniformed Corp, nor would it include claims of retaliation or separate claims of discrimination in hiring or pay.

Another factor weighing on a Court's determination of whether granting leave to amend will result in undue prejudice is whether the amendment will require additional discovery. M.K. v. Tenet, 216 F.R.D. 133, 139 (D.D.C. 2002) (citing Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1993)). No discovery has taken place in this litigation, and, therefore, allowing this amended complaint will not require any additional discovery. If anything, Plaintiffs' Amended Complaint will necessitate substantially less discovery insofar as there are fewer Class Representatives to depose and a significantly smaller class for parties to investigate. Prior to discovery, this Court routinely allows amendments considerably greater in scope than the amendment at issue here. See, e.g., M.K., 216 F.R.D. at 140 (D.D.C. 2002) (granting a motion for leave to amend before discovery even though the movant sought to add new claims, thirty defendants and nine plaintiffs, and holding that the amendment did not constitute undue prejudice). Thus, the substance of Plaintiffs' proposed Amended Complaint overcomes any challenge on the basis of undue prejudice.

Another reason courts deny motions for leave to amend is futility of amendment. Futility of amendment exists where the proposed claim would not survive a motion to dismiss or merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, or fails to state a legal theory. Wright v. Herman, 230 F.R.D. 1, 5 (D.D.C. 2005) (citing Robinson v. Detroit News, Inc., 211 F.Supp.2d 101, 114 (D.D.C. 2002)). Plaintiffs' proposed amended complaint is anything but futile. Plaintiffs seek to amend their Complaint on the basis that the original complaint was more cumbersome than necessary for purposes of prosecuting Plaintiffs' claims. Although Plaintiffs maintain that the original Class

Representatives each had strong claims, Plaintiffs do not seek the type of multi-forum resolution Defendant contemplates in its Motion to Dismiss.

Plaintiffs also wish to make clear that they are proceeding on a disparate impact theory and have modified the complaint to explicitly reflect that theory. The class Plaintiffs propose, though it reaches outside the District of Columbia, is proper as to venue as explained in Plaintiffs' Opposition to Defendant's Motion to Dismiss. "Because class actions do not necessarily require the presence of a class member before the court for an adjudication of his/her rights and liabilities, venue restrictions are not determinative of the ability of the court to hear the action with respect to all members of the class." United States & EEOC v. Trucking Employers, Inc., 72 F.R.D. 98, 100 (D.D.C. 1976). Further, "[v]enue in a class action suit is proper for the entire class if it is proper for the named plaintiffs." Dukes v. Wal-Mart Stores, Inc., 2001 WL 1902806, at *4 (N.D. Cal. Dec. 3, 2001) (quoting Dunn v. Sullivan, 758 F. Supp. 210 (D. Del. 1991).

Plaintiffs have rendered moot any possible venue issues; demonstrated that the three Class Representatives have live claims; limited the scope of the class to conform to that certified by the OFO in 2000; shown that their failure to move for class certification within ninety days was the result of excusable neglect; established that Defendant has waived its argument that Ms. Howard failed to see an EEO counselor within 45 days on her administrative class charge; and shown that Plaintiffs' allegations as set forth in the Amended Complaint state a claim under Rule 23. See Plaintiffs' Opposition to Defendant's Motion to Dismiss. Thus, the proposed amendment of the Complaint would not be futile. Plaintiffs anticipate that their claims will survive summary judgment and the class certified by the OFO will once again be certified if the Court grants this Motion and enters their proposed Amended Complaint.

Finally, Plaintiffs' request for leave to amend the Complaint is not based on bad faith or dilatory motive. Plaintiffs have carefully examined their case and have concluded that narrowing the class so that it conforms to the one certified by the OFO is in the best interest of members of the proposed class and will simplify and expedite this litigation. Allowing this amendment will enable the parties to proceed with one litigation in one forum as opposed to several suits in numerous fora as suggested in Defendant's Motion to Dismiss. Plaintiffs simply wish to clarify the litigation so that it may go forward in a streamlined and focused way.

Given that Plaintiffs harbor no bad faith or dilatory motive, have acted as soon as practicable, and that Plaintiffs' amendment will not constitute prejudice to the Defendant, Plaintiffs' request should be granted. See Liberty Mutual Ins.Co. v. Hurricane Logistics Co., 216 F.R.D. 14, 16 (D.D.C. 2003) (granting leave for plaintiff to amend the complaint where there was no evidence of bad faith or dilatory motive). If Plaintiffs' request is granted, this litigation will be able to proceed efficiently and with greater speed than it might otherwise.

For the foregoing reasons, Plaintiffs respectfully move this court to grant them leave to file an Amended Complaint.

Dated: June 8, 2006                    Respectfully submitted,

                                       _____/s/ Laura C. Fentonmiller_____
                                       David W. Sanford, D.C. Bar No. 457933
                                       Laura C. Fentonmiller, D.C. Bar No. 450813
                                       Shayna M. Bloom, MD Bar, Admitted Pro Hac Vice
                                       **SANFORD, WITTELS & HEISLER, LLP**
                                       2121 K Street, N.W. Suite 700
                                       Washington, D.C. 20037
                                       Telephone: (202) 942-9124
                                       Fax: (202) 628-8189

                                       Grant Morris, D.C. Bar No. 926253

        **LAW OFFICES OF GRANT E. MORRIS**
        7 Dupont Circle
        Suite 250
        Washington, D.C. 20037
        Telephone: (202) 331-4704
        Fax: (202) 467-4489

        *Attorneys for the Plaintiffs*