IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| CARLOS M. GUTIERREZ, ) | |
| Secretary, United States Department ) | |
| of Commerce, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR ENLARGEMENT
OF TIME TO MOVE FOR CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Plaintiffs, by and through undersigned counsel, hereby respectfully move this Court to enlarge the time in which they may move for class certification in the above-captioned matter. In support of this Motion, Plaintiffs respectfully refer the Court to the attached memorandum of points and authorities.

**CERTIFICATE OF CONFERENCE OF COUNSEL**

Pursuant to Local Rule 7(m), the undersigned has consulted with Defendant's counsel concerning this motion. Defendant opposes the relief requested.

Dated: June 23, 2006          Respectfully submitted,

**SANFORD, WITTELS & HEISLER, LLP**
By: _/s/_ Laura C. Fentonmiller_____
David Sanford, D.C. Bar No. 457933
Laura Fentonmiller, D.C. Bar No. 450813
Shayna Bloom, MD Bar, Admitted Pro Hac Vice
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

Steven L. Wittels (SLW-8110)
Jeremy Heisler (JH-0145)
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776

*Attorneys for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANET HOWARD, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| **CARLOS M. GUTIERREZ,** ) | |
| **Secretary, United States Department of** ) | |
| **Commerce,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME**
**TO MOVE FOR CLASS CERTIFICATION**

Pursuant to Fed. R. Civ. P. 6(b)(1), a deadline set by Court order may be extended for good cause shown if the request for an extension is made before the expiration of the period prescribed. Plaintiffs hereby move to extend the time by which they must move for class certification under Local Rule 23.1(b) and respectfully request that they be allowed to move for class certification two (2) months after class certification discovery in this matter concludes.

**PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on October 5, 2005, and served the U.S. Attorney's Office on October 12, 2005. On March 17, 2006, Defendant filed its Motion to Dismiss All Individual Claims, to Dismiss Certain Class Claims, and to Strike All Class Claims. Plaintiffs moved for an extension to respond to Defendant's Motion, which was granted. Plaintiffs timely filed their Opposition brief on June 8, 2006. On that same day, Plaintiffs moved for leave to file a First Amended Complaint. That motion was granted, and on June 14, 2006, the Court entered a First

Amended Complaint in this matter. Under Local Rule 23.1(b), Plaintiffs must now move for class certification by September 13, 2006.

By Order of the Court, counsel for Plaintiffs and Defendant conferred and agreed regarding a further briefing schedule. Parties proposed that schedule to the Court on June 20, 2006, and the Court entered that schedule on June 22, 2006. Under that schedule, briefing on Defendant's renewed Motion to Dismiss will be completed October 10, 2006.

## **ARGUMENT**

Local Rule 23.1(b) states:

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion had extended this period, the plaintiff shall move for certification . . . that the case may be so maintained.

Although Local Rule 23.1(b) requires Plaintiffs to move for class certification under Fed. R. Civ. P. 23 by September 13, 2006, ninety days after the filing of their First Amended Complaint, such a requirement is not appropriate in this case. To force Plaintiffs to demonstrate that their claims meet Rule 23's four requirements for class certification prior to any discovery would be premature and would prevent the Court from performing the "rigorous analysis" necessary in a class action employment discrimination case. See General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982).

In its first Motion to Dismiss, Commerce made plain the fact that it has gathered extensive information about individual plaintiffs' claims and Commerce's own defenses by attaching (and relying heavily upon) hundreds of pages of exhibits, including over a dozen declarations with attachments. Commerce's use of this information amounted to a pre-discovery Motion to Decertify rather than a "Motion to Strike," as styled by Defendants. Defendant's massive presentation itself underscores the need for in-depth discovery before consideration of

the appropriateness of class certification. This is especially notable in light of the fact that Plaintiffs have had no opportunity to investigate their own claims in this litigation. Even the limited, preliminary discovery allowed during the time this case spent in the administrative process is no longer useful to Plaintiffs since that information is years out of date.

