IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANET HOWARD, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| **CARLOS M. GUTIERREZ, Secretary,** ) | |
| United States Department of Commerce, ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR
ENLARGEMENT OF TIME TO MOVE FOR CLASS CERTIFICATION**

Carlos M. Gutierrez, in his capacity as Secretary, United States Department of Commerce (hereinafter, "Defendant" or "Agency"), hereby files his Opposition to Plaintiffs' Motion for Enlargement of Time to Move for Class Certification, Document No. 30 in the above-captioned matter. Nearly nine months after the original Complaint was filed, and approximately six months after the deadline for seeking class certification, Plaintiffs ask the Court to overlook their tardiness and to reward their neglect by allowing the class claims in this case to go forward. Plaintiffs' motion should be denied because it is a transparent attempt to evade the explicit requirements of the Court's Local Civil Rules. In addition, Plaintiffs' motion should be denied because it is premature, in that Defendant expects to file a dispositive motion in response to Plaintiffs' First Amended Complaint, which, if granted, would resolve this case. Plaintiffs erroneously assume that their First Amended Complaint will survive a motion to dismiss.

**I. PROCEDURAL HISTORY**

Plaintiffs filed an infirm Complaint on October 5, 2005, which was inaccurate in even the

most basic details of Plaintiffs' own allegations.[1]  Document No. 1.  On March 17, 2006, Defendant filed a Motion to Dismiss All Individual Claims, to Dismiss Certain Class Claims, and to Strike All Class Claims.  Document No. 19.  In an attempt to cure the deficiencies of their Complaint, Plaintiffs moved for leave to file an Amended Complaint on June 8, 2006, Document No. 25, the same day that they filed their opposition to the Agency's Motion.  Document No. 27.  On June 13, 2006, Plaintiffs' Motion was granted and the Court subsequently allowed the filing of Plaintiffs' First Amended Complaint.  Document No. 28.  On June 22, 2006, the Court entered an order establishing a briefing schedule for Defendant's motion to dismiss and to strike the class claims in the First Amended Complaint.  On June 23, 2006, Plaintiffs filed a Motion for Enlargement of Time to Move for Class Certification.  Document No. 30.

## II.  ARGUMENT

**A.    Plaintiffs' Motion Should Be Denied Because its Requested Relief Conflicts with the Express Language of Local Civil Rule 23.1(b).**

Plaintiffs' Memorandum explicitly states that since the Court has filed their First Amended Complaint, they "must now move for class certification by September 13, 2006."  Pl. Memo. at 2.  Plaintiffs then asked the Court to extend their time for so moving the Court.  Plaintiffs' request, and the assumption on which it is based, that the filing of their First Amended Complaint reset their time to move for class certification, is contrary to the plain text and intent

---

[1] For example, Plaintiffs originally named Janice Guinyard as among the Plaintiffs despite her clear communication to class counsel that she did not want to be a Plaintiff.  Similarly, the original Complaint mis-characterized the administrative history of then-named Plaintiff Gosier's complaint, going so far as to claim that the EEOC administrative judge had ordered the case held in abeyance, when, in fact, he had dismissed Plaintiff Gosier's request for a hearing as a sanction for class counsel David W. Sanford's failure to obey the administrative judge's orders.  See Ex. 1 attached at 1.

of the Court's Local Civil Rules and contrary to legal authority.

Unable to justify their failure to seek timely class certification, Plaintiffs seek to circumvent the rules by using the filing of their Amended Complaint to restart the clock and, once again, jumpstart this action. Local Rule 23.1(b) requires that: "Within 90 days after the filing of <u>a complaint</u> in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff <u>shall</u> move for a certification . . . that the case may be so maintained. . . . A defendant may move at any time to strike the class action allegations or to dismiss the complaint." LCvR 23.1(b)(emphasis added). <u>Cf.</u> <u>Burke v. Gould</u>, 286 F.3d 513, 517 (D.C. Cir. 2002) (upholding requirements of the local rules of this Court). The plain language of Rule 23.1(b) is clear and unambiguous. Plaintiffs filed their Complaint on October 5, 2005. Compl., Document No. 1; Pl. Memo. at 1. Thus, pursuant to LCvR 23.1(b), Plaintiffs had until January 3, 2006 to move for class certification. Plaintiffs did not do so. In fact, over the next six months, Plaintiffs failed to move for class certification.

