Source: Legal > Area of Law - By Topic > Labor & Employment > Administrative Materials & Regulations > Federal > Agency Decisions > **Equal Employment Opportunity Commission Public Sector Decisions** [i]

Terms: **gosier** (Edit Search | Suggest Terms for My Search)

*2005 EEOPUB LEXIS 5872, **

Dennis E. **Gosier,** Complainant, v. Carlos M. Gutierrez, Secretary, Department of Commerce, Agency

Hearing No. 120-2004-00250X Appeal No. 01A44851 Agency No. 200H-0561-2003100663

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

2005 EEOPUB LEXIS 5872

December 19, 2005

**CORE TERMS:** pay period, reprisal, protected activity, prima facie case, pre-hearing, pretext, failed to comply, final decision, nondiscriminatory, articulated, accounting, initiated, directing, discovery, spent

**ISSUEDBY: [*1]** For the Commission by Carlton M. Hadden, Director, Office of Federal Operations

**OPINION:**
DECISION

Complainant timely initiated an appeal from a final agency decision (FAD) concerning his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission AFFIRMS the agency's final decision.

The record reveals that during the relevant time, complainant was employed as a Social Science Analyst at the agency's Bureau of the Census in Suitland, Maryland. Complainant sought EEO counseling and subsequently filed a formal complaint on May 30, 2003, alleging that he was discriminated against in reprisal for prior EEO activity when he was charged with being absent without leave (AWOL) for 40 hours in Pay Period 4 (February 23 - March 8, 2003) and charged with being AWOL for 40 hours in Pay Period 6 (March 23 - April 5, 2003).

At the conclusion of the investigation, complainant requested a hearing before an EEOC Administrative Judge (AJ). The case was assigned to an AJ **[*2]** but ultimately no hearing was held because the AJ entered an "Order of Dismissal of Hearing," in effect striking complainant's hearing request, on the ground that complainant had failed to comply with an earlier order establishing certain filing deadlines. The case was remanded to the agency which issued a final decision without a hearing finding no discrimination. From that order complainant brings the instant appeal.

The gravamen of complainant's complaint is that he was improperly denied "official time" for the 47 hours he had spent representing fellow employees in connection with their EEO claims. The record shows that prior to February 2003, complainant had been devoting substantial amounts of on-the-clock time to EEO representation, often in excess of 50 hours per pay period. In February 2003, complainant's supervisor directed that he spend no more than 16 hours per pay period on EEO representation with prior approval of management and required him to provide a written accounting of the activities for which he claimed official time. According to the agency, in the period immediately after complainant received these

instructions he failed to comply with them. He claimed 47 hours **[*3]** in official time but did not provide an accounting of how that time was spent. Accordingly, he was charged AWOL for those hours.

Complainant can establish a *prima facie* case of reprisal discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination. *Shapiro v. Social Security Admin.*, EEOC Request No. 05960403 (Dec. 6, 1996) (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)). Specifically, in a reprisal claim, and in accordance with the burdens set forth in *McDonnell Douglas, Hochstadt v. Worcester Foundation for Experimental Biology,* 425 F. Supp. 318, 324 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976), and *Coffman v. Department of Veteran Affairs,* EEOC Request No. 05960473 (November 20, 1997), a complainant may establish a *prima facie* case of reprisal by showing that: (1) he or she engaged in a protected activity; (2) the agency was aware of the protected activity; (3) subsequently, he or she was subjected to adverse treatment by the agency; and (4) a nexus exists between the protected activity and the adverse **[*4]** treatment. *Whitmire v. Department of the Air Force,* EEOC Appeal No. 01A00340 (September 25, 2000).

The *prima facie* inquiry may be dispensed with where the agency has articulated legitimate and nondiscriminatory reasons for its conduct. See *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs,* EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 519 (1993); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256 (1981); *Holley v. Department of Veterans Affairs,* EEOC Request No. 05950842 (November 13, 1997); *Pavelka v. Department of the Navy,* EEOC Request No. 05950351 (December 14, 1995).

The agency concedes that complaint established a *prima facie* case of retaliation. **[*5]** We conclude, however, that the agency has articulated legitimate and nondiscriminatory reasons for charging complaint AWOL for the hours in question. The restrictions the agency imposed on complainant's use of official time are not onerous and are consistent with the Commission's directives regarding official time. See EEOC Management Directive 110, at 6-16. ("an agency may restrict the overall hours of official time afforded to a representative, for both preparation purposes and for attendance at meetings and hearings, to a certain percentage of that representative's duty hours in any given month, quarter, or year.").

We also conclude that complainant has failed to adduce any evidence to support a finding that the agency's explanation for its action is a pretext designed to conceal discriminatory animus. Indeed, complainant's appeal statement makes no mention of the issue of pretext. For these reasons, complainant's complaint fails on the merits.

Finally, on appeal complainant argues that the AJ abused his discretion when he entered an order "dismissing" complainant's hearing request. We disagree. On March 1, 2004, the AJ issued a scheduling order, directing, *inter alia,* that **[*6]** the parties initiate discovery within 20 days of the receipt of the order. On March 9, 2004, the AJ issued an order, directing, *inter alia,* that the parties submit pre-hearing statements and witness lists to the AJ by May 10, 2004. Complainant complied with neither order. On May 18, 2004, after conducting a Show Cause hearing during which complainant admitted receiving the orders, the AJ entered the dismissal order, remanding the case to the agency. As grounds for the order, the AJ stated that "the Complainant never initiated any discovery" and cited the admission by complainant that his failure to comply with the orders was an "oversight."

It was not an abuse of discretion for the AJ to remand the case to the agency for failure to timely submit a pre-hearing statement and witness list. An AJ must be able to compel

compliance with his orders in order to facilitate the hearing process. Submission of pre-hearing statements and witness lists by the parties is an essential precondition to the orderly conduct of a hearing. AJs must be afforded wide discretion in this area. See *Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990)*("a trial court's **[*7]** decision to exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion") [citation omitted].

For the foregoing reasons, after a careful review of the record, including complainant's contentions on appeal, the agency's response, and arguments and evidence not specifically addressed in this decision, we affirm the FAD.

**LOAD-DATE:** December 30, 2005

Source: Legal > Area of Law - By Topic > Labor & Employment > Administrative Materials & Regulations > Federal > Agency Decisions > **Equal Employment Opportunity Commission Public Sector Decisions** [i]
Terms: gosier (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Monday, March 6, 2006 - 9:17 AM EST

 LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.