IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| CARLOS M. GUTIERREZ, ) | |
| Secretary, United States Department ) | |
| of Commerce, ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
FOR ENLARGEMENT OF TIME TO MOVE FOR CLASS CERTIFICATION**

Pursuant to Local Rule 7(d), Plaintiffs, by and through undersigned counsel, hereby file their reply to Defendant's Opposition to Plaintiffs' Motion for Enlargement of Time to Move for Class Certification.

**ARGUMENT**

On June 23, 2006, Plaintiffs moved for an extension of time in which to file for class certification. Plaintiffs argued that since they had not had the benefit of any pre-class certification discovery, their efforts to move for class certification would be "utterly stymied." See, e.g., Richard v. Bell Atlantic Corp., Inc., 976 F. Supp. 40, 52 (D.D.C. 1997) (denying defendants' motion to strike class allegations on basis of an untimely motion for class certification because the time set by the local rule would have divested plaintiffs of the opportunity to take discovery first and because the litigation had been stayed pending the outcome of a dispositive motion). As is manifest in Defendant's opposition brief (hereinafter "Def.'s Opp'n Br.", Dkt. No. 31) Defendant's primary grievance is with the Court allowing

Plaintiffs' to file their First Amended Complaint pursuant to Fed. R. Civ. P. 15 rather than with Plaintiffs' request for more time to move for class certification.  See Dkt. No. 28.  Any slight prejudice Defendant might experience or any additional "rounds of briefing" necessitated arises solely from the fact that Plaintiffs were allowed to amend their Complaint, not from Plaintiffs' request for an extension of time of class certification briefing.  See Def.'s Opp'n Br. at 5-7.

Defendant points the Court to two local rules in other courts which would limit class certification motions to the period ninety days after an initial complaint is filed, or after a complaint purporting to commence a class action is filed, but the local rules in those courts are markedly different than the local rules in this Court.  Def.'s Opp'n Br. at 4, n.2.  There is nothing in this Court's version of Local Rule 23 to say that the *initial* complaint starts the class certification motion clock; if the drafters wanted to make that obvious, they could have included a word or phrase to that effect, as have other courts.  See Local Rule 23.1(b).  Even more convincing is the comment to Local Rule 23.1(b): "This amendment makes clear that the court may enlarge the 90-day period within which the motion for certification is to be filed."  That is exactly what Plaintiffs are asking the Court to do.

In its brief, Defendant primarily relies on Jones v. Hartford Ins. Co. of the Midwest, No. 3:05CV392-RS, 2006 U.S. Dist. LEXIS 19630 (N.D. Fla. Apr. 14, 2006), in which the District Court for the Northern District of Florida construed a local rule governing time to move for class certification.  Def.'s Opp'n Br. at 3-4.  Notably, the Jones Court relied *specifically* on the fact that plaintiffs had amended their complaint only in very minor ways as a pretext to circumvent the local rule's mandate and obtain extra time to move for class certification.  Jones at *9-10.  The plaintiffs had not offered a valid excuse "nor any excuse at all" for their failure to timely move.  Id. at *10.

The instant situation is inapposite to the facts of Jones. Plaintiffs have substantively amended their Complaint for concrete, legitimate reasons, and have provided sound reasoning to support their argument that not moving for class certification to date was excusable neglect. See Pls.' Opp'n to Def.'s Mot. to Dismiss, Dkt. No. 27. Plaintiffs have also made plain that they will be completely unable to make an effectual argument for class certification without discovery because this is a disparate impact case in which all statistical evidence is in control of Defendant, and Plaintiffs have also made plain that their delay is justified. Id.

Defendant also cites several cases which are easily distinguished from the one at bar. In fact, Defendant cites Williamson v. Swiss Reins. America Corp., No. 03-1089I/1, 2003 U.S. Dist. LEXIS 17934, at *3 (E.D. La. 2003, Oct. 8, 2003), as holding that "it is the initial complaint and not any complaint that commences the ninety-day period of time in which to file a motion for class certification" See Def.'s Opp'n Br. at 4. However, the Williamson Court never actually says that at all; Defendant has implied this holding from the Court's statement that plaintiffs moved for class certification 170 days after removal of the lawsuit to federal court. Williamson at *3. Indeed, there is nothing to indicate that plaintiff *ever* amended his complaint in that case. Id. Defendant has pulled this "holding" out of thin air.

Defendant also cites Joseph N. Main P.C. v. Electronic Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996), yet another removal case. Def.'s Opp'n Br. at 4. Interestingly, the Main Court explicitly states that it is denying class certification on the basis of untimeliness but that "[i]f plaintiffs felt that more discovery was warranted or desirable before moving for class certification, plaintiffs' counsel had several avenues open to him. He could have *filed a motion to extend the time for filing a motion for class certification*." Main at 577. (emphasis added.) That is exactly what Plaintiffs have done here, and therefore the Main case flies in the face of

3

Defendant's argument.

In East Texas Motor Freight System, Inc. v. Rodriguez, yet another inapplicable case cited by Defendant, the Supreme Court upholds the District Court's denial of class certification, but notes that plaintiffs in that case *never* moved for class certification prior to trial. 431 U.S. 395, 399-400 (1977). Plaintiffs' primary aim here is to secure for themselves the ability to draft a class certification motion that is based in fact rather than speculation, not to avoid moving for class certification altogether until trial on the merits.

To compel Plaintiffs to prove their claims as contemplated by Fed. R. Civ. P. 23's four requirements for class certification prior to discovery would be premature and would prevent the Court from performing the "rigorous analysis" necessary in a class action employment discrimination case. See General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982). Defendant has obviously had the opportunity to compile massive amounts of information in defense of Plaintiffs' claims, but Plaintiffs have had no such chance. See Def.'s Mot. to Dismiss, Dkt. No. 19 and Pls.' Opp'n to Def.'s Mot. to Dismiss, Dkt. No. 27. What very little information Plaintiffs do have is out of date and therefore of limited use. To ask Plaintiffs to demonstrate that a class should be certified before discovery commences in this otherwise straightforward Title VII disparate impact class action suit would be to completely deprive Plaintiffs of their claims without ever allowing them the opportunity to investigate and prove those claims.

Wherefore, Plaintiffs again respectfully request that they be given until two (2) months after discovery closes in this matter to move for class certification.

Dated: July 10, 2006                    Respectfully submitted,

                                        **SANFORD, WITTELS & HEISLER, LLP**
                                        By: _/s/_ Laura C. Fentonmiller_____
                                        David Sanford, D.C. Bar No. 457933

Laura Fentonmiller, D.C. Bar No. 450813
Shayna Bloom, MD Bar, Admitted Pro Hac Vice
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

Steven L. Wittels (SLW-8110)
Jeremy Heisler (JH-0145)
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile:  (202) 742-7776

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means on this 10th day of July, 2006 upon the following counsel of record by operation of the Court's electronic filing system:

>Peter S. Smith
>Megan L. Rose
>United States Attorney's Office
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 307-0372

>_/s/__Laura C. Fentonmiller_____
>Laura C. Fentonmiller