EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L. STREET, N.W., SUITE 200
WASHINGTON, D.C. 20005

| | |
|---|---|
| JANET HOWARD, et al._<br><br>Complainants,<br><br>v.<br><br>DONALD L. EVANS<br>SECRETARY<br>U.S. DEPARTMENT OF COMMERCE<br><br>Agency. | **CLASS ACTION**<br><br>EEOC No.  100-A1-7429X<br><br>Agency No. 95-55-0278 |

## DECLARATION OF JANET HOWARD

I, Janet Howard, make the following Declaration pursuant to 28 U.S.C. § 1746:

1. I make this Declaration based upon personal and professional knowledge and, if sworn in as a witness, could testify competently to the facts stated herein.

2. I am a member of a protected class, African American. I am the Class Agent in <u>Janet Howard, et al., v. Department of Commerce</u>, EEOC No. 100-A1-7429X.

3. I have been employed by the United States Department of Commerce ("Commerce") for approximately 20 years as a non-supervisory employee. In the course of my employment, Commerce has subjected me to discrimination in employment based on my race, African American, by denying me promotions in favor of less senior, less qualified white employees, subjecting me to reprisal for speaking out against Commerce's pervasive race discrimination in employment, and subjecting me to a racially hostile work environment and other forms of discrimination.

4. I was hired by Commerce in the Bureau of Export Administration-(BXA), now known as the Bureau of Industry & Security (BIS) in April of 1983.

5. I filed my first EEO complaint of race discrimination March 10, 1986. I competed and was selected for a career lateral GS-7/11 Computer Program/Analyst position. The selecting official was also my immediate supervisor. He told me, "even though I was performing the duties of that position at an outstanding level," he had no intentions of promoting me to the next GS-9 and ultimately GS-11 level of my job series. He told me, the position I currently held for more than 6 months was traditionally reserved for "white males." This is the same supervisor who was overheard saying to a white female, "you are tall and blonde, you will do well here." Despite the fact that I was qualified for promotion, the supervisor decided not to promote me.

6. During the EEO Hearing, May 17-18, 1990, Judge Pembrook Scott, the presiding administrative judge said that:

> "the issues before me are not only a denial of the within grade promotion, but also the suspension of the security clearance, the turning in of the key, her being removed from a particular office and retaliation are the bases for that. The testimony that we've heard has seemed to indicate a continuing series of events that may be characterized as retaliation. What I'm trying to ascertain here is these opportunities for promotion since the time that we've had these various investigations is, they're also part of this pattern of retaliation."

7. Judge Scott concluded that "Systemic Race Discrimination" exists in BXA, now BIS:

> "Based on the evidence contained in the Complainants file, the brief filed by the parties and the testimony presented at the hearing, I find that the Agency did discriminate against the complainant on the bases of race, color, sex, and reprisal." May 18, 1998 during the hearing, Judge Scott recommended that I file a charge of continuous reprisal and retaliation for failure to promote.