U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

| | |
|---|---|
| Janet Howard, *et al.* )<br>    Complainant, )<br>)<br>       v. )<br>)<br>William M. Daley, )<br>Secretary, )<br>Department of Commerce, )<br>    Agency. )<br>_____) | Appeal No.  01994518<br>Agency No.  95-55-0278 |

## DECISION

The complainant filed an appeal with this Commission from an agency decision, dated April 16, 1999, which disqualified her from serving as agent for a proposed class.[1] The Commission accepts the complainant's appeal pursuant to 64 Fed. Reg. 37,644, 37,659 (1999) (to be codified at 29 C.F.R. § 1614.405). For the reasons set forth below, it is the decision of the Commission to deny a motion to intervene filed by two class members; to reverse the agency's disqualification of the complainant from serving as class agent; and to provisionally certify the class complaint.

## ISSUES PRESENTED

The following issues are presented in this appeal: (1) whether the agency was authorized by EEOC regulation to issue a decision disqualifying the complainant as class agent; (2) whether Administrative Judge 2 properly remanded class complaint 1 to the agency to hold in abeyance pending the identification of a new class agent, rather than issuing a decision on class certification; and (3) whether class complaint 1 satisfies the commonality, typicality, numerosity, and adequacy of representation class complaint requirements.

## BACKGROUND

The complainant named in the case caption contacted an EEO Counselor on October 21, 1994, and filed a timely class complaint, dated February 22, 1995 (hereinafter referred to as class complaint 1). Therein, she alleged discrimination based on race and retaliation against a class of African-

---

[1] On November 9, 1999, revised regulations governing the EEOC's federal sector complaint process went into effect. These regulations apply to all federal sector EEO complaints pending at any stage in the administrative process. Consequently, the Commission will apply the revised regulations found at 64 Fed. Reg. 37,644 (1999), where applicable, in deciding the present appeal. The regulations, as amended, may also be found at the Commission's website at www.eeoc.gov.

alleged discrimination occurs in offices serviced by one personnel office but not in offices serviced by another personnel office. The record also does not disclose how much autonomy, if any, the agency's individual Headquarters' offices exercise in the personnel matters at issue in this class complaint, and whether the amount of autonomy varies from one office to another. It appears that the agency has exclusive control of this information which has not yet been provided to the complainant and the Commission. While such information could be important, particularly as it pertains to the commonality and typicality class complaint requirements, it is the decision of the Commission not to delay the processing of class complaint 1 any further based on mere speculation as to the potential effect of such information. However, the Commission's Remand Order specifies that after completion of discovery pursuant to 29 C.F.R. § 1614.204(f), one or both parties may move to narrow the coverage of the class complaint and/or to establish additional subclasses. *See Hines, et al. v. Department of the Air Force*, EEOC Request No. 05940917 (January 29, 1996) (an administrative judge has the latitude to redefine a class, subdivide it, or recommend dismissal if it is discovered that there is no longer a basis to proceed as a class complaint).

The Commission finds that the class should be defined as composed of African-American, non-supervisory employees and former employees of the agency's Headquarters' offices in the metropolitan area of Washington, D.C., who allegedly have been denied career advancement to one or more white collar positions in the agency's Headquarters' offices at grade levels GS-9 through GS-15, or equivalent level white collar non-GS positions, and who may have been denied related promotional opportunities in those same offices, based on their race during the period of time beginning two years prior to the filing of the class complaint on February 22, 1995, and continuing to the date a final determination is rendered on the class complaint claim. Related promotional opportunities include training, assignments, details, awards, etc., that would have enhanced a class member's qualifications for promotion to such a position, whether the promotion would have been a career ladder promotion, a competitive promotion, or an accretion of duties promotion.

The Commission limits the class to employees who have been denied career advancement opportunities related to white collar positions at grade levels GS-9 through GS-15, or equivalent level white collar non-GS positions, because existing information suggests that significant numbers of African-American employees have been denied advancement to such positions and, thus, that common questions of fact and law exist as to those positions. The Commission limits the class claim to discrimination based on race because the record does not indicate that significant numbers of class members have allegedly been retaliated against based on their prior EEO activity.

The Commission finds that the class complaint states a claim that the agency has delayed and limited, and continues to delay and limit, the career advancement of class members because of their race. The complaint identifies a number of means by which the agency accomplishes the alleged career advancement discrimination, including discriminatory selection decisions, discriminatory performance appraisals, and discriminatory denials of awards, career enhancing work assignments, and timely training for advancement. Subsequent submissions identify other