EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| JANET HOWARD,<br>    CLASS AGENT,<br>v.<br><br>DONALD L. EVANS,<br>SECRETARY,<br>DEPARTMENT OF COMMERCE,<br>    AGENCY. | Date: May 14, 2001<br><br>EEOC CASE NO.<br>100-A1-7429X<br><br>AGENCY CASE NO.<br>95-55-0278 |

## ORDER ACKNOWLEDGING CLASS COMPLAINT

On February 26, 2001, the above referenced complaint of discrimination involving a certified class was remanded to this office by the Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations for assignment of an Administrative Judge to process the class complaint on the merits.

The EEOC federal sector EEO complaint processing regulations pertaining to class complaints are found at 29 C.F.R. § 1614.204 (2000) and Chapter 8 of EEOC's EEO Management Directive 110 (Nov. 9, 1999) (hereinafter referred to as MD-110), which are available on-line at http://www.eeoc.gov.

**IT IS HEREBY ORDERED** that the parties follow the procedures set forth in this Order. Please note that all time periods stated are measured in calendar days. Deadlines falling on a weekend day or holiday are extended to the next business day. **Failure to follow the orders herein, or any other orders of the Administrative Judge, or to comply with the Commission's regulations, will result in appropriate sanctions, including but not limited to payment of the opposing party's attorney's fees, dismissal of the complaint for failure to prosecute, an adverse inference against a party not producing evidence, and/or default judgment against the Agency.** *See* 29 C.F.R. § 1614.204(f)(2) (2000).

### I. CLASS NOTIFICATION REQUIREMENT

On February 26, 2001, the Office of Federal Operations, EEOC ordered the Agency to notify the potential class members of the certification of the class within 15 calendar days of the Agency's receipt of the decision. The Agency has not provided proof that this has been done. **Therefore, the Agency shall immediately provide such notification to all class members and shall provide copies to the Administrative Judge and to Class Agent's counsel of (1) the notification and (2) a list of those to whom notification was made.**

The certified class is composed of African-American, non-supervisory employees and former employees of the agency's headquarters' offices in the metropolitan area of Washington, D.C., who allegedly have been denied career advancement to one or more white collar positions in the Agency's Headquarters' offices at grade levels GS-9 through GS-15 levels, or equivalent level white collar non-GS positions based on their race during the period of time beginning two years prior to the filing of the class complaint on February 22, 1995, and continuing to the date a final determination is rendered on the class complaint claim. Related promotional opportunities include training, assignments, details, awards, etc., that would have enhanced a class member's qualifications for promotion to such a position, whether the promotion would have been a career ladder promotion, a competitive promotion, or an accretion of duties promotion.

## II. CORRESPONDENCE AND MOTIONS

Correspondence sent to this office shall be typewritten, addressed to the appropriate Administrative Judge, and include the EEOC Number appearing in the caption above. Each party must provide the opposing party with a copy of all correspondence that it sends to the Administrative Judge. Failure to provide a copy of submissions to the opposing party (as demonstrated by attachment of a certificate of service) may result in rejection and/or return of such submissions without it being made part of the record. Other than to clarify a minor procedural issue, it is inappropriate for the parties to engage in *ex parte* (one-sided) communication with the Administrative Judge. If either party has a question regarding a significant procedural issue or other matter, it should request a conference call after coordinating with the opposing party on proposed alternative dates for such a call. The request for the call should be made in writing.

**Correspondence, including motions, shall not exceed 20 pages, typewritten and double-spaced, in 12 point font. Additionally, multiple filings or responsive pleadings addressing the same point of law or fact are not permitted.** There is no page limit on attachments to motions. Should the parties wish to exceed the page and filing limitations, specific permission must first be obtained from the Administrative Judge.

Submissions will be deemed timely filed if they are delivered in person by 5:00 p.m. on the due date, received by facsimile at (202)275-0076 by 5:00 p.m. on the due date, or postmarked by the due date. Any submissions (i.e., those with attachments) exceeding 20 pages <u>may not</u> be faxed; they must be hand-delivered or postmarked by the due date. Written submissions should be sent either by mail or by facsimile, but not both. Failure to comply with these requirements may result in rejection and/or return of such submissions. Responses to motions are due within 10 days of service of the motion.

Extensions of filing dates and postponements will <u>not</u> be granted, absent a prompt request in writing and a showing of good cause. To request an extension or continuance, a party must first consult with the opposing party, promptly provide a written justification for the request along with supporting documentation, if appropriate, and specify mutually acceptable alternate dates or filing