EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
WASHINGTON, D.C. 20005

| | |
|---|---|
| JANET HOWARD,<br>    Class Agent,<br><br>    v.<br><br>DONALD L. EVANS, SECRETARY,<br>    U.S. Department of Commerce. | EEOC Case No. 100-A1-7429X |

## AGENCY'S OBJECTIONS AND RESPONSES TO CLASS AGENT'S[1] REQUEST FOR PRODUCTION OF DOCUMENTS

The Department of Commerce hereby provides its objections and responses to the Class Agent's Request for Production of Documents.

### I. EXPLANATORY NOTE

Some requests propounded by the Class Agent asked for production of data from various Agency's "Headquarters' offices" with the definition of those offices derived from the Agency's March 16, 2001 correspondence to Irving Kator. See Class Agent's First Request for Interrogatories and Production of Documents at 1. The Agency's March 16, 2001 correspondence noted that there were 15 bureaus that fell within the EEOC's class notification requirements which, in relevant part, limited potential class members to the Washington, D.C. metropolitan area. Those bureaus with offices in the Washington, D.C. metropolitan area include: 1) Office of the Secretary (OS); 2) Economic Development Administration (EDA); 3) Minority Business Development Agency (MBDA); 4) Bureau of Export Administration (BXA);

---

[1] The Agency notes that the Class Representative labeled the discovery as "Complainants' First Request for Interrogatories and Production of Documents."

2

5) Bureau of Economic Analysis (BEA); 6) Economics and Statistics Administration (ESA); 7) International Trade Administration (ITA); 8) Office of the Inspector General (OIG); 9) National Telecommunications and Information Administration (NTIA); 10) Technology Administration (TA); 11) National Oceanic and Atmospheric Administration (NOAA); 12) National Institute of Standards and Technology (NIST); 13) Bureau of the Census (Census); 14) National Technical Information Service (NTIS); and 15) Patent and Trademark Office (PTO). The personnel practices and/or "systems" used within the bureaus of the Department of Commerce are not necessarily the same from bureau to bureau. Thus, when responding to Production Requests seeking information for "Headquarters' Offices" the responses, where appropriate, distinguish systems and/or personnel practices used in each of the various bureaus within the Agency.

## II. GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS

The Agency makes the following General Objections to the Class Agent's First Request for Production of Documents. These objections apply to many of the requests; they are set forth immediately below and are not necessarily repeated after each request to which an objection is being asserted. Finally, the Agency states that its responses are based upon information known or reasonably believed by the Agency at the time it responds to these requests.[2] The Agency reserves the right to amend and/or supplement its responses if it learns of additional information relevant hereto, through discovery or otherwise.

### A. General Objection No. 1: The Documents Sought Are Beyond the Obligations Imposed by the EEOC's Regulations.

The Agency objects to any attempt by the Class Agent, through her definitions, instructions or otherwise, to impose any obligation on the Agency beyond the obligations

---

[2] The information provided by the Agency is only that which is in its control.

5

origin is wholly irrelevant to plaintiff's race claim); see also Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 546 (D.D.C. 1983) (age discrimination case limiting discovery to age and denying discovery pertaining to race). Therefore, only information pertaining to race discrimination is relevant to this class action.

Moreover, this class action involves Headquarters' offices employees in the metropolitan area of Washington, DC. Thus, only information pertaining to promotions and promotional opportunities in the Agency's Headquarters' offices in the Washington, DC area is relevant. See Childers v. Slater, No. CIV. A. No. 97-853RMU/JMF, 1998 WL 429849, at *4-5 (D.D.C. May 15, 1998) (limiting discovery in a "pattern of discrimination theory" case to the divisions in which the plaintiff worked); McCray v. Standard Oil Co., 76 F.R.D. 490, 500 (N.D. Ill. 1977) (limiting discovery to headquarters staff where plaintiff was employed rather than nationwide).

Finally, the class is limited to only those employees who may have been denied career advancement to one or more white collar positions in the Agency's Headquarters' offices at grade levels GS-9 through GS-15 levels, or equivalent level white collar non-GS positions. Generally, this definition includes employees in positions classified at the GS-7 (if in a two-grade interval series) or GS-8 (if in a one-grade interval series) through GS-14 grade level and equivalent non-GS positions.[3] Therefore, information regarding employees in positions outside these grade levels is irrelevant. See, e.g., Syed v. Director, FBI, Civ. A. No. 90-1801, 1990 WL 259734, at *3 (E.D. Pa. 1991) (imposing constraints on discovery of information of all job categories); Robbins v. Camden Bd. of Educ., 105 F.R.D. 49, 61-63 (D.N.J. 1985) (proper scope of discovery seeking other complaints of discrimination against defendant are limited in time, type of action

---

[3] See Agency's Letter to Irving Kator, dated March 16, 2001; Agency's Letter to Maia Caplan, dated March 21, 2001; Agency's Letter to Michael Kator, dated April 12, 2001.