IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANET HOWARD, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1968 (JDB) |
| | ) | **Class Action** |
| **CARLOS M. GUTIERREZ,** Secretary, United States Department of Commerce, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS ALL INDIVIDUAL CLAIMS, TO DISMISS CLASS CLAIMS, AND TO STRIKE ALL CLASS CLAIMS**

Plaintiffs file this Sur-reply to alert the Court to several significant errors in Defendant's Reply. Specifically, Defendant has presented numerous inaccurate statements and arguments with regard to (1) administrative exhaustion, (2) the individual claims of class representatives, (3) the content of Plaintiff's Complaint, and (4) the need for discovery.

**1. Defendant Has Waived Its Argument that the 1995 Administrative Complaint was Untimely and, In Any Event, that Argument Lacks Merit**

First, Defendant erroneously claims that Plaintiffs did not respond to its argument that Ms. Howard's 1995 administrative complaint was untimely. D's Reply at 3. In their Opposition

brief, however, Plaintiffs clearly argued that Defendant waived its timeliness argument regarding administrative exhaustion. Plaintiffs' Opposition (Opp.) at 36-38. Defendant merely asserts that it raised a timeliness argument at its first opportunity, D's Reply at 14-16, despite the fact that in over *ten years* of contesting the class claims before the EEOC, Defendant did not once raise a timeliness objection. Because Defendant has waived the timeliness argument, there is no need for the Court to consider it on the merits.

Second, and in any event, Defendant's timeliness argument lacks merit because – as Plaintiffs' Opposition explained, *see* Opp. at 38-39 – Ms. Howard was in fact denied a promotion just one day prior to her contact with an EEO counselor on October 21, 1994. She therefore complied fully with the requirement under 29 C.F.R. § 1614.105, which states that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory."

Third, Defendant's apparent argument that unless a plaintiff challenges a defendant's very first discriminatory act, that plaintiff is forever barred from seeking redress for future discriminatory acts is contrary to both public policy and Supreme Court precedent. *See Bazemore v. Friday,* 478 U.S. 385, 395, (1986) ( "Each week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII, regardless of the fact that this pattern was begun prior" to the limitations period.) (Brennan, J., concurring, joined by all other Members of the Court); *see also Anderson v. Zubieta*, 180 F.3d 329, 335 (D.D.C. 1999).

Defendant is wrong to claim that *Torres v. Mineta* applies here, because in *Torres* it was undisputed that the plaintiff (1) knew of the nation-wide nature of the discriminatory policy years before filing a class complaint and (2) pursued the wrong grievance procedure and failed to contact an EEO counselor until a year after he was given notice of legal requirements. 2005 WL

1139303, *5 (D.D.C. 2005). Accordingly, the court in *Torres* found the continuing violation theory inapplicable.

In contrast, the continuing violation theory applies here because Ms. Howard did not have knowledge regarding the class-wide nature of the discrimination caused by the performance appraisal system and could not have appreciated the extent of the discriminatory employment practices until the initiation of the EEOC investigation. *See Albritton v. Kantor,* 944 F.Supp. 966, 971 (D.D.C. 1996). Ms. Howard's limited supervision of a small number of African-American employees in 1992 did not provide her with an understanding of the class-wide discriminatory impact of the performance appraisal system.[1] Moreover, in *Torres*, the plaintiff failed to "initiate[] EEO counseling within 45 days of July 31, 1995, the day the FAA notified him that he should contact [the EEOC]," at which time he was put on "notice that the FAA grievance process was not the appropriate way to resolve his complaint." 2005 WL 1139303 at *5. Unlike the plaintiff in *Torres*, Ms. Howard did not file complaints with the wrong agency and did not ignore legal requirements. Because "at least one adverse employment action occurred within the [limitations] period." *Gary v. Washington Metro. Area Transit Auth.*, 886 F.Supp. 78, 89 (D.D.C. 1995), this case involves a continuing violation. As discussed above, Ms. Howard's denial of a promotion occurred just one day before she met with an EEO counselor and was thus within the limitations period.[2]

