UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANET HOWARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1968 (JDB) |
| | ) | |
| CARLOS M. GUTIERREZ, Secretary, | ) | |
| United States Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S NOTICE CONCERNING PLAINTIFFS' SURREPLY**

Defendant Carlos Gutierrez, in his capacity as Secretary, United States Department of

Commerce (hereinafter, "Defendant" or "Agency"), respectfully submits this Notice in order to

correct the record concerning Plaintiffs' filing of a "surreply" in this case.  See Document No.

47.[1]

First, Plaintiffs' motion for leave to file a surreply, Document No. 46, indicates that

Plaintiffs are seeking to file a surreply because Defendant's reply "mischaracterized" Plaintiffs'

Opposition.  While Defendant disagrees that his reply in any way "mischaracterized" the

arguments in Plaintiffs' Opposition, Plaintiffs do not limit their surreply to any purported

"mischaracterizations."  Instead, Plaintiffs raise wholly new arguments that they had not

previously made, concerning, for example, the Torres case.[2]

_____

[1] Some weeks ago, Counsel for Defendant indicated to counsel for Plaintiffs that
Defendant would not file an opposition to Plaintiff's motion for leave to file a surreply.  On
November 7, 2006, Plaintiffs filed an "unopposed" motion for leave to file a surreply and
separately filed their surreply.  On November 8, 2006, the Court granted Plaintiffs' motion and
allowed the document's filing.

[2] Although the Court has granted Plaintiffs' motion and allowed the filing of Plaintiffs'
surreply, we note that Plaintiffs' surreply does not meet the applicable standard of "whether the

Second, in addition to Defendant's earlier representation to Plaintiffs' counsel, Plaintiffs'

surreply does not warrant any substantive response because it simply repeats their earlier

arguments, which are covered in detail in Defendant's reply, and then belatedly addresses issues

raised in Defendant's initial papers to which Plaintiffs' Opposition had failed to respond.

However, Defendant will respond should the Court so request.

<div style="margin-left: 40%;">

Respectfully submitted,

   s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

   s/Megan L. Rose
MEGAN L. ROSE, N.C. BAR # 28639
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220

</div>

---

party making the motion would be unable to contest matters presented to the court for the first
time in the opposing party's reply." Robinson v. The Detroit News, Inc., 211 F.Supp.2d 101, 113
(D.D.C. 2002) (quoting Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001)).  Plaintiffs do
not identify any arguments Defendant made for the first time in his reply.