**EXHIBIT ONE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| CARLOS M. GUTIERREZ, ) | |
| Secretary, United States Department of ) | |
| Commerce, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF DAVID SANFORD

I, David Sanford, do hereby swear and affirm as follows:

1. I make this Declaration based upon personal and professional knowledge.

2. I am lead class counsel in the above-captioned action.

3. I am over 21 years of age and fully competent to make this Declaration. My firm's address is 1666 Connecticut Avenue, N.W., Ste. 310, Washington, D.C. 20009 and my firm's telephone number is (202) 742-7780.

**Personal Background**

4. I received my juris doctorate from Stanford Law School in 1995.

5. I am a member in good standing with the District of Columbia Bar, the Maryland Bar, the U.S. District Court District of Maryland, U.S. District Court of the District of Columbia, U.S. District Court Central District of Illinois, U.S. District Court Northern District of Florida, and the U.S. Supreme Court.

6. I am a founding partner of Sanford Wittels & Heisler, LLP ("SWH" or "the Firm"), a small civil rights law firm with offices in Washington, D.C., New York and New Jersey. Before

starting my own firm, I was the managing partner of Gordon Silberman, Wiggins and Child's Washington, D.C. office. I also worked as an associate with David Boies at Boies & Schiller and as an appellate attorney at Jones Day Reavis & Pogue. Before that, I served as a judicial clerk to Judge Gladys Kessler of the United States District Court for the District of Columbia, and as a law clerk in the White House Counsel's Office.

7. I have represented thousands of class members in Title VII class actions in federal courts throughout the United States. In addition to the matter before this Court, I am and have been lead and co-lead class counsel in approximately twenty-five employment race and gender discrimination class action matters.

8. In addition to my civil rights experience, I am and have been class counsel in numerous collective action Fair Labor Standards Act, as well as individual and multi-party employment and commercial matters across the United States. I have conducted bench and jury Title VII trials in various United States District Courts, engaged in numerous class mediations and successfully settled approximately 15 class action cases.

**Historical Background**

9. In approximately late 1994, Janet Howard, an African-American female and a Department of Commerce ("Commerce") employee since 1983, contacted an EEO Counselor. She filed a timely class complaint on February 22, 1995, in which she alleged that Commerce had engaged in race discrimination against a class of African-American employees who worked for Commerce in the metropolitan area of Washington, D.C.

10. Specifically, the Howard Complaint alleges that Commerce maintained a system of racially discriminatory and subjective employment practices with respect to promotions (both

2

competitive and career ladder), awards, performance ratings, career-enhancing work assignments, timely training for advancement, and job assignments. The gravamen of the Complaint is that Commerce's subjective decision-making has prevented African-Americans as a group from advancing according to their merit. That subjective decision-making has led, and continues to lead, to discriminatory promotion denials and other discriminatory employment decisions that adversely affect job advancement, including performance evaluations, job assignments, training, awards and recognition.

11.     On July 20, 2000, the Office of Federal Operations ("OFO") certified a class of current and former African-American employees of the Department of Commerce's Headquarters offices in the metropolitan area of Washington, D.C. That class then consisted of 15 bureaus and approximately 5,000 employees.

12.     The Honorable Judge Henry, who was temporarily assigned to the case, partially decertified the class -- without explanation -- on August 20, 2003. Without offering any rationale or factual support, Judge Henry eliminated 5 of the previously certified 15 bureaus of the OFO-certified class, thus limiting certification to the Department of Commerce's African-American employees within the District of Columbia.

**The Retention of New Class Counsel**

13.     In January 2004, after nearly 10 years of pursuing their class claims of race discrimination against the Department of Commerce at the EEOC level, Class Representative Janet Howard retained the Law Firm of Sanford, Wittels & Heisler, LLP and the Law Offices of Grant Morris (collectively, "Class Counsel") to continue litigating their class claims.

14. On March 5, 2004, within two months of being retained, Class Counsel filed a 93-page brief with thousands of pages of exhibits, requesting that Administrative Judge Kravetz reconsider Judge Henry's decertification order or alternatively subclass the D.C. Metropolitan Bureaus.

### Filing in Federal Court

15. On October 5, 2005, after waiting in vain for some measure of justice and closure in this matter for approximately ten years at the administrative level, Plaintiffs filed a class action against Commerce in United States District Court for the District of Columbia. By then, Plaintiffs had been awaiting a ruling from Judge Kravetz on their Motion to Reconsider for approximately eighteen months.

16. Between October 5, 2005 and March 17, 2006, I agreed to five extensions of time within which Defendant was to respond to the Class Complaint.

