IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, TANYA WARD JORDAN, and JOYCE MEGGINSON, individually and on behalf of a class of all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS M. GUTIERREZ, Secretary, United States Department of Commerce, <br><br> Defendant. | Case No. 05-1968 <br><br> JUDGE JOHN D. BATES <br><br> JURY TRIAL DEMANDED |

### MOTION TO TREAT AS CONCEDED PLAINTIFFS' MOTION TO REINSTATE CLASS CLAIMS, MOTION FOR RECONSIDERATION, AND IN THE ALTERNATIVE TO CERTIFY FOR INTERLOCUTORY APPEAL

Plaintiffs Janet Howard, Joyce Megginson and Tanya Ward Jordan, by and through their undersigned counsel, hereby move that this Court, pursuant to Local Rule 7(b), treat as conceded Plaintiffs' Motion to Reinstate Class Claims and for Reconsideration of the Court's February 6, 2007 Order.

On February 21, 2007, Plaintiffs timely filed their motion to reinstate the class claims and for reconsideration of the Court's February 6, 2007 Order. Dkt. No. 52. Pursuant to Local Rule 7(b), Defendant had eleven days from service of that motion to file its opposition. That eleven day period, which began February 22, 2007 and included weekends (pursuant to Fed. R. Civ. P. 6), expired yesterday, March 5, 2007. Defendant failed to file any opposition on or before March 5, 2007. Nor did Defendant file a motion for an enlargement of time in which to file such an opposition.

Instead, on March 5, 2007, at 7:58 pm (mere hours before Defendant's opposition was due and well after business hours), Defendant's counsel Megan Rose sent an email to Plaintiffs' counsel Shayna Bloom asking for Plaintiffs' position on a two-week extension for Defendant's opposition. Ex. A. Plaintiffs' counsel read that email on the morning of March 6, 2007 (at which point Defendant was already out of time and had not filed a motion for enlargement of time). At 10:06 am on March 6, 2007, Plaintiffs' counsel David Sanford notified Defendant's counsel Megan Rose that Plaintiffs would not consent to an extension.

Under Local Rule 7(b), because Defendant failed to file an opposition memorandum within the prescribed time, "the Court may treat the motion as conceded." Plaintiffs respectfully request that the Court do so for the following reasons.

In its February 6, 2007 Memorandum Opinion, the Court determined that "[s]erious consequences often flow from a fair application of time limits." Order at FN 11. As Plaintiffs have explained in their Motion for Reinstatement and Reconsideration, the Court should not have stricken Plaintiffs' class claims under Local Rule 23.1. But, assuming that ruling, Plaintiffs respectfully submit that just as "serious consequences" flowed from the Court's determination that Plaintiffs failed to comply with Local Civil 23.1, so should "serious consequences" flow from Defendant's failure to submit a timely opposition, as required by the Federal Rules of Civil Procedure and the Local Rules. Not only has Defendant failed to file an opposition to Plaintiffs' Motion within the time prescribed by Local Rule 7(b), but Defendant failed even to file for an enlargement of time within the requisite time period – despite an awareness of the deadline, as evidenced by the March 5, 2006 phone message left by counsel for Defendant. In these

circumstances, and given the Court's previous ruling against Plaintiffs, it is appropriate for the Court to treat Plaintiffs' motion as conceded under Local Rule 7(b).[1]

Local Rule 7(b) serves an important purpose in facilitating efficient and effective resolution of motions. See Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004) (Local Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions"). Pursuant to Local Rule 7(b), the Court has discretion to treat Defendants' failure to timely oppose Plaintiffs' motions as a concession, particularly where, as here ,the Court has strictly applied time limits to Plaintiffs. See also McCoy v. Read, 2003 WL 21018864, *1 (D.C. Cir. 2003) (citing Federal Deposit Insurance Corp. v. Bender, 127 F.3d 58, 68 (D.C. Cir.1997) (discretion to enforce D.D.C. Local Rule 108(b) (now, Rule 7.1(b)) lies with the district court). The D.C. Circuit has made clear that "[w]here the district court relies on the absence of a response as a basis for treating [a] motion as conceded, [the circuit court] honor[s] its enforcement' of Local Rule 7(b)." Harrison v. Snow, 2004 WL 2915335 (D.C. Cir. 2004) (quoting Twelve John Does v. District of Columbia, 117 F.3d 571, 577 (D.C. Cir.1997)).

Accordingly, Plaintiffs respectfully request – in light of the equities and the Court's strict construction of rules regarding timeliness – that the Court treat Plaintiffs' motion to reinstate class allegations as conceded.

Dated: March 6, 2007            /s/ David W. Sanford_____
                                David W. Sanford, DC Bar No. 457933
                                Shayna M. Bloom, DC Bar No. 498105

---

[1] Plaintiffs note that pursuant to Federal Rule 6(b), the Court may not extend the time for taking any action under Rule 59(e) – the Rule under which Plaintiffs filed for reconsideration; thus, the Court may not extend the time in which Defendant had to file its opposition to Plaintiffs' motion. Moreover, even were a late-filed opposition not categorically barred in this context, because Defendant failed to move for enlargement within the requisite time period, it may not late-file an opposition absent a showing of excusable neglect. See Fed. R. Civ. P. 6(b).

Meenoo Chahbazi, Admitted Pro Hac Vice
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Steven L. Wittels, NY Bar No. SLW-8110
Jeremy Heisler, NY Bar No. JH-0145
**SANFORD, WITTELS & HEISLER, LLP**
950 3rd Avenue
10th Floor
New York, NY 10017
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

Grant E. Morris, DC Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Bruce V. Spiva, D.C. Bar. No. 443754
Kathleen R. Hartnett, D.C. Bar. No. 483250
**SPIVA & HARTNETT LLP**
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
Telephone: (202) 785-0601
Facsimile:  (202) 785-0697

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served by electronic means on this 6th day of March, 2007 upon the following counsel of record by operation of the Court's electronic filing system:

>Peter S. Smith
>Megan L. Rose
>United States Attorney's Office
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 307-0372

                                          /s/ David W. Sanford
                                          David W. Sanford