UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., )<br>)<br>    Plaintiffs, )<br>)<br>)<br>)<br>CARLOS M. GUTIERREZ, Secretary, )<br>United States Department of Commerce, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 05-1968 (JDB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE
CLASS CLAIMS, MOTION FOR RECONSIDERATION AND MOTION TO
CERTIFY INTERLOCUTORY APPEAL**

Defendant Carlos Gutierrez, Secretary of the U.S. Department of Commerce, opposes Plaintiffs' motion to reinstate class claims, for reconsideration of this Court's Memorandum Opinion, Document No. 51, and in the alternative, to certify the issue for interlocutory appeal ("Motion for Reconsideration").  See Document No. 52.  It is well settled that motions for reconsideration are disfavored and shall only be granted where the moving party identifies new evidence, a change in controlling law, or clear error. Plaintiffs have failed to make such a showing in their broadly-titled motion.  Moreover, the Court's thorough analysis of Plaintiffs' arguments concerning LCvR 23.1(b) clearly was correct.[1]  Mem. Op. at 17-25.

First, despite having three opportunities to submit briefs arguing their position, Plaintiffs waited some three hundred forty-one (341) days after Defendant filed its first dispositive motion and two hundred five (205) days after Defendant filed its Renewed

---

[1] Plaintiffs yet again have ignored the Court's local rules by failing to set forth a LCvR 7(m) statement in their motion or memorandum in support of their motion.  This presents the Court with an additional reason to deny Plaintiffs' motion.

1

Motion to Dismiss and to Strike Class Claims to file a new affidavit setting forth new arguments concerning Plaintiffs' failure to move timely for class certification. Plaintiffs offer no reason, and there is none, that this affidavit could not have been submitted earlier than in support of a motion for reconsideration. The affidavit of counsel purports to "clarify" that the reason Plaintiffs failed to comply with the timeliness requirements of Local Rule 23.1(b) was that: (1) counsel was overburdened by a heavy caseload in 2005; and (2) "extensive legal research" convinced counsel that Plaintiffs need not file a motion for class certification within ninety days of filing the complaint. Since neither of these arguments is based upon newly-discovered evidence, they cannot be considered by the Court on reconsideration.

Second, Plaintiffs put forth new legal theories relying on case law and statutes that existed during the pendency of Defendant's renewed motion to strike and thus do not qualify as a change in controlling law for purposes of a motion for reconsideration. Accordingly, the Court should not consider Plaintiffs' new legal arguments, advanced for the first time on reconsideration. Third, in contravention of the standard for a grant of reconsideration, Plaintiffs merely rehash arguments already briefed to, and rejected by, the Court. See February 6, 2007 Memorandum Opinion. [Document No. 51]. None of Plaintiffs' arguments qualify as proper grounds for reconsideration, and their motion should be denied.

In the alternative, Plaintiffs request that the Court certify its decision for interlocutory review by the Court of Appeals. Plaintiffs mistakenly rely on Fed. R. Civ. P. 23(f) for their motion. See Pl. Mot. at 28. As explained below, interlocutory review is governed by statute, 28 U.S.C. § 1292(b). Regardless, the Court should deny that request because under Rule 23(f) Plaintiffs' relief lies with a petition directly to the Court of

Appeals, which Plaintiffs have in fact filed, and because the Court's order striking the class claims in this case does not qualify as a reviewable collateral order under either 28 U.S.C. § 1292(b) or the Cohen doctrine.

**I.  Plaintiffs' Motion Supplies No Newly-Discovered Facts or Intervening Law To Support Reconsideration of This Court's Memorandum Opinion Striking Class Allegations as Untimely, and Should Therefore Be Denied.**

As explained below, the Court correctly struck Plaintiffs' class claims as untimely. Plaintiffs concede that they have never filed a motion for class certification in this case, which the Court correctly noted. Mem. Op. at 18. Likewise, Plaintiffs do not seem to quarrel with the Court's correct conclusion that "Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit." Id. at 18. Instead, Plaintiffs rehash the argument that this Court properly rejected, that they "have complied with [Local Rule 23.1(b)] because they filed their motion for extension of time within ninety days of the filing of their amended complaint." Id. at 19 (emphasis in original).

