UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-8001
(C.A. 05-1968)

JANET HOWARD, et al.,                                                              Petitioners,

v.

CARLOS GUTIERREZ, Secretary,
  United States Department of Commerce                                   Respondent.

**RESPONDENT'S ANSWER TO FED. R. CIV. P. 23(f) PETITION AND OPPOSITION TO MOTION TO HOLD RULE 23(f) PETITION IN ABEYANCE PENDING RESOLUTION OF MOTION FOR RECONSIDERATION IN THE DISTRICT COURT**

This Court should decline to hear the Petition because the District Court's decision was based on timeliness grounds, not Fed. R. Civ. P. 23 grounds; thus there is no interlocutory review available to Petitioners under Fed. R. Civ. P. 23(f). Petitioners spend the vast majority of their Petition endeavoring in vain to explain to this Court why the District Court erred in rejecting their class claims as untimely. Petitioners never address the only question that currently is before this Court: whether the Court can exercise its discretion under Fed. R. Civ. P. 23(f) and hear their appeal, when the District Court rejected Petitioners' class claims on timeliness grounds and did not address whether their claims otherwise satisfy Rule 23.[1]

---

[1] Respondent takes issue with the Petition at 1-19, arguing that Petitioners moved for an extension of time to move for class certification within 90 days of the filing of an amended complaint and, alternatively, that their counsel's "excusable neglect" requires the Court to reinstate their class claims. Those arguments, however, are premature and on that basis the government will not address those arguments in this Answer to the Petition.

What Petitioners overlook is that the District Court struck their class claims solely because they failed to move timely for class certification pursuant to the District Court's own rules. Local Civil Rule 23.1(b). The District Court's decision thus presents a Local Civil Rule 23.1(b) question. The District Court never evaluated Petitioners' class allegations pursuant to the requirements of Fed. R. Civ. P. 23, which is the only basis that could give rise to an appeal pursuant to Fed. Civ. P. 23(f). Indeed, Petitioners never moved for class certification in the District Court. See Petitioners' Appendix 1 (District Court's February 6, 2007 Memorandum Opinion) at 18. As explained below, the fact that the District Court never reached the class certification issue precludes Petitioners from an interlocutory appeal pursuant to Fed. R. Civ. P. 23(f).

The District Court struck Petitioners' class claims on the basis that Petitioners had not timely moved for class certification. See generally Mem. Op. at 17-25. The District Court's Local Civil Rule 23.1(b) requires that: "Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period, the plaintiff *shall* move for

---

The only issue currently before this Court is whether the District Court's decision striking Petitioners' class claims on timeliness grounds is appealable under Fed. Civ. P. 23(f). We also note that in contrast to Petitioners' extensive argument in this Court, when discussing the issue of excusable neglect at a hearing before the District Court on the government's motion to strike class claims, their counsel reported simply that the failure to timely move for class certification was a "mistake." Mem. Op. at 24. The District Court correctly noted that mere mistake does not usually constitute excusable neglect. Id. (citing In re. Vitamins Antitrust Class Actions, 327 F.3d 1207, 1210 (D.C. Cir. 2003)).

certification . . . that the case may be so maintained. . . . A defendant may move at any time to strike the class action allegations or to dismiss the complaint." (Emphasis added). Petitioners filed their Complaint in the District Court on October 5, 2005, but never moved for class certification.[2]  Mem. Op. at 18.  The District Court explained in detail that this is not a case in which Petitioners had failed to comply with the District Court's timeliness rules by only a few days.  In fact, Petitioners never moved to certify a class. Mem. Op. at 18.  Instead, some 261 days after the filing of their Complaint, Petitioners moved the District Court for an extension of time to move for class certification.  Mem. Op. at 18.  The District Court stayed that motion in the interest of efficiency, given the pendency of the government's dispositive motion.  The District Court correctly recognized that this Court has held that Local Civil Rule 23.1(b) and its predecessors should be strictly applied.  Mem. Op. at 18 (citing, inter alia, Black Panther Party v. Smith, 661 F.2d 1243, 1279 (D.C. Cir. 1981) ("strict enforcement of Local Rule 1-13(b)

