IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANET HOWARD, <u>et al.</u>** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1968 (JDB)** |
| | ) | |
| **CARLOS M. GUTIERREZ,** | ) | |
| **Secretary, United States Department of** | ) | |
| **Commerce,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REINSTATE CLASS CLAIMS
OR FOR RECONSIDERATION AND MOTION TO CERTIFY
<u>INTERLOCUTORY APPEAL</u>**

**<u>OVERVIEW</u>**

When Plaintiffs moved to reinstate their class claims, they raised a host of arguments

which demonstrated that the Court should amend its prior ruling striking Plaintiffs' class

allegations as untimely under Local Rule 23.1's 90-day deadline.  Plaintiffs contended, *inter*

*alia*, that substantial D.C. precedent, including two of the cases the Court itself cites in support

for reading Local Rule 23.1 to exclude amended complaints, actually ran the 90-day requirement

for filing a class certification motion from the time an amended complaint was filed.  Under this

construction, Plaintiffs were timely because they moved for an extension less than 90 days after

filing their amended complaint.  Plaintiffs further noted that the Court's decision to strike their

class allegations was inconsistent with the purpose and policy of Fed. R. Civ. P. 23(c)(1)(A),

which was amended in 2003 to allow more time to gather evidence prior to class certification

briefing.  Additionally, Plaintiffs respectfully submitted that they acted reasonably and in good

faith when they did not immediately file for class certification upon receipt of the government's

motion to dismiss, based on Plaintiffs understanding that their amended complaint would re-trigger Rule 23.1's ninety-day filing requirement.

In opposition to Plaintiffs' demonstration of why reconsideration is necessary, Defendant seeks refuge in procedural detours, claiming that the Court is handcuffed from rectifying its own mistakes. No litigant, however, possesses a vested interest in having a court perpetuate its own errors. As is demonstrated below, this Court has the inherent power, as well as authority under Fed. R. Civ. P. 54 and 59, to correct its errors. Moreover, it is manifestly unjust to strike a class action and rob of redress for thousands of class members when Plaintiffs relied on a good-faith, reasonable understanding that their amended complaint would re-trigger the ninety-day window to move for reconsideration under Local Rule 23.1. For these reasons, the Court should grant Plaintiffs' motion to reinstate the class claims.

## I.   THIS COURT HAS THE AUTHORITY TO REVISIT ITS EARLIER RULING

### A.   This Court Has Inherent Authority to Alter its Prior Decision.

In opposing Plaintiffs' Motion to Reinstate the Class Claims, Defendant relies almost entirely on what it deems a procedural bar to reconsideration. Presumably relying on Fed. R. Civ. P 59(e), Defendant contends that Plaintiffs have failed to demonstrate either (1) the existence of new evidence, (2) a change in controlling law, or (3) a clear error of law. Def's Opp. at 1. Accordingly, Defendant contends, this Court may not reexamine its own ruling. Defendant is mistaken.

Contrary to Defendant's suggestion, Rule 59(e) is not the only venue for challenging Defendant's motion to strike. It is well-established that courts have the inherent authority to revisit their own prior rulings. See Castro v. United States, 540 U.S. 375, 384 (2003) (court has

inherent power to revisit earlier holding); see also Gray Panthers v. Schweiker, 716 F.2d 23, 39 (D.C Cir.1983).

In addition, Rule 23 specifically provides that a certification order "may be altered or amended before the decision on the merits." Fed.R.Civ.P. 23(c)(1)(C). The Supreme Court has held that, because class status under this rule may always be altered or amended, "a district court's order denying or granting class status is inherently tentative." Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n. 11 (1978); see also In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1254 (11th Cir. 2006) (because "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders 'at any time prior to a decision on the merits,'" district court "retain[s] the flexibility to change its position."); Carpenter v. Boeing Co., 456 F.3d 1183, 1187 (10th Cir. 2006) (same); Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (same). This reasoning should apply here because the Court's order striking class allegations has the same preclusive effect as a denial of a class certification motion.

