UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANET HOWARD, et al.,

    Plaintiffs,

v.

CARLOS M. GUTIERREZ,
Secretary, U.S. Dep't of Commerce,

    Defendant.

Civil Action No. 05-1968 (JDB)

## ORDER

Plaintiffs have moved for reconsideration of the Court's February 6, 2007 memorandum opinion and order striking the class claims from their amended complaint. See Howard v. Gutierrez, 474 F. Supp. 2d 41, 57 (D.D.C. 2007). Plaintiffs also request certification of the issue for interlocutory appeal. The Court will assume familiarity with the facts of this case, which are laid out in full in its earlier opinion.

There is no Federal Rule of Civil Procedure that expressly addresses motions for reconsideration. E.g., Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); Lance v. United Mine Workers for Am. Pension Trust, 400 F. Supp. 2d 29, 31 (D.D.C. 2005). Courts typically treat motions to reconsider as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). E.g., Emory v. Sec'y of Navy, 819 F.2d 291, 293 (D.C. Cir. 1987); Lance, 400 F. Supp. 2d at 31; see also Hall v. Cent. Intelligence Agency, 437 F.3d 94, 97 (D.C. Cir. 2006). "'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Ciralsky v. Cent. Intelligence Agency, 355 F.3d 551, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); see also Mobley v. Cont'l Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for reconsideration . . . will not lightly be granted."). A Rule 59(e) motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it "a vehicle for presenting theories or arguments that could have been advanced earlier." Burlington Ins. Co. v. Okie Dokie Inc., 439 F. Supp. 2d 124, 128 (D.D.C. 2006); see also Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993).

    Plaintiffs challenge two aspects of the February 2007 ruling. First, they continue to maintain that Local Rule 23.1(b) allows for the filing of a motion for class certification within ninety days of the filing of an amended complaint. Although plaintiffs rehash the arguments that they presented on this point in their opposition to defendant's renewed motion to dismiss, the Court need not repeat here its reasons for rejecting those arguments. See Howard, 474 F. Supp. 2d at 53-55. To the extent that plaintiffs have asserted additional arguments or cases in support of their reading of the local rule, they could have been advanced earlier, see Burlington Ins. Co., 439 F. Supp. 2d at 128, and in any event are unpersuasive. There has been no intervening change in controlling law, nor have plaintiffs advanced new evidence not previously available to them. Finding nothing in plaintiffs' motion that warrants revisiting its prior holding, the Court now reaffirms that the ninety-day period in Local Rule 23.1(b) applies from the date of the filing of the first complaint to assert class claims.

    Second, plaintiffs ask for reconsideration of the Court's decision to strike the class claims

based on their failure timely to move for class certification. This Court has previously acknowledged that application of the local rule leads to a dramatic but warranted result in this case, as has been true in a number of other cases in this Circuit. See Howard, 474 F. Supp. 2d at 57 n.11. To cite just one example, Judge J. Skelly Wright, the author of Gray v. Greyhound Lines, E., 545 F.2d 169 (D.C. Cir. 1976) -- upon which plaintiffs rely for the proposition that dismissal of class claims for failure to file a timely certification motion is "unusual" -- also wrote an opinion affirming the denial of a motion for extension of time to file for class certification based solely on the fact that the time to file the motion had expired eleven days earlier. See Black Panther Party v. Smith, 661 F.2d 1243, 1279 (D.C. Cir. 1981), vacated by mem. on other grounds sub nom. Moore v. Black Panther Party, 458 U.S. 1118 (1982). As explained in this Court's earlier opinion, in this case plaintiffs were already two and one-half months out of time when defendants filed a motion to dismiss alerting plaintiffs to the missed deadline. 474 F. Supp. 2d at 56. In their opposition to defendant's renewed motion to dismiss, plaintiffs sought refuge under the excusable-neglect standard of Rule 6(b) of the Federal Rules of Civil Procedure, but they provided no explanation whatsoever for their failure to file the class-certification motion.[1] See Pls.' Opp'n to Def.'s Renewed Mot. to Dismiss at 35-36. This Court considered the equitable factors relevant to a Rule 6(b) analysis, including plaintiffs' contention, made belatedly at the motions hearing, that their actions were a mistake, and concluded that plaintiffs' failure to file their motion timely was not the result of excusable neglect. See 474 F. Supp. 2d at 55-57.

Plaintiffs now ask this Court to revisit its excusable-neglect analysis on the basis of a

---

[1]As explained in the Court's earlier memorandum opinion, the fact that plaintiffs consented to extensions of time for defendant to respond to their complaint had no bearing on plaintiffs' own obligation under the local rules to file a motion for class certification. See 474 F. Supp. 2d at 56.

newly-filed declaration purporting to correct a misapprehension by the Court with respect to the reason for plaintiffs' delay. The declaration of plaintiffs' counsel states that the initial failure to file a timely motion for class certification or motion for an extension of time within ninety days of the original complaint was indeed the result of attorney error -- plaintiffs' counsel was understaffed and overworked, and the motion slipped through the cracks. See Decl. of David Sanford ("Sanford Decl.") ¶¶ 19-22. It was this failure -- forgetting to file a motion within ninety days of the initial complaint -- that plaintiffs now say constituted the "mistake" referenced by counsel at the motions hearing. See Mot. Hr'g Tr. 87, Jan. 26, 2007. Plaintiffs' counsel now asserts, however, that, upon receipt of defendant's first motion to dismiss, he then conducted "extensive legal research" and made a purposeful decision not to file a motion for extension of time until after filing an amended complaint in the belief (which he argues was reasonable) that such a course of action was permitted under the local rules. Sanford Decl. ¶¶ 23-27. Counsel avers that he "sought to receive no advantage through this interpretation of the Local Rule and, in fact, would receive none should this Court grant Plaintiff's instant motion." Id. ¶ 28.

