IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| CARLOS M. GUTIERREZ, ) | |
| Secretary, United States Department of ) | |
| Commerce, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SPIVA & HARTNETT LLP AND ATTORNEY BRUCE V. SPIVA AND KATHLEEN R. HARTNETT'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF[1]

Pursuant to Local Civil Rule 83.6(c), Spiva & Hartnett LLP and attorney Bruce V. Spiva and Kathleen R. Hartnett (collectively Spiva & Hartnett) move the Court to permit their withdrawal as counsel in the above-captioned matter.[2] On September 20, 2007, Plaintiffs Janet Howard, Joyce E. Megginson and Tanya Ward Jordan ("Plaintiffs"), moved the Court to extend Plaintiffs' time to file a Second Amended Complaint on the grounds that Plaintiffs were terminating their counsel, Sanford, Wittels & Heisler, LLP ("SWH"), and the Court granted that extension on September 24, 2007.[3] The counsel termination letter attached to Plaintiffs' motion

---

[1] Pursuant to Local Civil Rule 7(m), Spiva & Hartnett attempted to contact opposing counsel to determine whether they would oppose this motion, but had not received a response prior to filing.
[2] No trial date has been set in this matter. Plaintiffs in their September 20 and October 4, 2007 filings have indicated that they have dismissed all other counsel in this action and seek to proceed *pro se* in the event they are not able to find substitute counsel. Even though the dismissed counsel have not yet filed notices of withdrawal, in an abundance of caution, Spiva & Hartnett seek the Court's leave to withdraw pursuant to L.Cv.R. 83.6(c).
[3] In addition, on October 4, 2007, Plaintiffs filed a Motion to Proceed as *Pro Se* Litigants which indicates that they

was addressed only to SWH, however, it is apparent from Plaintiffs' motion, in that it seeks additional time to find entirely new counsel, that Plaintiffs did not intend to retain Spiva & Hartnett as counsel in this matter. Undersigned counsel has since confirmed that understanding with Plaintiffs.[4]

Plaintiffs have the right to choose their own counsel. *See* Comment to D.C. Rule of Professional Conduct 1.16 ("A client has a right to discharge a lawyer at any time, with or without cause . . . ."). In addition to Spiva & Hartnett's withdrawal being consistent with Plaintiffs' choice, Spiva & Hartnett desire to withdraw as counsel. Spiva & Hartnett entered this matter in September 2006 to provide support to lead counsel SWH and neither the Plaintiffs nor counsel ever intended Spiva & Hartnett to become lead counsel in this matter.[5] Finally, Plaintiffs have filed with the Court a notice of their intention to proceed *pro se* should they not find substitute counsel in the timeframe permitted by the Court's order of September 24, 2007.[6]

For the above reasons, Spiva & Hartnett respectfully request that the Court grant their

---

have also dismissed Grant Morris and the Law Office of Grant Morris as counsel.

[4] Undersigned counsel requested that the Plaintiffs sign a consent to withdrawal form, however, Plaintiffs indicated that they would prefer to submit their own notice to the Court indicating that they would proceed *pro se* if they could not find substitute counsel, which they did in their October 4, 2007 Plaintiffs' Motion to Proceed as *Pro Se* Litigants.

[5] Continuing as counsel in this matter now that lead counsel has been dismissed by the clients would impose an "unreasonable financial burden" upon Spiva & Hartnett. D.C. Rules of Professional Conduct 1.16 (b)(4).

[6] Undersigned counsel has offered to provide Plaintiffs names of other attorneys who may be able to take their case, and will cooperate to the greatest extent practicable to help Plaintiffs find substitute counsel.

motion to withdraw as counsel in this matter.

Dated:  October 5, 2007 Respectfully submitted,

/s/ Bruce V. Spiva
Bruce V. Spiva (D.C. Bar No. 443754)
  bspiva@spivahartnett.com
Kathleen R. Hartnett (D.C. Bar No. 483250)
  khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
Tel:  (202) 785-0601
Fax:  (202) 785-0697

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically on this 5th day of October, 2007 upon the following counsel of record:

>Peter Smith, Esq.
>Megan Rose, Esq.
>United States Attorney's Office
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530
>(202) 307-0372
>
>David W. Sanford, DC Bar No. 457933
>Shayna M. Bloom, DC Bar No. 498105
>Meenoo Chahbazi, Admitted Pro Hac Vice
>**SANFORD, WITTELS & HEISLER, LLP**
>1666 Connecticut Ave., NW
>Suite 310
>Washington, D.C. 20009
>Telephone: (202) 742-7780
>Facsimile: (202) 742-7776
>
>Grant E. Morris, DC Bar No. 926253
>**LAW OFFICES OF GRANT E. MORRIS**
>1666 Connecticut Ave., NW
>Suite 310
>Washington, D.C. 20009
>Telephone: (202) 742-7783
>Facsimile: (202) 742-7776

A copy of the foregoing was also served, with the notice incorporated below in conformance with Local

Civil Rule 83.6(c), by electronic mail and U.S. Mail on the Plaintiffs at their last known addresses:

> Ms. Janet Howard
> P.O. Box 1454
> Spotsylvania, VA 22553
>
> Ms. Tanya W. Jordan
> 13003 Keverton Drive
> Upper Marlboro, MD 20774
>
> Ms. Joyce E. Megginson
> 310 Bogota Drive
> Fort Washington, MD 20744

/s/ Bruce V. Spiva

**NOTICE TO PLAINTIFFS HOWARD, JORDAN AND MEGGINSON:** You have notified the Court that if you cannot find substitute counsel, you intend to proceed with this matter *pro se* (without an attorney). If you intend to object to the withdrawal of Spiva & Hartnett LLP, Bruce V. Spiva, and Kathleen R. Hartnett (collectively "Spiva & Hartnett"), you are required by Local Civil Rule 83.6(c) to notify the Clerk of the United States District Court in writing within five business days of the day you receive this Motion by U.S. Mail. Because you are being formally served by mail, you may add an additional three business days, so you have a total of eight business days from the date you receive this Motion by mail to notify the Clerk if you intend to object to Spiva & Hartnett's withdrawal.