# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARLOS M. GUTIERREZ, Secretary, <br> United States Department of Commerce, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-01968 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DECLARATION OF KATHRYN H. ANDERSON**

I, Kathryn H. Anderson, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following are true and based on my personal knowledge:

1. I am over the age of 18 and am fully competent to make this declaration.

2. I am the Chief, Administration and Special Projects Division, Office of Civil Rights at the United States Department of Commerce. I report directly to the Director, Office of Civil Rights, which is in the Office of the Chief Financial Officer and Assistant Secretary for Administration. The Office of Civil Rights works to ensure equal opportunity and accessibility for users of programs and services operated or funded by the Department, and equal opportunity for Commerce employees and job applicants.

3. One component of my official duties is to monitor and track all complaints against the Department alleging discrimination or retaliation. My office has developed a computerized system, called "EEO Track" that contains information that allows us to access our office files on those complaints.

4. These files are maintained in the regular course of business, and I reviewed those records pertaining to the individuals named in this action. The results of that review follow:

5. Regarding Plaintiff Janet Howard, office records show that Plaintiff Howard has filed twenty-five (25) formal complaints and two (2) informal complaints of discrimination against the Department:

Howard 1: Agency Complaint No. 88-51-00510 (filed April 21, 1988) alleged failure to promote and discriminatory performance evaluations on the bases of race and sex. Following an administrative hearing the Department rejected the Administrative Judge's finding of discrimination and issued a finding of no discrimination on October 8, 1991. EEOC's Office of Federal Operations affirmed the finding of no discrimination on June 30, 1992 (EEOC Appeal No. 01920393).

Howard 2: Agency Complaint No. 88-51-01020 (filed August 1, 1988) alleged failure to promote and discriminatory performance evaluation on the bases of race and sex. Following an administrative hearing the Department rejected the Administrative Judge's finding of discrimination and issued a finding of no discrimination on October 8, 1991. EEOC's Office of Federal Operations affirmed the finding of no discrimination on June 30, 1992 (EEOC Appeal No. 01920393).

Howard 3: Agency Complaint No. 90-51-01020 (filed July 8, 1990) alleged failure to promote based on race. Howard 3 was settled on July 11, 1994.

Howard 4: Agency Complaint No. 94-67-00800 (filed November 19, 1993) alleged retaliation in the assignment of duties and performance appraisals. Howard 4 was settled on July 11, 1994.

Howard 5: Agency Complaint No. 95-67-00260 (filed November 2, 1994) alleged retaliatory failure to promote. On September 5, 1997, a decision was issued finding no discrimination. EEOC's Office of Federal Operations sustained the finding of no discrimination on September 22, 1999 (EEOC Appeal No. 01980179).

Howard 6: Agency Complaint No. 95-67-02780 (filed March 22, 1995) alleged discrimination on the bases of race and retaliation with regard to failure to promote, assignment of duties, performance evaluations and awards. Howard 6 was filed as a class action. Howard 6 was withdrawn from the administrative process with the filing of the instant civil action.

Howard 7: Agency Complaint No. 95-67-03960 (filed July 20, 1995) alleged discrimination in promotion on the bases of race and sex. On September 5, 1997, a finding of no discrimination was issued. EEOC's Office of Federal Operations sustained the finding of no discrimination on September 22, 1999 (EEOC Appeal No.

01980179).

Howard 8: Agency Complaint No. 96-67-01940 (filed March 6, 1996) alleged failure to promote based on sex and race. On September 5, 1997, a finding of no discrimination was issued. EEOC's Office of Federal Operations sustained the finding of no discrimination on September 22, 1999 (EEOC Appeal No. 01980179).

Howard 9: Agency Complaint No. 96-67-03650 (filed October 15, 1996) alleged that Howard received a reprimand or was held to a higher standard of conduct in retaliation for prior protected activity. On August 1, 1997, a decision finding no discrimination was issued. Plaintiff Howard filed a civil action based on the allegations in Howard 9. That action closed with a finding of no discrimination on March 30, 1999.

Howard 10: Agency Complaint No. 97-67-00430 (filed December 12, 1996) alleged retaliatory performance evaluation/appraisal. On August 27, 1997 a decision was issued finding no discrimination. Plaintiff Howard filed a civil action (CV 97-2877) based on the allegations in Howard 10. That action closed with a finding of no discrimination on March 30, 1998.

