# EXHIBIT
# 4

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## AGAINST THE U.S. DEPARTMENT OF COMMERCE

*Recvd 11:0*

OCR Use
IPLAINT NUMBER: *00-67-03254*     FILING DATE: *4/6/00*    *9/6/00*

## INFORMATION ABOUT YOU

Name *Janet Howard*     Social Security Number

Address *P.O. Box 1454*     Home Phone *(540) 595-5777*

City/State *Spotsylvania, VA*   Zip Code *22553*    Work Phone *(202) 457-0717*

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name    **NOTE:** You do not have to have a representative.

Address    Phone (    )

Fax (    )

City/State     Zip Code    Is your representative an attorney? ❑ Yes ❑ No

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
*BXA / OEA*

Did you work for the Department of Commerce at the time ? ☒ Yes ❑ No  If yes, what was your position (title/series/grade), office, and bureau? *Export Compliance Spec. GS-12/2 -1801 OEE / OEA*

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and **include dates.** If you need more space, attach an extra page(s). *See Attached Pages*

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details.  For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☒ Race      ❑ National Origin

☒ Color      ☒ Age

❑ Religion      ☒ Disability

☒ Sex      ❑ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ❑ No  Counselor's name?

Did you file a grievance under a negotiated grievance procedure? ❑ Yes ☒ No  Filing date(s)?

Did you file a Merit Systems Protection Board (MSPB) appeal? ❑ Yes ☒ No  Filing date(s)?

*Janet Howard*       *9/12/2000*

**SIGN HERE ( OR HAVE YOUR ATTORNEY SIGN FOR YOU)**      **DATE ( MONTH/DAY/YEAR)**

September 6, 2000

On August 14,200 an agency wide e-mail fromSecretary Bill Reinsche of the Bureau of Export Administration (BXA) was released for all BXA employees who were interested in attending the Blacks In Government(BIG) Conference held this year at the Marriott Wardman Park Hotel In Washington, D.C.  Secretary Reinsch's e-mail instructed any interested party to contact Bill Arvin, the Secretary's designee to coordinate this first time ever agency wide practice.  I contact Mr. Arvin by e-mail as well as numerous other BXA employees.  Some BXA  employees contacted  Mr. Arvin in person.  In my e-mail to Mr  Arvin I expressed my interest in attending the conference and reminded him that I lived out side of the 50 miles radios and needed accommodations in order to have **full** participation in the conference.  I Followed the procedure use in 1999 when I attended the Blacks In Government Conference Held in New Orleans .  This procedure was to submit a per-diem request to  Linh, BXA's budget officer to determine if monies were available to cover per diem cost.  I told Mr. Arvin in my e-mail that I had left a telephone message for Linh to call me. since I was Acting Director during this time in  Carol Bryants absence .  Mr. Arvin never responded to my e-mail.  Instead, I was told by the Acting Director of OEA Donald Lyles that Mr  Arvin forwarded my e-mail to EE's Assistant Secretary Amanda Debusk.

At the close of the day in the presence of witnesses, Mr. Lyles accused me of not following the chain of command because I e-mailed Mr. Arvin. Further, he said that Assistant Secretary Debusk had called him on the carpet for my e-mail.  The Secretary of BXA's e-mail specifically said to contact Mr. Arvin.   I contacted Mr. Arvin,  so did numerous others BXA employees. However, I was the only employee accused of not following the "**chain of command**".

Upon her return to work ,my immediate supervisor Carol Bryant who is very knowledgeable and experienced in coordinating this type of unusual travel situation tried by duplicating the procedure she used to make the Blacks in Government 1999 conference training possible for me to attend.  But her efforts were blocked by Acting Director Donald Lyles.

The 8/17/200 e-mail I received from my immediate supervisor Carol Bryant indicate that there was fourth quarter funding from OEA's remaining Fy 2000 training budget. In addition, an  e-mail dated 8/12/200 from Mark Menefee to Thailia Griffin confirmed that there was money in either EE or EA's budget to cover the per diem cost.  The Department's Travel Handbook "Special Transmittal (ST)95-4 revised policy (B) states "Under unusual circumstances, the authorizing official may authorize per diem on a case-by case basis, based upon commuting time or distance, the location of the employees residence and official station, or the nature of the temporaty duty as it relates to the programmatic mission of the bureau operating unit.

Mr. Lyles says that policy prevented BXA from paying per-diem for me because my work station and training is in the same city.  In 1998, BXA offered an agency wide training for all BXA employees in Washington, D.C.  at the Hyatt Grand located between 10 & 11 Street NW., about **ten block** from my duty station. The Bureau of Export Administration payed for one weeks per-diem, charges for garage, mileage and training.

