# EXHIBIT
# 6

Form CD-498 (February 1999)                                           OMB Approval No. 0690-0015

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## AGAINST THE U.S. DEPARTMENT OF COMMERCE

| For OCR Use COMPLAINT NUMBER: *02 67 00037* | FILING DATE: *01·02·02* |
|---|---|

## INFORMATION ABOUT YOU

Name *Janet Howard*          Social Security Number ~~█████████~~

Address *P.O. Box 1454*          Home Phone (*510*) *895-5777*

City/State *Spotsylvania, VA*  Zip Code *22553*  Work Phone (*202*) *___*

## INFORMATION ABOUT YOUR REPRESENTATIVE

| Representative's Name | **NOTE:** You do not have to have a representative. |
|---|---|
| Address | Phone ( ) |
|  | Fax ( ) |
| City/State          Zip Code | Is your representative an attorney? ❑ Yes ❑ No |

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
*BXA IOEA*

Did you work for the Department of Commerce at the time ? ☑ Yes ❑ No  If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and **include dates.** If you need more space, attach an extra page(s).
*Violation of the Rehabilitation Act of 1973 Section 501, failure to Reasonable Accommodate, retaliation (marginal rating).*

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details.  For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

| | |
|---|---|
| ☑ Race | ❑ National Origin |
| ☑ Color | ☑ Age |
| ❑ Religion | ☑ Disability |
| ☑ Sex | ☑ Retaliation |

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s). *Reasonable Accommodation, marginal rating changed to Commendable, record purged of derogatory info, compensation for the injury.*

| Did you discuss this(ese) issue(s) with an EEO Counselor? ☑ Yes ❑ No  Counselor's name? |
|---|
| Did you file a grievance under a negotiated grievance procedure?   ❑ Yes ☑ No  Filing date(s)? |
| Did you file a Merit Systems Protection Board (MSPB) appeal?   ❑ Yes ☑ No  Filing date(s)? |

*Janet Howard*                          *1-2-2002*

SIGN HERE ( OR HAVE YOUR ATTORNEY SIGN )



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

| | |
|---|---|
| Janet Howard )<br>Complainant )<br> )<br>v. )<br> )<br>Donald L. Evans, Secretary )<br>U.S. Department of Commerce )<br> ) | Complaint No.: 02-67-00037 |

## NOTICE OF PARTIAL ACCEPTANCE FOR INVESTIGATION

This is the Department's decision to accept, in part, and dismiss, in part, matters raised
in the formal complaint of discrimination filed by Janet Howard (hereinafter
Complainant), an Export Compliance Specialist, GS-1801-12, Office of Enforcement
Analysis, Bureau of Export Administration (Agency), Department of Commerce
(Department).

### I.    Procedural History

The record shows that Complainant contacted an EEO Counselor on
November 21, 2001, alleging discrimination on the bases of her race (African-
American), color (Black), sex (Female), age (over 40 years), disability (high blood
pressure and work-related stress), and in retaliation for her prior EEO complaint activity.

The complaint was not resolved during the informal process and on
December 20, 2001, the EEO Counselor provided Complainant with a Notice of Right to
File within 15 Calendar Days, for which Complainant acknowledged receipt of on
December 31, 2001. On January 2, 2002, Complainant filed the instant complaint.

Exhibit_____Page_____

02-67-00037

## II.   Statement of Claims

Complainant alleges discrimination on the bases of her race (African-American), color (Black), sex (Female), age (over 40 years), disability (high blood pressure and work-related stress), and retaliation for her prior EEO complaint activity when:

1.   She was given a marginal performance evaluation for Fiscal Year 2001; and

2.   The agency denied her request for a reasonable accommodation.

## III.   Dismissal

### a.   Applicable Statutes

The regulations of the Equal Employment Opportunity Commission (EEOC), which govern the processing of Equal Employment Opportunity Complaints by Federal agencies (hereafter, the regulations), provide for the processing of:

Individual and class complaints of employment discrimination and retaliation prohibited by title VII (discrimination on the basis of race, color, religion, sex and national origin), the [Age Discrimination in Employment Act] ADEA (discrimination on the basis of age when the aggrieved individual is at least 40 years of age), the Rehabilitation Act (discrimination on the basis of handicap) or the Equal Pay Act (sex-based wage discrimination) . . . [and] . . . [c]omplaints alleging retaliation prohibited by these statutes . . .

