# EXHIBIT 11

# Complaint of Employment Discrimination
## Against the U.S. Department of Commerce

*Hand delivered JH 8-15 @ 12:16 to KT*

For OCR Use
COMPLAINT NUMBER: _____    Filing Date: _____

## INFORMATION ABOUT YOU

Name: Janet Howard
Address: P.O. Box 1451
City/State: Spotsy, VA    Zip Code: 22553
Social Security Number: _____
Home Phone: (540) 895-5779
Work Phone: (202) 482-0717

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name: _____
Address: _____
City/State: _____    Zip Code: _____
NOTE: You do not have to have a representative.
Phone: ( ) _____
Fax: ( ) _____
Is your representative an attorney? ☐ Yes ☐ No

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
Bureau of Enforcement Analysis (BIS/OEA)

Did you work for the Department of Commerce at the time? ☒ Yes ☐ No If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s):
In retaliation for filing an EEO complaint against her in '05, on February 24, 2006 Wendy Wysong revised BIS training policy to prevent me from attending Blacks In Government Annual Conference training. (See attached.)

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate boxes and write in specific details. For example, if it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☒ Race
☒ Color
☐ Religion
☐ Sex
☐ National Origin
☐ Age
☐ Disability
☒ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s):
350,000 damages plus whatever remedies deemed just by the Court.

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ☐ No Counselor's name? _____
Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☒ No Filing date(s)? _____
Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☒ No Filing date(s)? _____

Signature: Janet Howard
Date: 8/15/06

August 15, 2006
Ref: 06-67-00124

August 2005 I filed an EEO complaint against Assistant Secretary for Export Enforcement Wendy Wysong and Office of Enforcement Analyst Director Thomas Andrukonis relative to my attending Blacks In Government (BIG) Annual Conference Training.

In retaliation for filing this complaint, Wendy Wysong on February 24, 2006 re-wrote The Bureau of Industry Security Training Policy and Mr. Andrukonis concurred with her to prevent me from attending the BIG 2006 Annual Conference Training in New York.

Mr. Andrukonis in an email said he did not approve my request for training because "it is not consistent with the training guidance provide for all Export Enforcement employees".

The Revised New BIS Training Requirements are as follows:
In developing training plans for each position, we wish to encourage requests for training that would enhance employees professional abilities. This would include classes, seminars and **conferences.** To provide the widest opportunity for the greatest number of employees, please do not request training that you have already attended within the past **three years** so that funding will be available for others. All factors related to training request will be considered in making a final decision including budget constraints, relevance to job responsibilities, and whether the applicant has **previously attended training**.

All training request must be submitted by using the SF-182, Request, Authorization, Agreement and Certification of Training. Submission for training must be provided by your immediate supervisor for review. Final approval of all training request will be provided by the Office of the Assistant Secretary for Export Enforcement. A copy of all approved SF-182's will be submitted to HA, OHRM, Strategic Workforce Management Group (SWMG) for tracking purposes.

According to the newly released **BIS/Export Enforcement Standard Operating Procedures for Training,** under Requirement for Requesting Training: "In developing training plans for each position we wish to encourage requests for training that would enhance employees professional abilities. This would include classes, seminars, and conferences"

The reason you have offered for denying me the opportunity to attend BIG's Conference Training is inconsistent with BIS policy statement.

First and foremost, refresher training is recognized by OPM.

Secondly, it's a good thing employees attend the BIG conference because its **fluid training.** Meaning, it changes from year to year with advances in technology, constant changes in public policies, environmental issued (Hurricane Katrina & Rita, etc.), and with the introduction of new professional presenters and university participants and various governmental training venues that

supports BIG's training conference

BIG purposely interject constant change in curriculums to ensure all attendees get a broad strike of job relevant training to make them or gear them in the right direction in becoming a subject-matter expert. Thus, it's quite possible, and **attendee could attend a BIG training for three years in a row, and not take the same classes.**

Thirdly, The BIG Training Conference has certification tracks (such as that within the Acquisition Corp.) That **attendees can receive credit towards their re-certification programs.**

It is amazing to me the extent that BIS has gone to try and invalidate BIG's Conference training and to block me from attending. **BIG uses the same trainers that the agencies uses,** but at a drastic discount.

If this policy is implemented and adhered too, it appears that BIS may be forcing me and other African American employees to training that's not in their swim lane.

One of the allegation of the Commerce Class Action Complaint currently in U.S. District Court and consisting of more than 5,000 African American employees, is the failure of BSI (in particular) to approve African Americans request to attend BIG Annual Training.

BIG Conference training was **certified for OPM** without the superficial restrictions imposed by Assistant Secretary Wendy Wysong.

Finally, the course on analytical training methods offered in Quantico, Va referenced in Mr. Andrukonis 4/07/06 email has no merit. I called a representative to register for the course. I was told that they did not know if enough people would have registered for the course. Therefore, my certainty to attend the course was in question and still remain so as of 8/15/2006

*Janet Howard*
Janet Howard

| | |
|---|---|
| From: | WYSONG, WENDY (ANDREA JONES) |
| To: | EE |
| Date: | 2/24/2006 12:02:14 PM |
| Subject: | EE TRAINING POLICY |

In developing the training plans for each position, we wish to encourage requests for training that would enhance your professional abilities. This would include classes, seminars, and conferences. Please submit requests for training to your immediate supervisor for review. Final approval will be given by the Office of the Assistant Secretary. To provide the widest support in terms of the greatest number of EE employees, please do not request training that you have already attended within the past three years so that funding will be available for others. Other factors related to the training request will be considered in making a final decision including budget constraints, job duties and future responsibilities, and whether the applicant has previously attended training.

