UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANET HOWARD, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>CARLOS GUTIERREZ, Secretary,<br>U.S. Department of Commerce,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1968 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Civil Rule 7(h), Defendant Carlos Gutierrez ("Defendant"), Secretary, United States Department of Commerce ("DOC," "Department," or "Agency"), submits this statement of material facts as to which there exists no genuine issue:

1.  Plaintiffs fail to identify any particular neutral, but discriminatory, practices or policies in the SAC. *See* SAC.

2.  Plaintiffs generally aver that DOC's alleged performance evaluation system causes a disparate impact on African American employees in the DOC. *See* SAC.

3.  The DOC is a large and organizationally complex federal agency, which includes 15 different bureaus each with its own mission and specialized workforce. *See* FAC Mot. at 10-12, 15-24.[1]

4.  DOC utilizes six different personnel systems. *See* FAC Mot. at 25-28.

5.  DOC has numerous decentralized human resources offices. *See* FAC Mot. at 24-25.

---

[1] Unless otherwise noted where Defendant cites to the FAC Motion for support, Defendant also incorporates by reference and relies upon citations contained in the FAC Motion to its exhibits and supporting materials.

6.	Procedures and standards for promotional and hiring decision vary according to bureau policies and are subject to different criteria depending on the position to be filled.  *See* FAC Motion at 33-42.

7.	By delegation, each DOC bureau has the authority "to make human resource management decision, to administer human resources programs and activities, and to effect personnel actions."  FAC Mot. at 28-29, Ex. M (Jefferson Decl. at ¶¶ 24-26, Attach. 3).

8.	Specifically, each bureau has the authority, among other things, to implement a bureau-specific Merit Assignment Plan, which governs promotion and evaluation practices.  FAC Mot. at 29, Exs. P (Kirkner Decl. at ¶ 9), Q (Martin Decl. at ¶ 8-9), R (Meadows Decl. at ¶ 8), T (Ribas Decl. at ¶¶ 5, 10-11), and V (Smith Decl. at ¶¶ 14-16).

9.	From 1995 to 2005, DOC bureaus utilized four distinct performance evaluation systems: (i) five-level; (ii) two-level (pass/fail); (iii) Demonstration Project ("Demo Project"); and (iv) the Alternative Personnel Management System ("APMS").  *See* FAC Mot. at 32-33, Exs. S (Osver Decl. at ¶¶ 3, 8), N (Focarino Decl at ¶ 3), X (Ott Decl. at ¶¶ 4-7), and U (Russell Decl. at ¶¶ 4-5).

10.	While these four systems shared basic tenets common to all appraisal systems, each system employed specific, objective requirements unique to the system.  *See id.*

11.	In October 2005, DOC amended its delegation of performance evaluation by issuing Department Administrative Order ("DAO") 202-430, establishing a new five-level performance system for all DOC employees except those in the Demo Project and APMS.  *See* FAC Mot. at 33, n.35, Ex. S (Osver Decl. at ¶ 5).

12.	During all relevant times, Howard has been an employee in the Bureau of Industry and Security ("BIS"), formerly known as the Bureau of Export Administration.  *See* 2d Amd. Cmplt. (Docket Entry No. 41), *Howard v. Evans*, Civ. A. No. 04-0756 (PLF), at ¶ 4.

13. From 1995 to 2005, BIS utilized, and Howard was subject to, BIS's former five-level performance evaluation system. *See* FAC Mot. at 33, n.35, Ex. S (Osver Decl. at ¶¶ 4-5).

14. In 2005, pursuant to DAO 202-430, BIS transitioned to a new five-level evaluation system. *Id.*

15. During all relevant times, Megginson has been an employee in the National Telecommunications and Information Administration ("NTIA"). SAC at ¶ 14.B.

16. From 1995 until 2005, Megginson was evaluated using NTIA's former five-level performance evaluation system. *See* FAC Mot. at 33, n.35, Ex. S (Osver Decl. at ¶¶ 4-5); Calza Decl. at ¶ 5, Attached Ex. 2.

17. In 2005, pursuant to DAO 202-430, NTIA transitioned most of its employees, including Megginson, to a new five-level evaluation system. *Id.*; Calza Decl. at ¶ 6, Attached Ex. 2.

