# EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

| | |
|---|---|
| Janet Howard, *et al.*<br>Complainant,<br><br>v.<br><br>William M. Daley,<br>Secretary,<br>Department of Commerce,<br>Agency. | Appeal No. 01994518<br>Agency No. 95-55-0278 |

## DECISION

The complainant filed an appeal with this Commission from an agency decision, dated April 16, 1999, which disqualified her from serving as agent for a proposed class.[1] The Commission accepts the complainant's appeal pursuant to 64 Fed. Reg. 37,644, 37,659 (1999) (to be codified at 29 C.F.R. § 1614.405). For the reasons set forth below, it is the decision of the Commission to deny a motion to intervene filed by two class members; to reverse the agency's disqualification of the complainant from serving as class agent; and to provisionally certify the class complaint.

## ISSUES PRESENTED

The following issues are presented in this appeal: (1) whether the agency was authorized by EEOC regulation to issue a decision disqualifying the complainant as class agent; (2) whether Administrative Judge 2 properly remanded class complaint 1 to the agency to hold in abeyance pending the identification of a new class agent, rather than issuing a decision on class certification; and (3) whether class complaint 1 satisfies the commonality, typicality, numerosity, and adequacy of representation class complaint requirements.

## BACKGROUND

The complainant named in the case caption contacted an EEO Counselor on October 21, 1994, and filed a timely class complaint, dated February 22, 1995 (hereinafter referred to as class complaint 1). Therein, she alleged discrimination based on race and retaliation against a class of African-

---

[1] On November 9, 1999, revised regulations governing the EEOC's federal sector complaint process went into effect. These regulations apply to all federal sector EEO complaints pending at any stage in the administrative process. Consequently, the Commission will apply the revised regulations found at 64 Fed. Reg. 37,644 (1999), where applicable, in deciding the present appeal. The regulations, as amended, may also be found at the Commission's website at www.eeoc.gov.

of the named plaintiffs negligently misapplied funds collected for litigation support). The record also does not contain even a bare allegation, much less evidence, that the complainant failed to carry out her responsibilities as Treasurer of CCAAC. The record also does not contain evidence of misrepresentation and irresponsibility comparable to that relied upon by the court in Smyth v. Carter, 168 F.R.D. 28, 33-34 (W.D. Vir. 1996), to find that the plaintiffs would not be adequate representatives of a proposed class.

## CONCLUSION

It is the decision of the Commission to REVERSE the agency's disqualification of the complainant from serving as class agent for class complaint 1; to provisionally certify a class; to REMAND the class complaint to the EEOC's Washington Field Office for further processing pursuant to 29 C.F.R. § 1614.204(f) *et seq.*; to ORDER the agency to notify class members of the provisional class certification; to ORDER the agency to transfer a complete class complaint record to the EEOC's Washington Field Office; and to ORDER the agency to hold in abeyance individual complaints filed by class members raising one or more claims subsumed in class complaint 1.

## ORDER

1. The Commission hereby CERTIFIES a class composed of African-American, non-supervisory employees and former employees of the agency's Headquarters' offices in the metropolitan area of Washington, D.C., who allegedly have been denied career advancement to one or more white collar positions in the agency's Headquarters' offices at grade levels GS-9 through GS-15 levels, or equivalent level white collar non-GS positions, and who may have been denied related promotional opportunities in those same offices based on their race during the period of time beginning two years prior to the filing of the class complaint on February 22, 1995, and continuing to the date a final determination is rendered on the class complaint claim. Related promotional opportunities include training, assignments, details, awards, etc., that would have enhanced a class member's qualifications for promotion to such a position, whether the promotion would have been a career ladder promotion, a competitive promotion, or an accretion of duties promotion.

2. The Commission REMANDS the class complaint to the EEOC's Washington Field Office for assignment to an administrative judge and further processing pursuant to 29 C.F.R. § 1614.204(f) *et seq.*