UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| CARLOS GUTIERREZ, Secretary, ) | |
| U.S. Department of Commerce, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Carlos Gutierrez ("Defendant"), Secretary, United States Department of

Commerce ("DOC," or "Department"), hereby respectfully submits this Reply to Plaintiffs'

"Motion in Opposition" ("Opposition") to Defendant's Motion to Dismiss the Second Amended

Complaint, or in the Alternative, for Summary Judgment ("Motion").  For the reasons stated

below, and those set forth in Defendant's Memorandum in Support ("Opening Brief"), pursuant

to Rules[1] 12(b)(1) and (6), the Court should dismiss the SAC.  In the alternative, Defendant

respectfully moves, pursuant to Rule 56, for summary judgment on Plaintiffs' claims.

## PRELIMINARY STATEMENT

Instead of addressing Defendant's arguments that the SAC is plainly insufficient on its

face, Plaintiffs focus their Opposition on (i) a detailed recitation of their lengthy EEO history;

and (ii) a mistaken assertion that the Agency applied the same performance evaluation criteria to

all Agency employees.  As to the former, Plaintiffs' lengthy discussion of their past EEO activity

---

[1]      Unless otherwise noted, defined terms used herein are intended to have the same meaning as those used in
Defendant's Opening Brief.

does nothing to refute the arguments presented in Defendant's Opening Brief.  Rather, such a discussion merely reemphasizes the defects in Plaintiffs' claims.  That is, Plaintiff's discussion reinforces Defendant's argument that Plaintiffs failed to properly exhaust their administrative remedies.  Tellingly, based upon Plaintiffs' own descriptions of their EEO complaints, none of their complaints alleged, or gave the slightest hint of, a disparate impact claim premised upon employment practices utilized in the Agency's performance appraisal systems.

Further, Plaintiffs' assertion that the Agency employed "one sole performance evaluation system" is plainly refuted by the undisputable evidence in this action.  Although the structure of the systems used to evaluate Plaintiffs at some point was similar (*e.g.*, the systems had five tiers, and used a generic form to record Plaintiffs' ratings), as Defendant explained in his Opening Brief, Plaintiffs were nonetheless subjected to different systems utilizing distinct performance criteria.  *See* Open. Br. at 3, 7-9, 21.  Indeed, the decentralized and distinct nature of such systems, as applied to Plaintiffs, is further evidenced when one compares the performance plans and ratings of each Plaintiff.[2]  That is, because the performance criteria utilized by the Agency's bureaus in evaluating employee performance are customizable based upon a particular employee's job duties and functions, Plaintiffs were each rated and reviewed using different criteria.  Therefore, the central insufficient premise to Plaintiffs' claim -- the "one sole performance evaluation system" -- is simply a fiction.  Accordingly, even if Plaintiffs' vague reference to a global performance system as a whole was sufficient to state a disparate impact claim (which it is not), the undisputed facts refute any such notion.

---

[2]     Plaintiffs attached a performance rating of Ms. Howard from the period ending in November 2004 as Exhibit 9 to Plaintiffs' Opposition.  Included herewith as Exhibit A, B, C, are examples of performance plans and ratings of all Plaintiffs at or about such time, including Howard's rating attached to the Opposition, which clearly show that each Plaintiff was evaluated using different job-specific criteria.  *See* Reply Exs. A, B, C.

Moreover, rather than clarifying the allegations in the SAC, Plaintiffs' Opposition to Defendant's Motion further obfuscates what claim Plaintiffs intend to bring in the SAC. Based on Plaintiffs' Opposition and the SAC, it is entirely unclear even from which general topical area Plaintiffs' claims are derived -- let alone, upon which employment practices Plaintiffs' claims are based. That is, while Plaintiffs in the SAC describe their claim as premised upon being "subjected to systemic racial discrimination in the form of performance evaluation practices that have an unlawful disparate impact on their employment opportunities," (SAC at ¶ 219); in their Opposition, Plaintiffs now describe their claim as premised upon being "subjected [ ] to racial discrimination in promotion and related promotional opportunities as African-American, non-supervisory employees." Opp. at 3. In short, if Plaintiffs cannot consistently articulate their claim, Defendant quite clearly does not have notice sufficient to defend such a claim.

