UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| CARLOS GUTIERREZ, Secretary, ) | |
| U.S. Department of Commerce, ) | |
| Defendant. ) | |

## DECLARATION AND REQUEST FOR RECONSIDERATION

The decision to dismiss class action claims was clear error as Plaintiffs now understand it. Plaintiffs (Janet Howard, Joyce E. Megginson, and Tanya Ward Jordan) consolidated cases do not bring justice to the certified class that was established at the Equal Employment Opportunity Commission (EEOC). The reason for the class is that the actions made against class agents (Howard, Megginson, and Ward Jordan), and each of the class members is greater than what has been levied against White employees at the DoC. Each of the class agents are representative of the class of federal employees at the DoC at the time of filing, and the Judge should have persevered the class action. The Judge had the opportunity if needed to construct injunctive release necessary for those African Americans covered.

### Summary of Argument

On October 5, 2005, Plaintiffs represented by David Sanford of Sanford, Wittels & Heisler, LLP, filed a class complaint in U.S. Federal District Court against the U.S. Department of Commerce (DoC). On September 7, 2007, due to Plaintiff's counsel's

RECEIVED
JUN 1 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

failure and "inexcusable neglect" to request for certification as prescribed under Local Rule 23, the present Court dismissed class claims, however, the Court allowed Plaintiffs (Howard, Megginson, and Ward Jordan) to proceed in a multiple party and to file "a second amended complaint".

Circa November 2007, Plaintiffs were granted by the court to serve as "pro se" after the <u>Plaintiffs fired Attorney David Sanford who failed to properly represent the Plaintiff's interest and the interest of over 5,000 African-Americans</u>, previously identified by the Department of Commerce as potentially involved in the pending suit. Plaintiffs now move for reconsideration of the September 7, 2007 Order.  Unless this Court reverses its course, it will **deny due process** to the thousands of the DoC's African American employees who have long been victimized by the Department's racially-biased employment practices.  These employees have waited many years for relief and have relied on this class action law suit.  As discussed below, the Court should reconsider and withdraw its Order striking the class allegations in the Amended Complaint for the five (5) primary reasons:

**(1) Severity of Sanction on "Class Members"**

Plaintiffs respectfully submit that the extremely severe sanction meted out by the Court under Local Rule 23.1 was imposed on parties of the already victimized prospective class, rather than the attorney who pledged to protect the class interest but, failed to competently execute his duties, covering potentially over 5, 000 current and former employees of a class action that had been in existence since 1995.  It is notable, that

Plaintiff's counsel (Attorney David Sanford) had not informed Plaintiffs that the *"timeliness of class certification"* was a standing issue with the Court during the initial February 6, 2007 hearing. Moreover, Plaintiff's counsel (Attorney David Sanford) failed to give Plaintiffs notice about the impending hearing. Plaintiffs, obtained hearing notice through other means and believed the February 6, 2007 hearing was to focus strictly on – the "Court's certification" of **a complaint that had already been successfully certified at the administrative level by the EEOC.**

The Court in its' September 7, 2007 order cites numerous times that the Plaintiff's counsel's action constituted ~ *delay, neglect, and failure to protect the class,* notwithstanding the Court's promulgation, the Court took no action to impose sanctions on the Plaintiff's counsel. Plaintiffs suggest that if Attorney Sanford's *inactions* failed to rise to such a level to impose any Court sanction, then the Court's dismissal of class claims so as to disenfranchise class members reflected an uneven and overly harsh measure, a measure which resulted in dramatic consequences to Plaintiffs and class members.

### (2) The Court's Judicial Responsibility for Equity

Plaintiffs respectfully assert that the Court should provide for due process to the more than 5,000 class members to have their cases heard by a jury of their peers. Plaintiffs acknowledge the courts discretion in allowing the present three named Plaintiffs (Janet Howard, Joyce E. Megginson and Tanya Ward Jordan) to file a multi-party complaint;

however, striking Plaintiffs' "class claims" serves to dismantle interlocking information, to obscure the picture, and to dilute the gravity of the widespread racial abuse occurring within the Department of Commerce. Courts have an independent duty to the prospective class to equitably assess claims and are exclusively responsible for the law of equity. Given the Court's blatant acknowledgment of Attorney David Sanford's shortcomings in protecting the Commerce class, as cited in the Courts September 7, 2007 decision. The Court, in *its' discretion,* while executing its role to provide for the rightful due process of parties could have certified the class and, as cited in local rule 23 (g)(1), "appointed class counsel" to fairly and adequately represent the interest of the class. D.C. Circuit has recognized that local rules should not be applied so as to effect automatic dismissal.

### (3) The Courts Intervening/Interpretive Role – Pro Se Litigants

As cited in local rules, the Court has to exercise fairness to parties who approach the court with legitimate allegations. The rights of a great number of absent class members were affected by the Court's ruling, Plaintiffs, acting pro se, respectfully recognizes the Court's role to use their specialist knowledge and experience of the law to ensure cases and verdicts are carried out within the limits of the law, and then to hand down a judgment that takes all these considerations, including the uniqueness and extraordinary circumstances of the class matter, into account. The court is a cornerstone of safeguarding the freedom and constitutional rights of citizens.

### (4) The Potential Class Complaint Likelihood to Succeed on Merits

4

Plaintiffs respectfully petition to this Court to exercise its discretion to reconsider it's September 7, 2007 Order given the sound merits of the case, and due to the fact that the Plaintiffs would likely meet their responsibilities under local rule 23 (governing numerosity, commonality, and typicality)  Do note, the EEOC had previously certified a class, consistent with the local rule 23 requirements.  According to the EEOC the class was " composed of:

> *African American, non-supervisory employees and former employees of the agency's Headquarters' offices in the metropolitan area of Washington, D.C. who allegedly have been denied career advancement to one or more white collar positions in the agency's Headquarters' offices at grade levels GS-9 through GS-15 levels, or equivalent level white collar non-GS positions, and who may have been denied related promotional opportunities in those same offices based on their race during the period of time beginning two years prior to the filing of the class complaint on February 22, 1995, and continuing to the date a final determination is rendered on the class complaint claim."*

Like the EEOC, the Department of Commerce who had been faced with other class complaints previously recognized the strength of the class so much so the Department established a budgetary fund to handle litigation.  To Plaintiff's knowledge no such budgetary money had been used to "fund litigation of discrimination complaints" ever throughout a long standing history of the Department.  (*See EXHIBIT- Advances and Reimbursement Handbook: Formerly <u>Class Action Project</u> citing Janet Howard as a litigant).*

5

**(5) Pending Class Counsel**

Plaintiffs operating "pro se" have identified counsel who is ready to effectively litigate class claims.

## CONCLUSION

<u>Upon consideration of Plaintiff's (Pro Se Litigants) Janet Howard, Joyce E. Megginson, and Tanya Ward Jordan, hereby request that the Court reinstate class claims and reconsider it's September 7, 2007 ruling.</u>

Dated: June 13, 2008                    Respectfully,


*[signature]*

Janet Howard
Pro Se
P.O. Box 1454
Spotsylvania, VA 22553
Janet_17771@Netzero.net
(540) 895-5779

*[signature]*
Joyce E. Megginson
Pro Se
310 Bogota Drive
Ft. Washington, MD 20744
Joymegg@aol.com
(301) 292-3308

*[signature]* Tanya Ward Jordan
Tanya Ward Jordan
Pro Se
13003 Keverton Drive
Upper Marlboro, MD 20774
TanyaW.Jordan@verizon.net
(301) 390-4306