UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Case No. 05-1968 (JDB) |
| CARLOS GUTIERREZ, Secretary, U.S. Department of Commerce, | ) ) ) ) |
| Defendant. | ) ) ) |

**OPPOSITION TO PLAINTIFFS' REQUEST FOR RECONSIDERATION AND MOTION TO STAY CONSIDERATION OF DEFENDANT'S DISPOSITIVE MOTION**

Defendant Carlos Gutierrez, Secretary, United States Department of Commerce ("Agency"), respectfully submits this opposition to Plaintiffs' "Declaration and Request for Reconsideration" ("Second Reconsideration Motion"), and "Motion to Stay Defendant's Motion to Dismiss the Second Amended Complaint, or in the Alternative, for Summary Judgment" ("Stay Motion") (collectively, "Plaintiffs' Motions"). For the reasons stated herein, Plaintiffs' Motions are without merit.

**PRELIMINARY STATEMENT**

Without citing any new authorities or evidence, Plaintiffs essentially move again for reconsideration of the Court's February 7, 2007, Order (Docket Entry No. 50, "Cert Denial Order"), which struck Plaintiffs' class allegations. In support, Plaintiffs recite the same arguments that they presented in their prior Motion for Reconsideration of February 21, 2007 (Docket Entry No. 52, "First Reconsideration Motion"), which were rejected by this Court when it denied such motion by Order dated September 7, 2007 (Docket Entry No. 63,

"Reconsideration Denial Order").[1]  Specifically, Plaintiffs argue: (a) that striking Plaintiffs' class claims was an unduly harsh sanction for violating Local Civil Rule 23.1 (2d Recon. Mot at 2-3); (b) that the Court's decision to strike the class claims violates notions of equity (*id.* at 3-4); (c) that the rights of absent class members have been unduly punished (*id.* at 4); and (d) that Plaintiffs' class claims are likely to succeed on the merits because a class was certified at some point during the administrative process.  *Id.* at 4-5.  For the reasons set forth below, Plaintiffs' Second Reconsideration Motion should fail.

## ARGUMENT

**I.    STANDARD OF REVIEW.**

Courts have analyzed motions to reconsider interlocutory orders, such as the Court's Reconsideration Denial Order, under Federal Rule of Civil Procedure ("Rule") 54(b).[2]  *See, e.g., Williams v.* Johanns, --- F. Supp. 2d ---, 2008 WL 2174437, at *2 (D.D.C. May 27, 2008) (Kollar-Kotelly, J.) (denying motion for reconsideration).  Under Rule 54(b), "the standard for determining whether or not to grant a motion to reconsider . . . is the 'as justice requires' standard."  *Id., citing Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (Lamberth, J.).  Such a standard "indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the court."

---

[1]    In a transparent attempt to avoid the argument that Plaintiffs are seeking reconsideration of the Cert Denial Order for a second time, Plaintiffs technically now seek reconsideration of the Reconsideration Denial Order.  This is a distinction without substance, as Plaintiffs again challenge the grounds on which the Court struck Plaintiffs' class claims.

[2]    As the Court noted in its Reconsideration Denial Order, "[t]here is no Federal Rule of Civil Procedure that expressly addresses motions for reconsideration."  Recon. Denial Order at 2, *citing among others Lance v. United Mine Workers for Am. Pension Trust*, 400 F. Supp. 2d 29, 31 (D.D.C. 2005).

*Casanova v. Marathon Corp.*, 246 F.R.D. 376, 379 (D.D.C. 2007) (Urbina, J.) (denying motion for reconsideration), *citing among others Cobell,* 355 F. Supp. 2d at 539.

