# Howard 10
# (No. 97-67-00430)

FORM C-496
(Edition 1-89)
Pres. by DAO 215-6

# COMPLAINT OF DISCRIMINATION
## AGAINST THE U.S. DEPARTMENT OF COMMERCE
### BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, PHYSICAL OR MENTAL HANDICAP OR RETALIATION

**DEPARTMENT NUMBER:** 97-67-0043
**FILING DATE:** 12/12/96

**1. COMPLAINANT'S NAME:** Janet Howard
**COMPLAINANT'S STREET ADDRESS:** P.O. Box 1454
**CITY:** Spotsylvania  **STATE:** VA  **ZIP CODE:** 22553
**TELEPHONE (INCLUDE AREA CODES):** HOME: 540 895-5179  WORK: 202 482-4255

**2. NAME OF COMMERCE ORGANIZATION THAT DISCRIMINATED AGAINST YOU:** Bureau of Export Adm., Office of Enf.
**STREET ADDRESS OF OFFICE:** 14th & Penn Ave. N.W.
**CITY:** Wash  **STATE:** DC  **ZIP CODE:**

**4. DO YOU WORK FOR THE FEDERAL GOVERNMENT?** ☒ YES. MY MOST RECENT TITLE AND GRADE IS (OR WAS):
**NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK (OR APPLIED):** Office of Enforcement Support

**3. GIVE THE DATE ON WHICH THE MOST RECENT DISCRIMINATION TOOK PLACE:**
MONTH: 10  DAY: 29  YEAR: 96

**5.** (A) DESCRIBE HOW YOU WERE TREATED DIFFERENTLY THAN OTHER EMPLOYEES OR APPLICANTS BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR RETALIATION. (B) DESCRIBE THE ACTION TAKEN AGAINST YOU THAT YOU BELIEVE WAS DISCRIMINATORY. (C) GIVE THE DATES WHEN THIS ACTION OCCURRED. (D) WHAT HARM, IF ANY, CAME TO YOU IN YOUR WORK SITUATION AS A RESULT OF THIS ACTION? (YOU MAY ATTACH EXTRA SHEETS.)

Please see Attached.

**6. ANSWER BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST:**
☐ RACE (STATE RACE) ____
☐ COLOR (STATE COLOR) ____
☐ RELIGION (STATE RELIGION) ____
☐ SEX (STATE YOUR SEX) ____
☐ NATIONAL ORIGIN (STATE NATIONAL ORIGIN) ____
(STATE COUNTRY OF BIRTH) ____
☐ AGE (STATE DATE OF BIRTH) ____
☐ PHYSICAL HANDICAP (DESCRIBE IT) ____
☐ MENTAL HANDICAP (DESCRIBE IT) ____
☒ RETALIATION (EXPLAIN YOUR PRIOR CONNECTION WITH THE EEO PROCESS) Prior EEO Complaints Against Jay Hatfield + Thomas Andrukonis

**7. DID YOU DISCUSS ALL MATTERS REPORTED IN NO. 5 WITH AN EEO COUNSELOR?** ☐ NO ☒ IF YES, COUNSELOR'S NAME: Irma D. Sailor

**8. DID YOU FILE A GRIEVANCE** ☐ NO ☐ YES  OR AN MSPB APPEAL ☐ NO ☐ YES ON THE MATTER(S) DESCRIBED IN NO. 5? IF YES, GIVE DATE(S) ____

**9. THE REMEDY I SEEK IS:**
1. Rating changed from Fully Successful to Outstanding
2. 10% of my salary in cash awards/And Bonuses
3. 10,000 in damages
4. Attorney fees
5. Sick leave pay
6. Travel allowances (7) Medical Expenses

I CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE AND BELIEF, ALL OF MY STATEMENTS ARE TRUE, CORRECT, COMPLETE AND MADE IN GOOD FAITH
**10. COMPLAINANT'S SIGNATURE (Sign in dark ink):** Janet Howard
**11. DATE OF SIGNATURE:** MONTH: 12  DAY: 12  YEAR: 96

December 12, 1996
Section (5a)

On 10/29/1996 I received from ny immediate supervisor Jay Hatfield and approved by second line supervisor Thomas Andrukonis a rating of "Fully Successful" for inadvertently deleting some name of designated Nationals off of a list going to the Office of Inspector General. The Inspector Generals report included infractions by other Office of Enforcement Support employees whose rating were not affected as a result of their involvement. I have filed prior EEO complaints against my first and second line supervisor, I believe that both my first and second line supervisors proffered reason is a pretext for intentional discrimination. Their illegitimate motives played a motivating part in their decision. Since filing my first EEO complaint, I have consistently received disparate treatment from both supervisors, I have been treated less favorably than other employees in my office resulting in disparate impact. Disparate Treatment from Jay Hatfield and Thomas Andrukonis has resulted in low ratings has prevented me from receiving cash awards and promotions, while other employees receive ratings of "Commendable" and "Outstanding " in addition to cash awards.



JAN 16 1997

**UNITED STATES DEPARTMENT OF COMMERCE**
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

CERTIFIED MAIL

Ref.: 97-67-0043
Filing Date: December 12, 1996

MEMORANDUM FOR   Janet Howard

FROM:            Kimberly H. Walton
                 Chief, Compliance Division
                 Office of Civil Rights

SUBJECT:         Acceptance of Complaint

The Department of Commerce has accepted for investigation the following issue from your complaint of discrimination referenced above:

> Complainant, a Compliance Specialist, GS-1801-11/5, with the Office of Enforcement Support, Bureau of Export Administration, alleges that in retaliation for filing prior EEO complaints she was given a performance rating of "fully successful" on October 29, 1996, while her coworkers received ratings of "commendable" and "outstanding," and accompanying cash awards.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

As you were told in our letter of December 19, 1996, the investigation must be completed by June 11, 1997, unless you and the Department agree on an extension. (29 C.F.R. §1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint, you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation. (29 C.F.R. §1614.107(g)).

If you believe that the issues in your complaint have not been correctly identified, please notify me, in writing, within 15 calendar days after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

You may write to me at the following address:

        Kimberly H. Walton
        Chief, Compliance Division
        Office of Civil Rights, Room 6010
        U.S. Department of Commerce
        Washington, D. C. 20230

cc: David R. Lewis, Acting EEO Officer
    Investigative Unit
    Compliance
    Subject




UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JANET HOWARD,            :
                         :
    Plaintiff,           :
                         :
v.                       : Civil Action No. 97-2877 (GK)
                         :
WILLIAM DALEY, Secretary,:
U.S. Department of Commerce, :        **FILED**
                         :
    Defendant.           :        MAR 3 0 1999
                         :
---                                NANCY MAYER WHITTINGTON, CLERK
                                        U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff Janet Howard, proceeding pro se, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., seeking to remedy employment discrimination through reprisal. Ms. Howard alleges that Defendant United States Department of Commerce retaliated against her, by downgrading her performance evaluation from "commendable" to "fully successful", because she had filed prior equal employment opportunity ("EEO") complaints.

This matter is now before the Court on Defendant's Motion for Summary Judgment. Upon consideration of the motion, opposition, reply, and the entire record herein, for the reasons stated below, Defendant's Motion for Summary Judgment [#13] is **granted**.

I. Background[1]

---

[1] Pursuant to Local Rule 108(h), "[i]n determining a motion for summary judgment, the Court may assume the facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine

1

Ms. Howard, an African-American woman, is employed by the Department of Commerce as an Export Compliance Specialist in the Bureau of Export Administration, Office of Enforcement Support ("OES"). One of Ms. Howard's primary responsibilities is monitoring the OES Specially Designated Nationals Watchlist ("Watchlist"). The Watchlist, published by the United States Department of the Treasury, is a list of companies and individuals with whom American citizens may not conduct business. The list includes fronts for international terrorism and drug trafficking, and includes countries such as Libya, Iraq, Cuba, North Korea, and Iran. As of February, 1996, the list contained 2,490 entries.

In February, 1996, Ms. Howard was specifically charged with removing 300 parties from the Watchlist after sanctions against Yugoslavia/Serbia were lifted. Ms. Howard's supervisor, Jay Hatfield, provided her with a list indicating precisely which entries to remove. Upon checking Ms. Howard's work approximately one month later, Mr. Hatfield discovered that instead of deleting the specified 300 entries, Ms. Howard had deleted 2,095 of the 2,490 entries. These parties represented a viable threat to the United States, and for approximately 30 days, they would have been able to receive export licenses. Ms. Howard admitted the error, and the Department of Commerce Inspector General submitted a report to Congress detailing the nature of the error. As a result of this

---

issues filed in opposition to the motion." The Court thus takes these facts from the parties' Statements of Material Facts Not in Dispute. Unless otherwise noted, the Court states only uncontroverted facts.

2

error, Ms. Howard received a performance evaluation of "fully successful" for the period between October 1, 1995 and September 30, 1996, rather than the rating of "commendable" which she had received for the previous rating period.

Ms. Howard's performance evaluation consists of four performance elements: (1) Export License Application and SED Review (factor 30); (2) Project Leader (factor 25); (3) Presentation of Export Control Analysis (factor 25); and (4) Collect and Analyze Export Enforcement Intelligence Data (factor 20). The "factor" given to a particular element reflects the amount of time devoted to accomplishing the element, or the importance of that element. Each element is rated on a scale of 1-5 (5 is outstanding, 4 is commendable, 3 is fully successful, 2 is marginal, and 1 is unsatisfactory), and the rating received is multiplied by the weighting factor for each element. The resulting scores are then added to determine the final performance rating. During the rating period in question, Ms. Howard received ratings of 3, 4, 4, and 3 for each of the elements respectively, and received an overall score of 350, which gave her a "fully successful" rating.

Prior to receiving this performance evaluation, Ms. Howard had filed five complaints of discrimination with the Department of Commerce's Office of Civil Rights.[2] The complaints were filed after Ms. Howard was passed over for job promotions for which she

---

[2] The complaints were filed on November 2, 1994, February 22, 1995, July 20, 1995, March 26, 1996, and October 15, 1996. Def.'s Mot. for Summ. J. at 6.

3

believed she was most qualified. Three of the complaints were filed prior to receiving a "commendable" rating for the 1994-95 rating period. The other two complaints were filed prior to receiving a "fully successful" rating for the 1995-96 rating period. Ms. Howard's supervisor, Mr. Hatfield, was aware of each complaint. Ms. Howard claims that her lower performance evaluation for the 1995-96 rating period was in retaliation for the previously filed complaints, and not the result of the Watchlist error.

On October 22, 1996, one day after receiving the rating of "fully successful" and seven months after her latest EEO complaint, Ms. Howard received informal counseling from an EEO counselor regarding her allegations of reprisal for previous EEO complaints. On December 12, 1996, Ms. Howard filed the formal complaint of discrimination, which underlies this suit, with the Department of Commerce's Office of Civil Rights. After a six week investigation, Ms. Howard received a copy of the investigation report, and was notified of her right to either request a hearing before the Equal Employment Opportunity Commission, or to request a Final Agency Decision without a hearing. Ms. Howard requested a Final Agency Decision, which stated that "Plaintiff had established a prima facie case of reprisal, that management met its burden of articulating a nondiscriminatory reason for its action and that plaintiff failed to prove that management's articulated reason was a pretext to mask discrimination." Def.'s Mot. Summ. J. at 2-3. Ms. Howard subsequently filed the instant complaint with this Court on December 2, 1997.

4

## II. Standard of Review

> A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(b)-(c). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. McKinney v. Dole, 765 F.2d 1129, 1135 (D.C. Cir. 1985). Once the moving party makes its initial showing, however, the nonmoving party must demonstrate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; McKinney, 765 F.2d at 1135.

## III. Analysis

To succeed on her Title VII claim, Ms. Howard must first make a prima facie case of reprisal by showing that: (1) she engaged in EEO-protected activity and Defendant had knowledge of that activity; (2) she was subject to an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. Thomas v. National Football League Players Ass'n, 131 F.3d 198, 202 (D.C. Cir. 1997). Once the plaintiff establishes a prima facie case, the defendant is afforded the opportunity to articulate a legitimate, nondiscriminatory reason

5

for the alleged discrimination. <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 254 (1981). If defendant provides a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff, who must prove that the articulated reason is merely a pretext. <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507 (1993). The ultimate burden of proving discrimination always remains with the plaintiff. <u>Id.</u>

The parties do not dispute that Ms. Howard engaged in EEO-protected activity, that Defendant knew of the activity, and that Ms. Howard was subject to an adverse employment action. Defendant, however, argues that Ms. Howard cannot make a prima facie case because she has not demonstrated a causal connection between the EEO activity and her performance evaluation from which the Court could draw an inference of retaliatory motive.

To show a causal connection between EEO-protected activity and an adverse action, "plaintiff merely needs to establish facts adequate to permit an inference of retaliatory motive." <u>Mitchell v. Baldridge</u>, 759 F.2d 80, 86 (D.C. Cir. 1985). This inference can be established by a showing that the adverse action was levied shortly after the plaintiff engaged in the protected activity. <u>Id.</u>; <u>McKenna v. Weinberger</u>, 729 F.2d 783, 790 (D.C. Cir. 1984)(holding that a causal connection can be established by knowledge of employee's protected activity closely followed by adverse personnel action).

Ms. Howard filed five discrimination complaints with the Department of Commerce's Office of Civil Rights between November

6

1994 and October 1996. Her rating of "fully successful" was lower than her "commendable" rating for the previous year, and was received seven months after engaging in EEO-protected activity on March 26, 1996. Although there is substantial question as to whether the proximity between Ms. Howard's March 26 complaint and her October 21 performance evaluation is close enough for this Court to infer that Defendant gave the performance evaluation in retaliation for Ms. Howard's complaint, the Court will make that inference for purposes of ruling on this Motion.

Ms. Howard has thus established a causal connection between the filing of the EEO complaints and receiving the "fully successful" rating, and therefore established a prima facie case. In response, Defendant has provided two nondiscriminatory reasons for the "fully successful" rating.

Defendant's first reason is the "monumental error she committed in deleting 2,095 names from the Watchlist", which was "the most egregious error in the history of the organization." Def.'s Mot. for Summ. J. at 14. Ms. Howard's supervisor, Mr. Hatfield, testified that the Watchlist contained the names of some of the world's worst villains, and if Ms. Howard's error had not been caught, "it could have resulted in a major embarrassment to the Department of Commerce and a serious national security problem."[3] Id. Defendant's second nondiscriminatory reason is

---

[3] Mr. Hatfield considered the error so serious that he offered to resign. His resignation was refused, but his performance evaluation for the same period was lowered.

7

that Ms. Howard's written recommendations on export licenses were "not always well written". Id. at 15.

Our Court of Appeals recently addressed the issue of the burden on plaintiffs to rebut stated nondiscriminatory reasons in order to survive summary judgment:

> Under Hicks and other applicable law . . . a plaintiff's discrediting of an employer's stated reason for its employment decision is entitled to considerable weight. . . . [W]e therefore reject any reading of Hicks under which employment discrimination plaintiffs would be routinely required to submit evidence over and above rebutting the employer's stated explanation in order to avoid summary judgment.

Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1290 (D.C. Cir. 1998). The plaintiff must, however, offer some evidence in rebutting defendant's stated non-discriminatory reasons; "unadorned speculation will not . . . resist a motion for summary judgment." Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 772 (D.C. Cir. 1981).

Ms. Howard offers four reasons why Defendant's reasons are pretextual: 1) the blame for the Watchlist error was erroneously placed on her; 2) there is no list indicating exactly how many names were deleted from the Watchlist; 3) she was not reprimanded for the error prior to receiving a lower performance evaluation; and 4) there is evidence concerning her overall performance that suggests her performance evaluation was unjustly low.

Ms. Howard first argues that Defendant has misplaced the blame for the Watchlist error. Although Ms. Howard, in her sworn testimony, conceded to erroneously deleting the names from the

8

Watchlist, Def.'s Ex. 7 at 47, she now "doubts" that she was solely responsible for this error. Pl.'s Supplemental Mem. in Opp'n. to Def.'s Mot. Summ J. ("Pl.'s Suppl.") at 5. These bare allegations do not, however, render Defendant's articulated reasons pretextual. Ms. Howard does not explain why she is now changing her testimony, and offers no evidence to suggest that the fault was other than her own. It is well established that "a party may not create a material issue of fact simply by contradicting prior sworn testimony." Pyramid Sec. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991), cert. denied, 502 U.S. 822 (1991). The fact that Ms. Howard was solely responsible for committing the error remains undisputed and does not render Defendant's nondiscriminatory reasons pretextual.

Ms. Howard's second argument is that Defendant's reasons are pretextual because "there is no list to show what was deleted and what was recovered under her agent code." Pl.'s Suppl. at 5. Ms. Howard claims that such a list would have provided an in-depth record of the events that gave rise to her low performance rating. Ms. Howard is apparently implying that much fewer than 2,095 names were deleted, but offers no evidence to support her implication. Thus, this argument must also fail.

Ms. Howard's third argument is that Defendant's reasons are pretextual because she was not reprimanded for the error prior to receiving a lower performance rating. Pl.'s Suppl. at 5. If the error was egregious enough to warrant a lower performance rating, Ms. Howard argues, then she should have been advised of that

9

immediately. Id. at 6. Ms. Howard has not, however, offered any evidence showing that a reprimand or warning is necessary prior to lowering an employee's performance rating.

Ms. Howard's final argument is that "the evidence concerning her overall performance during the year in question also supports a finding of pretext." Pl.'s Suppl. at 6. Ms. Howard claims that, despite her hard work and numerous compliments, Defendant unfairly held her to a higher standard of accountability. Id. Ms. Howard has offered no evidence to support this allegation.

## IV. Conclusion

Assuming, arguendo, that Ms. Howard submitted evidence which supported a prima facie case of reprisal under Title VII, the Defendant has offered two legitimate, nondiscriminatory reasons for the lower performance rating. Ms. Howard failed, however, to meet the final burden of rebutting Defendant's nondiscriminatory reasons. Ms. Howard's attempts to show pretext are unsupported by the record and based on mere speculation. Consequently, Defendant's Motion for Summary Judgment [#13] is granted. An order will issue with this Opinion.

_March 30, 1999_
Date

_Gladys Kessler_
Gladys Kessler
United States District Court Judge

Copies to:

Doris D. Coles-Huff
Assistant United States Attorney
Judiciary Center - Room 4842
555 4th Street, N.W.
Washington, D.C. 20001

Janet Howard
P.O. Box 1454
Spottsylvania, VA 22553

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANET HOWARD,           :
                        :
     Plaintiff,         :
                        :
v.                      : Civil Action No. 97-2877 (GK)
                        :
WILLIAM DALEY, Secretary,:
U.S. Department of Commerce, :        FILED
                        :
     Defendant.         :           MAR 3 0 1999
                        :
_____:        NANCY MAYER WHITTINGTON, CLERK
                                      U.S. DISTRICT COURT

## ORDER

Plaintiff Janet Howard, proceeding pro se, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., seeking to remedy employment discrimination through reprisal. Ms. Howard alleges that Defendant United States Department of Commerce retaliated against her, by downgrading her performance evaluation from "commendable" to "fully successful", because she had filed prior equal employment opportunity ("EEO") complaints.

This matter is now before the Court on Defendant's Motion for Summary Judgment. Upon consideration of the motion, opposition, reply, and the entire record herein, for the reasons stated in a Memorandum Opinion to follow, Defendant's Motion for Summary Judgment [#13] is granted.

_March 30, 1999_        _Gladys Kessler_
Date                    Gladys Kessler
                        United States District Court Judge

Copies to:

Doris D. Coles-Huff
Assistant United States Attorney
Judiciary Center - Room 4842
555 4th Street, N.W.
Washington, D.C.  20001

Janet Howard
P.O. Box 1454
Spottsylvania, VA 22553

TOTAL P.13