# Howard 12
# (No. 99-67-00140)

## INFORMATION ABOUT YOU

Name: Janet Howard
Address: P.O. Box 1454
City/State: Spotsylvania, VA  Zip Code: 22553

Social Security Number:
Home Phone: (540) 895-5779
Work Phone: (202) 482-0717

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name:
Address:
City/State:   Zip Code:

NOTE: You do not have to have a representative. ✓
Phone ( )
Fax ( )
Is your representative an attorney? ☐ Yes ☐ No ✓

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
Bureau of Export Administration/Office of Enforcement Analysis

Did you work for the Department of Commerce at the time? ✓ Yes ☐ No  If yes, what was your position (title/series/grade), office, and bureau?
Export Compliance Specialist, 1801, BS-11

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).
Please Attached (papers)

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☐ Race
☐ Color
☐ Religion
☐ Sex

☐ National Origin
☐ Age
☐ Disability
☑ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).
Promotion to BS-14, $300,000 damage, Back Pay, medical cost, derogatory information removed from record.

Did you discuss this(ese) issue(s) with an EEO Counselor? ☑ Yes ☐ No  Counselor's name?
Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☑ No  Filing date(s)?
Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☑ No  Filing date(s)?

→ Janet Howard
SIGN HERE (OR HAVE YOUR ATTORNEY SIGN FOR YOU)

3-1-99
DATE (MONTH/DAY/YEAR)

Exhibit 1 Page 1

March 1, 1999

On November 18, 1998 Thomas Andrukonis via e-mail asked me to attend a meeting with other GS-11 Export Compliance Specialist to discuss possible promotion to grade GS-12. I responded back to Mr. Andrukonis asking to be excused from attending this meeting. In years passed, Mr. Andrukonis has not honored his word with regards to accretion of duty which would lead to promotion. Secondly, because of prior EEO complaints, Mr. Andrukonis since August 4, 1994, has consistently and repeatedly fail to select and/or promote me to any of the three GS-12 Export Compliance Specialist positions advertised in the Office of Export Enforcement in fiscal years 1994, 1995 and 1996.

This meeting was humiliating and debasing. I was personally insulted because in 1992, I was a GS-11 Export Compliance Specialist detailed in the Office of Export Enforcement Support ( renamed Enforcement Analysis) for 240 days. I serve in the position of GS-13 Enforcement Support Supervisor, where I supervised 7 Export Compliance Assistants. Two of the women in this meeting (Mary Coleman and Pearl Wilson) were grade GS-7 Export Compliance Assistants in 1992.

A third person in the meeting (Antoinette Dyson), in 1992 was also a grade GS-7 Export Compliance Specialist, employed with the Office of Export Enforcement Intelligence. She was in a career lateral position but was unable to receive promotion to GS-9 from the Director Doug McNeill. Under advisement from Geneva Butler, Antoinette asked for my assistance in writing an Information Request to The Bureau of Export Administrations (BXA) Personnel.

John Dockery was BXA's Personnel Representative. I stated in the request that she (Ms. Dyson grade GS-7) held a series GM 1801 career lateral position with promotion potential to GM-13, I asked that Mr. Dockery provide documents at the GS-9,11,12,13 and 14 level listing the criteria necessary to obtain promotion for each grade level. I asked that he specifically identify at what grade level did it become necessary to advertise these position for open competition, and what grade(s) could be obtained through accretion of duty. As a result, Ms. Dyson was promoted by Doug McNeill to grade GS-9. I can't explain how Ms. Dyson's GM- series with growth potential of GM-13 got replaced with a GS- series with known growth potential to grade GS-11. It was rumored, Mr. McNeill told Ms. Dyson she would not receive another promotion from him. Antidotal information suggested that Ms. Dyson's writing skills were inadequate. On or About 1995, Ms. Dyson became an employee in the Office of Export Enforcement Support / Enforcement Analysis where she was promoted to GS-11 and 12.

Because of my prior EEO complaints , I have been held in-grade by Mr. Andrukonis for the last 6 years. The long term effect and financial loss of being purposely held in grade for fiscal year(s) 1994, 1995 and 1996 have stifled my career growth, and prevented me from applying for the two GS-13 position advertised in this office in 1998. If Mr. Andrukonis had not interfered with my career growth in 1992, as a GS- 13 Support supervisor, I would have been eligible and in line to receive promotion to GS-14 OES/OEA Office of Export Analysis Preventive Enforcement supervisor. Other OES/OEA and BXA employees have benefited from my EEO complaints to the tone of two to three promotions not including cash awards.

Exhibit ___ Page ___  *Janet Howard 3/1/99*

Initially, Mr. Andrukonis said he could not promote Export Compliance Specialist GS-11's until March 1999 because the supervisor's were required to serve 120 days in position before evaluating us for promotion. This information was also reiterated to OCR's Senior Representative, Irma Salley. Mr. Andrukonis failed to say that my supervisor (Carol Bryant) and one other new supervisor had served in position less than 60 days when two white female employees under their supervision, were promoted to GS-13.

In that this is not a class complaint but an individual complaint, the remedy I sought to prevent this complaint from escalating to the formal stage was that Mr. Andrukonis make effective **my** grade 12 promotion (**solely**), and that it be reflected on my January 14, 1999 pay check. It was distinctly understood, covenanted and agreed by and between Mr. Andrukonis and myself that this conveyance was made to me (Janet Howard) sole and separate, free from including Mary Coleman, Antoinette Dyson, Dorcas Farrow, and Pearl Wilson.

Mr. Andrukonis quickly concurred with out regards to his earlier statement that supervisors are required to serve 120 days in position before evaluating us for promotion.

Mr. Andrukonis in an effort to exercise his authoritarianism, reneged the agreement and retaliated against me by promoting other GS-11 Export Compliance Specialist who have never filed an EEO complaint and who were not part or party to the relief I sought in remedying this informal complaint.

In spite of the statement made by Mr. Andrukonis that it was a requirement for both supervisors to serve 120 days in position before evaluating subsorbordinates, disregarding his previous statement nullified and make void the agreement to withdraw the complaint not to go formal. Mr. Andrukonis integrity is called in to question in that he again shows favoritism to others when he specfically stated that it was a requirement for both supervisor to serve in position for 120 days before evaluating us for promotion. This discriminatory action and practice is consistent with his prior action and practice toward me, thus inflicting further injury to me emotionally

Since Mr. Andrukonis Breached the conveyance made between him and me sole and separate, effective February 26, 1999 I am filing a formal complaint.

*Janet Howard*
3/1/99

Exhibit 1  Page 3

UNITED STATES DEPARTMENT OF COMMERCE
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

APR 6 1999

**CERTIFIED MAIL**

Ref.: **99-67-00140**
Filing Date: **March 1, 1999**

**MEMORANDUM FOR Janet Howard**

FROM: Kathryn E. Hawker
Acting Chief, Compliance Division
Office of Civil Rights

SUBJECT: Acceptance of Complaint

The Department of Commerce has accepted for investigation the following issues from your complaint of discrimination referenced above:

> Complainant, an Export Compliance Specialist, GS-11, with the Office of Export Enforcement Analysis, Bureau of Export Enforcement, alleges that in retaliation for her prior EEO activity, her supervisor has denied her a career ladder promotion since 1992, most recently when he reneged on an agreement to promote her to GS-12 effective by the pay date of January 14, 1999.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

The investigation must be completed by **August 30, 1999**, unless you and the Department agree on an extension. (29 C.F.R. §1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint, you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation. (29 C.F.R. §1614.107(g)).

If you believe that the issues in your complaint have not been correctly identified, please notify me, in writing, **within 15 calendar days** after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

You may write to me at the following address:

Exhibit 5 Page 1

Kathryn E. Hawker
Acting Chief, Compliance Division
Office of Civil Rights, Room 6010
U.S. Department of Commerce
Washington, D. C. 20230

cc: Bernadette M. Worthy
Investigative Unit
Compliance
Subject

P 127 036 290

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Pr~
Do not use for Internationa

| Sent to | |
|---|---|
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date APR - 6 1999 | |

PS Form 3800, April 1995

Janet Howard
P.O. Box 1454
Spotsylvania, VA 22553

Exhibit 5 Page 2