# Howard 18
# (No. 03-37-00036)

# Complaint of Employment Discrimination
## Against the U.S. Department of Commerce

For OCR Use
COMPLAINT NUMBER: 03-07-0036     Filing Date: 12-17-03

## INFORMATION ABOUT YOU

Name: Janet Howard
Social Security Number: [redacted]
Address: 11521 Post Oak Rd
Home Phone: (540) 895-5779
City/State: Spotsylvania, VA  Zip Code: 22553
Work Phone: (202) 452-0117

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name:
NOTE: You do not have to have a representative.
Address:
Phone ( )
Fax ( )
City/State:   Zip Code:
Is your representative an attorney? ☐ Yes ☐ No

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
Bureau of Industry Security (BIS)

Did you work for the Department of Commerce at the time? ☑ Yes ☐ No  If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).
See Attached

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☑ Race
☑ National Origin
☐ Color  (Black) See attached statement
☑ Age
☐ Religion
☑ Disability
☑ Sex
☑ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).
See Attached

Did you discuss this(ese) issue(s) with an EEO Counselor? ☑ Yes ☐ No  Counselor's name?
Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☑ No  Filing date(s)?
Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☑ No  Filing date(s)?

Signature: Janet Howard    Date: 12-17-03
SIGN HERE (OR HAVE YOUR ATTORNEY SIGN FOR YOU)     DATE (MONTH/DAY/YEAR)

EXHIBIT 2  PAGE 1

12-17-03
~~10/13/20~~

Janet Howard

V                                          Case Number: 03-67-00036

U.S. Department of Commerce

I, Janet Howard, Export Compliance Specialist, GS-1801-12, pursuant to 28 U.S.C. 1746, hereby declare:

I understand that the Department has accepted the following issue for investigation:

> Complainant alleges discrimination on the bases of her race (African American), color (Black), sex (Female), age (over 40 years), disability (Work related Post- Traumatic Stress and High blood pressure), and retaliation for prior EEO complaint activity when I received a marginal performance evaluation for Fiscal Year 2001.

For the record, this complaint of Retaliation stems from (**Case Numbers 01-67-00321 & 02-67-00037**). This complaint failed to be included in the above cases because the investigation of ( **Case Number 03-67-00036**) was completed a few days after Case Numbers( **01-67-00321 & 02-67-00037**) were sent to EEOC by Office of Civil Rights Katherine Anderson. I was advised by OCR that this case would be filed as a new complaint because Cases Number( **01-67-00321 & 0267-0037**) had already been forwarded to EEOC. I could petition the AJ assigned to Case Number ( **01-67-00321 & 02-67-00037**) if she /he would consent to appending Case complaint number (: **03-67-00036) to the above.**

1

EXHIBIT 2  PAGE 2

I was retaliated against by the Bureau of Industry Security (BIS managers, Office of General Council's Labor Relations (Dave Pinansky) and OHRM (Deanna Sheppard) after my physician requested that I be provided "Reasonable Accommodation". I was treated differently than White similarly situated BIS employees whom the Bureau had provided reasonable accommodation. I was retaliated against after filing a complaint of failure to Accommodate with the Office of Civil Rights.

I am an African American female, my color is medium brown. My date of birth is ☐ Post Traumatic Stress Disorder/Acute Depression is the condition for which I am currently being treated. I began my EEO counseling on this case on 11/26/02, a few days prior to the Bureau's compliance to the Department's physician's recommendation to provide me with reasonable accommodation. June 22, 2001 my physician informed Thomas Andrukonis, Director of Business Industry Security (BIS) that I needed an adjustment or change at work for a reason related to a medical condition. The Bureau ignored my physician's request to provide me with reasonable accommodation. Without reasonable accommodation, I was not able to perform the essential functions of my position and, was not allowed an equal opportunity to enjoy the benefits and privileges of employment that employees without disabilities enjoy. Similarly, without effective accommodation, I was not able with a disability (Post Traumatic Stress Disorder/Acute Depression) to have an equal opportunity to participate in the application process.

June 22, 2001 through September 14, 2001 I was placed on total disability. I received "Reasonable Accommodation November of 2002. My performance rating for 2001 was due on October 1, 2001. The Department did not provide me with an equal opportunity to attain the same level of performance or even maintain the level of

2

EXHIBIT 2 PAGE 3

performance of my last rating (Highly Commendable). When it failed to provide me with "Reasonable Accommodation, I was not afforded an equal opportunity to attain the same level of performance. I was denied an equal opportunity to compete for promotions. In this instance, failure to provide me Reasonable accommodation, cause undue hardship and violated my disability. All three prior performances rating (outstanding) were conducted by the same manager (Carol Bryant) and for the same position. Carol Bryant had recommended a cash award commensurate with 10 percent of my gross salary for FY 2001.

 I believe that I was retaliated against because I am a member of a protected class and that I am Class Agent for the Certified Race Bases Class Action Complaint (Janet Howard vs. Donald Evans, Secretary U.S. Department of Commerce.) There have been other retaliatory actions levied against me by the Department of Commerce OHRM (Deanna Sheppard), The Bureau of Industry and Security (BIS) manager at all levels, The Office of General Counsel Labor Attorney, (Dave Pinansky) and, The Office of Inspector General,

 I was privy to antidotal information which concludes that OHRM (Deanna Sheppard) and The Office of General Counsel Labor Attorney, (Dave Pinansky) provided guidance for the following acts of retaliation. Dave Panansky instructed Tom Andrukonis by his own admission to ignore and deny my physician's request for reasonable accommodation. Deanna Sheppard instructed Carol Bryant in a crafty and acceptable method in which to lower my rating to marginal, place me on a Performance Improvement Plan (PIP) and in providing a strategy to end my federal career. When accomplishing that was unsuccessful, I was given a fully successful rating.

The marginal rating prohibited my upward mobility, and my ability to compete with fellow employees on any level. This action destroys my ability to receive cash awards, and a marginal rating further reduced my ability to compete for future jobs within the federal sector. I was not eligible for accretion of duty promotions. I could not receive enhanced assignments as a result of a marginal rating. I could not receive training and I was not eligible for travel assignment.

The Fully Successful rating prohibited my upward mobility, and my ability to compete with fellow employees on any level. The Fully Successful rating was barred me from receiving a cash award. It reduced my ability to compete for future jobs within the federal sector. I was not eligible for accretion of duty promotions.

I could not receive enhanced job assignments as a result of a Fully Successful rating.

I am rated Fully Successful l, but I am given projects which are equal to and exceed commendable and outstanding performance ratings.

**REMEDY:**

(1) Rating changed from Fully Successful to Commendable.

(2) Appropriate Performance Award commensurate with Commendable rating.

(3) Promotion to GS-13 Export Compliance Specialist

(4) Compensatory damages as appropriate.

I have read the above statement consisting of 4 pages. I declare under the penalties of perjury that my statement is true, correct and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and it may be shown to the interested parties.

_Janet Howard_     Executed on: 12-17-03
Janet Howard

Page 4 of 4



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer and**
**Assistant Secretary for Administration**
Washington, D.C. 20230

FEB 5 2004

Complaint Number: 03-67-00036
Filing Date: December 17, 2003

**MEMORANDUM FOR JANET HOWARD**

From:  Nancy McNamara
       Chief, Compliance Division
       Office of Civil Rights

Subject: Notice of Acceptance for Investigation

**Statement of Claims**

The Department of Commerce has accepted for investigation the claims cited below which were contained in the above referenced Equal Employment Opportunity (EEO) complaint of discrimination.

Complainant, an Export Compliance Specialist, GS-1801-12, with the Bureau of Industry and Security, alleges that because of her race (African American), color (Black), sex (female), national origin (unknown), age (over 40), disability (work related post-traumatic Stress and high blood pressure), and in retaliation for her prior EEO activity:

1. she was denied reasonable accommodation, which would have enabled her to perform the essential functions of her position; and
2. given a "Fully Successful" performance rating FY 2002.

**Your Rights and Responsibilities**

- If you believe that the issues in your complaint have not been correctly identified, please notify the Chief, Compliance Division at the address shown below, in writing, **within 15 calendar days** after your receipt of this Notice, specifying why you believe that the issues in your case have not been correctly identified.

- An investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

EXHIBIT 5  PAGE 1

- The investigation must be completed by **June 14, 2004**, unless you and the Department agree on an extension. See Title 29, Code of Federal Regulations (C.F.R.) section (§) 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support your complaint, you promptly provide it.

- A formal complaint may be amended at any time before the investigation is completed. See 29 C.F.R. § 1614.106(d). New claims must be like or related to the claims raised in the original complaint. For example, if the original complaint concerns a Performance Improvement Plan, a new claim concerning a subsequent performance rating would be "like or related." A new claim concerning time and attendance would not. If the complaint is amended, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed, whichever comes first. If it is determined that the new claim is not like or related to the original complaint, you will be notified of your right to seek EEO counseling.

- If more than one complaint is filed, the Agency is required to consolidate all of the complaints for processing. The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the filing date of the first complaint, whichever comes first.

- You may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date you filed the original complaint. You must file your request with the EEOC office specified in the Acknowledgment Memorandum, dated January 9, 2004, and a copy of the request must be provided to this office.

- The complaint may be dismissed if you fail to cooperate with the investigation.

- If the EEO Officer/Counselor informed you that Alternative Dispute Resolution, through mediation, is an appropriate option for this complaint, you have a right to choose mediation at any time during the processing of this formal complaint, including during the investigation. *(The DOC EEO Alternative Dispute Resolution: Mediation Guide* identifies the following cases where mediation is inappropriate: cases involving applicants for employment, former employees, alleged violence, egregious harassment, adverse actions, class actions, when authoritative resolution of a matter is required in precedent-setting cases, when the matter in dispute has significant government policy implications, or when it is important to produce a full public record of the proceedings.)

For your information, I have enclosed an information sheet on EEO Complaint Investigations.

Amendments to formal complaints, copies of hearing requests, requests for corrections to the statement of claims, and requests for mediation may be sent to me at:

2

EXHIBIT \_\_D\_\_ PAGE \_\_2\_\_

>Nancy McNamara
>Chief, Compliance Division
>Office of Civil Rights, Room 6012
>U.S. Department of Commerce
>Washington, D. C. 20230

Requests for ADR and a copy of the ADR Program Guide should be addressed to the servicing EEO Officer or:

>Bernadette M. Worthy
>Chief, Client Services and Resolution Division
>Office of Civil Rights, Room 6012
>U.S. Department of Commerce
>Washington, DC 20230

EXHIBIT 6 PAGE 3

## Certificate of Service

I attest that a copy of this Notice of Acceptance has been sent to the parties list below:

By Certified Mail:

Ms. Janet Howard
11521 Post Oak Road
Spotsylvania, VA 22553

Other:

Bernadette M. Worthy
EEO Officer, BIS

Investigative Team

Complaint File (Tab F)

OCR Office File

_____
Signature

FEB  5 2004
_____
Date

EXHIBIT 6  PAGE 4

4