# Megginson 9
# (No. 95-61-03560)

FORM CD-498
(Edit on 1-89)
(Pres. by DAO 215-5)

**COMPLAINT OF DISCRIMINATION AGAINST THE U.S. DEPARTMENT OF COMMERCE BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, PHYSICAL OR MENTAL HANDICAP OR RETALIATION**

DEPARTMENT NUMBER: 95-61-0356
FILING DATE: Aug. 23, 1995

1. **COMPLAINANT'S NAME:** Joyce E. Megginson
   **COMPLAINANT'S STREET ADDRESS:** 310 Bogota Drive
   **CITY, STATE, ZIP CODE:** Ft. Washington, MD 20744
   **TELEPHONE:** HOME: 301-292-3308   WORK: 202-482-0486

2. **NAME OF COMMERCE ORGANIZATION THAT DISCRIMINATED AGAINST YOU:** Nat'l Telecom. & Info. Admin/OSM
   **STREET ADDRESS OF OFFICE:** 14th Const. Ave., N.W., Rm 4099
   **CITY, STATE, ZIP CODE:** Washgington, DC 20230

3. **DATE OF MOST RECENT DISCRIMINATION:** June 21, 1995

4. **DO YOU WORK FOR THE FEDERAL GOVERNMENT?** YES. MY MOST RECENT TITLE AND GRADE IS (OR WAS): Program Analyst 343-9/8
   **NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK:** Dept. of Commerce/NTIA/OSM, 14th Const. Ave., NW, Wash., DC 20230

5. (A) DESCRIBE HOW YOU WERE TREATED DIFFERENTLY... (B) DESCRIBE THE ACTION TAKEN AGAINST YOU... (C) GIVE THE DATES... (D) WHAT HARM...

   "SEE ATTACHMENT 2"

6. **ANSWER BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST:**
   - [X] RACE (STATE RACE): Black
   - [ ] COLOR
   - [ ] RELIGION
   - [X] SEX (STATE YOUR SEX): Female
   - [ ] NATIONAL ORIGIN
   - [ ] AGE
   - [ ] PHYSICAL HANDICAP
   - [ ] MENTAL HANDICAP
   - [X] RETALIATION (EXPLAIN YOUR PRIOR CONNECTION WITH THE EEO PROCESS): Four (4) complaints pending with the Office of Civil Rights (OCR)

7. **DID YOU DISCUSS ALL MATTERS REPORTED IN NO. 5 WITH AN EEO COUNSELOR?** [X] YES, COUNSELOR'S NAME: Irma Salley

8. **DID YOU FILE A GRIEVANCE?** [X] NO   **OR AN MSPB APPEAL?** [X] NO

9. **THE REMEDY I SEEK IS:**

   "See Attachment 3"

10. **COMPLAINANT'S SIGNATURE:** Joyce E. Megginson
11. **DATE OF SIGNATURE:** August 23, 1995

USCOMM DC 89-1535

August 23, 1995

MEMORANDUM FOR:   Courtland Cox
                  Acting Director
                  Office of Civil Rights

FROM:             *Joyce E. Megginson* (signature)
                  Joyce E. Megginson
                  Complainant

SUBJECT:          Notice of Filing of Formal Discrimination Complaint

I contacted the Office of Civil Rights on June 27 and July 26, 1995, requesting counseling for a retaliatory act inflicted upon me by my supervisor William Gamble. This extremely upsetting and intimidating incident took place in his office on June 21, 1995.

As this matter was not resolved informally, and pursuant to the provisions contained in the Notice of Right to File which I received from OCR on August 9, 1995, I am exercising my right to file a formal complaint. The attached Complaint Form CD-498 and supporting documents are being submitted to you for processing of my formal complaint.

Attachments (3)

cc:   Theresa Counce
      Irma Salley

ATTACHMENT 2

5. (A)  DESCRIBE HOW YOUR WERE TREATED DIFFERENTLY THAN OTHER EMPLOYEES OR APPLICANTS BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR RETALIATION.

I feel that my supervisor's inquiry into the status of my complaints with the Office of Civil Rights (OCR) was very inappropriate as well as disrespectful of the EEO process. Given the fact that the results of the Agency's investigation exonerated Mr. Gamble, I feel this was clearly an attempt to gloat in his victory and to continue his pattern of intimidation. It was also done to let me know that he fully controls the manner in which he treats me, and has no fear of any disciplinary or administrative action taken against him.

5. (B)  DESCRIBE THE ACTION TAKEN AGAINST YOU THAT YOU BELIEVE WAS DISCRIMINATORY.

My supervisor, William Gamble called me into his office of to discuss my performance management plan (more than 8 months late) and to conduct my mid-point review, which on June 21, 1995, was already two months late. Upon the conclusion of my mid-point review, Mr. Gamble made a conscious decision to conclude our meeting in a manner that was blatantly antagonistic, disrespectful, and unprofessional.

Upon the conclusion of the aforementioned meeting, just as I was about to exit Mr. Gamble's office, he asked me with a smug look on his face, "how's the filings going." I inquired as to what filings he was referring to. Again, Mr. Gamble said, "you know the filings," then he offered, "every now and then something comes across my desk." I informed Mr. Gamble that I still had no idea what filings he was referring to. Mr. Gamble then asserted, "the EEO complaints that you file." I just looked at him quite stunned without responding, because I was shocked and appalled that he would be asking me about the status of my complaints. Mr. Gamble then said, "I guess they're working their way through the system." It was at that point that I inadvertently mumbled to myself, "yes, I guess so," and immediately left his office.

As I previously voiced to my EEO Counselor, Ms. Irma Salley, it was very inappropriate for Mr. Gamble to have brought this topic up with me. If he had an inquiry into the status of my complaints, it should have been made to NTIA's administrative office or directly to the Office of Civil Rights. It is my feeling and contention that Mr. Gamble's inquiry into the status of my complaints with OCR served no useful purpose, other than

to further intimidate and harass me. This act also further demonstrates Mr. Gamble's great lack of respect for me as a person and an employee, and a total disregard for the EEO administrative process.

Also in my Notice of Right to File from Ms. Irma Salley, dated August 9, 1995, she states that Mr. Gamble did not deny inquiring as to the status of my EEO complaints at the conclusion of our meeting. Mr. Gamble contends that he made the statements to bring the matter of my EEO complaints out in the open.

It was already in the open, it was common knowledge throughout the agency and among my co-workers that I had filed complaints against Mr. Gamble. Therefore, his actions were not as he contends to bring it in the open, but rather to intimidate and harass me openly. Also, for him to have brought the topic up during my appraisal was only sending a threatening and intimidating message to me.

It is inconceivably that Mr. Gamble would think it appropriate to discuss my pending complaints with me. Being reasonably prudent, I would not automatically presume that Mr. Gamble by virtue of his SES appointment possessed intricate knowledge of the EEO process. Contrastly, however, being the target of an EEO investigation still in adjudication, one should reasonably expect him to be aware of the process, its guidelines and more importantly, its limitations. To a greater extend, it is incumbent upon his superiors to ensure that not only he becomes aware, but also to cease the type of behavior which precipitated the complaints.

5. (C) GIVE THE DATES WHEN THIS ACTION OCCURRED.

This act of retaliation occurred on June 21, 1995.

5. (D) WHAT HARM, IF ANY, CAME TO YOU IN YOUR WORK SITUATION AS A RESULT OF THIS ACTION.

Mr. Gamble has already created a hostile and stressful work environment for me. His actions on June 21, 1995, added insult to injury. It created an even more hostile work environment and a more strained relationship between myself and Mr. Gamble that serves only to further isolate me.

ATTACHMENT 3

9. THE REMEDY I SEEK IS:

William Gamble, Deputy Associate Administrator, OSM, for his constant and deliberate retaliatory and discriminatory practices, from October 28, 1984, which continues to this day, August 23, 1995. I am seeking his removal from his Senior Executive Service (SES) position, and I am requesting that he not be transferred to, nor e considered for any other supervisory or managerial positions within the U.S. Department of Commerce. I am also requesting reprimands for top level NTIA Management officials, namely, Richard Parlow, Larry Irving, James Hartman and Michele Farquhar for their failure to take previous actions for Mr. Gamble's discriminatory practices and allowing them to continue. By way of relief, I seek the following:

1. Legal fees - Any legal fees that I may incur as a result of any litigation associated with this complaint.
2. Compensatory Damages - $350,000 and any other remedies deemed fair by the Court.
3. Punitive Damages - $350,000 and any other remedies deemed fair by the Court.



**UNITED STATES DEPARTMENT OF COMMERCE**
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

SEP 28 1995

CERTIFIED MAIL

Ref.: 95-61-0356
Filing Date: August 23, 1995

MEMORANDUM FOR   Joyce E. Megginson

FROM:            Kimberly H. Walton
                 Chief, Compliance Division
                 Office of Civil Rights

SUBJECT:         Acceptance of Complaint

The Department of Commerce has accepted for investigation the following issue from your complaint of discrimination referenced above:

Complainant, a Program Analyst, GS-343-9, with the Office of Spectrum Management, National Telecommunications and Information Administration, alleges that because of her race (African American), sex, and in retaliation for her previous EEO complaints (95-61-0141, 95-61-0161, 95-61-0255 and 95-61-0266), at the conclusion of her Performance Appraisal meeting on June 21, 1995, her immediate supervisor, William Gamble, attempted to intimidate her by asking how her other EEO complaints were progressing.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

As you were told in our letter of August 30, 1995 the investigation must be completed by **February 20, 1996**, unless you and the Department agree on an extension. (29 C.F.R. § 1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint, you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation. (29 C.F.R. § 1614.107(g)).

If you believe that the issue in your complaint has not been correctly identified, please notify me, in writing, **within 15 calendar days** after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

EXHIBIT 10   PAGE 1

You may write to me at the following address:

>Kimberly H. Walton
>Chief, Compliance Division
>Office of Civil Rights, Room 6010
>U.S. Department of Commerce
>Washington, D. C. 20230

cc: Counce
    Investigative Unit
    Compliance
    Subject

---

P 059 321 369

**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

UNITED STATES POSTAL SERVICE

Ms. Joyce E. Megginson
310 Bogota Drive
Fort Washington, MD 20744

| Special Delivery Fee | |
| --- | --- |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | SEP 28 1995 |

PS Form 3800, June 1991

---

**DOMESTIC RETURN RECEIPT**

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Ms. Joyce E. Megginson
310 Bogota Drive
Fort Washington, MD 20744

4a. Article Number: P059321369
4b. Service Type
☐ Registered  ☐ Insured
☐ Certified   ☐ COD
☐ Express Mail ☐ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)
6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991

Thank you for using Return Receipt Service.

EXHIBIT 10 PAGE 2