# Megginson 10
# (No. 96-61-00520)

ATTACHMENT 1

FORM CD-498
(Edition 1-89)
(Prev. of DAO 215-5)

# COMPLAINT OF DISCRIMINATION AGAINST THE U.S. DEPARTMENT OF COMMERCE BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, PHYSICAL OR MENTAL HANDICAP OR RETALIATION

**DEPARTMENT NUMBER:** 96-61-0052
**FILING DATE:** 12-15-95

**1. COMPLAINANT'S NAME:** Joyce E. Megginson
**COMPLAINANT'S STREET ADDRESS:** 310 Bogota Drive
**CITY:** Ft. Washington **STATE:** MD **ZIP CODE:** 20744
**TELEPHONE (INCLUDE AREA CODES):** HOME: 301-292-3308   WORK: 202-482-0486

**2. NAME OF COMMERCE ORGANIZATION THAT DISCRIMINATED AGAINST YOU:** Nat'l Telecomm. & Info. Admin/OSM
**STREET ADDRESS OF OFFICE:** 14th Const. Ave., N.W., Room 4099
**CITY:** Washington **STATE:** DC **ZIP CODE:** 20230

**4. DO YOU WORK FOR THE FEDERAL GOVERNMENT?** ☐ NO ☒ YES - MY MOST RECENT TITLE AND GRADE IS (OR WAS): Program Analyst 343-9/8
**NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK (OR APPLIED):** Dept. of Commerce/NTIA/OSM 14th Const. Ave., N.W., Wash., DC 20230

**3. GIVE THE DATE ON WHICH THE MOST RECENT DISCRIMINATION TOOK PLACE:**
MONTH August DAY 28 YEAR 1995

**5.** (A) DESCRIBE HOW YOU WERE TREATED DIFFERENTLY THAN OTHER EMPLOYEES OR APPLICANTS BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR RETALIATION. (B) DESCRIBE THE ACTION TAKEN AGAINST YOU THAT YOU BELIEVE WAS DISCRIMINATORY. (C) GIVE THE DATES WHEN THIS ACTION OCCURRED. (D) WHAT HARM, IF ANY, CAME TO YOU OR YOUR WORK SITUATION AS A RESULT OF THIS ACTION? (YOU MAY ATTACH EXTRA SHEET(S).)

SEE ATTACHMENT 2

**6. ANSWER BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST:**
☒ RACE (STATE RACE): Black
☐ COLOR (STATE COLOR):
☐ RELIGION (STATE RELIGION):
☒ SEX (STATE YOUR SEX): Female
☐ NATIONAL ORIGIN (STATE NATIONAL ORIGIN):
☐ AGE (STATE DATE OF BIRTH):
☐ PHYSICAL HANDICAP (DESCRIBE IT):
☐ MENTAL HANDICAP (DESCRIBE IT):
☒ RETALIATION (EXPLAIN YOUR PRIOR CONNECTION WITH THE EEO PROCESS): Five (5) complaints pending with the Office of Civil Rights (OCR)

**7. DID YOU DISCUSS ALL MATTERS REPORTED IN NO. 5 WITH AN EEO COUNSELOR?** ☐ NO ☒ YES - IF YES, COUNSELOR'S NAME: Irma Salley

**8. DID YOU FILE A GRIEVANCE** ☒ NO ☐ YES **OR AN MSPB APPEAL** ☒ NO ☐ YES ON THE MATTER(S) DESCRIBED IN NO. 5? IF YES, GIVE DATE(S):

**9. THE REMEDY I SEEK IS:**

SEE ATTACHMENT 3

**10. I CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE AND BELIEF, ALL OF MY STATEMENTS ARE TRUE, CORRECT, COMPLETE AND MADE IN GOOD FAITH. COMPLAINANT'S SIGNATURE (Sign in dark ink):** /s/ Joyce E. Megginson

**11. DATE OF SIGNATURE:** MONTH Dec. DAY 15 YEAR 95

EXHIBIT 2
PAGE 1 OF 4

USCOMM DC 89-1535

ATTACHMENT 2

### 5. (A) DESCRIBE HOW YOU WERE TREATED DIFFERENTLY THAN OTHER EMPLOYEES OR APPLICANTS BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR RETALIATION.

To my knowledge, no one else, in the Office of Spectrum Management (OSM) has been prohibited from performing his/her official job functions as outlined in their position description and performance plan. Mr. Gamble and top level management officials deliberately prevented me from performing my official duties. Further, I believe that these functions were stripped from my position description and performance plan as a means of setting the tone and making it easier for management to abolish my position. I believe that all of these retaliatory acts are because of my prior involvement with the Office of Civil Rights (OCR). I receive absolutely no direction, guidance or work assignments from Mr. Gamble, my supervisor. There's no interactions of any kind from him, which makes me feel as thought I'm not a part of the staff, and as a result I'm completely isolated and ignored.

### 5. (B) DESCRIBE THE ACTION TAKEN AGAINST YOU THAT YOU BELIEVE WAS DISCRIMINATORY.

On August 1, 1995, less than 24 hours after Mrs. Irma Salley notified Mr. Gamble that I had requested counseling from the Office of Civil Rights (OCR) alleging retaliation, Mr. Gamble casually informed me (while passing in the hallway) in front of strangers that an important element in my performance plan had been eliminated. Mr. Gamble also told me that it was a possibility that the weekly reports would be discontinued as well.

Also, the task of compiling the weekly report, which I have performed for years was delegated to an SES, who in turn reassigned this task a program manager to perform. According to Ms. Salley's report the decision to remove me from performing this task was decided by Mr. Parlow, Mr. Gamble's supervisor. Mr. Parlow's decision to assign this task to someone else could be in retaliation since I have recommended in previous complaints that he be reprimanded.

Mr. Gamble again told me via e-mail on August 11, 1995, that the monthly reports were discontinued as a response to a e-mail inquiry from me as to the rational for discontinuance. On August 28, 1995, at the regular Monday morning staff meeting, Mr. Gamble again explicitly commanded me to cease compiling the weekly as well as the monthly reports, tasks that I have competently performed for many years.

It is common knowledge throughout OSM that I performed these tasks. Further, if you review Mr. Gamble's comments to allegations in one of my prior complaints, he makes reference to Ms. Farquhar complaining about a minor typo. However, in Ms. Salley's

EXHIBIT 2
PAGE 2 OF 4

2

counselor reports, Mr. Gamble states that he was not aware that I had ever prepared the weekly status reports. In essence, this is a concerted effort by Mr. Gamble and Mr. Parlow to lessen the importance to my job, which is blatant retaliatory acts.

5.  (C) GIVE THE DATES WHEN THIS ACTION OCCURRED.

These acts of retaliation occurred on August 1, 11, & 28, 1995.

5.  (D) WHAT HARM, IF ANY, CAME TO YOU IN YOUR WORK SITUATION AS A RESULT OF THIS ACTION.

Mr. Gamble has already created a hostile and very stressful work environment for me over the years. His actions on August 1, 11, & 28, 1995, respectively, further escalated an already hostile and very stressful work environment that created and made for a more hostile environment for me, which served no other purpose but to further isolate me. Also, with the elimination of critical elements in my general work force performance plan, this action put me in a very vulnerable position to enable management to abolish my job during the imminent reduction in force (RIF) that the department is undergoing.

The discriminatory acts of Mr. Gamble has also caused me a great deal of physical and physiological damage and problems. I am presently under the care of a physician (Dr. Herbert Washington), and psychologist (Dr. Richard H. Kastner) to help me cope with my stressful work environment and constant and profound fears of losing my job. I have anxiety attacks and have many sleepless nights as a direct result of job related stress, depression. I participated in a sleep study program (approximately $1,200) at the Southern Maryland Hospital because I have great difficulty sleeping at night, and I could not continue to function at my present level. As a result of lack of sleep, it has affected my concentration and my normal day-to-day activities.

EXHIBIT 2
PAGE 3 OF 4

3

ATTACHMENT 3

9. **THE REMEDY I SEEK IS:**

I am seeking the removal of William D. Gamble, Deputy Associate Administrator, OSM, from his Senior Executive Service (SES) position, for his calculated, conscious and deliberate retaliation, intimidation and discriminatory practices, from October 1994, which continues to the present time, December 15, 1995. I am also requesting that he not be transferred to, nor be considered for any other supervisory or managerial positions within the U.S. Department of Commerce. Further, I am requesting reprimands for top level NTIA management officials, namely, Richard Parlow, Larry Irving, James Hartman and Michele Farquhar (she has departed NTIA for the FCC) who are well informed and aware of Mr. Gamble's behavior. Reprimands are for their failure to take actions for Mr. Gamble's previous acts of retaliation, intimidation, and discrimination by condoning and allowing him to continue these discriminatory practices which has seriously violated my constitutional rights and has caused great medical harm. By way of relief, I seek the following:

1. **Legal Fees** - Any legal fees that I may incur as a result of any litigation associated with this complaint.

2. **Medical Fees** - Any medical fees that I may incur as a result of any, and all stress or stress related symptoms, or any other medical problems that can be directly associated with any negative bias treated that I have suffered at the hands of Mr. Gamble as a result of his continued retaliation, intimidation, discrimination and harassment inflicted upon me by Mr. Gamble or any Department of Commerce official.

3. **Compensatory Damages** - $350,000 and any other remedies deemed fair by the Court.

4. **Punitive Damages** - $350,000 and any other remedies deemed fair by the Court.

EXHIBIT 2
PAGE 4 OF 4



UNITED STATES DEPARTMENT OF COMMERCE
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

FEB 13 1996

CERTIFIED MAIL

Ref.: 96-61-0052
Filing Date: December 15, 1995

MEMORANDUM FOR Joyce E. Megginson

FROM: *Kimberly H. Walton*
Chief, Compliance Division
Office of Civil Rights

SUBJECT: Acceptance of Complaint

The Department of Commerce has accepted for investigation the following issues from your complaint of discrimination referenced above:

Complainant is a Program Analyst, GS-343-9, with the Office of Spectrum Management, National Telecommunications and Information Administration.

Complainant alleges that because of her race (Black), sex (female), and retaliation for filing previous EEO complaints:

1. She was prevented from performing some of the official duties contained in her position description and performance plan, in order to make it easier for management to abolish her position; and

2. She continues to receive no direction, guidance, or work assignments from her first line supervisor, William Gamble.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

As you were told in our letter of January 16, 1995, the investigation must be completed by June 10, 1996, unless you and the Department agree on an extension. (29 C.F.R. §1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint, you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

EXHIBIT 5
PAGE 1 OF 2

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation. (29 C.F.R. §1614.107(g)).

If you believe that the issues in your complaint have not been correctly identified, please notify me, in writing, within 15 calendar days after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

You may write to me at the following address:

>   Kimberly H. Walton
>   Chief, Compliance Division
>   Office of Civil Rights, Room 6010
>   U.S. Department of Commerce
>   Washington, D. C. 20230

cc: Walton
    Worthy
    Welch
    Counce
    Compliance
    Subject



EXHIBIT 5
PAGE 2 OF 2