# Megginson 13
# (No. 97-61-01450)

FORM CD-498
(Edition 1-89)
(Pres. by DAO 215-5)

# COMPLAINT OF DISCRIMINATION AGAINST THE U.S. DEPARTMENT OF COMMERCE BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, PHYSICAL OR MENTAL HANDICAP OR RETALIATION

**DEPARTMENT NUMBER:** 97-61-0145

**FILING DATE:** March 7, 1997

1. **COMPLAINANT'S NAME:** Joyce E. Megginson
   **COMPLAINANT'S STREET ADDRESS:** 310 Bogota Drive
   **CITY/STATE/ZIP:** Ft. Washington, MD 20744
   **TELEPHONE:** HOME: 301-292-3308   WORK: 202-482-0486

2. **NAME OF COMMERCE ORGANIZATION THAT DISCRIMINATED AGAINST YOU:** U.S. Department of Commerce, NTIA/OSM
   **STREET ADDRESS OF OFFICE:** 1401 Constitution Ave., N.W., Room 4099
   **CITY/STATE/ZIP:** Washington, DC 20232

3. **DATE OF MOST RECENT DISCRIMINATION:** MONTH January  DAY 15  YEAR 1997

4. **DO YOU WORK FOR THE FEDERAL GOVERNMENT?** ☒ YES. MY MOST RECENT TITLE AND GRADE IS (OR WAS): Management Analyst GS-9/8 (343)
   **NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK (OR APPLIED):** Same as above

5. (A) Describe how you were treated differently... (B) Describe the action... (C) Give the dates... (D) What harm...

   SEE ATTACHMENT

6. **ANSWER BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST:**
   ☒ RACE (STATE RACE): African American
   ☐ COLOR
   ☐ RELIGION
   ☒ SEX (STATE YOUR SEX): Female
   ☐ NATIONAL ORIGIN
   ☒ AGE (STATE DATE OF BIRTH): (50)
   ☐ PHYSICAL HANDICAP
   ☐ MENTAL HANDICAP
   ☒ RETALIATION (EXPLAIN YOUR PRIOR CONNECTION WITH THE EEO PROCESS): Several complaints with OCR.

7. **DID YOU DISCUSS ALL MATTERS REPORTED IN NO. 5 WITH AN EEO COUNSELOR?** ☒ IF YES, COUNSELOR'S NAME: Tahira Murphy

8. **DID YOU FILE A GRIEVANCE** ☒ NO  OR AN MSPB APPEAL ☒ NO ON THE MATTER(S) DESCRIBED IN NO 5?

9. **THE REMEDY I SEEK IS:** The remedy that I seek is that all concerned parties (current and former employees) implicated in all of my discrimination and retaliation complaints receive reprimands or be punished to the fullest possible extent of the law. This punishment is fully justified because the U.S. Department of Commerce and management officials were aware that my civil rights were being violated and did nothing to protect me. Therefore, as a result of the negligence of the U.S. Department of Commerce and management officials' failure to intervene, I should be awarded compensatory and punitive damages, medical fees, and attorneys' fees for my continued long-term pain and suffering, and any other remedies deemed fair and proper by the Courts.

10. **COMPLAINANT'S SIGNATURE:** Joyce E. Megginson
11. **DATE OF SIGNATURE:** March 7, 1997

5. **(A) DESCRIBE HOW YOU WERE TREATED DIFFERENTLY THAN OTHER EMPLOYEES OR APPLICANTS BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR RETALIATION.**

I was treated disparately when my supervisor, Richard D. Parlow, Association Administrator, Office of Spectrum Management (OSM) assigned me the unconscionable task of cleaning a co-workers private office space. There has never been a requirement for an employee to clean another's private office space. Mr. Parlow and Mr. Gamble have repeatedly asked this employee numerous times to clean her office space but she has refused to comply. While this co-worker is physically located in my immediate area, organizationally she is not.

**(B) DESCRIBE THE ACTION TAKEN AGAINST YOU THAT YOU BELIEVE WAS DISCRIMINATORY.**

Mr. Parlow and William Gamble allowed the condition of this co-worker's office to deteriorate into the deplorable condition that it remains today. While this employee has only been in her present office space for about seven years, her former office space was always in the same condition. Mr. Parlow and Mr. Gamble have always demanded that the employee clean up her office space, but she refused to comply and Mr. Gamble and Mr. Parlow never took any actions to force her to comply. But, rather Mr. Parlow asked me to a GS-9 to perform this demeaning task in an effort to force her to clear up her office. This is a management problem and should have been dealt with by management and not me.

**(C) GIVE THE DATES WHEN THIS ACTION OCCURRED.**

This discriminatory tasked was assigned to me on January 15, 1997.

**(D) WHAT HARM, IF ANY, CAME TO YOU IN YOUR WORK SITUATION AS A RESULT OF THIS ACTION?**

An already hostile work environment became even more intolerable. This employee occupies the office adjacent to mine, and every day I have to look at and am constantly reminded of the discrimination, humiliation, degradation and demeaning task that I was asked to perform. Assigning me this task was just another effort to force me out. Mr. Parlow has made the remark at staff meetings that he wants young blood in the organization, and I have heard him on another occasion in an office setting that he wants "the job prospect to be young and educated." Mr. Parlow has also made the comment that "he does not like anyone to buck his system." I have named Mr. Parlow in several of my complaints as the discriminating official and assigning me this task was in retaliation.

I am currently being treated by two physicians for hypertension, depression and anxiety due to continued job related stress. I had just return to duty from being on stress leave from December 17, 1996 to January 13, 1997, when Mr. Parlow assigned me this degrading task. Mr. Parlow's decision to assignment me this humiliating task clearly indicates desperate treatment, retaliation and racial discrimination.

UNITED STATES DEPARTMENT OF COMMERCE
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

APR 11 1997

CERTIFIED MAIL

Ref.: 97-61-0145
Filing Date: **March 7, 1997**

MEMORANDUM FOR   Joyce E. Megginson

FROM:   *Kimberly H. Walton*
Kimberly H. Walton
Chief, Compliance Division
Office of Civil Rights

SUBJECT:   Acceptance of Complaint

The Department of Commerce has accepted for investigation the following allegation from your complaint of discrimination referenced above:

> The Complainant alleges that based on race (African American), sex (Female), age (DOB: ☐ ) and reprisal for previous EEO complaints:
>
> She was assigned the task of cleaning the office of a white GS-15 employee by her supervisor, Richard Parlow, Association Administrator, Office of Spectrum Management on January 13, 1997.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

As you were told in our letter of March 13, 1997, the investigation must be completed by September 4, 1997, unless you and the Department agree on an extension (29 C.F.R. §1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint, you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation (29 C.F.R. §1614.107(g)).

If you believe that the issues in your complaint have not been correctly identified, please notify me, in writing, **within 15 calendar days** after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

You may write to me at the following address:

    Kimberly H. Walton
    Chief, Compliance Division
    Office of Civil Rights, Room 6010
    U.S. Department of Commerce
    Washington, D. C. 20230


cc: David Lewis, Acting EEO Officer