# Megginson 14
# (No. 98-61-00630)



National Telecommunications and
Information Administration
Washington, D.C. 20230

March 27, 1998

MEMORANDUM FOR:   Kimberly Walton
                  Acting Director
                  Office of Civil Rights

FROM:             Joyce E. Megginson

SUBJECT:          Formal Complaint of Discrimination

On March 16, my counsel Laurette Newsom informed me that my complaint was not settled in the informal stage. So at this time I am filing a formal complaint of discrimination with the Office of Civil Rights.

Attachments

EXHIBIT 1
Page 1 of 4 pages

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## AGAINST THE U.S. DEPARTMENT OF COMMERCE

For OCR Use
COMPLAINT NUMBER: 98-61-0063     FILING DATE: 3-27-98

## INFORMATION ABOUT YOU

Name: Joyce E. Megginson
Social Security Number: 
Address: 310 Bogota Drive
Home Phone: (301) 292-3308
City/State: Ft. Washington, MD    Zip Code: 20744
Work Phone: (202) 482-0486

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name:
NOTE: You do not have to have a representative.
Address:
Phone ( )
Fax ( )
City/State:    Zip Code:
Is your representative an attorney? ☐ Yes ☐ No

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
Dept. of Commerce, Nat'l Telecomm. & Info. Admin., Office of Spectrum Management

Did you work for the Department of Commerce at the time? ☒ Yes ☐ No  If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☒ Race                    ☐ National Origin
☒ Color                   ☐ Age
☐ Religion                ☐ Disability
☒ Sex                     ☒ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).
a. That I receive a higher rating;
b. That I receive a higher cash award;
c. That I be promoted; and
d. That I be financially compensated for the pain, suffering, and emotional stress that I have been made to bear.

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ☐ No  Counselor's name? Laurette Newsom
Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☒ No  Filing date(s)?
Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☒ No  Filing date(s)?

→ SIGN HERE (OR HAVE YOUR ATTORNEY SIGN FOR YOU): *Joyce E. Megginson*
DATE (MONTH/DAY/YEAR): March 27, 1998

EXHIBIT 1
Page 2 of 4 pages

**ATTACHMENT 1**

1. **DESCRIBE THE ACTION(S) OR POLICY(IES) YOU BELIEVE WAS (WERE) DISCRIMINATORY. BE SPECIFIC AND INCLUDE DATES.**

On September 24, 1997, Richard Parlow conducted my performance appraisal for the rating period 10/1/96 to 9/30/97 (Attachment 2). On October 1, 1997, I provided Mr. Parlow with comments (Attachment 3) to my performance rating. My rating should have been at the commendable or outstanding level, and, the 1% ($400.00) performance award was an insult and not commensurate with the quality of work that I performed. In fact, I believe that the only reason Mr. Parlow gave me a cash award this rating period is because of an article that appeared in the Federal Times newspaper (Attachment 4). In this article I complained about being in my current position for thirteen years, and was the only employee, to my knowledge that had never received a cash award. Mr. Parlow 's sole motive to giving me a 1% award was to further humiliate and embarrass me, as now, in NTIA I am referred to as the 1% girl.

I received a copy of my performance plan (FY 97) in a brown envelop with a copy of my comments attached, and signed by Shirl Kinney. To this day, Mr. Parlow, nor Ms. Kinney has had the courtesy, or the decency to discuss my rating or comments with me. I have never met with Ms. Kinney, nor discussed my rating with her, but she made the determination that no adjustment was deemed necessary to my rating. Apparently, Ms. Kinney made that determination not to change my rating, by only hearing one side, which was Mr. Parlow's, which in itself is discriminatory.

On December 16, 1997, Mr. Parlow presented me with my performance plan for the rating period 10/1/97 to 9/30/98 (Attachment 5). On that date, noticing that Mr. Parlow had added additional duties to my performance plan, I inquired as to the possibility of being promoted. Mr. Parlow's reply was **"CERTAINLY NOT AT THIS POINT."** I asked him repeatedly what he meant by that comment, but he would not provide me with an answer. I assumed that what he meant was not since I had filed EEO complaints, because Mr. Parlow has made the comment that, "**HE DOES NOT LIKE ANYONE TO BUCK HIS SYSTEM.** I expressed to him that usually with accretion of duties a promotion was justified. He told me that I was expected to perform the additional tasks, and they were just that tasks, and not an accretion of duties.

Over the years, especially since I have been involved in the EEO process with the Office of Civil Rights, the emotional stress has been unbearable, and the acts above has significantly added to the stress burden that I am already carrying.

EXHIBIT 1
Page 3 of 4 pages



Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

JUL - 6 1998

CERTIFIED MAIL

Ref.: 98-61-0063
Filing Date: March 27, 1998

MEMORANDUM FOR   Joyce E. Megginson

FROM:            Kathryn E. Hawker
                 Acting Chief, Compliance Division
                 Office of Civil Rights

SUBJECT:         Acceptance of Complaint

The Department of Commerce has accepted for investigation the following issues from your complaint of discrimination referenced above:

Complainant, a Program Analyst, GS-343-9, with the Office of Spectrum Management, National Telecommunications and Information Administration, alleges that because of her race (African American), sex, and in retaliation for her previous EEO complaints:

1. For the rating period ending October 1, 1997, Complainant received a performance rating of "Fully Successful" and a cash award of 1% ($400) which did not accurately reflect her performance;

2. Her supervisors, Richard Parlow and Shirl Kinney, did not meet with her to discuss her comments on her rating and affirmed the original rating without comment; and

3. On December 16, 1997, Parlow refused to consider promoting Complainant by accretion of duties, although he had added duties to her Fiscal Year 1998 Performance Plan.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

The investigation must be completed by **September 24, 1998**, unless you and the Department agree on an extension. (29 C.F.R. § 1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint,

EXHIBIT 4
Page 1 of 2 pages

you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation. (29 C.F.R. § 1614.107(g)).

If you believe that the issue in your complaint has not been correctly identified, please notify me, in writing, within 15 **calendar days** after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

You may write to me at the following address:

> Kathryn E. Hawker
> Acting Chief, Compliance Division
> Office of Civil Rights, Room 6010
> U.S. Department of Commerce
> Washington, D. C. 20230

cc: Irving Kator
    Bernadette M. Worthy
    Investigative Unit
    Compliance
    Subject

---

P 127 036 385

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International

Sent to: Joyce Megginson
Street & Number: 310 Bogota Drive
Post Office, State, &: Ft. Washington, MD 20744

JUL -6 1998

---

P 127 036 392

US Postal Service
**Receipt for Certified**
No Insurance Coverage
Do not use for International

Sent to: Irving Kator
Street & Number: Law Offices Kator & Scott
Post Office, State: 1899 L Street, NW, 12th Floor, Washington, D.C. 20036-3804

JUL -6 1998

EXHIBIT 4
Page 2 of 2 pages