# Megginson 15
# (No. 01-61-00339)

August 28, 2001

MEMORANDUM FOR:   Bonnie Worthy

FROM:   Joyce E. Megginson

SUBJECT:   Filing of Formal Complaint of Discrimination

In your August 9, 2001, Notice of Right to File statement you failed to include very specific and crucial information that was presented to you on July 26, 2001 in the presence of Ms. Janet Howard (Class Agent for class complaint Howard vs. Evans). The omission of these acts does not clearly represent the severity and depth of the incident and how it was reported to you. To cite two specific omissions, I remind you of the confiscation of a document, since returned via certified mail (copy attached), and the involvement of the Office of Security in gaining access to my personal property (copy attached). A complete and accurate account of the incident was witnessed by Tanya Ward Jordan and was documented on July 29, 2001 and became a part of the interrogatories to the U.S. Department of Commerce.

These acts were clearly an abuse of authority and power of the Office of General Counsel. There was no legal basis, nor provocation for this egregious behavior. Hence, David Pinansky, knowing that he was without justification asserted the attorney/client privilege in this matter. These discriminatory and retaliatory acts were an intentional infliction of emotional distress and a violation of my civil rights. It served no other purpose but to degrade, humiliate, and embarrass me. These acts were intimidating and in essence sent a message that Mr. David Pinansky, Office of General Counsel and Mr. William Hatch (NTIA) had absolute power and could, without regard and respect for the law do whatever they wanted to do.

Attachments

RECEIVED
2001 AUG 28 PM 2:17
U.S. DEPT. OF COMMERCE
OFFICE OF CIVIL RIGHTS

01-61-00339

## INFORMATION ABOUT YOU

Name: Joyce E. Megginson
Social Security Number: _____
Address: 310 Bogota Dr.
Home Phone: (301) 292-3308
City/State: Ft. Wash, MD   Zip Code: 20744   Work Phone: (   )

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name: _____
NOTE: You do not have to have a representative.
Address: _____
Phone: (   )
Fax: (   )
City/State: _____   Zip Code: _____
Is your representative an attorney? ☐ Yes ☐ No

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
NTIA & The Office of General Counsel

Did you work for the Department of Commerce at the time? ☒ Yes ☐ No   If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).

See attachment

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☒ Race
☐ National Origin
☐ Color
☐ Age
☐ Religion
☒ Disability
☐ Sex
☒ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).

See attachment

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ☐ No   Counselor's name?
Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☒ No   Filing date(s)?
Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☒ No   Filing date(s)?

→ Joyce E. Megginson                               8/28/01
SIGN HERE (OR HAVE YOUR ATTORNEY SIGN FOR YOU)     DATE (MONTH/DAY/YEAR)

Joyce Megginson 7/01

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

In the Certified Class Action Law Suit of Janet Howard (Class Agent) v. Donald L. Evans (Secretary, U.S. Department of Commerce), EEOC Case No. 100-A1-7429X, Victor M. Lawrence, Counsel for Commerce requested through interagorties that I turn over to Commerce all correspondence in my possession concerning the class complaint.

Wednesday, July 25/2001, in an attempt to comply with this request, I notified my supervisor William Hatch via his secretary of the urgent need to have access to my personal property. As a matter of record, several months ago, Mr. Hatch advised me that because of planned construction in my immediate office area that I come in and pack up my work area. If I were unable to come in, he would pack for me, or he would have someone else do it for me. I came in and packed myself. I carried some of my personal property home and left behind six (6) boxes, labeling each box personal or work. However, on the above date, I arrived at the Department of Commerce at approximately 10:30 ready and willing to gather the requested material, but they prevented me from gaining access to my personal property. I was told that my office had *"issues"* that they were dealing with and that it would be the following Monday before I could gain access to my own property. After I stressed the great urgency of meeting the August 7th deadline imposed by the Office of General Counsel (OGC), I was told that the earliest that I would have access to my own property would be Friday.

At approximately 11:30 I arrived at the office of Tanya Ward Jordan (Vice President of Blacks in Government) who in turn spoke with Edward J. McGuire in the Office of Security *(Tab 2)* to help me gain access to my personal property. I finally received a phone call from Mr. Hatch at approximately 12:50 p.m. informing me that they would not allow me access to my property until 3:00 p.m.. At 2:40 p.m. I arrived at the designated location (Rm. 7842) at the same time as Tammy Brasfield and Robert Montague of ITA Human Resources. Ms. Brasfield and Mr. Montague both informed me that they had direct orders from the David Pinansky of the Office of General Counsel (OGC) to monitor what I was removing. Mr. Montague also informed me that he had orders to confiscate any papers dealing the class complaint and any e-mails or anything concerning performance plans. I became quite upset and immediately called Tanya Ward Jordan, who arrived in a matter of on minutes.

By the time Ms. Jordan arrived, Mr. Montague had already confiscated a stack of documents concerning the class complaint. Ms. Jordan could not believe that the OGC would *"stoop so low"* to harass and intimidate my a fragile soul, knowing that this would add to the stress burden that I am already carrying. Ms. Jordan explained to Ms. Brasfield and Mr. Montague that what they were

2

Joyce Megginson 7/01

doing was improper, and that I was still a Commerce employee and that they were wrong. Ms. Jordan explained that it appeared as if OGC wanted sanitize the documents that they were confiscating. Hearing that, Ms. Brasfield left the room briefly, and upon her return informed Mr. Montague that he could release anything relating to the class, but he should retain anything involving performance plans. Mr. Montague confiscated one document (an E-mail from my supervisor) stating that the earliest that it would be returned would be the next day.

Mr. Montague looked through every piece of paper in my personal property, and each time that he read something that he thought was really too personal, he would say *"I'm sorry, I 'm so sorry."* It was humiliating, embarrassing, degrading and I felt like a common criminal. Ms. Brasfield had in her possession a cell phone that she held the entire time that she was in the room.

The next day, Thursday, July 26, 2001, I returned to the Commerce Department and filed a discrimination complaint with Bonnie Worthy (OCR) against William Hatch (my supervisor) and David Panasky (Senior Counsel, OGC), because what happened in that room that day was discriminatory and inhumane. I was treated just like a common criminal.

5.

Sender MONTREUIL H 7840

**U.S. DEPARTMENT OF COMMERCE**
International Trade Administration
Washington, D.C. 20230

OFFICIAL BUSINESS
Penalty for Private Use, $300

CERTIFIED MAIL 02

EXPORT
FOR A STRONGER AMER

7099 3400 0002 0385 7128

WASHINGTON D.C. JUL 30 '01

FINAL NOTICE
AUG 08  7/31/01
AUG 15

PB METER POSTAGE = 3.94 =

MS. JOYCE HIGGINSON
310 BOGOTA DRIVE
FT. WASHINGTON, MD.
20744

20744/3995

**From:** Joyce Megginson
**To:** William Hatch
**Date:** Fri, Sep 18, 1998 12:53 PM
**Subject:** Re: performance review

I apologize for not seeing your e-mail until this instance, I don't have notification or a indicator on to tell me when I have a new e-mail message. How about 2:00 if your schedule is free. Please advise.

>>> William Hatch 09/18 8:33 AM >>>
Joyce, on sept 2, I requested inputs from you regarding your activities and accomplishments for the year. Per our conversation on Monday, September 14, you indicated that you would not be providing me with any inputs.

I would like to meet with you at 11 am today to review the elements of your performance plan and the work that you have accomplished this year.

Please advise if there is a conflict.

Regards, Bill



 **Tanya Jordan**
07/25/2001 03:51 PM

To: eMcGuir2@doc.gov
cc:
Subject: Request for Access to Documentation - Ms. Megginson

Dear Mr. McGuire,

In my capacity as Vice President, Blacks In Government Main Commerce Chapter, I am periodically involved in situations that require management's attention. Therefore, I can readily discern exemplary employee performance with regard to executing a particular job task.

Today, I spoke with you regarding a rather sensitive matter. This matter, I felt, could be best handled by contacting the Office of Security. This e-mail is solely to convey to you that I felt you handled the situation presented in a prompt, professional and courteous manner. Ms. Megginson has asked me to convey similar sentiments.

Given the Office of Security's involvement, NTIA officials reportedly will be granting Ms. Megginson access to her files today rather than sometime at an undeterminable date. I appreciate your e-mail. Your involvement was pivotal in gaining her more immediate access to respond to interrogatories and document requests as petitioned by the Department's Office of General Counsel. In the way, of clarification I would like to assert that I expressed to you that Ms. Megginson came in today to obtain files needed to respond to an immediate request as prescribed by the EEOC.

Again thank you for your efficient handling of this matter.

Tanya Ward Jordan
VP, BIG Main Commerce Chapter

Edward J McGuire
07/25/01 01:15 PM

To: Tanya Jordan/HCHB/Osnet@osnet
cc:
Subject: Your Request

Ms. Jordan:

At approximately 1130 today I took a call from you asking for assistance in helping Joyce Megginson gain access to her personal records. You explained to me that Ms. Megginson was in your office and had attempted to retrieve her personal records from her office in NTIA. You told me Ms. Megginson and yourself are party to a class action against the Department and that she had been ordered her to produce these documents by COB today. You also told me Ms. Megginson's status is under OWCP. You told me that her supervisor, William Hatch, was denying her access to her records. You also told me Mr. Victor Lawrence was the DoC attorney involved with the case.

I called Mr. Hatch's office and was told he was in a meeting and could not be called away. I called Mr. Lawrence's office and spoke with him about your situation and he told me he knew of no reason why you should not have access to your records. I called Mr. Hatch's office again and was informed that he had just left for the 6th floor to see about retrieving the records. I met Mr. Hatch on the 6th floor and he told me that Ms. Megginson would have access to her records just as soon as they could be retrieved from the mezzanine where they are being stored. He said the records were moved to the mezzanine because of office renovation. He said he did not want Ms. Megginson, nor anyone else going to the mezzanine to work because it was not safe to work there. He told me the boxes would be pulled and made available as soon as possible. No specific time was quoted.

Edward J. McGuire
Supervisory Security Specialist
Office of Security, Washington, DC

202-482-8333 (voice)
202-439-6950 (cell)

EMcGuir2@doc.gov

**UNITED STATES DEPARTMENT OF COMMERCE**
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

OCT 15 2001

Complaint Number: 01-61-00339
Filing Date: August 28, 2001

MEMORANDUM FOR JOYCE MEGGINSON

From: Kathryn E. Hawker
Chief, Compliance Division
Office of Civil Rights

Subject: Notice of Acceptance for Investigation

## Statement of Claim

The Department of Commerce has accepted for investigation the following claims contained in your Equal Employment Opportunity (EEO) complaint of discrimination referenced above:

Complainant, an employee of the National Telecommunications and Information Administration (NTIA), alleges that she was harassed and discriminated against because of her race (African American), color (Black), sex (female), disabilities (Post Traumatic Stress Disorder and major depression), and in retaliation for prior EEO activity when:

1. her supervisor Bill Hatch attempted to delay her access to personal files stored with the Agency while she was out on worker's compensation, thereby forcing her to solicit the aid of the Office of Security;

2. David Pinansky, Office of General Counsel, instructed Human Resource Personnel Tammie Brasfield and Robert Montague to remain in the room while she reviewed her personal belongings, letters and files, and ordered them to confiscate any documents related to a class action complaint and performance plans; and

3. Montague, acting on Pinansky's instructions, confiscated a document that was subsequently returned via certified mail.

## Your Rights and Responsibilities

- If you believe that the issue(s) in your complaint has/have not been correctly identified, please notify the Chief, Compliance Division at the address shown below, in writing, **within 15 calendar days** after your receipt of this Notice, specifying why you believe that the issue(s) has/have not been correctly identified.

- An investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

- The investigation must be completed by **February 25, 2002**, unless you and the Department agree on an extension. See Title 29, Code of Federal Regulations (C.F.R.) section (§) 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support your complaint, you promptly provide it.

- You may amend your formal complaint at any time before the investigation is completed. See 29 C.F.R. § 1614.106(d). New claims must be like or related to the claims raised in the original complaint. For example, if your original complaint concerns a Performance Improvement Plan, a new claim concerning your subsequent performance rating would be "like or related." A new claim concerning your time and attendance would not. If you amend your complaint, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed, whichever comes first. If we determine that your new claim is not like or related to your original complaint, we will notify you of your right to seek EEO counseling.

- If you file more than one complaint, the Agency is required to consolidate all of your complaints for processing. The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the date you filed your first complaint, whichever comes first.

- You may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date the original complaint was filed. The request must be filed with the EEOC office specified in the Acknowledgment of Receipt memorandum, dated September 1, 2001, and you must send a copy of the request to this office.

- Your complaint may be dismissed if you fail to cooperate with the investigation.

2

▸ You may request Alternative Dispute Resolution (ADR) at any time during the processing of your formal complaint. To ensure that your complaint is investigated within the time required by EEOC regulations, investigation of your complaint will continue during the time you and the Agency are engaged in ADR. Not all cases are appropriate for ADR. Please consult the Office of Civil Rights' *ADR Program Guide* for more information.

For your information, I have enclosed an information sheet on EEO Complaint Investigations.

Amendments to formal complaints, copies of hearing requests, and requests for corrections to the statement of claims may be sent to me at:

> Kathryn E. Hawker
> Chief, Compliance Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D. C. 20230

Requests for ADR or for a copy of the *ADR Program Guide* should be addressed to your servicing EEO Officer or:

> Roslyn D. Hoover
> EEO ADR Manager
> Office of Civil Rights, Room 60·
> U.S. Department of Commerce
> Washington, D.C. 20230

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Postmark Here
OCT 1 5 2001

Joyce Megginson
310 Bogota Drive
Fort Washington, MD 20744

3

## Certificate of Service

I attest that a copy of this Notice of Acceptance for Investigation has been sent to the parties listed below:

**By Certified Mail:**

Joyce Megginson
310 Bogota Drive
Fort Washington, MD 20744

**Other:**

Bernadette Worthy
EEO Officer, NTIA

Investigative Team

Complaint File

OCR Chron File

_____
Signature

10/15/01
Date