# Jordan 1
# (No. 96-51-01100)

FORM CD-498 (Edition 1-90) (Pres. by DAO 215-5)

# COMPLAINT OF DISCRIMINATION AGAINST THE U.S. DEPARTMENT OF COMMERCE BECAUSE OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, PHYSICAL OR MENTAL HANDICAP OR RETALIATION

DEPARTMENT NUMBER: 96-51-0110

FILING DATE: 12-9-96

**1. COMPLAINANT'S NAME:** Tanya Ward Jordan
**COMPLAINANT'S STREET ADDRESS:** 8705 E. Grove
**CITY, STATE, ZIP CODE:** Uppr. Marlboro, MD 20772
**TELEPHONE (INCLUDE AREA CODES):** HOME: 301-736-7518   WORK: 202-482-0233

**2. NAME OF COMMERCE ORGANIZATION THAT DISCRIMINATED AGAINST YOU:** Office Of Financial Management
**STREET ADDRESS OF OFFICE:** 14th Street
**CITY, STATE, ZIP CODE:** Wash. DC 20230

**3. GIVE THE DATE ON WHICH THE MOST RECENT DISCRIMINATION TOOK PLACE:** MONTH 10  DAY 24  YEAR 96

**4. DO YOU WORK FOR THE FEDERAL GOVERNMENT?** ☒ YES. MY MOST RECENT TITLE AND GRADE IS (OR WAS): GS13 Financial Mgmt. Specialist
**NAME AND ADDRESS OF ORGANIZATION WHERE YOU WORK (OR APPLIED):** Office of Financial Policy & Assistance   OFM

**5.** (A) DESCRIBE HOW YOU WERE TREATED DIFFERENTLY THAN OTHER EMPLOYEES OR APPLICANTS BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP OR RETALIATION. (B) DESCRIBE THE ACTION TAKEN AGAINST YOU THAT YOU BELIEVE WAS DISCRIMINATORY. (C) GIVE THE DATES WHEN THIS ACTION OCCURRED. (D) WHAT HARM, IF ANY, CAME TO YOU IN YOUR WORK SITUATION AS A RESULT OF THIS ACTION? (YOU MAY ATTACH EXTRA SHEETS)

SEE ATTACHED SHEET

**6. ANSWER BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST:**
☒ RACE (STATE RACE) African-American
☒ COLOR (STATE COLOR) Black
☐ RELIGION (STATE RELIGION) _____
☒ SEX (STATE YOUR SEX) Woman/Female
☐ NATIONAL ORIGIN (STATE NATIONAL ORIGIN) _____
(STATE COUNTRY OF BIRTH) _____
☐ AGE (STATE DATE OF BIRTH) _____
☐ PHYSICAL HANDICAP (DESCRIBE IT) _____
☐ MENTAL HANDICAP (DESCRIBE IT) _____
☐ RETALIATION (EXPLAIN YOUR PRIOR CONNECTION WITH THE EEO PROCESS) _____

**7. DID YOU DISCUSS ALL MATTERS REPORTED IN NO. 5 WITH AN EEO COUNSELOR?** ☒ YES, COUNSELOR'S NAME: Brenda Brittain / Bob Cranflore

**8. DID YOU FILE A GRIEVANCE** ☒ NO   **OR AN MSPB APPEAL** ☒ NO ON THE MATTER(S) DESCRIBED IN NO. 5? IF YES, GIVE DATE(S) _____

**9. THE REMEDY I SEEK IS:**

Conversion to an Accountant

Promotion to GS-14

**10. COMPLAINANT'S SIGNATURE:** [signed] Tanya Ward Jordan
**11. DATE OF SIGNATURE:** 12 / 9 / 96

USCOMM-DC 89-1535

A. Describe How You Were Treated Differently Than Other Employees Or Applicants Because of Your Race, Color, etc.

Within the Office of Financial Management (OFM) a **select** group of individuals - **white employees primarily those under 40** - have been given preferential treatment. Such <u>treatment</u> is reflected in the areas listed below:

- Timeliness of promotions;
- Distribution of work assignments;
- Opportunities for career advancement;
- Application of performance ratings; and
- Allocation of seating.

In all of the areas cited above, I have been treated notably differently than <u>two white females</u> in my occupational series. Instances of differential treatment are also apparent in the Office of Policy and Assistance (OFPA), my immediate office. Unlike **select** individuals in this office, I was (within the last year) placed under a *team leader*. (Please note, this in direct contradiction of my job description that designates me as a *team leader*.)

B/C. Describe the Action Taken Against You That You Believe Was Discriminatory/Dates.

- <u>Opportunities for Career Advancement</u>

   In order to "position" "individuals for career advancement OFM has expedited personnel action for **select** individuals. Discriminatory action was evident back in February 1996. During this time personnel action for three white females were pressed forward to the Office of Human Resources Management (OHRM). A concerted effort was made to rush such action before the "freeze and the RIF took effect. However, management failed to submit a SF52 to have my *title* change (from GS-13/501 Financial Management Specialist to GS-13/510 Accountant). My personnel action was never sent to OHRM. **Please note: I had requested my personnel action long before my colleagues were eligible for their promotions or due for a reassignment.**     (2/96)

- <u>Submission for Performance Ratings</u>

   During the FY96 Performance Appraisal all OFPA staff members were asked to submit a list of accomplishments. However, I was the <u>only one</u> on my "team" asked to submit a list of things *past due*.     (10/96)

1

- <u>Distribution of Work Assignments Differ for "Select" Individuals</u>.

    As senior Financial Management Specialist (Specialist) within OFM since May 1987 I had always worked independently, serving often as team leader. Last year, however, I was place <u>under a team leader</u> (Larry Tyler GS-14), formerly of OFM's Reporting Division. Two junior Specialists, both white females hired to work in the Reports area, were removed from that area. They, unlike me, were given the opportunity to serve directly under OFM's Director (SES-Level).

    Unlike my colleagues in the "select" group I was not afforded the opportunity to attend any Director's meetings, share by-lines on financial articles, or perform other tasks that afforded these individuals high visibility and more diverse work assignments.

    Unlike my colleagues in the "select" group I was not afforded the opportunity to be placed on "special projects" to justify awards received or to justify a private enclosed office.

    Unlike my colleagues in the "select" group management has consistently tried to diminish my policy oversight duties and to increase my role in routine reporting. This, I believe, is largely being done to provide "select" individuals with more visibility. Such individuals who were originally hired to perform reporting tasks have been removed from the reporting area and promoted. **Please note: Due to this discriminatory treatment an ongoing effort has been made to change my Performance plan to reflect the duties that "select individuals" were <u>originally hired to do</u>.**

- <u>Promotional/Career Opportunities Made Available for "Select" Individuals</u>.

    "Select" individuals are often afforded the opportunity to take on high visibility assignments that have or may ultimately lead to promotional opportunities. "Select" individuals are promoted in a timelier fashion. Such individuals do not have to stay in grade as long as minority individuals.

    For example, two Financial Management Specialists within OFM have been promoted in an expeditious fashion. One Specialist was even granted an opportunity to act as a GS-14 with pay. I was not given the same opportunity. The other Specialist received her promotions in a <u>highly accelerated</u> fashion. Another former Financial Management Specialist (GS-13) within OFM was converted and promoted to a GS-14 accountant. I have been performing tasks similar to accountants within OFPA for over nine years. I have also been performing tasks that others have done at the GS-14 level. However, when I

2

asked my supervisor, (Ted Johnson, OFPA Director) about promotion opportunities, he informed me "that this was a time for diversity and given that I was *Black* and a *Woman* ---I had **winner** written across my forehead." Having said those words, Mr. Johnson pleasantly suggested that I return to Treasury (the Department I had come from before arriving at Commerce).

In a totally separate instance when management wanted to fill a position in OFM, I was solicited at my current grade level, a GS-13 level. Upon finding out that another candidate - a white female- had been solicited at the GS-14 level, I confronted Mr. McShan. I expressed my interest in the position at the 14 level. Mr. McShan confirmed during our conversation that although no vacancy had been posted, he wanted to hire someone he knew personally through one of his Government associations. She, however, was no longer interested in the position he told me ---because she wanted a GS-15. (**Please note: I was not given the opportunity to fill the GS-14 position, instead I was later reassigned under that group at my current grade level.**)

D. What harm, if any came to you in your work situation as a result of this action.

- As a result of differential treatment I have been denied equal opportunity for career advancement and promotion opportunities.

- As a result of differential treatment my title still has not been changed to *Accountant*. (Note: I have been qualified by Personnel and I am currently performing accounting functions.)

- As a result of differential treatment I have been placed under a team leader and have been given, in addition to my policy tasks, increased work assignments in the reporting area.

- As a result of differential treatment I was overlooked for two GS-14 positions.

- As a result of differential treatment I have not received a fair rating since working under the Director of OFPA.

3

**To:** Kimberly H. Walton,
Chief, Compliance Division
Office of Civil Rights

**From:** Tanya Ward Jordan
Office of Financial Management

# MEMORANDUM

**Subject:** EEO Complaint : 96-51-0110
**Date:** April 21, 1997

Please accept this amendment to the remedies requested under my EEO complaint - reference: 96-51-0110. They are as follows:

- Promotion to a GS-14
- Back and front pay
- Requisite benefits commensurate with promotion
- High performance evaluation
- Awards
- Compensatory damages
- Reasonable attorney fees

Should you or your staff need to contact with regard to my EEO complaint, you can reach me on 202-482-0233.

*RECEIVED 1997 APR 23 PM 1:10 U.S. DEPT. OF COMMERCE OFFICE OF CIVIL RIGHTS*

APR 16 1997



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

Tanya Ward Jordan
8705 E. Grove
Upper Marlboro, Maryland 20772

Re: Complaint No.: 96-51-0110

Dear Ms. Jordan:

The Office of Civil Rights (OCR) is in receipt of your April 4, 1997, correspondence, requesting revision of the issues accepted in the above referenced complaint. On February 3, 1997, OCR accepted seven separate issues in Complaint 96-51-0110. You requested revision of Allegations 2 and 4. In the original acceptance memorandum, they were identified as follows:

2. On September 29, 1994, you approached your supervisor, Ted Johnson, Director, Office of Financial Policy and Assistance, about an opportunity for a promotion. He suggested that you return to Treasury for a promotion. Additionally, he responded that this is the time for diversity and as a Black female, you had "winner written across your forehead." To date, you have not been promoted by the Agency.

4. Due to the high visibility assignments given to two white females, they have been promoted at an accelerated rate unlike you.

You request that they be revised as:

2. You were last promoted by the Office of the Secretary in 1989. However, you have received no further promotions since that time. Yet, other non-minority employees working with Mr. Johnson, your supervisor (Director, Office of Financial Policy and Assistance), have received promotion opportunities.

4. Both Laura Chambon and Jill King who were junior Financial Management Specialist when you were a GS-13 Financial Management Specialist were promoted in an accelerated fashion. These two white females did not have to stay in grade as long as you did. In fact, an investigative review may uncover that Ms. Chambon did not fully serve in grade for a whole year before receiving one of her promotions. Similarly, Ms. King - who joined the staff approx. 7 years after you did - was afforded the opportunity to

act as a GS-14. This opportunity was not given to you.

In phrasing allegations for investigation, the OCR attempts to clarify and simplify the issues. This process allows for more efficient handling of the matters in the investigative process. The information you provided with respect to these two allegations serve to explain the rationale behind these allegations. Additionally, your narrative description of these incidents further clarifies the accepted issues for investigation. Therefore, based on the information you provided, OCR will revise Allegations 2 and 4 of the previously accepted issues as identified below.

2.   Since 1989, you have not been promoted, whereas other non-minority employees working with Ted Johnson, Director, Office of Financial Policy and Assistance, have received promotion opportunities.

4.   Due to the high visibility assignments and opportunities given to Laura Chambon and Jill King, two White female junior Financial Management Specialists, they have been promoted at an accelerated rate, whereas you were not afforded these opportunities for advancement.

The information you submitted in your April 4, 1997 memorandum regarding Ms. Chambon and Ms. King should be provided to the EEO investigator assigned to this complaint. These statements can be used in support of Allegation 4.

OCR will provide a copy of the revised allegations to the investigator assigned to your case. We appreciate your clarification of the accepted issues in this complaint.

Sincerely,

Kimberly H. Walton
Chief, Compliance Division
Office of Civil Rights

cc:  David R. Lewis
     Investigator
     Compliance
     Subject





**UNITED STATES DEPARTMENT OF COMMERCE**
Chief Financial Officer
Assistant Secretary for Administration
Washington, D.C. 20230

FEB -3 1997

CERTIFIED MAIL

Ref.: 96-51-0110
Filing Date: **December 9, 1996**

MEMORANDUM FOR   Tanya Ward Jordan

FROM:            Kimberly H. Walton
                 Chief, Compliance Division
                 Office of Civil Rights

SUBJECT:         Acceptance of Complaint

The Department of Commerce has accepted for investigation the following issues from your complaint of discrimination referenced above:

Based on race (African-American), color (Black) and sex (Female), Management officials have continually discriminated against you since 1994 when:

1.  In September, 1994, you and a white female were simultaneously being recruited for the same position, but she was offered the higher GS-14. When she was not interested in the GS-14, you were reassigned to the position at the GS-13.

2.  On September 29, 1994, you approached your supervisor, Ted Johnson, Director, Office of Financial Policy and Assistance, about an opportunity for a promotion. He suggested that you return to Treasury for a promotion. Additionally, he responded that this is the time for diversity and as a Black female, you had "winner" written across your forehead." To date, you have not been promoted by the Agency.

3.  Since April, 1995, you were not afforded an opportunity to work on special projects which would justify your obtaining awards or having a private enclosed office unlike two white females. In addition, you have not

been given fair and accurate performance ratings. For example, you were given a commendable rating for FY 94 in December, 1995.

4. Due to the high visibility assignments given to two white females, they have been promoted at an accelerated rate unlike you.

5. Since October 27, 1995, you were assigned a team leader which altered your independent work status and reduced your opportunity to serve as team leader which you had done previously. As a result, you were given lower visibility and less policy assignments unlike two white females.

6. Since November 9, 1995, there has been an ongoing discussion between you and your supervisor, Ted Johnson, to alter your performance plan to include the reporting duties that were originally assigned to two white females which are not enhancements to your career.

7. Personnel actions for three white females (which included a promotion for one of them) were expedited before the freeze on personnel actions, February 5, 1996. However, your personnel action to change your title from GS 501-13, Financial Management Specialist to GS 510-13, Accountant, was never sent to personnel by a management official.

An Investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. You will receive a copy of the final Report of Investigation upon its completion.

As you were told in our letter of December 12, 1996, the investigation must be completed by June 9, 1997, unless you and the Department agree on an extension (29 C.F.R. §1614.108(e)). Therefore, it is essential that, when the Investigator asks for the information to support your complaint, you promptly provide it. For your information, I have enclosed an information sheet on EEO Complaint Investigations.

The EEOC regulations provide that we may dismiss your complaint if you fail to cooperate with the investigation (29 C.F.R.

§1614.107(g)).

If you believe that the issues in your complaint have not been correctly identified, please notify me, in writing, **within 15 calendar days** after your receipt of this Notice, specifying why you believe that the issues have not been correctly identified.

You may write to me at the following address:

> Kimberly H. Walton
> Chief, Compliance Division
> Office of Civil Rights, Room 6010
> U.S. Department of Commerce
> Washington, D.C. 20230

cc: David Lewis, Acting EEO Officer
    Investigative Unit
    Compliance
    Subject