As stated by the D.C. Circuit in Wagner v. Taylor in the context of a motion for class certification:

> [Falcon] clearly did not foreclose all across-the-board class certifications, nor did it suggest that determinations thereon should turn on the skill with which pertinent allegations in the pleadings are crafted. The fact that the complaint of a plaintiff aspiring for the post of class representative is cast in terms too broad to satisfy Falcon's prescriptions hardly justifies outright disapproval of class status while further effort holds out some discernible prospect of achieving compliance. It may be possible, for example, for the plaintiff to accumulate **through discovery** the information needed to make a "specific presentation" incorporating the elements called for by Rule 23. Additionally, the situation may prompt the District Court to exercise its broad discretion to redefine and reshape the proposed class to the point that it qualifies for certification under Rule 23.

836 F.2d 578, 589-90 (D.C. Cir 1987) (emphasis added). Thus, controlling precedent dictates that Plaintiffs be allowed the opportunity to pursue discovery to gather supporting evidence. Such a course of action allows the court to "remain faithful to the fundamental purpose of Title VII to stamp out employment discrimination." Id. at 590.

The "rigorous analysis" required for consideration of class certification here demands a comprehensive review of the facts, to be gathered in the discovery process. See Falcon, 457 U.S. at 161; Bradford v. Sears, Roebuck & Co., 673 F.2d 792, 795-98 (5th Cir. 1982) (cited by the D.C. Circuit in Wagner, 836 F.2d at 589) (reversing District Court for failure to develop adequate information concerning facts of the case before ruling on class certification when the pleadings raised serious questions of commonality and typicality). To ask Plaintiffs to demonstrate that a class should be certified before discovery commences in this Title VII class

3

action lawsuit would be to completely divest Plaintiffs of their claims without allowing them the opportunity to investigate and prove those claims.[1]

In its first Motion to Dismiss, Defendant states that its own "declarations establish conclusively that the various bureaus' discrete hiring, appraisal, promotion, and compensation systems are characterized by numerous objective processes" (D's Br. at 72-73), and proceeds to list a series of alleged supporting statements from various witnesses (D's Br. at 73-74). However, Plaintiffs' class claims are based almost exclusively upon facts and statistics in Defendant's sole possession and control. If held to the dictates of Local Rule 23.1(b), Plaintiffs would have no opportunity to depose any of these witnesses or request documents relevant to Defendant's contentions. Any information Plaintiffs obtained during proceedings on the administrative level is now incomplete and outdated. Many events may have occurred which may strengthen Plaintiffs' claims and allow them to more fully flesh out the discriminatory practices employed at Commerce. In addition, updated statistical data may reinforce the data in Plaintiffs' possession to provide further support for class certification – class certification Plaintiffs sought and obtained from the OFO in 2000. Plaintiffs must be allowed the opportunity

---

[1] See, e.g., Alexander v. F.B.I., 971 F. Supp. 603 (D.D.C. 1997) (denying the defendants' motion to strike the class action allegations and deferring a decision on plaintiffs' motion for class certification until plaintiffs had an opportunity to take discovery); Yaffe v. Powers, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."); Briggs v. Aldi, Inc., 218 F.Supp.2d 1260, 1265 (D. Kan. 2002) (the appropriate time to address whether a plaintiff has met the requirements necessary to maintain a class action is after the plaintiff has filed a motion for class certification, not the 12(b)(6) dismissal stage); Branch, et al. v. Reynolds Metals Co., 1972 WL 266, at *1 (E.D. Va. 1972) (preliminarily certifying a class and noting that placing plaintiffs' counsel in the "anomalous position of not being able to sustain its class conclusions for lack of evidentiary support, yet unable to adduce such support by reason of its inability to prove class standing" would "be a perversion of the liberal spirit of the federal discovery rules.").

to obtain information to support their allegations before the Court considers the appropriateness of class status.

WHEREFORE, Plaintiffs respectfully request that they be given until two (2) months after discovery closes in this matter to move for class certification.

Dated: June 23, 2006                              Respectfully submitted,

**SANFORD, WITTELS & HEISLER, LLP**

By: _/s/_ Laura C. Fentonmiller_____
David Sanford, D.C. Bar No. 457933
Laura Fentonmiller, D.C. Bar No. 450813
Shayna Bloom, MD Bar, Admitted Pro Hac Vice
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

Steven L. Wittels (SLW-8110)
Jeremy Heisler (JH-0145)
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means on this 23rd day of June, 2006 upon the following counsel of record by operation of the Court's electronic filing system:

>Peter S. Smith
>Megan L. Rose
>United States Attorney's Office
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 307-0372

>/s/ Laura C. Fentonmiller
>Laura C. Fentonmiller