Now, after Defendant moved to dismiss Plaintiffs' Complaint and strike the class claims, Plaintiffs attempt to circumvent the time limitations in the rules by filing an amended complaint and moving the Court to extend their time for moving for class certification. To allow Plaintiffs to circumvent Local Rule 23.1(b) by filing an amended complaint would undermine the rule's purpose and, in fact, render the rule itself a nullity. <u>See</u> LCvR 23.1(b). Plaintiffs could ignore Rule 23.1(b)'s time limitations with impunity, confident that they would restart their time for moving for class certification at any point in the proceedings merely by amending their complaint to add a comma or an extra space. This concern was articulated clearly by the district court in <u>Jones, et al. v. Hartford Ins. Co. of the Midwest</u>, 2006 U.S.Dist. LEXIS 19630 (N.D. Fl. April 14,

2006):

> If filing an amended complaint could reset the ninety-day deadline prescribed [by the Local Rules], a plaintiff could easily circumvent the timeliness concerns of Fed.R.Civ.P. 23(c)(1)(A) by invoking its right to file an amended complaint at any time as a matter of course before a responsive pleading is served under Fed.R.Civ.P. 15(a).

2006 U.S.Dist. LEXIS 19630 at * 4.

Construing a rule identical to this Court's Local Civil Rule 23.1(b), in circumstances similar to those here, the Jones Court recognized that the time requirements were established in order to further the interests of Fed. R. Civ. P. 23(c)(1)(A), not to hamper them. Id. (noting that because an amended complaint conceivably could be filed several months or even years after the commencement of an action so long as a responsive pleading has not been served, allowing the ninety-day deadline to reset would subvert the interests of diligence required by Fed. R. Civ. P. 23(c)(1)(A)); see also Williamson v. Swiss Reinsurance America Corp., 2003 U.S. Dist. LEXIS 17934, * 3 (E.D. La. 2003)(it is the initial complaint and not any complaint that commences the ninety-day period of time in which to file a motion for class certification); Joseph N. Main P.C. v. Electronic Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996)(inasmuch as the local rule referred to "a complaint," the ninety-day period began running on date of removal to federal court and not on date of filing an amended complaint). In addition, the Jones Court stated that it was unaware of any local rule permitting the filing of an amended complaint to toll the ninety-day period of time in which to file a motion for class certification. 2006 U.S.Dist. LEXIS 19630 at * 5.[2]

---

[2] Citing M.D. Fla. Local Rule 4.04(b)(motion for class certification must be filed "within ninety (90) days following the filing of the *initial* complaint"); N.D. Ga. Local Rule 23.1(B)(plaintiff shall move "within ninety (90) days after *the complaint* is filed for a determination . . . as to whether the suit may be maintained as a class action"); C.D. Cal. Local

Importantly, although a district judge has an independent obligation to determine whether an action shall proceed as a class action, as the United States Supreme Court has held, failing to move for class certification is a direct assault on the merits of the request for class certification. See East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 405 (1977)(upholding district court's dismissal of class allegations of complaint). Therefore, because Plaintiffs in this case failed to comply with Local Civil Rule 23.1(b), the Court should not allow Plaintiffs to circumvent the rule's requirements, and should deny Plaintiffs' untimely motion for enlargement of time to move for class certification.

**B.    Plaintiffs' Neglect in Failing to File for Class Certification is not "Excusable," and Filing an Amended Complaint Fails to Cure This Defect.**

Although Plaintiffs filed their original Complaint on October 5, 2005, and over the next nine months failed to move for class certification,[3] Plaintiffs contend that this failure amounts to "excusable neglect" and they characterize the delay as "inadvertent." Plaintiffs' Opposition (Pl. Opp.) at 16-17. Under Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993), construing a bankruptcy rule permitting late filing upon a showing of

---

Rule 23-3 (motion for class certification must be filed "within 90 days of a pleading purporting to commence a class action").

[3] For this reason alone, Plaintiffs' class claims should be stricken. See Thomas v. Knight, 257 F. Supp. 2d 86, 91 n.5 (D.D.C. 2003) ("In addition, the Court notes that although the plaintiff has asserted a class action claim, he has failed to file a motion to certify the class within 90 days of the filing of the complaint as required by this Court's Local Rule 23.1(b). . . . Therefore, this Court will deny the plaintiff's request for class certification and consider his claim only with respect to himself as an individual."). See also Martin v. Middendorf, 1977 WL 821, *2 (D.D.C. 1977) (refusing to reconsider order denying class certification on ground, inter alia, that "the 90-day deadline for seeking class action certification . . . expired long before counsel filed the instant motion.").

"excusable neglect," the factors to be considered by a court in determining whether a plaintiff's neglect is "excusable" include: "1) the danger of prejudice to the [Agency], 2) the length of the delay and its impact on the efficient administration of judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of [Plaintiffs], and 4) whether the [Plaintiffs acted in good faith]." Plaintiffs cannot meet this test, and Plaintiffs' neglect is not in any respect "excusable."

    The prejudice to the Agency and to the Court in this case results from multiple rounds of briefing on Plaintiffs' evolving allegations, as evidenced in the Amended Complaint, shaped and reshaped to shore-up flaws in their earlier pleading. The original Complaint identified a class beyond even the most expansive claims of the administrative complaint, including for the first time non-African American employees. These evolving allegations are within the control of Plaintiffs' counsel and further show that the Agency is prejudiced by not knowing what it is being called upon to defend.

    With regard to the length of the delay and its negative impact on judicial proceedings, Plaintiffs have simply stated that this litigation is at its earliest stages. Yet this assertion fails to address that Plaintiffs have not pursued class certification for the past nine months, even after a lengthy administrative complaint stage which consumed ten years before that. Moreover, Plaintiffs' delay has caused repeated briefing of the same issues.

    Plaintiffs have offered no reason for the delay except their suggestion that consenting to Defendant's timely requests for extension prevented them from moving for class certification. See Pl. Opp. at 16-17. The Court should reject Plaintiffs' attempt to cure their inability to comply with the Court's rules by blaming Defendant's counsel for seeking additional time to

prepare and file a dispositive motion. Plaintiffs could have filed the instant motion at any time over the course of the last nine months. The fact that they waited for Defendant to point out their failure to do so does not provide any legitimate excuse for the delay. Plaintiffs should be held accountable for their failure to articulate and prosecute a cogent cause of action on behalf of an alleged class of individuals, something they have been trying to do for the past eleven years.

Finally, Plaintiffs are attempting to "force-fit" a series of several individual and disparate causes of action into a purported class complaint. The clear time limit of the Local Civil Rules did not motivate them to timely seek class certification. Such blatant neglect of a basic detail of filing a class action complaint is inexcusable, especially given their counsel's experience in these matters.[4] Accordingly, Plaintiffs' failure to comply with Local Rule 23.1(b) is not in any respect "excusable," and the Court should deny Plaintiffs' motion to extend the time to move for class certification.

---

[4] In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 396 (1993), the United States Supreme Court explicitly rejected the notion that enforcing such time limitations "imposes an unjust penalty on the client," stating that "we have held that clients must be held accountable for the acts and omissions of their attorneys." (Citations omitted).

### III. **CONCLUSION**

Because Plaintiffs failed to file a timely motion for class certification under Local Rule 23.1.(b), because they have failed to justify their delay, and because they have filed an Amended Complaint in a vain attempt to skirt the 90-day requirement and reset the clock, their Motion should be denied, and their class claims should be stricken.  See id.[5]

<div style="margin-left:3em">

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0372/FAX: (202) 514-8780

/s/
MEGAN L. ROSE, N.C. BAR # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

</div>

---

[5] Similarly, to the extent that Plaintiffs are seeking discovery on the class certification issues in this case, that request is both untimely, for the reasons set forth above, and premature because the Court has entered a briefing schedule for Defendant's motion to dismiss and to strike the class claims in the First Amended Complaint.