---

[1] Because this is an issue of fact, the court may not dismiss the Complaint under Rule 12(b)(6) on this basis where, as here, it is impossible to conclude beyond reasonable doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to the relief requested. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[2] Defendant's apparent reading of 29 C.F.R. § 1614.105 is contrary to that provision's plain language, which does not provide fair notice of Defendant's theory that if a plaintiff does not meet with an EEO counselor within 45 days of learning about potentially discriminatory practices, that plaintiff forever loses the right to challenge future discrimination. Reading 29

Defendant is also mistaken about key dates pertaining to its administrative exhaustion arguments. Defendant states "the October 2004 meeting is beside the point because Ms. Howard had known about the rating system for years before her October 21, 2004 EEO counselor contact." D's Reply at 7. Plaintiff has never raised any arguments referencing an October 2004 meeting or an October 2004 EEO counselor contact. Both of these references are erroneous.

Defendant refers to dates out of context when it alleges that Ms. Howard's "own administrative EEO complaint states that the action she is complaining about occurred in August, 1994." D's Reply at 9. When answering questions in her administrative complaint regarding "the action she was complaining of," Ms. Howard never referenced the date August 1994. Ms. Howard instead responded that she was complaining about racial discrimination against African-Americans including low performance ratings and continued denial of promotions and awards – the very acts that had occurred just one day earlier (October 20, 1994) when she was denied a promotion. *See* Exhibit A, p. A-2.

**2. The Class Representatives' Individual Claims Are Properly Before This Court**

**A. Janet Howard's Individual Claims**

Defendant claims that Plaintiffs' Opposition does not identify Ms. Howard's individual claims, D's Reply at 8, but that is simply incorrect. Plaintiffs' Opposition specifically identifies six individual EEOC claims brought by Ms. Howard, in addition to those set forth in the 1995 class complaint. Opp. at 12-14. Ms. Howard has received a final agency decision with regard to the 1995 class complaint; therefore, her individual claims within that complaint have been administratively exhausted. The dates, allegations, and administrative postures of Ms. Howard's other individual claims are detailed in Defendant's own exhibits. *See* D's Exh. A and Exh. Y

---

C.F.R. § 1614.105 as Defendant proposes would contravene public policy.

(Anderson Decl.). Moreover, Defendant has acknowledged that all of Ms. Howard's claims, aside from those included in the class complaint, are pending in the administrative process, and because those claims have been pending for more than 180 days, Ms. Howard is authorized to file a civil action with regard to those claims. 29 C.F.R. §1614.407. Defendant, as a party to each of those administrative actions, has full notice of and access to all documentation necessary "to allow the defendant to determine whether the plaintiff administratively exhausted her claims." D's Reply at 8.

### B. Joyce Megginson's Individual Claims

Defendant distorts Plaintiffs' argument about Ms. Megginson's administrative exhaustion of her individual claims. D's Reply at 9-11. On September 23, 1997, Ms. Megginson received a final agency decision concerning her individual allegations of racial discrimination related to the allegations of the Class Complaint, and from that time forward, the filing of the Class Complaint equitably tolled her obligation to file a court action. *See* D's Exh. DD. Accordingly, Ms. Megginson has exhausted her administrative remedies for her individual claims.

Plaintiffs did not argue – as Defendant claims – that Ms. Megginson's administrative claims were different from the *current* class claims. Rather, Plaintiffs explained that her harassment and retaliation claims in a court action that she *previously* filed were different from the claims currently alleged in the Class Complaint. Moreover, when Ms. Megginson filed her federal court action in December 1997, Judge Hogan advised her to dismiss without prejudice because her claims would be equitably tolled until the resolution of the class action. Because Ms. Megginson voluntarily dismissed her claims without prejudice in October 2000, her claims are not the subject of a pending or adjudicated civil action, and thus, they are ripe and fully litigable in the instant case.

Finally, although Defendant argues that *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974), does not provide authority for tolling the statute of limitations for all members of a class based on the filing of a class action, Defendant simply ignores the several other decisions cited by Plaintiffs establishing that individual claims of class members are equitably tolled with the filing of a class action.   *See* Opp. at 15.

### C.  Tanya Ward Jordan's Title VII and Rehabilitation Act Claims

Despite arguing in a heading that Ms. Jordan's Title VII claims must fail, D's Reply at 11, Defendant provides no argument against Ms Jordan's Title VII claims. Accordingly, that claim must stand.  Defendant's arguments with regard to Ms. Jordan's Rehabilitation Act claims are also erroneous.  In particular, Defendant's mechanical conception of res judicata ignores established precedent in this Circuit that res judicata "must be weighed against competing necessities: situations may arise which call for exceptions." *Spilker v. Hankin*, 188 F.2d 35, 38 (D.C.Cir. 1951).  As the Court of Appeals has explained, "[r]es judicata, as the embodiment of a public policy, must, at times, be weighed against competing interests, and must, on occasion, yield to other policies." *Id.*  Ms. Jordan has exhausted her administrative remedies and – through no failure of her own – has never had the merits of her individual claims heard in court.[3]  Thus, res judicata should not be applied to deny her a day in court, particularly because her claims will be easily integrated into the present litigation, and there will be no harm to the interest in efficient judicial administration from inclusion of those claims in this lawsuit.

### 3.  Defendant Mischaracterizes Plaintiff's Class Allegations

Defendant mischaracterizes Plaintiffs' class allegations by referencing out of context

---

[3] As Plaintiffs have explained, Opp. at 17-19, the most plausible reading of the prior dismissal of Ms. Jordan's case is that the Court did not dismiss Ms. Jordan's Rehabilitation Act claim with prejudice because that claim was never litigated on the merits.

6

Plaintiffs' use of the term "future employees" and incorrectly claiming that Plaintiff's complaint includes allegations with regard to discriminatory hiring practices. D's Reply at 23. Plaintiffs referenced future employees *not* in defining the class, but in the context of describing the discriminatory impact of the performance appraisal system on the ability of future African-American employees to obtain promotions. Plaintiffs' Amended Complaint does not include allegations pertaining to discriminatory hiring practices.

### 4. Plaintiffs Have Not Had a Fair Opportunity to Submit Exhibits

Defendant claims that Plaintiffs have had a fair opportunity to submit exhibits pertaining to administrative exhaustion and other arguments, D's Reply at 2-3, n. 1, but the opposite is true. In litigating its Motion to Dismiss, Defendant has improperly introduced and relied upon *thousands* of pages of its own untested evidence, to which Defendant has exclusive access, whereas Plaintiffs have been forced to rely upon Defendant's untested submissions in responding to Defendant's arguments. Plaintiffs have not been provided an opportunity to depose any witnesses or request other documents relevant to Defendant's contentions. Numerous disputed factual questions remain. Thus, Plaintiffs must be provided an opportunity for discovery before Defendant's fact-based arguments are adjudicated by this Court.

Dated: November 7, 2006         Respectfully submitted,

**SANFORD, WITTELS & HEISLER, LLP**

By: __/s/ David Sanford_____
David W. Sanford, D.C. Bar No. 457933
Meenoo Chahbazi, CA Bar, Admitted Pro Hac Vice
Shayna M. Bloom, MD Bar, Admitted Pro Hac Vice
1666 Connecticut Avenue, NW
Suite 310

Washington, D.C. 20037
Telephone: (202) 742-7777
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Avenue, NW
Suite 310
Washington, D.C. 20037
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Bruce V. Spiva, D.C. Bar. No. 443754
Kathleen R. Hartnett, D.C. Bar. No. 483250
**SPIVA & HARTNETT LLP**
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
Telephone: (202) 785-0601
Facsimile: (202) 785-0697

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 7, 2006, a copy of the foregoing was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

                  Peter Smith, Esq.
                  Megan Rose, Esq.
                  United States Attorney's Office
                  Civil Division
                  555 4th Street, N.W.
                  Washington, D.C. 20530
                  (202) 307-0372

                              __/s/_ David Sanford_____

                                David Sanford