17. On March 17, 2006, approximately five and one-half months after Plaintiffs filed their original Class Complaint, Defendant filed a Motion to Dismiss and to Strike All Class Claims. Throughout this period of time from October 5, 2005 to March 17, 2006, no Status Conference was held, no discovery Order was entered and no discovery was conducted in this case. On June 8, 2006, Class Counsel filed an Amended Complaint. Approximately two weeks later, on June 23, 2006, Class Counsel filed a Motion for Extension of Time in Which to File a Motion for Class Certification.

### Local Rule 23.1(b): Excusable Neglect

#### A. Inadvertence

19. In the fall and winter of 2005, SWH was a relatively small civil rights firm: during

4

that time period, there were a total of four attorneys in the Firm's Washington, D.C. office, which includes Of Counsel Grant Morris, who is co-counsel in this matter.

20.  Shortly before filing the Class Action Complaint on October 5, 2005, the SWH associate assigned to the Commerce matter resigned from the Firm. The new attorney hired to replace that associate was assigned to this matter and, in addition, numerous other matters in the Firm.

21.  In the fall and winter of 2005, I was engaged in other class matters around the United States, including, *inter alia*, finalizing the settlement in a Title VII gender discrimination class action in Tennessee; conducting nationwide discovery in another Title VII gender discrimination matter filed in federal court in New York; conducting discovery in a Title VII race discrimination class action in Tennessee; and preparing for Title VII race discrimination class mediation in California in another matter.

22.  For these reasons, my Firm inadvertently neglected to file a motion within 90 days of the original Class Complaint for class certification or a motion for an extension of time.

**B.    Class Counsel's Reasonable Interpretation of Local Rule 23.1(b)**

23.  Once the Department of Commerce filed its Motion to Dismiss on March 17, 2006, I was on notice that Commerce was raising the issue of the timeliness of Plaintiffs' filing of a Class Certification Motion.

24.  At that time, I knew that Plaintiffs would be filing an Amended Complaint within a few months to address some of the concerns raised in Defendant's Motion to Dismiss. Accordingly, my Firm immediately began researching all of the issues raised by Commerce, including the issue of timeliness regarding Plaintiffs' imminent Class Certification Motion.

25. The extensive legal research conducted by my Firm led me to conclude that Plaintiffs did not need to file a Motion for Class Certification (or an extension of time within which to file) until ninety-days after filing an Amended Complaint (which Plaintiffs subsequently filed on June 8, 2006). I believed in good-faith that neither the local rules nor federal rules required Plaintiffs to file such a motion until 90 days from the date of their soon-to-be-filed Amended Complaint.

26. I based this belief on a reasonable, good-faith interpretation of Local Rule 23.1(b), which requires a plaintiff to file a class certification motion within 90 days of the filing of "*a* complaint." D.C.D.C. Rule no 23.1 (emphasis added).

27. Accordingly, in Plaintiffs' Opposition to Defendant's Motion to Dismiss of June 8, 2006, Plaintiffs asserted that they should be allowed ninety days from the filing of their First Amended Complaint to comply with Local Rule 23.1(b) because "Plaintiffs First Amended Complaint, which in good faith narrows the class certification sought here and results in no prejudice to Defendant, [would] be the only complaint on record if allowed by the Court." See Plaintiffs' June 8, 2006 Opposition to Defendant's Motion to Dismiss All Individual Claims, To Dismiss Certain Class Claims, and To Strike All Class Claims.

28. I sought to receive no advantage through this interpretation of the Local Rule and, in fact, would receive none should this Court grant Plaintiffs' instant motion.

**C.     Class Counsel Filed Its Motion for an Extension of Time To File a Class Certification Brief Within 90 Days of the Amended Complaint.**

29. Consistent with my understanding of Local Rule 23.1, I filed, on June 23, 2006, a Motion for Extension of Time to Move for Class Certification. That Motion for Extension of Time was filed fifteen days after Plaintiffs' filing of their Amended Complaint.

30. I continue to believe, as I believed at the time Defendant filed their Motion to Dismiss alerting Plaintiffs of Defendant's timeliness objection, that Plaintiffs were in compliance with Local Rule 23.1(b) insofar as Plaintiffs complied with the 90-day requirement as it relates to the Amended Complaint. I thus did not think it necessary to move immediately pursuant to Rule 6(b)(2).

31. In sum, I acted in a good faith reliance on a reasonable interpretation of the Local Rules, an interpretation that was based on case law from this Circuit and on the Amendments to the Federal Rules in 2003.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

February 21, 2007
Date

David Sanford, Washington, D.C. Bar No. 457933
**Sanford Wittels & Heisler, LLP**
1666 Connecticut Avenue, Ste. 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

*Attorney for Plaintiffs*