"A motion for reconsideration of a previous judgment will not be lightly granted." Mobley v. Continental Casualty Co., 405 F.Supp.2d 42, 45 (D.D.C. 2005) (JDB). A litigant will prevail on a motion for reconsideration "only if the litigant can demonstrate: (1) an intervening change in controlling law; (2) new evidence; or (3) a pressing need to correct clear error or prevent manifest injustice." Id. (internal punctuation and citations omitted). See also Ciralsky v. CIA, 355 F.3d 661, 671 (D.C. Cir. 2004); National Center for Manufacturing Sciences v. Dep't of Defense, 199 F.3d 407, 511 (D.C. Cir. 2000). A motion for reconsideration "is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (holding "[i]t is well established that plaintiff cannot

3

resuscitate her case post-dismissal by alleging facts or legal theories that were available to her at the inception of the case.").[2] See also Mobley, 405 F.Supp.2d at 45-46 (citing, inter alia, Kattan v. District of Columbia, 955 F.2d 274, 276 (D.C. Cir. 1993) (same)).

The thrust of Plaintiffs' argument is their disagreement with the Court, claiming that the Court's "determination to bar a class motion is disproportionately harsh." See Plaintiffs' Motion for Reconsideration at 2. Compare Mem. Op. at 25, n.11 ("The Court recognizes the application of Local Civil Rule 23.1(b) creates a dramatic result for this case. But the rule is plain, it serves important interests, and its application is much more clearly warranted in this case than in other cases in which it has been applied. Serious consequences often flow from a fair application of time limits, and that is the case here."). Although Plaintiffs disagree with the Court's earlier ruling, "a motion for reconsideration must establish more than simply the [Plaintiffs'] belief that the [C]ourt's decision was erroneous." State of New York v. United States of America, 880 F.Supp. 37, 39 (D.D.C. 1995).

A glaring omission in Plaintiffs' brief is any claim that the Court's ruling "was legally incorrect based upon the information in the record at that time; nor do[] [P]laintiff[s] argue that [they] ha[ve] recently discovered new facts or intervening law which would alter this Court's previous ruling." Niedermeier, 153 F. Supp. 2d 23 at 28. Instead, Plaintiffs submit for the fourth time that: (1) "Local Rule 23.1. applies to both initial and amended complaints," (2) "the Court has an independent duty to the prospective class to assess their claims," and (3) "For purposes of assessing the equities[] or excusable neglect, striking of the class claims is unwarranted." See Motion for Reconsideration at 3-5. Plaintiffs previously briefed these arguments in response to

---

[2] A denial of a motion for reconsideration is reviewed for abuse of discretion. See Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998).

4

Defendant's initial Motion to Dismiss and to Strike [Document No. 27], when Defendant filed its opposition to Plaintiffs' Motion for Extension of Time to Move for Class Certification [Document No. 32], and again in response to Defendants' Motion to Dismiss and to Strike Class Claims, which gave rise to the challenged Memorandum Opinion and Order. [Document No. 35].

Perhaps the only factual twist that was not previously briefed in connection with Defendant's Renewed Motion to Dismiss and to Strike Class Claims is Plaintiffs' counsel's argument, supported by a new affidavit, concerning why Plaintiffs failed to comply with Local Rule 23.1(b). Despite having had <u>three</u> opportunities to brief this issue before, Plaintiffs now claim that "upon filing of Defendant's motion to dismiss, Plaintiffs realized that they had not moved for class certification within 90 days of the initial complaint, they concluded, in good faith based upon substantial legal research on this issue, that the 90-day requirement did not apply to the initial complaint, but rather the amended complaint." <u>See</u> Motion for Reconsideration at 5.[3]  As explained, in support of their argument, Plaintiffs rely upon an affidavit from attorney David Sanford that was not before the Court during the briefing of Defendant's renewed motion to strike the class claims. That affidavit suggests, on the one hand, that at the time Defendant filed its Motion to Dismiss, Plaintiffs' counsel was overburdened and unable to adequately devote time to this case. The affidavit claims, on the other hand, that Plaintiffs' counsel engaged in extensive research satisfying counsel that Plaintiffs could delay moving for class certification. <u>See</u> Affidavit of David Sanford at ¶¶ 21-25. Notwithstanding the logical inconsistency of this argument, or the fact that neither of these reasons amount to

---

[3] Of course, Plaintiffs were on notice of the government's contrary view, set forth in the government's dispositive motions. <u>See, e.g.</u>, Document No. 19.

excusable neglect,[4] these arguments should have been, and could have been, advanced during the briefing that preceded the challenged decision. Plaintiffs offer <u>no</u> explanation as to why they failed to bring this "evidence" forward until now, and make no indication that this evidence was "newly discovered."

      Plaintiffs cannot now offer new reasons for their failure to comply with Local Rule 23.1. Not only did they have ample opportunity to do so before, but their position now is terribly incongruent with their argument that their failure to comply with Local Rule 23.1(b) was simply an "oversight" or a "mistake." <u>See</u> Motion for Reconsideration at 3-4. <u>Compare</u> Affidavit of David Sanford at ¶ 25 (attesting to the "extensive legal research conducted by my Firm [which] led me to conclude Plaintiffs did not need to file a Motion for Class Certification (or an extension of time within which to file) until ninety-days after filing an Amended Complaint[.]"). The reasoning set forth in the Sanford Affidavit fails to constitute <u>newly-discovered</u> factual support for the utter failure to comply with Local Rule 23.1(b). Accordingly, because the Sanford Affidavit was not before the Court when it ruled on the timeliness issue, and because the Affidavit presents new arguments that could have been raised earlier, the affidavit and the arguments based on that affidavit do not meet the burden for a grant of reconsideration.

      Regardless, none of the arguments set forth in Plaintiffs' Motion are based upon a change in controlling law; they merely rehash what has already been before this Court. In their Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Opposition"), their Surreply, and at the January 26, 2007 hearing (the "January 26 hearing"), Plaintiffs

---

[4] Defendant submits that these arguments support a showing of inadequate representation of the Plaintiffs. <u>See</u> Federal Rule 23(a)(4) (requiring that "the representative parties will fairly and adequately protect the interests of the class."). Regardless, as set forth below, any suggestion by Plaintiffs that Federal Rule 83 eliminates the requisite showing by Plaintiffs that their failure to comply with Local Rule 23.1(b) constituted excusable neglect constitutes a new legal argument that should not be considered.

argued that Local Rule 23.1 applies to both initial complaints and amended complaints. Plaintiffs resurrect this argument again in their Motion for Reconsideration, citing some authority on which they did not previously rely. However, none of those cases constitute new or intervening law issued after this Court's decision. Indeed, because Plaintiffs have failed to provide any "new law," Plaintiffs' attempt to raise [these] argument[s] post-ruling is not sufficient for reconsideration." See Niedermeier, 153 F. Supp. 2d at 29.

Moreover, Plaintiffs' attempt to revisit arguments already made to this Court should fail. Plaintiffs revisit cases addressed in their Opposition to Motion to Strike (citing Kas v. Financial General Bankshares, 105 F.R.D. 453 (D.D.C. 1985)), as well as two cases that the Court discusses in its Memorandum Opinion (discussing Weiss v. IBEW, 729 F. Supp. 144 (D.D.C. 1990) and Coffin v. Sec'y of Health, Education & Welfare, 400 F.Supp. 953 (D.D.C. 1975)). See Motion for Reconsideration at 9. Nowhere in Plaintiffs' discussion of any of these cases do they point to any clear error.

For example, Plaintiffs' reliance on the "plain meaning of 'a'" is not only unpersuasive, it ignores the Court's analysis as set forth in its Memorandum Opinion, at page 20, and suggests that the Court should address new legal arguments based on law that existed prior to the challenged decision, which the Court should not do on reconsideration. The Court's interpretation of Local Rule 23.1(b) relies on many cases that clearly support its finding. See Mem. Op. at 18-21 (citing, inter alia, Black Panther Party v. Smith, 661 F.2d 1243 (D.C. Cir. 1981); Batson v. Powell, 912 F. Supp. 565 (D.D.C. 1996); Weiss v. Int'l Bhd. Of Elec. Workers, 729 F. Supp. 144 (D.D.C. 1990); Thomas v. Knight, 257 F. Supp. 2d 86 (D.D.C. 2003); McCarthy v. Kleindienst, 741 F.2d 1406 (D.C. Cir. 1984); Martin v. Middendorf, 1977 WL 821 (D.D.C. Feb. 9, 1977); Coffin v. Sec'y of Health, Ed. & Welfare, 400 F. Supp. 953 (D.D.C. 1975)). While

7

Plaintiffs note that each of the cases cited by the Court predate the 2003 Amendments to the Federal Rules, they offer no case law to suggest that post-2003, any courts have ruled differently in light of those amendments. In addition, none of the cases Plaintiffs cite involve an interpretation of Local Rule 23.1(b).

As the Court noted in its Memorandum Opinion, the Local Rule provides that "[W]ithin 90 days after filing of <u>a complaint</u> in a case <u>sought to be maintained</u> as a class action, . . . the plaintiff shall move for a certification under Rule 23(c)(1)." LCvR 23.1(b) (emphasis added). There can be no dispute that Plaintiff's Complaint "sought to be maintained as a class action." Because Plaintiffs altogether failed to move for class certification, the Court correctly granted Defendant's motion to strike the class allegations.[5]

Plaintiffs now claim that they were not arguing that <u>Richard v. Bell Atl. Corp.</u>, 976 F. Supp. 40 (D.D.C. 1997) and <u>In re Baan Co. Sec. Litig.</u>, 271 F. Supp. 2d 3 (D.D.C. 2002) "expressly hold that the amended complaint is the proper trigger for the 90-day Rule." <u>See</u> Motion for Reconsideration at 8. Instead, Plaintiffs assert "the amended complaint provides a relevant trigger for Local Rule 23.1." Pl. Mot. at __. This is merely a distinction without a difference.

Moreover, both cases are easily distinguishable from this case. Unlike <u>Richard</u>, Plaintiffs did not move for an extension of the ninety-day filing requirement <u>within</u> the

---

[5] Plaintiffs' contention that the Court's ruling will have "undesirable" results is simply not grounds for reconsideration of that ruling. <u>See</u> Pl. Mot. at 8. As the Court correctly ruled, an even more undesirable result would be to allow what Plaintiffs suggest. Were the Court to apply the ninety-day filing requirement to amended complaints, the result would be that Plaintiffs could file multiple amended complaints and drag out the process for class certification for years. That result certainly does not comport with the Federal Rules governing class action litigation, and would "render the <u>local rule</u> without its intended legal effect. The purpose of Local Rule 23.1(b) is thus best served by calculating the ninety-day period from the filing of the initial class complaint." <u>See</u> Mem. Op. at 21.

ninety-day period following the filing of their Complaint. See Mem. Op. at 21 (discussing Richard, 271 F. Supp. 2d at 52, and noting that "the court denied motion to strike class allegations because the previous judge in that case had 'extended the 90-day period under Local Rule 203 when he stayed all discovery'"). Instead, Plaintiffs waited two-hundred sixty-one (261) days until after they had filed their Complaint, and ninety-eight days (98) after Defendant had filed its first motion to dismiss to move for an extension of time to file their motion for class certification. Plaintiffs here made no convincing showing of "excusable neglect." See Mem. Op. at 22. Accordingly, neither Richard nor In re Baan serve as support for Plaintiffs' contention that they acted in accordance with Local Rule 23.1(b).[6]

Plaintiffs argue that striking their class claims is not supported by the Local Rules. Pl. Memo. at 8-9. Plaintiffs advanced a similar position at the January 26 hearing, when Mr. Spiva, relying on Burke v. Gould, 286 F.3d 513 (D.C. Cir. 2002), represented to the Court that dismissals based on "mere technicalities" were not supported by the Local Rules. Not only did that representation undermine the importance of Local Rule 23.1(b), but as Mr. Spiva conceded on the record, Burke v. Gould did not involve Local Rule 23.1(b) and no one identified any case that directly supported Mr.

---

[6] The cases cited by Plaintiffs do not support their argument. Neither In re Baan Company Securities Litigation, 271 F. Supp. 2d 3 (D.D.C. 2002) nor Richard v. Bell Atlantic Corp., 976 F.Supp. 40, 51-52 (D.D.C. 1997), states that under Local Rule 23.1(b), courts "regularly compute the 90-day period from the filing of an amended complaint." Opp. at 32; see In re Baan Company Securities Litigation, 271 F. Supp. 2d 3 (D.D.C. 2002)(in securities fraud action, district court granted plaintiffs' motion for reconsideration on the issue of whether plaintiffs complied with Rule 23.1(b) but nonetheless held, under 15 U.S.C. § 78u-4, that the lead plaintiff was inadequate to represent the class); Richard v. Bell Atlantic Corp., 976 F.Supp. 40, 51-52 (D.D.C. 1997)(Plaintiffs entitled to an extension of the 90-day period when at the initial scheduling conference, plaintiffs requested discovery during pre-class certification and the district court effectively stayed such discovery pending a ruling on Defendant's unrelated dispositive motion).

Spiva's contention as it relates to Local Rule 23.1(b).  See Hearing Transcript at 94, attached hereto as Exhibit A.

Additionally, Plaintiffs rely on a host of cases suggesting that the Court did not "weigh the equities" in striking their putative class claims.  See Motion for Reconsideration at 16 (citing Griffin v. NPR, 1977 U.S. Dist. LEXIS 16560 (D.D.C. 1977); Gray v. Greyhound Lines, 545 F.2d 169 (D.C. Cir. 1976); Martin v. PEPCO, 1989 U.S. Dist. LEXIS 15407 (D.D.C. 1989)).  However, the Court correctly observed that Plaintiffs' failure to move for certification "prolonged the uncertainty as to the scope of the class they would actually move this Court to certify."  Mem. Op. at 23.  The Court further noted that Plaintiffs significantly changed their class allegations between the Complaint and the Amended Complaint filed in this case.  Id. at n. 9.  Therefore, notwithstanding the fact that the Court did consider the equities at issue, see, e.g., Mem. Op. at 22, n.8 and 25, n.11, the cases cited by Plaintiffs are not new, meaning decided since the challenged decision.  Nor have Plaintiffs offered any newly-discovered evidence supporting their argument that the Court should reconsider its decision.

Plaintiffs argue that the Court has a duty to "assess" their class claims before striking them as untimely.  Pl. Mot. at 17-18.[7]  Plaintiffs rely on Jones v. Hartford Insurance Co., 2006 U.S. Dist. LEXIS 1963 (N.D. Fla. 2006).  That case hardly reflects a change in controlling law.  It is neither controlling, nor was it decided after the Court's Memorandum Opinion was issued.  Moreover, that case strongly supports the Court's decision to strike the Plaintiffs' class claims.  Plaintiffs seize on one line in the Jones case, stating that courts have held that an untimely request for class certification is not a

---

[7] Of course, Plaintiffs have not identified anything short of striking the class claims that the Court could do to remedy Plaintiffs' failure to move for class certification.

10

bar to the maintenance of a class action. Pl. Mot. at 17.[8] The Jones court did, in fact, strike the class claims in that case as untimely. The Jones court explained that the United States Supreme Court's decision in East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 405 (1977), required the district court to reject plaintiffs class claims. The Supreme Court expressly held that failing to move for class certification "is a direct assault on the merits of the request for class certification." Jones, supra at *8 (citing East Texas, 431 U.S. at 405). The Supreme Court stated that failing to move for class certification constitutes a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of representation that those class members might expect to receive." East Texas, 431 U.S. at 405. Thus, Jones hardly advances Plaintiffs' argument. In fact, it underscores an additional reason, clearly identified by the United States Supreme Court in East Texas, for striking their class claims.[9]

Plaintiffs' brand new legal argument pursuant to Federal Rule 83 should fail because not only did Plaintiffs fail to raise this argument during the briefing on Defendant's Renewed Motion to Dismiss and to Strike Class Claims, but their reliance on Rule 83 is misplaced. Pl. Mot. at 18. Rule 83(a)(2) concerns the enforcement of local rules by the Clerk's Office solely related to matters of form, such as case captions or font size. See Fed. R. Civ. P. 83(a)(2); Advisory Committee Notes, Fed. R. Civ. P. 83. Rule

---

[8] The Jones court may be wrong on this point. It does not have a citation for that proposition. While that proposition may be correct in the context of resolving a pending motion for class certification, it is not clear that the same proposition obtains when, as here, there was no motion for class certification ever filed.

[9] Federal Rule 23(a)(4) "requires that a case be prosecuted by one who will 'adequately protect the interests of the class.'" Thus, a "failure to move for class certification constitutes a 'failure to protect the interest of class members' and 'surely bears strongly on the adequacy of the representation that those class members might expect to receive.'" Jones, 2006 U.S. Dist. LEXIS at * 9 (quoting East Texas, supra at 405). The Jones court thus properly struck the class claims in that case. See Jones, 2006 U.S. Dist. LEXIS at * 9.

11

83(a)(2) "is narrowly drawn" and "does not limit the court's power to impose substantive penalties upon a party, . . . [n]or does it affect the court's power to enforce local rules." Advisory Committee Notes, Fed. R. Civ. P. 83.  Plaintiffs do not cite, nor does Defendant know of, any case that stands for the proposition Plaintiffs assert.

Finally, this Court made it abundantly clear, and its ruling is amply supported by case law, that Plaintiffs' failure to comply with Local Rule 23.1(b) due to "mistake" or "oversight" simply does not constitute excusable neglect.  See Mem. Op. at 24 (citing In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1210 (D.C. Cir. 2003) ("[I]nadvertence, ignorance of rules, or mistakes construing rules do not usually constitute 'excusable neglect[.]'")).  In fact, the Court correctly noted that Plaintiffs addressed only the first two factors in the excusable neglect analysis.  Mem. Op. at 23. Plaintiffs altogether fail to show how any new evidence or change in controlling law should alter the result in this case, and the Court should deny the instant motion.

## II.   The Court's Decision Should Not be Certified for Interlocutory Review.

Plaintiffs' request for relief pursuant to Federal Rule 23(f) is irrelevant because they currently have a petition for permissive appeal pursuant to Fed. R. Civ. P. 23(f) pending in the Court of Appeals.  See Appeal No. 07-8001.[10]  The rules do not provide Plaintiffs an end-run around the Fed. R. Civ. P. 23(f) process by allowing the Court to certify an appeal pursuant to Rule 23(f).  Moreover, as Defendant argued to the Court of Appeals, that court should reject the petition because this Court's decision was based on timeliness grounds, not Fed. R. Civ. P. 23 grounds; thus there is no interlocutory review available to Petitioners under Fed. R. Civ. P. 23(f).  Additionally, there is no collateral order that would allow appeal under 28 U.S.C. § 1292(b) or the Cohen Doctrine.  See

---

[10] The Department's answer to the petition, filed in the Court of Appeals, is attached as Ex. 2.

Motion for Reconsideration at 28 (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949)). Consequently, the Court should not certify its decision for appeal and should deny Plaintiffs their requested relief.

As an initial matter, Plaintiffs fail to cite the relevant provision, 28 U.S.C. §1292(b), which provides for permissive interlocutory appeal "[w]hen a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). The statute further provides that when the District Court Judge makes such a determination, and so states in an order, the Court of Appeals, in its discretion, may permit an appeal to be taken from such order. Id.

In this case, the District Court's interpretation of Local Rule 23.1 does not present an important or "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Court's decision was based on a straightforward application of the Local Rules. Furthermore, there is no split among courts in this District, nor among the various district courts with similar rules. See Mem. Op. at 18-21. Indeed, the cases upon which this Court relied clearly support a strict application of Local Rule 23.1. Id. Moreover, an immediate appeal from the Court's Order would not materially "advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Instead, an interlocutory appeal would only delay the individual Plaintiffs' claims from proceeding. In fact, appeal would slow and complicate this case, extending the "ultimate termination of the litigation" and undermining the purpose of an interlocutory appeal as expressed in 28 U.S.C. § 1292(b). Thus, Plaintiffs clearly cannot

meet the test set forth in 28 U.S.C. § 1292(b) to certify the Court's Order for immediate appeal and their motion should be denied.

Plaintiffs' petition, now pending in the Court of Appeals pursuant to Federal Rule 23(f), ignores the fact that the Court struck Plaintiffs' class claims solely because they failed to move timely for class certification pursuant to the Court's local rules. See LCvR 23.1(b). The Court's decision thus presents, at most, a Local Civil Rule 23.1(b) question and not a class certification question. Plaintiffs never moved for class certification, Mem. Op. at 18, and the Court never evaluated Plaintiffs' class allegations pursuant to the requirements of Fed. R. Civ. P. 23, which is the only ground for an appeal pursuant to Fed. Civ. P. 23(f). That is, the fact that the Court never reached the class certification issue precludes Plaintiffs from an interlocutory appeal pursuant to Fed. R. Civ. P. 23(f).

In response, Plaintiffs contend that the Court's decision "'conclusively determines the disputed question' of Plaintiffs' ability to proceed as a class in this litigation." See Motion for Reconsideration at 28. Plaintiffs also contend that while "the Court's order was not a denial of class certification motion per se, its effect was the exact same[.]" Id. Notwithstanding the fact that the Court's decision was not a ruling on a motion for class certification and should not be treated as such, a denial of a motion for class certification is reviewable as an interlocutory appeal "only where the petition presents issues arising under Rule 23, e.g., numerosity, commonality, typicality, and adequacy of representation." In re James, 444 F.3d 643, 645-46 (D.C. Cir. 2006)(citing In re Lorazapam & Clorazepate Antitrust Litigation, 289 F.3d 98 (D.C. Cir. 2002)).[11]

---

[11] In addition to dealing with the issues of numerosity, commonality, typicality, and adequacy of representation, Lorazapam also requires that they fit into one of three categories considered 'typically' appropriate for interlocutory appeal:

The Court's decision did not address any of these Rule 23 issues when it struck Plaintiffs' class claims; consequently, review on that basis is not permitted.[12]

Similarly, the Court should not certify an immediate appeal under the Cohen doctrine, which provides for appeal of orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action." Cohen, 337 U.S. at 546; Motion for Reconsideration at 28, n. 17. Plaintiffs place such little stock in this argument that it is relegated to a footnote in their brief. Id. Not surprisingly, Plaintiffs fail to meet the Cohen test. Id. Here, the Court simply applied its local rules. The Court of Appeals has held that even the more substantive action of denial of a motion for class certification does not qualify as a collateral order deserving of interlocutory appellate consideration.

---

> (1) when there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable, taking into account the district court's discretion over class certification; (2) when the certification decision presents an unsettled and fundamental issue of law relating to class action, important, both to the specific litigation and generally, that is likely to evade end-of-the-case review; and (3) when the district court's class certification decision is manifestly erroneous.

James, 444 F.3d at 645-46.

[12] It is well settled that an interlocutory order that has not been certified for review by the district court, is not reviewable on appeal, under 28 U.S.C. § 1292(b). See Ray v. The American National Red Cross, 921 F.2d 324, 324-35 (D.C. Cir. 1990) (noting: "[t]he basic requirement of an interlocutory appeal under [section] 1292(b) is that the district court have made an order."); see also Walsh v. Ford Motor Co., 807 F.2d 1000, 1002 (D.C. Cir. 1986); Humphrey v. Sequentia, 58 F.3d 1238 (8th Cir. 1995) (finding no appellate jurisdiction under 28 U.S.C. 1292(b) as district court had not certified order for appeal); Benton Harbor Malleable Industries v. UAW AFL-CIO, 355 F.2d 70 (6th Cir. 1966) (noting: "an interlocutory appeal from an order of the district court will not be allowed unless the district judge has stated in writing that the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b)."). The district court's order is also not appealable under 28 U.S.C. § 1292(a). See Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478 (1978)(refusing to treat denial of class certification as an injunction).

See Williams v. Mumford, 511 F.2d 363 (D.C. Cir. 1975), rehearing en banc denied, cert. denied, 423 U.S. 828 (1975); Shelter Realty Corp. v. Allied Maintenance, 574 F.2d 656 (2nd Cir. 1978) (finding it "readily apparent that the viability of the present action does not turn on class certification; named plaintiffs, if successful, could expect substantial damage awards," Cohen doctrine not satisfied).

      Contrary to Plaintiffs' assertions, they may appeal, inter alia, the Court's decision on Defendant's renewed motion to strike after this case is resolved.  See Mumford, 511 F.2d at 369.  The Court's ruling related to Plaintiffs' untimeliness is not a collateral order deserving of immediate appellate consideration.  For example, the typical appealable collateral order is a discovery order on a privilege claim, which, if not appealed immediately, would be waived or lost during the course of the litigation.  Id.  Plaintiffs Howard, Ward Jordan, and Megginson have all been allowed to proceed with their individual claims, thus they have not been denied the ability to prosecute their own actions and the entire case will not end.  Id.  Accordingly, the Court's ruling is not appealable as a collateral order, and Plaintiffs' request for certification for interlocutory review should be denied.

**CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the Court uphold its Memorandum Opinion and Order striking Plaintiffs' Class Allegations and that the Court deny Plaintiffs' motions, Document No. 52.

Respectfully submitted,

   s/Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/Peter S. Smith
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

   s/Megan L. Rose
MEGAN L. ROSE, N.C. BAR # 28639
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

Agency Counsel:

Allison J. Boyle
U.S. Department of Commerce
Office of General Counsel
Employment & Labor Law Division
14th Street & Constitution Ave., N.W.
Room 5717
Washington, D.C. 20230