---

[2] By Order dated June 13, 2006, the District Court allowed the filing of Petitioners' First Amended Complaint.  See R. 28.  Shortly thereafter, on June 23, 2006, they filed a Motion for Enlargement of Time to Move for Class Certification, and on July 7, 2006, the government opposed that motion.  R. 30, 31.  On July 31, 2006, the government filed a renewed motion to dismiss all individual claims, to dismiss class claims, and to strike all class claims.  R. 35.  In a September 1, 2006 Minute Order, the District Court granted in part and denied in part Petitioners' Motion for Enlargement of Time to Move for Class Certification, ordering that Plaintiffs' obligation under Local Civil Rule 23.1(b) to file a motion for class certification was stayed pending further order of the Court.  September 1, 2006 Minute Order.  The Court stated that it granted the motion "in the interest of efficiency in light of the fact that defendant has filed a motion to dismiss that, according to defendant, 'if granted, would resolve this case' and thereby eliminate the need to address class certification."  Id. (quoting Def. Opp. to Mot. for Enlargement at 1, R. 31).

implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly"), vacated by mem. on other grounds sub nom, Moore v. Black Panther Party, 458 U.S. 1118 (1982)).

Here, Petitioners ask the Court to exercise its discretion to hear an interlocutory appeal. This Court has recognized that "the traditional procedure [is that] claimed errors by the district court are reviewed on appeal only upon the conclusion of the proceedings in the district court." In re Sandra L. James, 444 F.3d 643, 645 (D.C. Cir. 2006) (declining to hear appeal under Fed. R. Civ. P. 23(f), concluding that the district court's denial of class certification was based on petitioners' failure to comply with Title VII's timeliness requirements, not its analysis under Rule 23); see also In re. Lorazepam & Clorazepate Antitrust Litigation, 289 F. 3d 98, 104-05 (D.C. Cir. 2002) Just as in In re Sandra L. James, in this case the Petitioners' "individual claims can go forward in the district court." 444 F.3d at 648.

In In re Sandra L. James, this Court declined to hear an appeal pursuant to Fed. R. Civ. P. 23(f) because, as here, the district court's decision rested on timeliness grounds and not on the test set forth in Fed. R. Civ. P. 23. Here, Petitioners never moved for class certification under Rule 23. Petitioners ignore this important distinction between the District Court's decision in this case and cases in which this Court has heard appeals pursuant to Rule 23(f). In so doing, they mistakenly rely on the test set forth this Court's decision in Lorazepam, 289 F. 3d at 105, see Petition at 2, without acknowledging that

- 4 -

there has been no decision from the District Court "granting or denying class action certification." Fed. R. Civ. P. 23(f). But this Court made clear in <u>In re Sandra L. James</u>, Rule 23(f) means what it says: "that this court will exercise its discretion to hear Rule 23(f) interlocutory appeals only where the petition presents issues arising under Rule 23, e.g., numerosity, commonality, typicality, and adequacy of representation . . . ." <u>In re Sandra L. James</u>, 444 F.3d at 645. The test set forth in <u>Lorazepam</u> applies only when the appeal "presents issues arising under Rule 23." <u>Id</u>. at 646. Because this appeal concerns the District Court's implementation of its own timeliness rules and relates only to Local Civil Rule 23.1(b), the Petition thus fails to present "issues arising under Rule 23." <u>Id</u>. ("the arguments relate to the requirements of Title VII, not Rule 23, and *Lorazepam* makes clear that its three secondary categories, including whether the district court's decision might be "manifestly erroneous," come into play only if the issues raised in the Rule 23(f) petition relate to Rule 23's certification requirements.").

    Finally, Respondent notes that the government ordinarily would not oppose holding an appellate matter in abeyance pending the District Court's resolution of a timely motion for reconsideration. However, here there is no reason to hold the Petition in abeyance because there has been no decision "granting or denying class action certification." Fed. R. Civ. P. 23(f).

## **CONCLUSION**

For the reasons stated and upon the authorities cited, the Respondent respectfully submits that the Court cannot exercise its discretion to hear the Petition. Thus, the Court should deny the Petition.

_____
JEFFREY A. TAYLOR
United States Attorney

_____
R. CRAIG LAWRENCE
Assistant United States Attorney

_____
PETER S. SMITH
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2d day of March, 2007, the foregoing Respondent's Answer to Fed. R. Civ. P. 23(f) Petition and Opposition to Motion to Hold Rule 23(f) Petition in Abeyance Pending Resolution of Motion for Reconsideration in the District Court was served by depositing copies thereof in the first class United States mail, postage prepaid, marked for delivery to:

David Sanford
SANFORD WITTELS & HEISLER, LLP
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009

Grant Morris
LAW OFFICES OF GRANT E. MORRIS
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009

Bruce V. Spiva
Kathleen R. Hartnett
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

_____
PETER S. SMITH
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372