**B.      This Court Has Authority to Alter its Prior Decision Under Fed.R.Civ.P. 54.**

Under Federal Rule of Civil Procedure 54, a court may alter or amend a prior ruling prior to the entry of final judgment in any case. See Fed.R.Civ.P. 54(b) (district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties;" see also Marconi Wireless T. Co. of Am. v. United States, 320 U.S. 1, 47-48 (1943) (trial court had the power, "at any time prior to entry of its final judgment . . . to reconsider any portion of its decision and reopen any part of the case") (internal citations omitted).

This is so, regardless of whether Plaintiffs have met the strict requirements of Rule 59 or 60. As the court in United States v. Jerry stated:

> [n]othing in the Rules limits the power of the court to correct mistakes made in its
> handling of a case so long as the court's jurisdiction continues, i.e., until the entry of
> judgment.  In short, <u>the power to grant relief from erroneous interlocutory orders</u>,
> exercised in justice and good conscience, <u>has long been recognized as within the plenary
> power of courts until entry of final judgmen</u>t and is not inconsistent with any of the
> Rules.

487 F.2d, 600 604 (3rd Cir. 1973) (emphasis added); <u>see also</u> <u>Fayetteville Investors v.

Commercial Builders, Inc.</u>, 936 F.2d 1462, 1472 (4th Cir.1991) (Rules 59 & 60 did not apply to

interlocutory order, which  "could be reviewed by the district court, on motion or *sua sponte,* at

any time prior to the entry of a final judgment"); <u>Riggs v. Scrivener, Inc.</u>, 927 F.2d 1146 (10th

Cir. 1990), <u>cert. denied</u>, 502 U.S. 867 (1991) (procedural bar to Rule 59 relief did not apply

where Title VII liability had not yet been determined); <u>Judicial Watch v. Department of Army</u>,

466 F. Supp.2d 112, 123 (D. D.C. 2006) (noting that, in contrast to the standard applied to final

judgments under Rules 59 and 60, "reconsideration of an interlocutory decision is available

under the standard as justice requires.") (internal citation omitted).

In moving for reconsideration of an interlocutory order, a plaintiff must only demonstrate

that "justice requires" the Court to revisit its earlier decision. <u>Judicial Watch</u>,  466 F. Supp.2d at

123 (citing <u>Cobell v. Norton</u>, 224 F.R.D. 266, 272 (D.D.C. 2004)); <u>Singh v. George Wash. Univ.</u>,

383 F. Supp.2d 99, 101 (D.D.C. 2005) (same).  In other words, the plaintiff must show that the

Court "has patently misunderstood a party, has made a decision outside the adversarial issues

presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension,

or [that] a controlling or significant change in the law or facts [has occurred] since the

submission of the issue to the court." <u>Id.</u> at 123.  "These considerations leave a great deal of

room for the court's discretion," which allows for reconsideration when "necessary under the

relevant circumstances." <u>Id.</u>

**C.**    **This Court Has Authority to Alter its Prior Decision Under Fed.R.Civ.P. 59.**

Even if the Court's order were a final judgment, reconsideration would not be barred by Rule 59. The purpose of Rule 59 is to provide the district court with the "power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982). A district court judge "has considerable discretion in ruling on a Rule 59(e) motion." Lance v. United Mine Workers of America 1974 Pension Trust, 400 F.Supp.2d 29, 31 (D.D.C. 2005).

In contrast to Defendant's limited reading of Rule 59, the grounds for altering or amending a judgment are not limited to a change in controlling law or clear error. Rule 59(e) motions are also properly granted where there is a need to prevent manifest injustice. Lance, 400 F.Supp.2d at 31; Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C.Cir.1996) (per curiam) (Rule 59(e) motions may be granted where there is a "need to correct a clear error or prevent manifest injustice."). Plaintiffs have established in their opening brief and below the grounds for granting a Rule 59 motion.

Defendant suggests that, even if the decision to deny class certification is based on a clear error of law, reconsideration may not be granted. According to Defendant, because Plaintiffs rely in part on case law or statutes that existed during the pendency of Defendant's renewed motion to strike, this Court is without the authority to reexamine its own ruling, even where necessary to prevent a manifest injustice. This position has been squarely rejected by this Court, even in the context of the more stringent Rule 59 and 60 requirements. See Turkmani v. Republic of Bolivia, 273 F. Supp.2d 45, 52-53 (D.D.C. 2002). The only arguably new arguments raised by Plaintiffs respond to questions raised for the first time by the Court at oral argument and in its decision that Defendant *had never* raised previously. This Court clearly has

the authority to alter its decision based on Plaintiffs' responses to these new arguments.  See id.

("[C]ounsel's failure to present relevant issues and key arguments left this court's prior decision

partially open to scrutiny by no one other than the court itself.  [T]he court may exercise its

discretion to correct a clear error of law as it has now done in this matter."); see also Lance,  400

F. Supp.2d at 30 (granting plaintiffs' motion for reconsideration based on case available but not

cited at time of first briefing).[1]

## II.    RECONSIDERATION OF THE COURT'S PRIOR RULING IS JUSTIFIED IN THIS CASE

Whether considered under the federal rules governing motions for reconsideration of

interlocutory orders, final decisions, or under the Court's inherent powers, reconsideration of the

Court's order striking the class claims is appropriate in this case. As is set forth below, justice

requires that the Court reconsider its decision striking class allegations.  Moreover, that decision

was both based on a clear error of law and resulted in manifest injustice to the class members.

### A.    Reconsideration is Necessary to Address a New Line of Inquiry Raised by the Court and the Court's Adoption of Grounds for Striking the Class Allegations which the Department Never Raised in Its Motion.

Under the "as justice requires" standard for reconsideration of interlocutory orders, the

Court may reconsider a prior ruling where it has made a decision outside of the adversarial issues

raised by the parties. See Judicial Watch,  466 F. Supp.2d at 123 (citing Cobell, 224 F.R.D. at

272).  The affidavit of Mr. Sanford does not, as Defendant suggests, attempt to raise a new legal

---

[1] Moreover, and contrary to Defendant's assertion, an amendment of a ruling is always available to correct "manifest factual error."  Indeed, even where the vehicle for reconsideration is Rule 60(b) - the rule imposing the most stringent reconsideration requirement - that "does not mean. . . that the district court is powerless to correct errors into which it is led by the parties' failure to make the key facts known."  Good Luck Nursing Home v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980) (reconsideration was proper "even though the original failure to present that information was inexcusable"); Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 903 (D.C.Cir.1996) (same).

argument.  Rather, it seeks to address a line of inquiry raised by the Court at oral argument.  At

the January 26, 2007 hearing, the Court questioned Plaintiffs' basis for asserting excusable

neglect when Plaintiff did not move for class certification (or file an extension of time within

which to file) immediately upon receiving Defendant's Motion to Dismiss.  The Court suggested

that, even if any prior delay could be attributed to excusable neglect, this subsequent delay in

filing could not.  This issue had not been previously briefed because Defendant had never raised

it.  Thus, Plaintiffs sought to clarify their reasons for what the Court viewed as a second delay in

their motion to reinstate and in the Sanford affidavit. Specifically, Plaintiffs clarify that, upon

receiving Defendant's motion, they researched Local Rule 23.1 and determined based on a good-

faith, reasonable interpretation that they would be in compliance with the rule if they filed for an

extension following the filing of their amended complaint.[2]

The Court also raised new issues in its order granting Defendant's motion to strike.   For

instance, the Court raised the new ground that the amendment to Federal Rule 23, affected only

the time of a court's decision on a class certification motion, and not the deadline by which a

proponent must move for class certification.  This argument was never raised by the Department

and therefore never previously briefed by the parties. Accordingly, Plaintiffs should be allowed

to address this issue in their motion for reconsideration.

---

[2]  Defendant is wrong in asserting counsel's affidavit is logically inconsistent.   The sole purpose
of the affidavit is to address the Court's questions regarding plaintiffs' reasons for not filing a
class certification motion (or motion for extension of time) *before* Defendant filed its motion to
dismiss versus its reasons for not filing immediately *after* receiving Defendant's motion.   The
initial failure was due to a mistake that caused Defendant no prejudice and that was due to
excusable neglect.  The Sanford affidavit explains further Plaintiffs' counsel's good faith belief
that the decision not to file immediately after Defendant filed its motion to dismiss was in
compliance with the Rule.  Thus, even though the Court held otherwise, Plaintiffs seek a finding
of excusable neglect based upon their reasonable reading of the Rule, even if the Court does not
reconsider its reading of Rule 23.1(b).  There simply is no inconsistency.

In another new ground, the Court held that the purpose of Rule 23.1 was to reach a class action decision at "the earliest practicable moment." Memorandum Opinion at 23. This is not only inconsistent with amended Rule 23(c)(1), but may be inconsistent with the pre-amendment version of Rule 23. Again, fairness dictates that Plaintiffs be permitted to address issues raised by the Court, given the fact that Commerce never raised the argument that a class motion must be decided at "the earliest practicable moment."

In its order, the Court relies on grounds for striking the class claims based on cases that had not been fully briefed by the parties. As is explained in more detail in Plaintiffs' opening brief, the cases from other jurisdictions cited by the Court in support of its textual analysis, Order at 20-21, are not persuasive, particularly in light of D.C. practice, discussed below. For instance, the Court relied heavily on Jones v. Hartford Insurance Co, 3:05-cv-392, 2006 U.S. Dist.LEXIS 19630, at *2 (N.D. Fla. April14, 2006). Jones relies largely on cases with local rules that are worded *differently* from the "a complaint" language at issue in this case. For example, Jones cites the District Court for the Middle District of Florida's rule that uses the words "initial complaint," a Northern District of Georgia rule that uses the words "the complaint," and a Central District of California rule that uses the words "a pleading purporting to commence a class action" ("initial" complaint). If anything, these differently worded rules support Plaintiffs' point that this jurisdiction's rule means something different, or it would have been written like the other rules. Jones also relies on Louisiana cases based on a local rule with "a complaint" language, but those cases simply use the "the complaint" language in passing and do not reach the question whether "a complaint" applies to amended complaints. To the extent that these

cases conflated the words "a" and "the" they are in error.  See Bozanich v. Kenney, 3 Cal. 3d

567, 570 (1970).[3]

In its order, the Court also first raised the issue that Defendant was prejudiced by

Plaintiffs' alleged delay in moving for class certification.  Defendant itself never asserted that it

had been prejudiced by the purported delay.  Accordingly, Plaintiffs' response on that point, set

forth in their Motion to reinstate and for Reconsideration, should also be considered.  Pls' Initial

Brief at 26.

**B.      Reconsideration is Necessary to Correct Errors of Apprehension.**

The Court committed errors of apprehension that justify reconsideration under Rule 54.

For instance, the Court did not acknowledge the importance of the Amendment to Federal Rule

of Civil Procedure 23(c)(1)(A) when interpreting and applying Local Rule 23.1.[4]  The Court's

failure to consider these amendments justify reconsideration.  See, e.g., Lemmons v. Georgetown

University Hosp., 2007 WL 619508, 4 (D.D.C. 2007) ("Errors of apprehension may include [the]

---

[3] The Court also misunderstood the significance of Plaintiffs' citations, in their Opposition to
Defendant's Renewed Motions, to Richard v. Bell Atlantic Corp.,976 F. Supp. 40, 51-52 (D.D.C.
1997) and In re Baan Co. Sec. Litig., 271 F. Supp. 2d 3, 11 (D.D.C. 2002).  As Plaintiffs stated
in their Motion to Reinstate, they were not arguing that those cases expressly hold that the
amended complaint is a proper trigger for the 90-day Rule.  However, those cases as well as Kas
v. Financial General Bankshares, 105 F.R.D. 453, (D.D.C. 1985), Weiss v. IBEW, 729 F. Supp.
144 (D.D.C. 1990) and Coffin v. Sec'y of Health, Education & Welfare, 400 F. Supp. 953
(D.D.C. 1975), do presuppose, given each court's analysis, that the amended complaint provides
a relevant trigger for Local Rule 23.1.

[4] Plaintiffs' position regarding the purpose of the amendment to Rule 23(c) is more than merely
counsel's advocacy.  It is implicitly and explicitly supported by the legislative goals of Rule
23(c) and the 20-plus judges of the Southern District of Florida, both strongly suggesting that
filing an amended class action complaint triggers the 90 days in which to move for class
certification.  In response to the 2003 amendment of Federal Rule 23(c), the U.S. District Court
of the Southern District of Florida deleted its own Local Rule 23.1.1, the counterpart to D.C.
Local Rule 23.1.  The Florida rule contained an identical deadline to move for class certification
90-days from the filing of "a complaint."  After Congress amended Rule 23, the Florida District
Court removed the 90-day rule "to conform to the December 2003 amendment to…Rule
23(c)(1)(A)…."

Court's failure to consider controlling decisions or data that might reasonably be expected to alter the conclusion reached by the [C]ourt.)" (internal quotation marks and citation omitted).

The Court also erred by failing to weigh the equitable considerations before striking class allegations. Although the Defendant alleges that the Court weighed the equities when it observed that Plaintiffs had changed their class allegations between the filing of their Complaint and the Amended Complaint, there could be no such prejudice because the Amended Complaint narrowed the scope of the class. Indeed, Defendant had never even alleged that it was prejudiced by the narrowing of the class definition or in any other way.

The Court did not consider the equities involved in denying potential class participation of thousands of absent class members that have relied on the pendancy of this class case since the time the Howard Complaint was filed in 1995. The Court did not consider that the class was at one point provisionally certified by the EEOC, and remained certified to an extent from approximately July 20, 2000 to October 5, 2005, the date when Plaintiffs filed their initial complaint in this matter. The Court has an obligation to consider the interests of those potential class members and the injustice that will result if they are precluded from obtaining relief in this disparate impact case, and the Court failed to assume this responsibility. The Court also failed to consider that Plaintiffs acted in good-faith, as discussed herein, and based their actions on a reasonable interpretation of the Local Rule.[5] Thus, reconsideration is necessary to correct errors of apprehension.

---

[5] An additional misapprehension or error committed by the Court was the Court's failure to consider caselaw from other jurisdictions with similar local rules that supported Plaintiffs' reasonable and good-faith interpretation that the amended complaint is an appropriate trigger for the 90-day filing requirement. The Court determined in its Memorandum Opinion that it was "unaware of any other [cases]" that hold that the filing of an amended complaint resets the clock under Local Rule 23.1(b). The Court, however, failed to consider two cases cited by Plaintiffs in their Opposition that did so hold. See Plaintiffs' September 18, 2006 Opposition, page 32, citing

**C.    Reconsideration is Necessary to Correct Clear Errors of Law.**

In their Motion to Reinstate, Plaintiffs advance many grounds under which they believe that the Court has clearly erred.  For example, the Court erred in finding that Local Rule 23.1 applies only to the initial class complaint.  None of the cases it cites in its opinion regarding the "strict" enforcement of Local Rule 23.1(b) bear on whether filing a motion within 90 days of an amended complaint complies with the local rule; two of the cases cited by the Court, Weiss v. IBEW, 729 F. Supp. 144 (D.D.C. 1990) and Coffin v. Sec'y of Health, Education & Welfare, 400 F. Supp. 953 (D.D.C. 1975), actually ran the ninety-day limit from amended complaints.  Moreover, as asserted below, the Court's interpretation does not address why Local Rule 23.1 does not refer to "the initial complaint" as do the local rules of other jurisdictions that require filing a motion within 90 days of an initial class complaint.

**D.    Plaintiffs' Interpretation of the Plain Meaning of Local Rule 23.1 Was Reasonable; Striking Class Allegations Based on a Construction of the Local Rule that Was At the Very Least Ambiguous Will Result in Manifest Injustice.**

The plain meaning of Local Rule 23.1 supports Plaintiffs' interpretation that an amended complaint can provide the proper trigger for the 90-day filing requirement. But the wording of the local rule is at the very least ambiguous on this issue.  Striking class allegations on the basis of Plaintiffs' reasonable, good-faith reading of an ambiguously worded local rule – one that has been interpreted by this Circuit consistently with Plaintiffs' interpretation -- will result in manifest injustice to the members of the class.

This Court is the first in the D.C. Circuit to hold explicitly that Local Rule 23.1 requires filing a class certification motion within 90-days of the initial class complaint.  In other cases,

---

to Seligson v. Plum Tree, Inc., 55 F.R.D. 259, 260 (E.D. Pa. 1972) and Murray v. Sevier, 145 F.R.D. 563, 570 n.4 (D. Kan. 1993).

such as <u>Weiss v. IBEW</u>, 729 F. Supp. 144 (D.D.C. 1990), courts in this Circuit have run the 90-day requirement from the filing of an amended complaint. In its memorandum opinion, the Court relies on the Northern District of Florida's analysis of a similar local rule in <u>Jones v. Hartford Insurance</u>, which, as Plaintiffs explain above and in their opening brief, is unpersuasive. Other courts, however, such as the Eastern District of Pennsylvania in <u>Seligson v. Plum Tree Inc</u>., 55 F.R.D. 259, 260 (E.D. Pa. 1972), have analyzed local rules with the same wording as Local Rule 23.1 in the same way that Plaintiffs have interpreted the rule and have held that the 90-day requirement should start to run when an amended complaint is filed. The different approaches adopted in these cases suggest that the proper construction of whether the local rule applies to amended complaints is subject to more than one interpretation.

The D.C. Circuit has determined that when the language of a provision is ambiguous and the issue of how to interpret that language is one of first impression in the Circuit, penalizing the mistaken party may be draconian and unjust. In <u>Oil, Chemical and Atomic Workers Intern. Union v. Occupational Safety and Health Review Comm'n,</u> the Circuit Court declined to penalize the mistaken party because the "jurisdictional issue raised by the company's motion to dismiss [was] one of first impression in this circuit," "ambiguity [existed] in the statutory language," and the "[circuits were split] over the proper respondent in actions brought to review an OSHRC decision." 671 F.2d at 643, 653. The D.C. Circuit held that it would not take a "draconian attitude" given the circumstance and that "[t]o do so would defeat unjustly the union's opportunity to prove its case." <u>Id</u>. at 653.

Pursuant to the Federal Rules of Civil Procedure Rule 83(a)(2), "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." As Moore's Federal Practice treatise

12

further explains, this rule is applicable to local rules similar to Local Rule 23.1(b).  See 5

Moore's Federal Practice § 23.62  ("Although a practitioner should never be ignorant of or

deliberately ignore any of these local rules on class actions, an unintended violation of a local

rule need not always be fatal to class certification. Local rules must yield when their

requirements conflict with Rule 23.  As a matter of general principle, local rules may not conflict

with any of the Federal Rules of Civil Procedure.  Furthermore, a court may not use a local rule

to deprive a party of any of that party's rights so long as the failure to comply with the local rule

is not willful.").  The Court should not use the procedural requirements of the Local Rule 23.1(b)

to deprive possibly thousands of African-American class members of their rights when Plaintiffs'

failure to comply was unintentional and based on a good-faith interpretation of the Rule.[6]

At the time when Plaintiffs responded to Defendant's Motion to Dismiss, they had a

good-faith belief based on their research and their analysis of the plain meaning of the local rule,

that their amended complaint would re-trigger the 90-day requirement.  Because this Court is the

first in this Circuit to hold that Local Rule 23.1 applies only to the initial class complaint, and

given that other courts have interpreted the wording of the local rule in the same way as

Plaintiffs, Plaintiffs could not foresee that this Court would not agree with their reasonable

interpretation of the local rule.  Given the ambiguity in the wording of the local rule, the striking

of class allegations will create a draconian and manifestly unjust result.[7]

---

[6]  In Leekowski v. US Department of the Treasury, 804 F.2d 1310, 1310 (D.C. Cir. 1986), the
Court of Appeals cautioned against elevating a Local Rule to "dispositive preeminence": "We do
not countenance the rigid imposition of dismissal [as] an automatic….response to the violation of
a neutral rule of general application."

[7] In determining the proper construction of Local Rule 23.1, the Court also relied on policy
considerations that provided substantial grounds for difference of opinion given that the Court
did not acknowledge the relevance of the 2003 Amendments to F.R.C.P. 23(c)(1)(A) in its policy
analysis.  See Memorandum Opinion at 19, 21.

The injustice that would result from a denial of class certification in this case is particularly egregious when viewed with regard to the totality of the circumstances and Plaintiffs' good-faith interpretation of an ambiguously worded local rule. To dismiss the claims of all class members as a result of the well-intended actions of their counsel – actions which in no way prejudiced the Defendant – certainly presents a manifest injustice that is worthy of this Court's reconsideration. See Ciralsky v. C.I.A. 355 F.3d 661, 674 (D.C. Cir. 2004) (reversing dismissal -even in absence of abuse of discretion – in view of the grave injustice the court's ruling had on the plaintiff's case)..

## III.    IN THE ALTERNATIVE, THIS MATTER SHOULD BE CERTIFIED FOR INTERLOCUTORY APPEAL

Plaintiffs recognize that the Court need not certify this question for appeal under Federal Rule of Civil Procedure 23(f) in order for Plaintiffs to proceed in petitioning the D.C. Circuit for review.  Plaintiffs have already filed a Rule 23(f) petition, but have asked the D.C. Circuit to hold the petition in abeyance pending this Court's decision on Plaintiff's Motion to Reinstate. Defendant has opposed Plaintiff's motion to hold the petition in abeyance.

Contrary to Defendants' suggestion that 23(f) is "irrelevant," Plaintiffs referred to Rule 23(f) because they believe it is an appropriate avenue for appeal.  As Plaintiffs have argued in their Rule 23(f) petition, the Court's order and the issues presented for appeal are based on the applicability of the requirements for class certification motions.  That is why the order is directly related to class certification itself and reviewable under Rule 23(f).

In the event that the striking of class allegations pursuant to a local rule is distinguished from the denial of class certification, Plaintiffs ask in the alternative that the Court certify this question for interlocutory appeal on a different basis.  Pursuant to 28 U.S C. § 1292(b), interlocutory appeal is appropriate when (1) an order involves a controlling question of law as to

14

which there is substantial ground for difference of opinion, and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Both requirements are met in the instant case.

As set forth above and in the Motion to Reinstate, Plaintiff have demonstrated substantial grounds for difference of opinion concerning this Court's interpretation that the 90-day filing requirement of Local Rule 23.1 applies only to the initial class complaint. Plaintiffs assert that the 90-day requirement of Local Rule 23.1 can also be reasonably construed to apply to amended complaints, and is at the very least ambiguous.

Moreover, an immediate appeal from this order would materially advance the ultimate termination of the litigation because it will preserve the Court's time and judicial resources, which will otherwise be consumed if Plaintiffs are forced to litigate individual claims to final judgment before they can appeal the Court's decision striking class allegations. An interlocutory appeal will expedite the resolution of whether this case may be maintained as a class action, which is pertinent to the maintenance of this disparate impact case.[8]

**CONCLUSION**

For all of the foregoing reasons, and those set forth in Plaintiffs' Motion to Reinstate and for Reconsideration, Plaintiffs respectfully submit that this Court should reconsider its denial of class certification.

---

[8] Plaintiffs alternatively request that this Court certify this matter for interlocutory appeal under the Cohen "collateral order doctrine."

Dated:  April 2, 2007                    Respectfully submitted,

                                         **SANFORD, WITTELS & HEISLER, LLP**

                                         By:  \_\_/s/\_\_David Sanford_____
                                         David W. Sanford, D.C. Bar No. 457933
                                         Stefanie Roemer, D.C. Bar No. 464450
                                         Meenoo Chahbazi, CA Bar, Admitted Pro Hac Vice
                                         Shayna M. Bloom, MD Bar, Admitted Pro Hac Vice
                                         1666 Connecticut Avenue, NW
                                         Suite 310
                                         Washington, D.C. 20009
                                         Telephone: (202) 742-7777
                                         Facsimile:  (202) 742-7776

                                         Grant Morris, D.C. Bar No. 926253
                                         **LAW OFFICES OF GRANT E. MORRIS**
                                         1666 Connecticut Avenue, NW
                                         Suite 310
                                         Washington, D.C. 20009
                                         Telephone: (202) 742-7783
                                         Facsimile:  (202) 742-7776

                                         Bruce V. Spiva, D.C. Bar. No. 443754
                                         Kathleen R. Hartnett, D.C. Bar. No. 483250
                                         **SPIVA & HARTNETT LLP**
                                         1776 Massachusetts Avenue, N.W.
                                         Suite 600
                                         Washington, D.C. 20036
                                         Telephone: (202) 785-0601
                                         Facsimile:  (202) 785-0697

                                         *Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 2, 2007, a copy of the foregoing was filed electronically.  Notice of filing will be sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

       Peter Smith, Esq.
       Megan Rose, Esq.
       United States Attorney's Office
       Civil Division
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 307-0372

        /s/ Divya Khosla
        Divya Khosla