      The new declaration does plaintiffs no favors. It simply confirms that counsel for plaintiffs viewed their own failure to file either a motion for class certification or a motion for an extension of time within ninety days of the filing of the initial complaint as a mistake. The declaration further concedes that plaintiffs never relied on their reading of the local rule until <u>after</u> they realized that they had already missed the filing deadline by two and a half months. At that point, plaintiffs did seek to receive an advantage through their mistaken interpretation of the local rule -- they hoped, through the filing of an amended complaint, to resurrect their ability to file a motion that <u>they knew was already several months out of time</u>. Indeed, plaintiffs waited almost

three additional months before actually amending their complaint (which they did as of right, see Fed. R. Civ. P. 15(a)). This course of events serves only to underscore the untenable and unreasonable nature of plaintiffs' proposed interpretation of the local rule -- plaintiffs generally would be able to extend indefinitely the deadline for filing a motion for class certification, even after the deadline imposed by the local rule had long passed, and regardless of whether it had been ignored wittingly or unwittingly, simply by lodging an amended complaint. Putting aside plaintiffs' post-hoc rationalizations for their actions, the fact remains that plaintiffs have no excuse beyond attorney mistake for their failure to file a timely motion for class certification. Thus, plaintiffs have not pointed to any error, let alone clear error, in the Court's previous opinion that would justify reconsideration. See Ciralsky, 355 F.3d at 671. Nor have plaintiffs cited to an intervening change in controlling law, submitted newly available evidence, or demonstrated the existence of manifest injustice. See id. Finding no reason to change its previous assessment of either the reason for plaintiffs' delay or the other equitable factors that must be considered as part of the excusable-neglect analysis, the Court therefore denies plaintiffs' motion for reconsideration.

      Finally, plaintiffs ask the Court to certify for interlocutory appeal the order striking the class claims. Contemporaneously with the motion for reconsideration filed in this Court, plaintiffs filed a petition in the court of appeals requesting permission to appeal under Federal Rule of Civil Procedure 23(f). The court of appeals has denied plaintiffs' petition in a per curiam order, holding that the questions raised in the petition went "'well beyond the purpose of Rule 23(f) review.'" See In re Howard, No. 07-8001 (D.C. Cir. Apr. 30, 2007) (quoting In re James, 444 F.3d 643, 647 (D.C. Cir. 2006)). Hence, Rule 23(f) is clearly not an appropriate basis for certification. A district court may also certify an order for interlocutory appeal when it "involves a

controlling question of law as to which there is substantial ground for difference of opinion" and when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court does not consider its ruling regarding application of Local Civil Rule 23.1(b) to be a question of law as to which there is a substantial ground for difference of opinion. The Court relied on several cases to support its conclusion, and plaintiffs have never cited any case from this circuit that actually resolved (as opposed to assuming without deciding) the question in favor of applying the local rule to amended complaints.[2] On the other hand, this Court's interpretation of the local rule has already been adopted explicitly by at least one other district judge. See Cryer v. Intersolutions, Inc., No. 06-cv-2032, 2007 WL 1191928, at *5 (D.D.C. Apr. 20, 2007). The separate question whether plaintiffs exhibited excusable neglect does not satisfy § 1292(b) because it comprises a matter of discretion, not a question of law. See, e.g., Casey v. Long Island R.R. Co., 406 F.3d 142, 147 (2d Cir. 2005). See generally 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930, at 429 (2d ed. 1996). Finally, the collateral-order doctrine, which plaintiffs also cite as a basis for certification, is a doctrine applied by appellate courts in order to determine whether a given order is final and appealable for purposes of 28 U.S.C. § 1291. See, e.g., Doe v. Exxon Mobil Corp., 473 F.3d 345, 348-49 (D.C. Cir. 2007). It simply has no place in a district court's certification analysis under § 1292(b). See, e.g., Keystone Tobacco Co. v. U.S. Tobacco Co., 217 F.R.D. 235, 239 n.4 (D.D.C. 2003).

---

[2]Weiss v. Int'l Bhd. of Elec. Workers, 729 F.Supp. 144, 148 (D.D.C. 1990), is no exception. Because the motion for class certification in that case would have been untimely whether the local rule applied to the initial complaint or to the amended complaint, the meaning of the local rule was neither material to the district court's analysis nor was it likely to have been in contention. See id. The same is true with respect to Coffin v. Sec'y of Health, Educ. & Welfare. See 400 F. Supp. at 957 n.18.

Accordingly, upon consideration of plaintiffs' motion to reinstate class claims, for reconsideration, and alternatively for certification, and the entire record herein, and for the reasons explained above, it is this 7th day of September, 2007, hereby

**ORDERED** that [52] plaintiffs' motion to reinstate class claims, for reconsideration, and alternatively for certification is **DENIED**; it is further

**ORDERED** that [62] plaintiffs' motion for telephonic status conference is **DENIED** as moot; it is further

**ORDERED** that plaintiffs shall file a second amended complaint by not later than October 9, 2007; and it is further

**ORDERED** that defendant shall file an answer to the second amended complaint by not later than November 12, 2007.

**SO ORDERED.**

/s/ John D. Bates
JOHN D. BATES
United States District Judge