Howard 11: Agency Complaint No. 98-67-00270 (filed March 3, 1996) alleged discrimination on the bases of race and reprisal in the assignment of duties, awards, and performance evaluations. Following an administrative hearing, the Agency accepted the Administrative Judge's recommendation and issued a finding of no discrimination on August 16, 1999.

Howard 12: Agency Complaint No. 99-67-00140 (filed March 1, 1999) alleged retaliatory failure to promote. A decision finding no discrimination was issued on February 7, 2000.

Howard 13: Agency Complaint No. 99-67-00722 (filed August 25, 1999) alleged failure to promote on the bases of race, age, disability, color, and retaliation. Howard 13 was dismissed as untimely filed on October 27, 1999.

Howard 14: Agency Complaint No. 00-67-03254 (filed September 6, 2000) alleged failure to provide training based on age, disability, race, color and retaliation. Howard 14 was dismissed for failure to state a claim on December 7, 2000. EEOC's Office of Federal Operations remanded the case to the Agency for investigation

|  |  |
|---|---|
|  | (EEOC Appeal No. 01A12665, EEOC Request No. 05A10801). Howard 14 was consolidated with Howard 6 as part of the administrative class action that was dismissed with the filing of the instant civil action. The last action taken on the case as an individual administrative complaint was to issue the Report of Investigation on September 3, 2002. |
| Howard 15: | Agency Complaint No. 01-67-00128 (filed February 8, 2001) alleged failure to promote based on race, color, age, disability, and retaliation. Howard 15 was consolidated, along with Howard 14, with Howard 6 as part of the administrative class action that was dismissed with the filing of the instant civil action. The last action taken on the case as an individual administrative complaint was to issue the Report of Investigation on September 3, 2002. |
| Howard 16: | Agency Complaint No. 01-67-00321 (filed August 24, 2001) alleged harassment on the bases of age, disability, color, national origin, and retaliation. The Agency accepted an Administrative Judge's recommended decision and issued a decision finding no discrimination on May 5, 2004. Plaintiff Howard filed a civil action, No. 04-756, and these allegations, along with the allegations in Howard 18, below, were the subject of additional proceedings in the United States District Court for the District of Columbia. *See Howard v. Gutierrez*, 405 F. Supp. 2d 13 (D.D.C. 2005), 23 F.R.D. 310 (D.D.C. 2006). |
| Howard 17: | Agency Complaint No. 02-67-00037 (filed January 2, 2002) alleged discrimination on the bases of age, disability, color, race, and retaliation in performance evaluations. Howard 17, along with Howard 14 and Howard 15, was consolidated with Howard 6 as part of the administrative class action that was dismissed with the filing of the instant civil action. The last action taken on the case as an individual administrative complaint was to issue the Report of Investigation on September 3, 2002. |
| Howard 18: | Agency Complaint No. 03-67-00036 (filed December 17, 2003) alleged failure to accommodate and discriminatory performance appraisal based on age, disability, national origin, race, and retaliation. By order of the Administrative Judge assigned to the Howard 6 class action, Howard 18 was held in abeyance. The failure to accommodate claim was dismissed by OCR when Howard 16 was filed in federal court (Civil Action 04-0756 (PLF)). The Administrative Judge issued the order on December 18, 2005, dismissing the hearing request and ordering the Agency |

to hold the remaining claims in abeyance pending certification of Howard 6 in federal court. The last action taken on the case as an individual administrative complaint was that Howard requested a hearing on June 3, 2005.

Howard 19: Agency Complaint No. 04-67-00078 (filed March 25, 2004) alleged discrimination on the bases of age, disability, color, race, and retaliation in the granting of training and awards. Howard 19 was consolidated with Howard 18 for investigation. By order of the Administrative Judge assigned to the Howard 6 class action at the administrative stage, Howard 19 was held in abeyance. The last action taken on the case as an individual administrative complaint was that Howard requested a hearing on June 3, 2005.

Howard 20: Agency Complaint No. 05-67-00075 (filed May 25, 2005) alleged discrimination on the bases of age, disability, race, color, and retaliation in the granting of awards. Howard requested a hearing on March 16, 2006, but this case has been held in abeyance pending further proceedings in Howard 6.

Howard 21: Agency Complaint No. 05-67-00200 (filed December 20, 2005) alleged discrimination on the bases of age, disability, color, and national origin in the granting of training and travel. Howard requested a hearing on June 6, 2006. The Administrative Judge dismissed the case from hearing and remanded it to the Agency for a Final Agency Decision on February 9, 2007. The Agency issued a decision finding no discrimination on April 30, 2007. Howard appealed to the EEOC's Office of Federal Operations, but the Agency's decision was upheld on August 14, 2007 (EEOC No. 0120072499). On September 17, 2007, Howard requested reconsideration. The EEOC denied her request on October 25, 2007 (EEOC Request No. 0520070917).

Howard 22: Agency Complaint No. 06-67-00124 (filed August 15, 2006) alleged that in retaliation for prior EEO activity, Howard was denied permission to attend the Blacks in Government conference. Howard requested a hearing on September 15, 2006. Howard 22 was consolidated with Howard 21 by order of the Administrative Judge and is the subject of the same remand, Final Agency Decision, appeal, and request for reconsideration as Howard 21.

Howard 23: Agency Complaint No. 06-67-00207 (filed December 19, 2006) alleged that because of her race, national origin, age, disability, and in retaliation for her prior EEO activity, Howard was denied

|  |  |
|---|---|
|  | advanced sick leave. The Report of Investigation was issued on December 17, 2007 and on February 18, 2008, Howard requested a hearing. |
| Howard 24: | Agency Complaint No. 07-67-00010 (filed on February 16, 2007 and amended on March 27, June 19, July 31, and November 15, 2007) alleges that because of her race, color, national origin, sex, age, disability and in retaliation for her prior EEO activity, Howard was denied a detail opportunity, placed on a 90-day Performance Improvement Plan (PIP), received an unfair performance evaluation for Fiscal Year (FY) 2006, and because of the PIP, she was foreclosed from applying for two GS-13 vacancies in the Office of Export Enforcement. Howard also alleged that supervisory oversight of her performance while on the PIP was re-delegated several times. Howard's claim concerning her FY 2006 evaluation was dismissed as untimely filed. The remaining issues were accepted for investigation and consolidated with Howard 23. On November 15, 2007, Howard requested to amend Howard 24 to include her FY 2007 performance rating and the issuance of a new PIP. The Agency denied that request, and these claims became the subject of a subsequent complaint, Howard 25. The Report of Investigation on Howard 23 and the accepted claims in Howard 24 was issued on December 17, 2007 and on February 18, 2008. Howard requested a hearing. |
| Howard 25: | Agency Complaint No. 08-67-00033 (filed February 5, 2008) alleges that because of her race and in retaliation for her prior EEO activity, Howard was placed on a second PIP. This case is under review for acceptance or dismissal. |
| Howard 26: | Agency Complaint No. 95-67-00385 never became formal. Howard received her Notice of Right to File a Discrimination Complaint on July 7, 1995. The Agency case tracking system does not contain any data on the bases or issues raised in this complaint. |
| Howard 27: | Agency Complaint No. 08-67-00082 is still in the informal stage. Howard received her Notice of Right to File a Discrimination Complaint on February 20, 2008. She alleges discrimination in awards and performance evaluations dues to her race and in retaliation for prior EEO activity. |

6. Regarding Plaintiff Tanya Ward Jordan, office records show that Plaintiff Jordan has filed eight (8) formal complaints of discrimination against the Department:

Jordan 1: Agency Complaint No. 96-51-01100 (filed November 22, 1996) alleged failure to promote and discrimination in assignment of duties and awards based on race and sex. Jordan 1 was resolved by settlement dated June 17, 1998. Ms. Jordan alleged breach of the agreement, but the Agency's finding of no breach was sustained by EEOC's Office of Federal Operations on July 26, 2001 (EEOC Appeal No. 01A12260).

Jordan 2: Agency Complaint No. 97-51-01890 (filed April 14, 1997) alleged failure to promote and discriminatory performance evaluation based on race. Jordan 2 was resolved by settlement dated June 17, 1998. Jordan alleged breach of the agreement, but the Agency's finding of no breach was sustained by EEOC's Office of Federal Operations on July 26, 2001. (EEOC Appeal No. 01A12260)

Jordan 3: Agency Complaint No. 97-51-01891 (filed April 14, 1997) alleged failure to promote based on race. Jordan 3 was dismissed on July 2, 1997, for failure to seek timely counseling.

Jordan 4: Agency Complaint No. 98-51-00690 (filed December 16, 1997) alleged discriminatory performance evaluation based on race. Jordan 4 was resolved by settlement dated June 17, 1998. Jordan alleged breach of the agreement, but the Agency's finding of no breach was sustained by EEOC's Office of Federal Operations on July 26, 2001. (EEOC Appeal No. 01A12260).

Jordan 5: Agency Complaint No. 99-51-00707 (filed June 21, 1999) alleged discrimination in the processing of prior complaints and was dismissed for failure to state a claim on August 19, 1999. The Agency's dismissal was sustained by the EEOC's Office of Federal Operations on May 30, 2001. (EEOC Appeal No. 01A00094)

Jordan 6: Agency Complaint No. 00-51-03163 (filed October 2, 2000) alleged failure to promote to the position of Diversity Program Manager. Jordan 6 was subsumed into the <u>Janet Howard</u> class action (Howard 6). The case has been held in abeyance pending proceedings on Howard 6. The last action on the case as an individual administrative complaint was to issue the Report of Investigation on January 28, 2002.

Jordan 7:   Agency Complaint No. 03-51-00203 (filed December 16, 2003) alleged discrimination on the bases of race and disability, as well as failure to accommodate. Jordan 7 was dismissed on August 22, 2005, because Jordan had filed a civil action in U.S. District Court for the District of Columbia (Civil Case No. 04-0356 (RJL)) on the same allegations. On August 10, 2005, the Court issued a decision in favor of Defendant. The status of further proceedings at the District Court level is unclear, but it appears that Jordan's subsequent appeal and petition for rehearing were denied. Jordan v. Gutierrez, 2006 U.S. App. LEXIS 6185 (D.C. Cir. March 13, 2006); 2006 U.S. App. LEXIS 13412 (D.C. Cir., May 25, 2006)

Jordan 8:   Agency Complaint No. 05-51-00073 (filed May 23, 2005) alleged discriminatory performance appraisal based on reprisal and disability. The last action on the case as an individual administrative complaint was to issue the Report of Investigation on January 12, 2006.

7. Regarding Plaintiff Joyce Megginson, office records show that Plaintiff Megginson has filed fifteen (15) formal complaints of discrimination against the Department:[1]

Megginson 1:   Agency Complaint No. 95-61-01610 (filed February 3, 1995) alleged harassment on the bases of sex and race based upon criticisms of her work, a refusal to promote her to GS-11, and other allegedly offensive comments and actions. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 2:   Agency Complaint No. 95-61-01611 (filed February 3, 1995) alleged harassment on the basis of sex and race stemming from criticisms of her work, a refusal to promote her to GS-11, and other allegedly offensive comments and actions. This complaint was consolidated for processing with Complaint 95-61-001411 (Megginson 6), filed the same date. This complaint and all but two allegations in Complaint No. 95-61-01411 were held in abeyance pending the EEOC's disposition of class Complaint 95-

---

[1] Between February 3, 1995 and March 10, 1995, Megginson filed three complaints that were virtually identical: Complaint No. 95-61-01410 (Megginson 5), Complaint No. 95-61-01610 (Megginson 1) and Complaint No. 95-61-02550 (Megginson 4). At the time these complaints were filed, our practice was to treat claims that were segregated for processing as "sub-cases" of the original complaint. Subcases were denoted by adding an extra digit to the original case number. Thus, Complaint Nos. 95-61-01411 and 95-61-01412 are sub-cases of 95-61-01410. Complaint Nos. 95-61-01611 and 95-61-01612 are sub-cases of 95-61-01610.

8

|               |                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|---------------|----|

Megginson 3:   61-02550 (Megginson 4). On November 6, 1996, Megginson withdrew Megginson 4 as a class complaint and processing of Megginson 2 resumed. On November 6, 1997, Megginson requested a hearing on Megginson 2, but on August 11, 1998, she withdrew her request for a hearing. A final agency decision finding no discrimination was issued on August 24, 1999.

Megginson 3: Agency Complaint No. 95-61-01612 (filed February 3, 1995) alleged harassment on the bases of sex and race stemming from criticisms of her work, a refusal to promote her to GS-11, and other allegedly offensive comments and actions. The claims in this sub-case were identical to claims in Megginson 2 but had been assigned a second sub-case number to track Megginson's appeal of our April 20, 1995 decision to hold the claims in abeyance. The appeal was decided in the Agency's favor on May 30, 1996 (Appeal No, 09154477). Megginson 3 was dismissed for stating the same claims as Megginson 2 on November 26, 1996.

Megginson 4: Agency Complaint No. 95-61-2550 (filed March 10, 1995) alleged harassment on the bases of sex and race. Plaintiff Megginson originally filed Megginson 4 as a class action. The specific claims are identical to the claims set forth in Megginson 1, 2, and 3. On November 6, 1996, Megginson notified the EEOC that she no longer wanted to proceed as a class agent. Megginson 4 was remanded to the agency for processing as an individual complaint and dismissed for stating the same claim as Complaints 95-61-01411 and 95-61-01611 on November 26, 1996.

Megginson 5: Agency Complaint No. 95-61-01410 (filed March 10, 1995) alleged harassment on the bases of sex and race. The allegations in Megginson 5 through 7 concern criticisms of Megginson's work, denials of cash awards, unfair performance evaluations, improper assignment of duties, promotional refusals, and other allegedly offensive comments and actions. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings.

Megginson 6: Agency Complaint No. 95-61-01411 (filed March 10, 1995) alleged harassment on the bases of sex and race stemming from acts noted above in Megginson 5. It was consolidated with Megginson 2. A finding of no discrimination was issued on

9

|  |  |
|---|---|
|  | August 24, 1999. |
| Megginson 7: | Agency Complaint No. 95-61-01412 (filed March 10, 1995) alleged harassment on the bases of sex and race stemming from acts noted above in Megginson 5. The claims in this sub-case were identical to claims in Megginson 6 but had been assigned a second sub-case number to track Megginson's appeal of our April 20, 1995 decision to hold the claims in abeyance. The appeal was decided in the Agency's favor on May 30, 1996 (EEOC No. 09154477). Megginson 7 was dismissed for stating the same claim as Megginson 6 on November 26, 1996. |
| Megginson 8: | Agency Complaint No. 95-61-02660 (filed March 31, 1995) alleged failure to promote based on sex and race. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings. |
| Megginson 9: | Agency Complaint No. 95-61-03560 (filed August 23, 1995) alleged discrimination on the bases of race and sex. We are unable to locate the record of the specific nature of the claims. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings. |
| Megginson 10: | Agency Complaint No. 96-61-00520 (filed December 15, 1995) alleged discrimination in the assignment of duties based on the bases of race and sex. A finding of no discrimination was issued on September 19, 1997. Megginson filed a civil action on December 12, 1997, which was dismissed without prejudice. Our records show no further proceedings. |
| Megginson 11: | Agency Complaint No. 97-61-00160 (filed November 21, 1996) alleged harassment and denial of training on the basis of race due to the Agency's refusal to pay Megginson's travel and lodging costs for the Blacks in Government conference in Atlanta. A finding of no discrimination was issued on August 26, 1999. |
| Megginson 12: | Agency Complaint No. 97-61-00850 (filed February 19, 1997) alleged discrimination on the bases of race and sex when Megginson was denied a performance award, did not receive a timely performance evaluation and was pressured by her supervisor to sign an incomplete evaluation with which she |

10

disagreed. A finding of no discrimination was issued on August 26, 1999.

Megginson 13:   Agency Complaint No. 97-61-01450 (filed March 7, 1997) alleged discrimination on the bases of race, age, and sex in the assignment of duties when Megginson was assigned to a new supervisor who directed her to clean up a co-worker's office. A finding of no discrimination was issued on August 26, 1999.

Megginson 14:   Agency Complaint No. 98-61-00630 (filed March 27, 1998) alleged discrimination on the bases of race and sex in awards, performance evaluations, and promotions when the Agency gave her a 1997 rating of "Fully Successful" and only a small cash award and her supervisors refused to meet with her to discuss her rating and her request for a promotion by accretion of duties. A finding of no discrimination was issued November 2, 1999.

Megginson 15:   Agency Complaint No. 01-61-00339 (filed August 28, 2001) alleged harassment on the bases of age, disability, race, color and in retaliation for prior protected activity when Megginson's supervisor attempted to delay her access to personal files stored in her work area while she was on Worker's Compensation leave, the Agency required witnesses to be present while she reviewed her files, and that during this review, an Agency official confiscated one of her documents. A finding of no discrimination was issued on June 18, 2003. On appeal, EEOC's Office of Federal Operations sustained the finding of no discrimination on September 15, 2004 (EEOC No. 01A34978).

_[signature]_
Kathryn H. Anderson
Chief, Administration and
 Special Project Division
Office of Civil Rights
U.S. Department of Commerce

FEB 2 1 2008
Date