The Blacks in Government Conference training at Marriott Wardman is roughly **10 to 15 miles** from my duty station. yet I am denied per-diem. The Office of Personnel regulation regarding travel has not changed from 1998 to 2000. in fact it was revised in 1995 **(see DOC Travel Handbook Special Transmittal (ST) 95-4)**.

I am a Blacks in Government member, so I contacted BIG for assistance.  Vice President Tanya Ward-Jordan e-mail a letter to my immediate supervisor Carol Bryant and Donald Lyles explaining why it was necessary for me to attend the  conference training. Mr. Lyles did not respond back to Ms. Ward-Jordan's e-mail.  Ms. Ward-Jordan then forwarded the same e-mail to Secretary Bill Reinsche.

I surmised that Mr. Lyles was determined that I **not** attend the Blacks In Government conference.  Therefore. I sought council from the office of Civil Rights from Mrs Bernette Worthy.  Ms. Worthy assured me that she would speak to BXA Secretary Reinsche and Donald Lyles to see if we could remedy this situation without filing a EEO complaint.

**[NOTE:]*At this time no complaint had been filed.  EEO Officer Worthy was acting as mediator for me to Secretary Reinsche and Acting Director of OEA Donald Lyles*.** The Secretary of BXA said "**Since I had sought the council of the Office of Civil Rights, it was out of his hands.**"

As a reasonable person. I used every viable means to attend with out conflict the "**ONLY**" training available to be for the Fiscal year **2000**. I am the only African American employed with the Bureau of Export Administration  who is a Blacks In Government member and who's residence in terms of travel miles from this year's Blacks In Government Conference training location is in access of **100 miles one way**. Since the re-organization of OEA in 1983. I have lived in the same location and have worked in the same office.


These are the Facts:

1. The Secretary of BXA issued a open invitation for me to attend the Blacks In Government Conference.

2. The e-mail took in consideration the cost of training.

3. An e-mail from my immediate supervisor Carol Bryant indicated that there was available fourth quarter funding from OEA's remaining 2000 training budget to cover my travel per diem.

4. An e-mail from Mark Menefee to Thailia Griffin indicated that there was also funds in EE and/or EA's budget to cover my per diem.

5. In the pass BXA has paid for per diem for me to take training in Washington. D.C (my duty station).

.

6. There is no established policy by DOC or BXA that would preclude BXA from providing per diem for me to attend Blacks In government Conference Training.

7. Numerous attempts were made at the informal stage to negotiate with management for a simple remedy that would have prevent this formal complaint from being filed by (a) my immediate supervisor Carol Bryant; (b)Blacks In Government Vice President Tanya Ward-Jordan' and (c); EEOC Officer Bernadette Worthy.

7. These negotiation  attempts were rejected by (a) Acting Director of OEA Donald Lyle;
    (b) Under Secretary Amanda Debusk; and (c) Secretary of BXA Bill Reinsche.


ATTACHMENTS



JUL 1 4 2000

UNITED STATES DEPARTMENT OF COMMERCE
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

Gerald R. Reed
National President
Blacks in Government
1820 11th Street, N.W.
Washington, D.C. 20001

Dear Mr. Reed:

On behalf of the Honorable William M. Daley, Secretary of Commerce, thank you for your letter dated June 29, 2000, inviting the Department of Commerce (DoC) to participate in the Blacks in Government's (BIG) 22nd Annual National Training Conference (NTC) in Washington, D.C. We accept your invitation and the Department plans to participate in your NTC. In addition, we congratulate you on the occasion of BIG's 25th anniversary as a Professional Development Association.

With respect to your inquiry concerning the Department's support, we offer the following:

    *The Department plans to issue an electronic broadcast message to all DoC employees encouraging them to attend the NTC.
    *The Department plans to participate in your Agency Forum Program (AFP) by conducting a two-hour session for DoC personnel attending the NTC. Specific information regarding this session will be provided under separate cover.
    *Since the Department plans to participate in your AFP, we believe that our contribution through this program is the most opportune. Therefore, at this time, we have no additional recommendations for potential workshop presentations. However, the Department may provide recommendations for future NTCs.
    *Due to budgetary constraints, the Department is unable advertise in the NTC program booklet, but we certainly support your efforts in other ways (i.e, DoC personnel attending the conference, participation in the AFP, etc.).

Again, thank you for inviting the Department to participate in the upcoming National Training Conference and we look forward to working with you and your staff in the days ahead. If you have questions or need assistance, my point of contact for this action is Ms. Deborah Hayes. Ms. Hayes can be reached at (202) 482-4484.

Sincerely,

Lawrence N. Self
Acting Director, Office of Civil Rights

| | |
|---|---|
| **From:** | MARK MENEFEE |
| **To:** | BEREZOWSKY, LYNDON; GRIFFIN, THAILIA |
| **Date:** | 8/12/00 10:20AM |
| **Subject:** | BIG Training Conference |

Lyndon and Thailia,

Just to let you know where things stand on TG's training request:

Yesterday I met with Amanda, Dexter Price and Donald Lyles to discuss your request as well as the broader issue of what we should do to notify other potentially interested employees in EE about the conference, as well as how we could pay for it.

It was an interesting discussion because we learned that OEE, OEA and OAC handle individual training in very different ways, mainly due to the fact that OEA and OAC have their whole offices here in DC and OEE is spread out across the country. Also, OEE has more operational law enforcement training needs (firearms, computer evidence, surveillance, etc.) than the other offices, and obviously is much larger in size. Employees of those two offices have not initiated many, or any individual training requests this year, while OEE has had quite a few, at least until mid-year when I began denying all of them, other than retirement or firearms, due to the budget deficit.

Long story short, as we discussed the matter it became clear that we all wanted to support the BIG conference, but because of the differences in the way our respective offices were structured, we approached the problem of how to distribute scarce individual training funds fairly among employees quite differently. Also, this is coming up on us with short notice and, most importantly, late in the FY when we are being told by the Under Secretary and Admin that EE's budget is over $200k in deficit already.

Nonetheless, despite our different approaches to handling training requests, we all agreed we wanted to do more advance planning for the BIG conference next year in a way that would enable us to set aside some budget money early in the FY and encourage greater participation by our people, within that budget limitation.

For this FY, here is what will happen. Amanda, Anstr, Dexter, Donald and I went to U/S Reinsch late Friday and told him about the conference. Amanda requested funds for EE and specifically for your request. Reinsch agreed to use BXA funds to pay for the tuition for up to 10 employees this year. He said he would put out a memo to all of BXA, probably on Monday, informing people about the conference and offering to pay tuition. (Donald will write a draft for him Monday.) However, Reinsch said he would not pay for travel and per diem - that would have to be paid out of the budgets of EE and EA. (Obviously that weighs more heavily on OEE's budget than any other office in BXA, but this is nothing new.)

So this is where it stands. BXA will pay at least your tuition to the conference. We will take a quick look next week at how many in OEE express an interest in attending and from what duty stations, to estimate the likely total cost. Then we'll decide how many from OEE's field offices we can afford to pay travel/per diem. (This will be like a shortened version of the procedure we've used to select participants in the WIFLE in the past.)

Because of your long-time connection to BIG, and the emphasis we have placed in your memo on your recruitment efforts on behalf of OEE, it appears likely that Amanda will let OEE pay your travel and per diem as well as tuition. We aren't completely certain of that yet, but I bet it will turn out that we can. (Per Reinsch's directive, since OEE was not given a training budget for individual training requests, I'll have to "offset" your travel/per diem against some other budget category, such as gasoline, office supplies, or ammunition, which at least appear to the budget police to be on the positive side of our balance sheet right now. Not your problem, but that's actually the drill I have to go through these days Sure wish Lyndon would come to HQ and help me!)

Be sure to respond ASAP to Reinsch's e-mail next week, expressing your interest in having your tuition paid out of his funds. We should know by mid-week whether OEE can pay your travel/per diem.

Please contact Norma Curtis to arrange to pick up some of the WIFLE brochures, as well as the current vacancy announcement for SJFO, to hand out at the BIG conference. Once you find out when and where the conference will be held next year, please let Josephine and I know so we can try to set aside a budget category for it early in FY 01.

Although this all might seem like a lot of bureaucratic nonsense from MIFO's point of view, please bear with us. I think this is going to work out in a good way, for Thailia individually this year and for EE's support for BIG in the long run.

CC:        CURTIS, NORMA;  FONTANA MORAN, JOSEPHINE

| | |
|---|---|
| **From:** | BILL REINSCH |
| **To:** | BXA |
| **Date:** | 8/14/00 10:56AM |
| **Subject:** | Blacks in Government Conference |

Blacks in Government (BIG) is holding its 22nd Annual Training Conference in Washington. D.C. August 21-25, 2000. There are a limited number of slots for attendance at this seminar for interested persons within BXA. BXA central funds will cover the conference fee, but not travel or per diem.

BIG is a nonprofit, nonpartisan. professional development association that represents more than 2.5 million African-Americans employed in federal, state, and local governments. Individuals of all races participate in its conferences.

This year's conference theme is "World Class Performance Through Partnerships for Progress". This conference has the commitment of numerous federal agencies and has made arrangements for them to participate in discussions on a wide range of topics pertinent to career development in the federal public sector.

If you are interested in attending, BXA will consider applicants for training on a first come first served basis -- send Bill Arvin an e-mail if you plan to attend. BXA central funds will cover the conference fee, but not travel or per diem. Employees must have their supervisor's permission to attend the conference. Prospective attendees should complete and submit SF182, Training Request to Bill Arvin

Further information concerning the conference and agenda can be obtained at BIG's web site, www.bignet.org, or by contacting Mr. Jim Wilson BIG's Office Manager at 202/667-3280.

**From:**      JANET HOWARD
**To:**         ARVIN  WILLIAM
**Date:**      8/14/00 11:35AM
**Subject:**   BIG Training

Bill, I definitely want to attend, however. un like  others. I am in need of lodging for the week from August 21- 25.   I am outside of the 50 miles radios   Can you help me?  I 've tried to contact Linh this morning to make arrangements in Carol's absence, my call has not been returned yet

You can reach me on 482-0717  Thanks Bill!!

| From: | "Tanya Jordan" <TJordan2@doc gov> |
| To: | <CBRYANT@BXA DOC.GOV>, <DLYLES@BXA DOC GOV> |
| Date: | 8/16/00 6:02PM |
| Subject: | Ms. Howard's Training Request |

Dear Mr Lyles and Ms. Bryant,

As Vice President of Blacks In Government (BIG)-Main Commerce Chapter, I am writing to secure your approval for Ms. Janet Howard's full participation Blacks In Government's National Training Conference

This year's BIG conference is being held at the Marriott Wardman Park Hotel in Washington, D.C from August 21, 2000 through August 25. 2000. One of BIG's primary goals is to sponsor national efforts to promote the well-being, education, and professional development of African-Americans in Federal, State and Local governments  Our annual conference hosts a variety events, sessions and lecturers that hold forums beyond some employees normal working hours. To maximize the benefits that can be derived, many employees in the commuting area stay to benefit from the vast developmental opportunities provided. It is my understanding that Ms. Howard's residence falls beyond the "local commuting distance "  Therefore, absent official travel authorization, Ms. Howard's participation during the BIG conference would be sharply limited. Many forums like, Commerce's Agency Forum, scheduled on Monday, August 21 from 2 p m  to 5 p m  will extend beyond Ms Howard's working hours and subsequently commuter rail schedule. (Note. Other seminars are scheduled later in the evening throughout the week)

Because Ms. Howard, unlike many other Commerce Employees, is both an BXA employee and "an active member serving on the Commerce BIG's Communication Committee" it is most fitting that I submit this request to you. It is also appropriate that I share with you the memo dated August 2. 1995 to all holders of the Travel Handbook (ST- 95-4) page 2 paragraph 3B ). Perhaps this guidance will provide you with some insight in handling Ms  Howard's training request  Specifically. Travel Handbook (Special Transmittal ST-95-4) page2 paragraph 3B } permits designated officials, on a case-by-case basis, the authority to authorize  travel per diem to employees to attend conferences in the vicinity of an employee's official duty station under "unusual circumstances". Such "unusual circumstances" - "may be based on the location of the employee's residence and official station "   Upon reading the applicable Travel Handbook cite, I later conferred with Ms  Sandy Kazimer, the Travel Specialist who actually wrote the Department's travel policy, to ensure that my interpretation was correct

Should you have any questions regarding the Department's travel policy Ms Kazimer can be reached on 482-1818   Should you like to contact me to discuss BIG's training module I can be reached on 482-0233

I thank you in advance for your consideration with regards to this matter

Tanya Ward Jordan
Vice President, Main Commerce
Chapter. Blacks In

Government

**From:**      WILLIAM ARVIN
**To:**        HOWARD, JANET
**Date:**      8/16/00 2 48PM
**Subject:**   BIG Conference

You are on the list of people whose conference fee will be covered by BXA central funds. Please send or take your training form to Gay Shrum  The fee amount should go in box 21(a) (Tuition)  The accounting code for the fee is 0/298000/6A9814  As noted in Mr Reinsch's e-mail. this code may not be used to pay for other costs such as travel or per diem

Enjoy the conference and call or e-mail if you have questions


**CC:**        LYLES, DONALD



**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

**AUG 2 1995**

### DOC TRAVEL HANDBOOK SPECIAL TRANSMITTAL (ST) 95-4

MEMORANDUM FOR    All Holders of the DOC Travel Handbook

FROM:             Sonya G. Stewart
                  Director for Executive Budgeting
                    and Assistance Management

SUBJECT:          Changes to the Department of Commerce Travel
                  Regulations

This Special Transmittal (ST) is being issued to provide
expedited, supplementary information to the DOC Travel Handbook.

1. **PURPOSE**

   This ST is issued to revise the Department's policy on the
   payment of per diem and travel expenses for official travel
   performed in close proximity to the official (permanent)
   duty station (the corporate limits of the city or town in
   which the employee is stationed) or place of abode/residence
   (place from which the employee regularly commutes to and
   from work).

2. **BACKGROUND**

   On July 5, 1994, Special Transmittal (ST) 94-2 to the DOC
   Travel Handbook was issued to revise the Department's policy
   on the payment of per diem expenses in close proximity to
   the official (permanent) duty station or place of abode
   (residence) by (a) removing any mileage restriction for the
   purposes of holding Departmentally-sponsored conferences or
   seminars, and (b) reducing the 50-mile radius prohibition
   for the payment of per diem to 30 miles for all other travel
   in the vicinity of the official duty station, assuming
   circumstances warrant the payment of per diem.

   Since the issuance of ST 94-2, a number of inquiries were
   received regarding this policy change.  Therefore, the
   policy was reviewed and a proposed revision was forwarded to
   bureau administrative officers for comments.  Based on the
   comments received, the policy on the payment of per diem and
   travel expenses for travel in the vicinity of the official
   duty station or residence is being revised as outlined
   below.

- 2 -

3. **REVISED POLICY**

    A.    Per diem will not be authorized or paid to employees who perform official travel or attend conferences in the vicinity of their official duty station (corporate limits of the city or town in which the employee is stationed) or residence (place from which employee commutes daily to their official duty station) <u>unless</u> the location of the travel or conference is more than 50 miles from both the official duty station and residence <u>and</u> the traveler is in an official travel status for more than 12 hours.

    B.    Under unusual circumstances, the authorizing official **may** authorize per diem on a case-by-case basis, based upon commuting time or distance, the location of the employee's residence and official station, or the nature of the temporary duty as it relates to the programmatic mission of the bureau/operating unit.

        If per diem is authorized, a travel order must be issued and the circumstances justifying the payment of per diem shall be provided.  A travel voucher must be prepared and submitted to the payment center in order to receive reimbursement.

    C.    A travel order is not required for official travel to an alternate work site performed within one calendar day when claiming only common carrier transportation costs or privately-owned vehicle costs such as mileage, parking, and tolls.  Reimbursement of these costs may be paid by imprest fund cashiers regardless of the total number of miles driven or the costs.

        However, only the travel costs exceeding the normal daily commuting costs will be reimbursed.  Employees who normally commute to their official duty station by carpool must determine their weekly commuting expenses and divide by five to determine their daily expense. Those employees who travel by vanpools or commuter bus and must pay regardless if they ride or not are not required to make a deduction for their normal commuting expenses since they are not saving any expenses by not reporting to their official duty station.

4. **EFFECTIVE DATE**

    The provisions of this ST are effective immediately.

- 3 -

**5.   ACTION TO BE TAKEN**

Before filing, this ST should be circulated to all travelers
for their information.   After circulation, this ST should be
filed in the <u>DOC Travel Handbook</u> at Chapter 301, Travel
Allowances, Part 301-4, Reimbursement for Use of Privately
Owned Conveyances, and Part 301-7, Per Diem Allowances.

**6.   INQUIRIES**

All inquiries regarding this transmittal should first be
directed to the travel contact in your bureau.   That
official will contact the Office of Executive Budgeting and
Assistance Management if Departmental-level assistance is
necessary to resolve an inquiry.

**7.   CODIFICATION/EXPIRATION**

The information contained in this ST will be codified in the
<u>DOC Travel Handbook</u>.

**From:**     CAROL BRYANT
**To:**       HOWARD, JANET
**Date:**     8/17/00 12.21PM
**Subject:**  Fwd: Ms Howard's Training Request

Janet - Based on the attached information provided by Ms. Tanya Jordan and since I'm acting for Donald today, I'm going to contact our budget representative Linh Nguyen (or whomever is acting on her behalf in her absence, which may be Andrea Jones) regarding available fourth quarter funding from OEA's remaining FY 2000 training budget and will provide to them the attached justification relating to your travel and per diem reimbursement request. As soon as I hear something back from budget, I'll let you know as the slots for this conference are going quickly according to an e-mail I received from Bill Arvin this morning. He wants to know ASAP if there are any other intended attendees.

Also, when completing your SF 182. please use accounting classification code 0/298000/6A9814 for tuition cost (BXA central funding) and if approved and funds are available for travel/per diem expenses out of OEA's existing training budget, obtain the appropriate accounting classification code from Markita to use for these costs. Also. after your SF 182 is signed, please deliver to Gay Shrum in Admin.

Thanks.


**CC:**       LYLES. DONALD

**From:**        CAROL BRYANT
**To:**          HOWARD, JANET
**Date:**       8/17/00 1.10PM
**Subject:**    Fwd: Ms. Howard's Training Request

Janet - Donald reviewed the attached e-mail and indicated to me that there was no need for my sending an e-mail to budget regarding travel or per diem reimbursement for the BIG Conference if you are in the local commuting area   Donald reiterated that he was advised last week that there are no "EE" funds available to cover any travel or per diem expenses for the BIG Conference if you are in the local commuting area (no exceptions).


CC:         LYLES, DONALD

| From: | "Tanya Jordan" <TJordan2@doc.gov> |
| To: | <BREINSCH@BXA.DOC GOV> |
| Date: | 8/18/00 11:13AM |
| Subject: | Blacks In Government Training |

Dear Mr  Reinsch

It is my understanding that you sent an e-mail encouraging Bureau of Export
(BXA) Administration's participation in the Blacks In Government (BIG)
conference  As Vice President of the BIG Main Commerce Chapter,  please know
that I sincerely appreciate your initiative in promoting this career
development and leadership training.

Because Ms. Janet Howard, a BXA employee is 'an active member serving on the
Commerce BIG's Communication Committee" I have personally contacted  the
Office of Export Analysis to request consideration for Ms  Howard's full
participation in the conference  Unfortunately, Ms. Howard, who is in need
of travel per diem,  has reported that her office has denied her request.  I
specifically wrote to the Acting Director. Mr  Donald Lyles to request his
consideration on this matter   Please note  as I stated in my e-mail to Mr
Lyles -- that Commerce's Travel  regulations make provisions for employees
like  Ms. Howard (employees outside the commuting area )

Resolving issues at the lowest level is always beneficial  It benefits both
the individual and office morale.  For this reason, I petition you to
consider Ms.Howard's request.  Do note, Ms  Howard's training will reduce, at
least in part,  any per diem you grant  This is true  because she is a BIG
member.  BIG members training fees are less than non-BIG members.   The
training fee of  a BXA employee, who is not a BIG member,  will exceed  the
cost of Ms. Howard's training fee  - by roughly $200 dollars   Perhaps this
savings, at the very least, could be applied to Ms  Howard's lodging

Your response to this e-mail would be most appreciated

                              Tanya Ward Jordan
                              Vice President, Blacks In Government
                              Main Commerce Chapter


CC:        <JHOWARD@BXA DOC GOV>

**From:**        "Tanya Jordan" <TJordan2@doc gov>
**To:**           <JHOWARD@BXA DOC GOV>
**Date:**        8/18/00 1:34PM
**Subject:**    fwd  Re. Blacks In Government Training

FYI
---------- Original Text ----------

From: "BILL REINSCH" <BREINSCH@bxa doc gov>, on 8/18/00 1 18 PM
To  Tanya Jordan@OEB@OEBAM

Thank you for your note.  I appreciate hearing from you.  Since Ms. Howard
has chosen to take this matter to the Department's Office of Civil Rights.
that takes it out of my hands for the time being  and we will need to let
that process go forward  I would only add that I was prepared to pay the
entry fees for up to 10 BXA employees. and I was pleased to see that that
many chose to take advantage of the opportunity.  That will be good for BXA
and I hope it will also be good for BIG.

>>> "Tanya Jordan" <TJordan2@doc gov> 08/18/00 10 12AM >>>
Dear Mr  Reinsch

It is my understanding that you sent an e-mail encouraging Bureau of Export
(BXA) Administration's participation in the Blacks In Government (BIG)
conference  As Vice President of the BIG Main Commerce Chapter,  please know
that I sincerely appreciate your initiative in promoting this career
development and leadership training

Because Ms  Janet Howard, a BXA employee is "an active member serving on the
Commerce BIG's Communication Committee" I have personally contacted  the
Office of Export Analysis to request consideration for Ms  Howard's full
participation in the conference  Unfortunately, Ms. Howard, who is in need
of travel per diem,  has reported that her office has denied her request.  I
specifically wrote to the Acting Director, Mr  Donald Lyles to request his
consideration on this matter  Please note, as I stated in my e-mail to Mr.
Lyles -- that Commerce's Travel  regulations make provisions for employees
like  Ms. Howard (employees outside the commuting area )

Resolving issues at the lowest level is always beneficial.  It benefits both
the individual and office morale  For this reason, I petition you to
consider Ms.Howard's request.  Do note, Ms  Howard's training will reduce, at
least in part,  any per diem you grant  This is true  because she is a BIG
member  BIG members training fees are less than non-BIG members  The
training fee of  a BXA employee, who is not a BIG member.  will exceed  the
cost of Ms. Howard's training fee  - by roughly $200 dollars  Perhaps this
savings, at the very least. could be applied to Ms  Howard's lodging.

Your response to this e-mail would be most appreciated

                       Tanya Ward Jordan
                       Vice President  Blacks In Government
                       Main Commerce Chapter

**From:**      "Bernadette M. Worthy" <BWorthy@doc.gov>
**To:**        <JHOWARD@BXA.DOC.GOV>
**Date:**      8/25/00 2:05PM
**Subject:**   Notice of Right to File

Good afternoon Janet:

I have prepared your notice of right to file a formal complaint and have it
available in my office. If you are in today, please stop by before 3 30 p m
to pick it up   I will be away from the office on Monday, August 28tn
However, I will leave the package with Barbara Toy in Room 6010, if you are
not able to retrieve it today

Do not hesitate to contact me if you have any questions
BMW

Bonnie Worthy
EEO Officer, Office of the Secretary
Office of Civil Rights
U S. Department of Commerce
(202) 482-8121
(202) 482-5375 (fax)



7 2009

# NOTICE OF FINAL DECISION

The Department of Commerce has decided to dismiss Equal Employment Opportunity (EEO) **Complaint Number 00-67-03254** filed by **Janet Howard** (hereinafter Complainant), an Export Compliance Specialist, GS-1801-12/2, in the Office of Export Enforcement, Bureau of Export Administration (Agency), U.S Department of Commerce (Department).

## BACKGROUND

The record shows that on August 14, 2000, the Agency announced it would cover the conference fee but not travel or per diem for (10) employees interested in attending the BIG conference (no exceptions). Employees were also advised that selection for attendance to the BIG conference would be on a "first come first served basis." Complainant requested attendance and travel and/or per diem expenses, as an exception to policy, since her residence was greater than 50 miles from the location of the conference. Complainant's request was denied, as it was determined that she was in the local commuting area. As a result of the denial of travel and/or per diem expenses, Complainant sought EEO counseling. Informal efforts to resolve Complainant's concern were unsuccessful. In this regard, the Agency offered to provide Complainant and all attendees' transportation from the Department of Commerce to the conference hotel site Complainant did not submit a training request for attendance to the conference and the record shows that she was present for duty during the conference week. On September 6, 2000, Complainant filed this complaint. On October 17, 2000. the EEO Officer for the Agency forwarded the complaint to the Office of Civil Rights for further processing

## STATEMENT OF CLAIM

Complainant alleges that because of her race, color, sex, age. disability[1] and in reprisal for prior activity protected under Title VII she was denied travel or per diem expenses needed in order to attend the Blacks in Government's (BIG) 22nd Annual Training Conference held in Washington, D.C., during the period August 21-25, 2000.

---

[1] Complainant failed to identify her race, color, age or disability on her formal Complaint of Employment Discrimination, dated September 12  2000, but received in the Office of Civil Rights on September 6 2000

## APPLICABLE LAW

Tile 29, Code of Federal Regulations (C.F.R.), section (§) 1614.107 provides for the dismissal of formal complaints of discrimination when certain circumstances exist. Specifically, complaints may be dismissed for (1) untimely contact with an EEO counselor; (2) untimely filing of the formal complaint; (3) failure to state a claim; (4) abuse of process; (5) states the same claim as a previous complaint; (6) filing of a civil action; (7) issue has been decided by a court of competent jurisdiction; (8) claim previously raised in a negotiated grievance procedure; (9) election to appeal to the Merits System Protection Board; (10) complaint alleges a preliminary step; (11) complaint is moot; and (12) complaint alleges dissatisfaction with the EEO process. The U.S. Supreme Court has stated that an employee is aggrieved when some personal loss or harm has been suffered with respect to a term, condition, or privilege of employment. See *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205 (1972).

The Equal Employment Opportunity Commission's (EEOC) federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. See *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 22, 1994). If a Complainant fails to identify an unresolved personal harm to a term, condition, or privilege of employment or to show that there is a potential for such harm, the person is not aggrieved and has failed to state a claim within the meaning of the regulations. See *Wait v. Aspin*, EEOC No. 05930848 (December 23, 1993).

To state a claim under EEOC regulations, an employee must allege and show an injury in fact. See *Hackett v. McGuire Bros.*, 445 F.2d 447 (3d Cir. 1971). "Specifically, an employee must allege and show a 'direct, personal deprivation at the hands of the employer,' that is, a present and unresolved harm or loss affecting a term, condition or privilege of his/her employment." *Id.* (Citing *Hammonds v. U.S. Postal Service*, EEOC Request No. 05900863 (October 31, 1990) and *Taylor v. U.S. Postal Service*, EEOC Request No. 05900367 (June 2, 1990).

Department of Commerce Travel Handbook Special Transmittal (ST) 95-4, states, in pertinent part, that per diem will not be authorized or paid to employees who perform official travel or attend conferences in the vicinity of their official duty station (corporate limits of the city or town in which the employee is stationed) or residence (place where employee commutes daily to their official duty station) unless the location of the travel or conference is more than 50 miles from both the official duty station and residence and the traveler is in an official travel status for more than 12 hours.

## ANALYSIS

I find that this complaint fails to state a claim under the provisions of 29 C.F.R. § 1614 103 and 1614.107(a)(1) as Complainant has failed to establish standing as "an aggrieved employee" within the context of EEOC laws and regulations, *i e*, suffered a

**By Facsimile:**
Facsimile Telephone (202) 663-7022 or (FTS) 989-7022

Time Frames: If an attorney does not represent the Complainant, the appeal must be filed within **30 calendar days** of receipt of this final order. If an attorney represents the Complainant, then the appeal must be filed within **30 calendar days** of the date the attorney received the Final Decision. See 29 C.F.R. § 1614.402(a).

Also, a copy of any appeal submitted must be sent to the Department, at the address cited below, at the same time it is filed with the EEOC, OFO. Any statement or brief in support of an appeal must be submitted to the Director, OFO, within **30 calendar days** of filing the appeal, and a copy must be provided to the Department at the following address:

> The Office of Civil Rights, Room 6012
> U. S. Department of Commerce
> Washington, D.C. 20230

2. File a civil action in Federal district court.

If a civil action is filed, Complainant must name the appropriate Department or Agency head as the defendant and provide his or her official title. Failure to name the head of the Department or Agency and/or the official title may result in the dismissal of the case. The appropriate Department or Agency is the Department of Commerce   The head of the Department of Commerce is Norman Y. Mineta, who is the Secretary of Commerce.

Time Frames: A civil action must be filed within **90 calendar days** of the date of receipt of the final order if no appeal has been filed. See 29 C.F.R. § 1614.408(a). If an appeal is filed, a civil action may be filed within **90 calendar days** after receipt of the EEOC's final decision on the appeal, or after **180 days** from the date of filing an appeal if there has been no final decision by the Commission.

Right to Request Court Appointment of Counsel: If Complainant decides to file a civil action, under Title VII or under the Rehabilitation Act, and does not have or cannot afford the services of an attorney, the Complainant may petition the court for appointment of an attorney. In such circumstances as the court may deem just, the court may appoint a lawyer to represent the Complainant and may authorize such services without payment of fees, costs, or other security. The grant or denial of the request for a court appointed attorney is within the sole discretion of the court. Filing a request for an attorney does not extend time limitations for filing a civil action. Both the request and the civil action must be filed within **90 calendar days** of the date of receipt of the EEOC's decision.

harm with respect to a term, condition or privilege of her employment. As previously stated above, to establish standing as "an aggrieved employee, Complainant must allege, first of all, that she has been injured in fact by an action of the agency. A careful review of the record fails to establish that Complainant has made such an initial showing. Specifically, Complainant was not aggrieved for purposes of Title VII protection because the issue in this case affected all employees in the same way, regardless of protected class. Thus, there was no remedy under the discrimination statutes. See *Jorgensen v. United States Postal Service*, EEOC Appeal Number 01950030 (September 8, 1995), citing *Tomasello v. Department of the Treasury*, EEOC Appeal Number 01942775 (June 29, 1994) (a generalized grievance shared by substantially all or a large class of individuals is not sufficient to establish standing) and *Diep v. United States Postal Service*, EEOC Appeal Number 01950141 (May 22, 1995) (EEOC reversed dismissal for failure to state a claim where denial of training only affected Complainant).

## DECISION

Inasmuch as Complainant has not provided any evidence showing that any employee was authorized per diem for attendance to the BIG conference or that she suffered any personal loss, *i.e.*, use of leave, hotel expenses, etc., I find that she has not shown that she suffered a present harm with respect to a term, condition or privilege of her employment. Accordingly, this complaint (00-67-03254) is dismissed under the provisions of 29 C.F.R. § 1614.107(a)(1) for failure to state a claim.

## RIGHT TO APPEAL OR FILE A CIVIL ACTION

If Complainant is not satisfied with the final action in this complaint, **one** of the two actions described below may be taken. Either action selected must be taken within the specified time frames.

1. Appeal the Final Decision to the Equal Employment Opportunity Commission by submitting the enclosed Notice of Appeal/Petition, EEOC Form 573, to the EEOC, Office of Federal Operations (OFO), using one of the following methods:

> **By Mail:**
> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P. O. Box 19848
> Washington, D.C. 20036

> **By Personal Delivery:**
> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> 1801 L Street, N.W.
> Room 5000
> Washington, D.C. 20507

## COMPLAINT NUMBER

The complaint number identified in the first paragraph on page 1 of this Final Decision
should be used on all official correspondence.

Lawrence N. Self
Deputy Director, Office of Civil Rights

12/7/00
Date Issued

encl

cc :    Bernadette M. Worthy, EEO Officer
        Office File
        Complaint File