Title 29, Code of Federal Regulations (C.F.R.) section (§) 1614.103(a) (1999).

EEOC regulations mandate dismissal of complaints when certain circumstances exist. Specifically, complaints may be dismissed for (1) untimely contact with an EEO counselor or failure to bring the matter to the attention of the counselor in a timely

Exhibit _____ Page _____

manner; (2) untimely fling of the formal complaint; (3) failure to state a claim; (4) abuse of process; (5) states the same claim as a previous complaint; (6) filing of a civil action; (7) issue has been decided by a court of competent jurisdiction; (8) claim previously raised in a negotiated grievance procedure; (9) election to appeal to the Merits System Protection Board; (10) complaint alleges a preliminary step; (11) complaint is moot; and (12) complaint alleges dissatisfaction with the EEO process. *See* 29 C.F.R. § 1614.107.

29 C.F.R. § 1614.107(a)(3) provides for the dismissal of a complaint, or portions thereof, where a civil case has been instituted with regard to the issues raised therein.

The proper inquiry to determine if dismissal of an administrative complaint is warranted is whether the issues in complainant's complaint and in the civil action are the same, that is, whether the acts of alleged discrimination are identical. *Curtis v. United States Postal Service*, EEOC Request No. 05910400 (May 9, 1991). Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the Federal district court. *See Shapiro v. Department of the Army,* EEOC Request No. 05950740 (October 10, 1996); *Stromgren v. Department of Veterans Affairs*, EEOC Request No. 05891079 (May 7, 1990); *Sandy v. Department of Justice*, EEOC Appeal No. 01893513 (October 19, 1989); *Kotwitz v. United States Postal Service*, EEOC Request No. 05880114 (October 25, 1988).

29 C.F.R. § 1614.107(a)(1) provides for the dismissal of a complaint, or portions thereof, that state the same claim that is pending before or has been decided by the agency.

The Equal Employment Opportunity Commission has consistently held that in order for a claim to be rejected under 29 C.F.R. § 1614.107(a)(1), the complaint must set forth "identical matters" raised in a previous complaint filed by the same complainant. *See*

02-67-00037

*Terhune v. U.S. Postal Service,* EEOC Request No. 05950907 (July 18, 1997); *Russell v. Department of the Army,* EEOC Request No. 05910613 (August 1, 1991) (interpreting 29 C.F.R. § 1613.215(a)(1), the predecessor of 29 C.F.R. § 1614.107(a)(1).

### b.    Analysis of Claims

The record reflects that Complainant filed a civil action in the United States District Court for the District of Columbia. A reading of the complaint filed in Federal court discloses that issue 2 was as well as before the agency in complaint number 01-67-00321 raised in the civil action. Specifically, on December 26, 2001, the Department notified the Complainant that complaint number 01-67-00321 was pending before the agency, while awaiting the outcome of her court action.

**Finding.** Issue 2 has been subsumed within the allegations of the Federal district court complaint and for that reason is hereby dismissed pursuant to 29 C.F.R. § 1614.107(a)(3). Furthermore, the same issued is pending before the agency contained in complaint number 01-67-00321, and therefore is appropriate for dismissal pursuant to 29 C.F.R. § 1614.107(a)(1).

### IV.    Acceptance

The Department of Commerce has accepted the following bases and claim for investigation:

Complainant alleges discrimination on the bases of her race (African-American), color (Black), sex (Female), age (over 40 years), disability (high blood pressure and work-related stress), and retaliation for her prior EEO complaint activity when she received a marginal performance evaluation for Fiscal Year 2001.



Exhibit ___ Page ___

02-67-00037

## V.    Your Rights and Responsibilities

➢    If Complainant believes that the issue in this complaint has not been correctly
     identified, he/she should notify the Chief, Compliance Division at the address
     shown below, in writing within **15 calendar days** after receipt of this Notice,
     specifying why he/she believes that the issue has not been correctly identified.

➢    An Investigator will soon contact Complainant or the designated representative, if
     applicable, to receive Complainant's sworn or affirmed statement and the
     evidence he/she possesses. Complainant and/or the designated representative
     will receive a copy of the final Report of Investigation upon its completion.

➢    The investigation must be completed by **July 1, 2002**, unless the Complainant
     and the Department agree on an extension. *See* 29 C.F.R. § 1614.108(e).
     Therefore, it is essential that, when the Investigator asks for the information to
     support the complaint, Complainant or the designated representative promptly
     provide it.

➢    A formal complaint may be amended at any time before the investigation is
     completed. *See* 29 C.F.R. § 1614.106(d). New claims must be like or related to
     the claims raised in the original complaint. For example, if the original complaint
     concerns a Performance Improvement Plan, a new claim concerning a
     subsequent performance rating would be "like or related." A new claim
     concerning time and attendance would not. If the complaint is amended, the
     investigation must be completed within 180 days from the date of the amendment
     or no more than 360 days from the date of the original complaint was filed,
     whichever comes first. If it is determined that the new claim is not like or related
     to the original complaint, Complainant will be notified of his/her right to seek EEO
     counseling.

Exhibit _____ Page _____

02-67-00037

➢    If more than one complaint is filed, the Agency is required to consolidate all the
      complaints for processing. The investigation of consolidated complaints must be
      completed within 180 days of the filing date of the latest complaint or 360 days
      from the filing date of the first complaint, whichever comes first.

➢    Complainant may request a hearing before the Equal Employment Opportunity
      Commission (EEOC) at any time after 180 days have passed from the date
      he/she filed the original complaint. Complainant must file his/her request with the
      EEOC office specified in the Acknowledgment Memorandum, dated
      January 23, 2002, and a copy of the request must be provided to this office.

➢    At this time, Complainant does not have the right to appeal the dismissed issues
      cited above until final action is taken on the remainder of the complaint or
      consolidated complaints. However, the dismissed portion is reviewable by an
      EEOC administrative judge if a hearing is requested or by this office if no hearing
      is requested. Complainant will be fully advised of his/her appeal rights after
      adjudication of the entire complaint(s).

➢    Complainant may request Alternative Dispute Resolution (ADR) at any time
      during the processing of the formal complaint. To ensure that the complaint is
      investigated within the time required by EEOC regulations, investigation of the
      complaint will continue during the time Complainant and the Agency are engaged
      in ADR. Not all cases are appropriate for ADR. Complainant should consult the
      Office of Civil Rights' *ADR Program Guide* for more information.

For Complainant's information, an information sheet on EEO Complaint Investigations
has been enclosed.

Exhibit Y1 Page 6

02-67-00037

Amendments to formal complaints, copies of hearing requests and requests for corrections to the statement of claims may be sent to me at:

> Kathryn H. Anderson
> Chief, Compliance Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D. C. 20230

Requests for ADR or for a copy of the *ADR Program Guide* should be addressed to the servicing EEO Officer or:

> Roslyn D. Hoover
> EEO ADR Manager
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D.C. 20230

*Kathryn H. Anderson*

Kathryn H. Anderson
Chief, Compliance Division
Office of Civil Rights

FEB 2 2 2002

_____

Date Issued

Enclosure

Exhibit _____ Page _____

02-67-00037

## Certificate of Service

I attest that a copy of this Notice of Partial Acceptance has been sent to the parties listed below:

By Certified Mail:

Janet Howard
P.O. Box 1453
Spotsylvania, VA 22553

Other:

Bernadette Worthy
EEO Officer, O/S

Investigative Team

Complaint File (Tab F)

OCR Chron File

_Melissa Casey_
Signature
_2/21/02_
Date

Exhibit _____ Page _____