# BIS/EXPORT ENFORCEMENT
## STANDARD OPERATING PROCEDURE FOR TRAINING

### PURPOSE:

The purpose of this Standard Operating Procedure (SOP) is to establish guidelines for requesting training courses, seminars, and conferences.

### APPLICABILITY:

This SOP applies to all employees of Export Enforcement and Security Office of Export Enforcement.

### REQUIREMENTS FOR REQUESTING TRAINING:

[Body paragraphs illegible due to scan quality — text describes procedures for employees to request training courses and conferences, noting that supervisors will consider requests based on availability of funds, relevance to duties, and whether the applicant has previously attended training.]

[Second paragraph illegible — references that all training requests must be submitted on the SF-182, Request for Authorization of Non-Government Training, and approved by supervisors, with copies to be submitted to HR/OHRM for Workforce Management purposes.]

**UNITED STATES DEPARTMENT OF COMMERCE**
Chief Financial Officer
Assistant Secretary for Administration
Washington D.C. 20230

Ms. Janet Howard
P.O. Box 1454
Spotsylvania, VA 22553

SEP - 3 2006

Complaint Number: 06-67-00124

Dear Ms. Howard:

This is in reference to the complaint filed by you on August 15, 2006. The Department of Commerce has decided to accept the following basis and claim for investigation.

> Complainant, an Export Compliance Specialist, GS-12, with the Office of Enforcement Analysis, Bureau of Industry and Security, alleges that in retaliation for a prior EEO complaint (Complaint Number 05-67-00200), on April 7, 2006, her request to attend the Blacks in Government conference from August 21 to August 26, 2006 was denied.

## Rights and Responsibilities

- If you believe that the issue(s) in your complaint has/have not been correctly identified, please notify the Chief, Program Implementation Division at the address shown below, in writing, within 15 calendar days after your receipt of this Notice, specifying why you believe that the issue(s) in your case has/have not been correctly identified.

- An investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

- The investigation must be completed by February 12, 2007 unless you and the Department agree on an extension. See Title 29, Code of Federal Regulations (C.F.R.) section (§) 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support your complaint, you promptly provide it.

- A formal complaint may be amended at any time before the investigation is completed. See 29 C.F.R. § 1614.106(d). New claims must be like or related to the claims raised in the original complaint. For example, if the original complaint concerns a Performance Improvement Plan, a new claim concerning a subsequent performance rating would be "like or related." A new claim concerning time and

attendance would not. If the complaint is amended, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed, whichever comes first. If it is determined that the new claim is not like or related to the original complaint, you will be notified of your right to seek EEO counseling.

- If more than one complaint is filed, the Agency is required to consolidate all of the complaints for processing. The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the filing date of the first complaint, whichever comes first.

- You may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date you filed the original complaint. You must file your request with the EEOC office specified in the Acknowledgment Memorandum, dated August 21, 2006.

  A copy of the request must be provided to this office.

- The complaint may be dismissed if you fail to cooperate with the investigation.

- If the EEO Officer/Counselor informed you or your representative that Alternative Dispute Resolution, through mediation, is an appropriate option for this complaint, you have a right to choose mediation at any time during the processing of this formal complaint, including during the investigation. *(The DOC EEO Alternative Dispute Resolution, Mediation Guide* identifies the following cases where mediation is inappropriate: cases involving applicants for employment, former employees, alleged violence, egregious harassment, adverse actions, class actions, when authoritative resolution of a matter is required in precedent-setting cases, when the matter in dispute has significant government policy implications, or when it is important to produce a full public record of the proceedings.)

For your information, I have enclosed an information sheet on EEO Complaint Investigations and EEO Mediation.

Amendments to formal complaints, copies of hearing requests, and requests for corrections to the statement of claims may be sent to me at:

      Susan L. Thomas
      Chief, Program Implementation Division
      Office of Civil Rights, Room 6012
      U.S. Department of Commerce
      Washington, D.C. 20230

Requests for mediation and a copy of the ADR Program Guide should be addressed to the servicing EEO Officer or:

> Bernadette M. Worthy
> Chief, Client Services and Resolution Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, DC 20230

Sincerely,

*Susan E. Thomas*
Susan E. Thomas
Chief, Program Implementation Division
Office of Civil Rights

Enclosures

## CERTIFICATE OF SERVICE

I attest that a copy of this Notice of Acceptance for Investigation has been sent to the parties listed below:

<u>By Certified Mail:</u>

Ms. Janet Howard
P.O. Box 1454
Spotsylvania, VA 22553

<u>Other:</u>

Bernadette M. Worthy
EEO Officer, BIS

Investigation Team

Subject Tab (Tab F)

OCR Chron File

_____
Signature

_____
Date

7190 0007 9152 4312

Ms Janet Howard
P O Box 1454
Spotsylvania, VA 22553