18. During all relevant times, Jordan has been an employee in the Office of the Secretary ("OS"). SAC at ¶ 14.C.

19. From 1995 until 2004, Jordan was subject to OS's former five-level performance evaluation system. *See* FAC Mot. at 33, n.35, Ex. S (Osver Decl. at ¶¶ 4-5); Lane Decl. at ¶ 5, Attached Ex. 3.

20. Beginning in 2004, Jordan was transitioned to the Demo Project appraisal system. Lane Decl. at ¶ 6, Attached Ex. 3.

*21.* Jordan has remained on the Demo Project evaluation system since 2004. *Id.*

22. Howard has filed 24 formal administrative complaints and 2 informal complaints of discrimination against the DOC. *See* Anderson Decl., Attached Ex. 1.

23. The administrative complaints designated Howard 1, 2, 5, 7, 8, 11, 12, and 13 were exhausted more than 90 days before the filing of Plaintiffs' prior complaints in this action. *See* FAC Motion at 44-45, n.58; Anderson Decl. at 2-6, Attached Ex. 1.

24. Two of Howard's administrative complaints (*i.e.*, Howard 3 and 4) were resolved by Settlement Agreements. *See* FAC Motion at 45, n.59; Anderson Decl. at 2, Attached Ex. 1.

25. Administrative complaints designated Howard 9, 10, 16 and part of 18 (*i.e.*, the failure to accommodate claim in Howard 18) were the subject of prior or current District Court actions. *See* FAC Motion at 45, n.60; Anderson Decl. at 3-5, Attached Ex. 1.

26. Howard 25 was filed on February 8, 2008, and thus, 180 days have yet to lapse since that complaint was filed. *See* Anderson Decl. at 6, Attached Ex. 1.

27. Howard 26 was an informal complaint upon which no formal administrative complaint was filed. *See id.*

28. Howard 27 was just recently filed and is still in the informal stages. *See id.*

29. Lastly, one of Howard's administrative complaints, Howard 6, asserts only class claims, not individual claims. *See* FAC Motion at 44, Ex. A. (Howard 6 Admin. Compl.).

30. Moreover, Howard did not exhaust her administrative remedies with regards to Howard 6 because Howard failed to contact an EEO counselor within 45 days of the alleged discrimination. *See* FAC Motion at 58-61.

31. In the Howard 6 complaint itself, Howard alleges that "the date on which the most recent discrimination took place" was August 5, 1994 -- *i.e.*, 80 days before she contacted an EEO counselor on October 21, 2004. *See* FAC Motion at 59, Ex. Y (Anderson FAC Decl. at Attachs. 3, 6).

32. As to the administrative complaint designated Howard 14, Howard alleged that in being denied training she was discriminated against based upon her race, age, disability, and

color and retaliated against based upon prior protected activity. The Howard 14 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 14 Compl. (and related materials), Attached Ex. 4; Anderson Decl. at 3, Attached Ex. 1.

33. As to the administrative complaint designated Howard 15, Howard alleged that by not being promoted she was discriminated against based upon her race, age, disability, and color and retaliated against based upon prior protected activity. The Howard 15 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 15 Compl. (and related materials), Attached Ex. 5; Anderson Decl. at 4, Attached Ex. 1.

34. As to the administrative complaint designated Howard 17, Howard alleged that in her performance evaluations she was discriminated against based upon her race, age, disability, and color and retaliated against based upon prior protected activity. The Howard 17 administrative complaint does not complain of or identify any neutral practice or policy regarding performance appraisals. *See* Howard 17 Compl. (and related materials), Attached Ex. 6; Anderson Decl. at 4, Attached Ex. 1.

35. As to the administrative complaint designated Howard 18, in the portion not subject to Howard's other pending civil action, Howard alleged that in her performance appraisal she was discriminated against based upon her race, age, disability, and national origin and retaliated against based upon prior protected activity. The Howard 18 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 18 Compl. (and related materials), Attached Ex. 7; Anderson Decl. at 4-5, Attached Ex. 1.

36.     As to the administrative complaint designated Howard 19, Howard alleged that in being denied training and performance awards, she was discriminated against based upon her race, age, disability, and color and retaliated against based upon prior protected activity. The Howard 19 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 19 Compl. (and related materials), Attached Ex. 8; Anderson Decl. at 5, Attached Ex. 1.

37.     As to the administrative complaint designated Howard 20, Howard alleged that in being denied performance awards she was discriminated against based upon her race, age, disability, and color and retaliated against based upon prior protected activity. The Howard 20 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 20 Compl. (and related materials), Attached Ex. 9; Anderson Decl. at 5, Attached Ex. 1.

38.     As to the administrative complaint designated Howard 21, Howard alleged that in being denied training and travel she was discriminated against based upon her age, disability, color and national origin. The Howard 21 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 21 Compl. (and related materials), Attached Ex. 10; Anderson Decl. at 5, Attached Ex. 1.

39.     As to the administrative complaint designated Howard 22, Howard alleged that in being denied permission to attend the Blacks in Government conference she was retaliated against based upon prior protected activity. The Howard 22 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 22 Compl. (and related materials), Attached Ex. 11; Anderson Decl. at 5, Attached Ex. 1.

40. As to the administrative complaint designated Howard 23, Howard alleged that in being denied sick leave she was discriminated against based upon her race, age, disability, and national origin and retaliated against based upon prior protected activity. The Howard 23 administrative complaint does not complain of or identify any neutral, but discriminatory, practice or policy regarding performance appraisals. *See* Howard 23 Compl. (and related materials), Attached Ex. 12; Anderson Decl. at 5-6, Attached Ex. 1.

41. As to the administrative complaint designated Howard 24, Howard alleged that she was discriminated against based upon her race, age, disability, color, gender, and national origin and retaliated against based upon prior protected activity in being denied a detail opportunity, being placed on a performance improvement plan, receiving an unfair performance evaluation. Howard's claim concerning her FY 2006 performance evaluation was dismissed in the administrative process as untimely. Moreover, the Howard 24 administrative complaint does not complain of or identify any neutral practice or policy regarding performance appraisals. *See* Howard 24 Compl. (and related materials), Attached Ex. 13; Anderson Decl. at 6, Attached Ex. 1.

42. As to the administrative complaints designated Howard 25 and 26, these complaints are informal complaints for which no formal administrative complaint has been filed. *See* Anderson Decl. at 6, Attached Ex. 1.

43. None of Howard's viable administrative complaints allege an individual claim concerning performance appraisals in which Howard identified or complained of any particular practice or policy.

44. Jordan has filed eight formal administrative complaints of discrimination against DOC. The administrative complaints designated Jordan 1, 2 and 4 were settled by Jordan and the DOC. *See* Anderson Decl. at 6-7, Attached Ex. 1.

45. The administrative complaints designated Jordan 3 and 5 were finalized in the administrative process more than 90 days before the original Complaint in this action was filed, and did not allege discrimination in performance evaluations -- Jordan 3 concerned an alleged failure to promote; and Jordan 5 alleged discrimination in the processing of Jordan's prior administrative complaints. *See* Anderson Decl. at 7, Attached Ex. 1.

46. Two of Jordan's remaining three complaints did not allege discrimination regarding performance appraisals -- Jordan 6 concerned an alleged failure to promote (*see id.*); and Jordan 7 concerned an alleged failure to provide a reasonable accommodation and allegedly unfair position and duty reassignments (*see id.*; *Jordan v. Evans*, Civ. A. No. 04-0356 (RJL), Docket Entry No. 13 (1st Amd. Compl.)).

47. Although Jordan 8 alleged discrimination concerning a performance appraisal, Jordan alleged discrimination concerning such appraisal not on the basis of race, but rather based upon reprisal and disability; moreover, Jordan did not identify any problematic neutral practices or policies in alleging such discrimination. *See* Anderson Decl. at 8, Attached Ex. 1; Jordan 8 Compl. (and related materials), Attached Ex. 14.

48. Megginson has filed fifteen formal administrative complaints against the DOC. *See* Anderson Decl. at 8-11, Attached Ex. 1.

49. The administrative processing of each of these fifteen complaints was completed more than 90 days before the original Complaint in this action was filed. *See* FAC Motion at 49.

50. The administrative complaints designated Megginson 1-4, 8-11, 13, and 15 alleged discrimination in areas other than performance evaluations. *See* Anderson Decl. at 8-11, Attached Ex. 1.

Dated: February 21, 2008
       Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


    /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


    /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*