This cloud of confusion is but a symptom of Plaintiffs' failure to identify the particular employment practices that they believe had an adverse impact upon them as African-American employees of the Agency. Notably, Plaintiffs do not attempt to cite any allegations in the SAC that supposedly set forth such practices, or even attempt to plead such practices anew in their Opposition.[3] As noted in Defendant's Opening Brief, to state a disparate impact claim Plaintiffs must, as a primary concept, identify particular employment practices that had a disparate impact on them as African-Americans. Accordingly, Plaintiffs' failure to point to any portion of the SAC that makes any such identification is fatal to their claim.

In sum, nothing set forth in Plaintiffs' Opposition is sufficient to defeat Defendant's Motion. Indeed, Plaintiffs totally fail to address or point to any allegations in the SAC that

---

[3]     Even if Plaintiffs had attempted to plead new allegations in their opposition, such an attempt would be improper. *See, e.g.*, *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 84 (D.D.C. 2007) (rejecting plaintiff's attempts to broaden its claims in its opposition to defendant's motion for summary judgment because plaintiff failed to amend its complaint).

would refute: (a) Megginson's and Jordan's failure to plead any injury that could give them standing to assert a disparate impact claim of the type vaguely alluded to in the SAC; (b) Plaintiffs' failure to identify a particular employment practice upon which their disparate impact claim is based; and (c) Plaintiffs' failure to adequately plead causation.  Moreover, Plaintiffs do not contest the undisputed facts noted in Defendant's Statement of Undisputed Facts or Defendant's argument in his Opening Brief that clearly show that Plaintiffs' disparate impact claim is barred by the legal doctrines of exhaustion, settlement, *res judiciata*, and/or untimliness. Lastly, Plaintiffs' Opposition fails to even mention Jordan's Rehabilitation Act claim, and thus, it appears she has now abandoned that claim.

Accordingly, the Court should dismiss the SAC or grant summary judgment in Defendant's favor.

## ARGUMENT

## I.    PLAINTIFFS CONCEDE NEARLY ALL OF DEFENDANT'S ARGUMENTS, AND THUS, DISMISSAL IS PROPER.

Plaintiffs simply fail to oppose a number of Defendant's arguments for dismissal, and thus, such arguments are conceded  "'It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" *United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (Walton, J.)), *quoting Hopkins v. Women's Div., General Bd. of Global Ministries,* 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (Walton, J.) (citations omitted); *see also Day v. D.C. Dep't of Consumer &  Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) (Urbina, J.) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."); *Elliott v. U.S. Dep't of Justice*, Civ. A. No. 07-0205 (JDB), 2007

- 4 -

WL 3156286, at *1 (D.D.C. Oct. 30, 2007) (Bates, J.) (dismissing case where plaintiff failed to address certain dispositive arguments in his opposition).  Indeed, "[t]he court's role is not to act as an advocate for [a] plaintiff and construct legal arguments on his behalf in order to counter those in [a] motion to dismiss."  *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (Urbina, J.).

Furthermore, pursuant to Local Rule 7(h) and other applicable authority, on a motion for summary judgment the Court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  *LCvR* 7(h).  Indeed, the Federal Rules themselves acknowledge this concept in Rule 56(e): "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e).  Notably, Defendant cautioned Plaintiffs of these rules in his Opening Brief.  *See* Open. Br. at 4, n.2.

Applying this authority to this Motion, it is clear that Plaintiffs have conceded the following arguments and dismissal of this action is, therefore, proper.

### A.     Plaintiffs Megginson and Jordan Failed to Plead an Injury that Could Give Them Standing to Bring a Disparate Impact Claim Concerning Performance Appraisals.

Defendant argued in his Motion that Megginson and Jordan lack standing to bring the disparate impact claim asserted in the SAC, which is vaguely premised upon the Agency's performance appraisal systems, because they failed to plead or otherwise show that they received lower performance appraisals.  *See* Open. Br. at 16-17.  In their Opposition, neither Megginson

nor Jordan responded to this argument. Indeed, neither Megginson nor Jordan pointed to any allegations in the SAC that could support standing or provide any evidence that they received lower performance evaluations due to the alleged, albeit vague, premise of the disparate impact claim -- the Agency's performance evaluations systems. Accordingly, the disparate impact claims of Megginson and Jordan should be dismissed.

### B.    Plaintiffs Failed to Identify a Neutral Employment Practice.

Defendant argued in his Opening Brief that Plaintiffs' disparate impact claim should be dismissed because Plaintiffs failed to identify a neutral employment practice. *See* Open. Br. at 19-20. Aside from a conclusory and unsupported assertion in Plaintiffs' Statement of Disputed Facts[4] (*see* Pl. Stmt. Disp. Facts at p. 3, ¶ 1), Plaintiffs totally ignored this argument. That is, Plaintiffs failed to (i) cite any allegations in the SAC that identify a particular employment practice; or (ii) provide any argument why the plethora of cases cited by Defendant, which hold that vague allusions to employment processes or systems are insufficient to state a disparate impact claim, should be ignored by the Court. *See* Open. Br. at 19-20 (citing cases). Accordingly, Plaintiffs' disparate impact claim should be dismissed for this independent reason.

### C.    Plaintiffs Failed to Adequately Plead Causation.

Defendant argued in his Opening Brief that Plaintiffs failed to adequately plead causation concerning their disparate impact claim -- *i.e*, that African-Americans similarly situated to Plaintiffs received lower performance evaluations than their Caucasian counterparts. *See* Open. Br. at 20-21. Plaintiffs also failed to address this argument in their Opposition. That is, Plaintiffs failed to point to any allegations in the SAC that allege causation beyond mere legal

---

[4]    Plaintiffs' Statement of Disputed Facts contains nothing that would prevent summary judgment in this action. Indeed, the assertions in such Statement are either (i) unsupported by any citations to the record (*id.* at ¶¶ 1, 2, 8); (ii) irrelevant to the Motion (*id.* at ¶¶ 3, 4, 8); or (iii) fail to otherwise support Plaintiff's arguments. *Id.* at ¶¶ 5-7. As noted above, Plaintiffs also fail to refute any of the facts recited in Defendant's Statement of Undisputed Facts.

conclusions, or contest or refute the authority cited in support of Defendant's argument. Accordingly, Plaintiffs' disparate impact claim should be dismissed for this independent reason.

      **D.**      **Plaintiffs' Claims are Barred By Numerous Legal Doctrines.**

As Defendant argued in his Opening Brief, Plaintiffs must have a viable administrative basis upon which to bring their disparate impact claim. That is, Plaintiffs' disparate impact claim must have been (i) presented and exhausted at the administrative level, and (ii) if the Agency decided such an administrative claim, filed with this Court within 90 days of the Agency's final decision. *See* Open. Br. at 23-27. Moreover, Plaintiffs cannot use an administrative claim that was settled or served as the basis for another action as the basis for their disparate impact claim in this action. *See* Open. Br. at 22-23. Based upon the facts and argument presented in Defendant's Opening Brief and the facts recited in his accompanying Statement of Undisputed Facts, it is clear that Plaintiffs do not have a viable administrative basis upon which to bring the insufficient disparate impact claim alleged in the SAC.

For example, Plaintiffs did not contest Defendant's Undisputed Facts, which establishes that none of Plaintiffs' administrative complaints (except arguably Howard 6) contain any allegations that gave the slightest hint of a disparate impact claim concerning the Agency's performance appraisal systems. *See* Undisp. Facts at ¶¶ 22-50; *see also* Open. Br. at 9-12, 27-30. Indeed, based upon the unchallenged Anderson Declaration (Motion Ex.[5] 1) and Plaintiffs' own descriptions of their administrative complaints (*see* Opp. at 6-16), none of Plaintiffs' administrative complaints (besides arguably Howard 6, the administrative class complaint), contain the slightest hint of, or any hallmarks indicative of, a disparate impact claim concerning the Agency's performance evaluations processes. Without such a hint or hallmarks, the Agency

---

[5] Exhibits attached to Defendant's Motion will be identified herein using the prefix, "Motion Ex." Exhibits attached to this Reply will be identified herein using the prefix, "Reply Ex."

had no opportunity to resolve such a claim at the administrative level, which is the purpose of Title VII's exhaustion requirements. *See* Open. Br. at 25-27.

Moreover, Plaintiffs did not contest Defendant's Undisputed Fact that Howard 6 "asserts only class claims, not individual claims," (Undisp. Facts at ¶ 29), and that "Howard failed to contact an EEO counselor within 45 days of the [ ] discrimination [alleged in Howard 6]." *Id.* at ¶¶ 30-31. Accordingly, Plaintiffs conceded those facts, which conclusively show that Howard failed to exhaust her administrative remedies with respect to Howard 6. *See* Open. Br. at 25-26. Based on these two unopposed arguments alone, Plaintiffs' disparate impact claim should fail.[6]

**E.    Jordan Failed to Adequately Plead Her Rehabilitation Act Claim.**

Lastly, as noted in Defendant's Opening Brief, in the SAC, Plaintiffs removed all factual allegations regarding or relating to Jordan's Rehabilitation Act Claim. Jordan does not contest this in Plaintiffs' Opposition. Accordingly, such claim should be dismissed.

**II.    THE UNDISPUTED FACTS SHOW THAT PLAINTIFFS WERE EACH SUBJECTED TO DIFFERENT PERFORMANCE CRITERIA, AND THUS, PLAINTIFFS' DISPARATE IMPACT CLAIM PREMISED VAGUELY UPON A SINGULAR APPRAISAL SYSTEM IS RIPE FOR SUMMARY JUDGMENT.**

Even if Plaintiffs' vague allusion to a universal DOC performance appraisal system was sufficient to state a disparate impact claim, such a system is a fiction, and thus, such a claim should fail. Plaintiffs argue in their Opposition that they were all subjected to a five-tier performance appraisal system that used the same reporting form, and drew from the same generic performance standards during the relevant period.[7]

---

[6]    Furthermore, such a claim should fail on untimeliness, *res judicata*, settlement, and other exhaustion grounds, which Defendant set forth in his Opening Brief and which Plaintiffs failed to address in their Opposition.

[7]    Plaintiffs use the term "relevant period," as if it were obvious to which period they referred. However, Plaintiffs never articulate in the SAC (or in their Opposition for that matter) the relevant period for their insufficient claim. This is just another defect in their claim as pled in the SAC.

While the performance evaluation systems applied to Plaintiffs may share some of these structural, base-line elements, the systems remained distinct.  The performance evaluation systems utilized by the Agency's different bureaus are customized to the needs and functions of those bureaus and the particular job duties and functions of the employees in those bureaus.  *See* FAC Motion at 29-30 (incorporated by reference in Defendant's Opening Brief at 4).  Perhaps the best evidence of this customization can be gleaned from Plaintiffs' performance plan and forms.[8]

For example, on her 2004 performance evaluation Howard was reviewed on four performance elements: (i) Export License Application Review; (ii) Special Projects; (iii) Post-Shipment Verification and Pre-License Check Program; and (iv) Teamwork, Cooperation and Security.  *See* Howard 2004 Review, Opp. at Ex. 9.  For each of these performance elements specific activities and detailed evaluation criteria were identified and provided to Howard in a performance plan drafted before the rating period.  *See* Howard 2004 Plan at 2-9, Reply Ex. A. Howard's performance elements and corresponding evaluation criteria, differ from that of Megginson and Jordan, because these employees have different jobs.

In 2004, Jordan was reviewed on three different performance elements: (i) Financial Management: Technical and Operational; (ii) Liaison, Representation, and Customer Service; and (iii) Organizational Effectiveness.  *See* Jordan 2004 Plan & Review at 7, Reply Ex. B.  As with the other Plaintiffs, Jordan's performance plan identified specific activities and detailed evaluation criteria for each element, which were distinct from those identified for Howard and Megginson. *See id.* at 2-4.

---

[8]    Plaintiffs raised these documents in their Opposition, by attaching a performance evaluation form of Howard at Exhibit 9.  To compare Howard's evaluation form and criteria to those of Megginson and Jordan, included herewith at Exhibit A, B, C, are examples of performance plans and ratings of all Plaintiffs.

Megginson was reviewed on four different performance elements: (i) Program Planning and Financial Management Assistance; (ii) Management Analysis; (ii) Administrative Support; and (iv) Responsiveness.  *See* Megginson 1998 Plan & Review at 8, Reply Ex. C.  As with the other Plaintiffs, Megginson's performance plan identified specific activities and detailed evaluation criteria for each element, which were distinct from those identified for Howard and Jordan.  *See id.* at 2-5.

Thus, quite clearly, Plaintiffs' disparate impact claim, vaguely based on a singular performance evaluation system, is refuted by undisputable evidence that such a system does not exist.  Indeed, Plaintiffs were evaluated on different elements based upon different criteria in the performance of the specific and distinct activities of their positions.

## CONCLUSION

For the reasons stated above, and those set forth in Defendant's Opening Brief, Defendant respectfully requests that the Court dismiss the Second Amended Complaint.

Dated: June 13, 2008
        Washington, DC

Respectfully submitted,

---

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/

---

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/

---

BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

- 10 -

*Attorneys for Defendant*