This standard gives the Court wide discretion, but reconsideration is "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id., citing Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.) (denying motion for reconsideration). Lastly, although Rule 54(b) does not contain an express deadline for requesting reconsideration, courts have required that "litigants [ ] bring motions under Rule 54 within a reasonable period after an interlocutory order during the pendency of litigation." *Moore v. Hartman*, 332 F. Supp. 2d 252, 257, n.7 (D.D.C. 2004) (Urbina, J.) (denying motion for reconsideration). Applying this standard it is clear that Plaintiff's Second Reconsideration Motion should be denied.[3]

## II. PLAINTIFFS' SECOND RECONSIDERATION MOTION IS WITHOUT MERIT.

Plaintiffs do not cite any new law or present any new evidence in support of their Second Reconsideration Motion. Indeed, the arguments presented in such motion were previously made and rejected in Plaintiffs' prior motion for reconsideration. For example, Plaintiffs argue in the present Second Reconsideration Motion that striking their class claims was too harsh. *See* 2d Recon. Mot. at 2-3. Plaintiffs, however, made this exact same argument on their First Reconsideration Motion. *See* 1st Recon. Mot. at 2, 16, 20 (arguing that the Court's application of Local Rule 23.1 was "unduly harsh"). The other arguments presented by Plaintiffs in their Second Reconsideration Motion were also previously addressed in their First Reconsideration

---

[3] Similarly, if the Court determines Rule 59(e) or 60(b) to be applicable to Plaintiffs' Second Reconsideration Motion, such motion should be denied under the more restrictive standards of such rules for the same reasons stated herein. Moreover, under such rules, Plaintiffs' motion is untimely. *See* Fed. R. Civ. P. 59(e), 60(b).

Motion.  *Compare* 2d Recon. Mot. at 3-4 *with* 1st Recon. Mot. at 4-5, 15-16, 17 (arguing that equity favors reconsideration); *compare* 2d Recon. Mot at 4 *with* 1st Recon. Mot. at 4, 17-18 (arguing that striking class claims unduly punishes absent class members); *compare* 2d Recon. Mot at 4-5 *with* 1st Recon. Mot. at 1, 17, 20 (noting that a class was previously certified at the administrative level).[4]

Furthermore, even if Plaintiffs' arguments were new, they are not based upon any new evidence, new law, or other justifications that could support reconsideration of the Cert Denial Order.  Indeed, a motion for reconsideration is not the time to bring new arguments based upon case law and evidence that existed during the pendency of the challenged ruling.  *See, e.g., Sellmon v. Reilly*, --- F. Supp. 2d ---, 2008 WL 2470002, at *1 (D.D.C. June 20, 2008) (Huvelle, J.) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Plaintiffs have failed to articulate any newly uncovered evidence or contrary legal precedent, and thus, their Second Reconsideration Motion is meritless.

\*   \*   \*

In sum, Plaintiffs, while represented by counsel, twice previously battled for the Court's decision regarding the impact of Plaintiffs' failure to obey the mandates of Local Rule 23.1. Plaintiffs' dissatisfaction and repetitious arguments present no reason to battle for it again.

---

[4]   Even if the Court were to reexamine Plaintiffs' redundant arguments, such arguments are without merit for the reasons stated in Defendant's Opposition to Plaintiffs' First Reconsideration Motion (Docket Entry No. 60), and the Court's Reconsideration Denial Order.

**CONCLUSION**

Accordingly, for the foregoing reasons, the Court should deny Plaintiffs' Motions.[5]  A proposed Order is attached.

Dated: June 27, 2008
       Washington, DC

                                  Respectfully submitted,

OF COUNSEL:
Tiffany D. Blakey, Esq.
Office Of The General Counsel
U.S. Department of Commerce

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

---

[5] Because Plaintiffs' Second Motion for Reconsideration is meritless, Plaintiffs' Stay Motion -- which seeks to stay the Court's consideration of Defendant's dispositive motion as to the Second Amended Complaint pending consideration of Plaintiff's Second Motion for Reconsideration -- is also without merit.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2008, a true and correct copy of above Opposition To Plaintiffs' Request For Reconsideration And Motion To Stay Consideration Of Defendant's Dispositive Motion was served upon *pro se* Plaintiffs, by first class United States mail, postage prepaid, to:

| Janet Howard | Tanya Ward Jordan | Joyce E. Megginson |
|---|---|---|
| P.O. Box 1454 | 13003 Keverton Dr. | 310 Bogota Dr. |
| Spotsylvania, VA 22563 | Upper Marlboro, MD 20774 | Ft. Washington, MD 20744 |

With courtesy copies sent by electronic mail to:

tanyaw.jordan@verizon.net;

janet_17771@netzero.net; and

joymegg@aol.com.

Dated: June 27, 2008
      Washington, D.C.

Respectfully submitted,

    /s/
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov