# Jordan 2
# (No. 97-51-01890)

Case # - 11-51-0189                              4/23/97

# INTER OFFICE MEMO

**To:** Courtland Cox
Director, Office of Civil Rights

**From:** Tanya Ward Jordan
Office of Financial Management

**Subject:** EEO Complaint
**Date:** April 23, 1997


The attached - Complaint of Discrimination - form is being submitted to your office for review. The particulars of this case has been discussed with my EEO counselor, Vanessa Clark. I am filing discriminatory against the Office of Financial Management's Directors Clyde McShan and Ted Johnson for retaliating against me during the FY 96 appraisal. I am also filing charges against Mr. McShan, now retired, for habitually engaging in a practice of accreting duties of various employees. I recently made a FOIA request that revealed <u>18 accretion of duties</u> ⋆ were enacted under Mr. McShan's guidance. Such practices precluded me from pursuing opportunities that may have been available to me under the competitive process.

<u>Complainant's Address + Phone</u>

Tanya Ward Jordan
8705 E. Grove
Upper Marlboro, MD 20772

Home - 301-736-7518
Work - 202-482-0233

U.S. DEPT OF COMMERCE
OFFICE OF CIVIL RIGHTS
RECEIVED 1997 APR 23 PM 1:10

EXHIBIT 4

A. **Describe How You Were Treated Differently Than Other Employees Or Applicants Because of Your Race, Color, etc.**

As an African-American female working within the Office of Financial Management (OFM) under Mr. McShan's leadership, I have been treated differently from non-minority employees (performing at or near my grade level) in the organization. Such <u>treatment</u> is evidenced by:

- OFM's Recruitment efforts (for both lateral and higher graded positions); and
- OFM's Retaliation/ Dispersement of "Outstanding" Performance Ratings.

B/C. **Describe the Action Taken Against You That You Believe Was Discriminatory/Dates.**

<u>Recruitment for OFM Position</u>                    January 1997

To "position" a white female for a higher graded position OFM reassigned <u>Patricia Patin</u> to our Gaithersburg office. Simultaneously, OFM initiated paper work to have her promoted via accretion of duties to a GS-14 position. After I filed an informal EEO complaint and met with OFM's Personnel Specialist Ausma Karlson, OFM rescinded the paperwork for Ms. Patin's promotion. OFM officials may feel absolved from their efforts to unfairly recruit Ms. Patin; since they were able to retract the personnel action before I filed my formal complaint  Still, I submit that this action reflects an <u>ongoing pattern of discrimination</u>. I strongly believe had I not followed up on this personnel action, OFM would have proceeded with Ms. Patin's promotion. I state this because under Mr. McShan's direction **18 accretion of duties**, such as this, were made. Mr. McShan habitually used this practice to <u>undermine the competitive process</u>. It has proven disadvantageous to me. I have been held at the same grade since 1989; while others in my job series were promoted, reassigned, or had their title change (without having to file an EEO complaint). {Note: Ms. Patin was a GS-9 Secretary when I was (and still am) a GS-13 Financial Management Specialist/Accountant.} In regards to efforts made to promote her, it is my understanding that:

> OFM (Clyde McShan) signed off on the personnel action;
> OFM forwarded paperwork to Rafael Borras for his signature; and
> OFM forwarded paperwork for the Budget office's approval.

Also, in January 1997 Mr. McShan reassigned Jill King (white female) to OFM's Computer Center. He also initiated paperwork to have Marcia Henry (white female) promoted (via accretion of duties). Due to Mr. McShan's manipulation of the Personnel system Ms. King, Ms. Henry, and Ms. Patin are <u>all enjoying new opportunities</u> that was never made available to me. I am sorely disheartened by OFM's actions because once again I was not given an opportunity to compete for positions (lateral or promotional) within the organization for which I qualified for. In fact, ongoing efforts have been made to diminish my level of responsibility. Management's elimination of language previously in my job description that allowed me to act as Team Leader attests to this fact. The removal of such language is notable since, team leader positions are often GS-14 positions.

♦   <u>Retaliation/Dispersement of "Outstanding " Performance Ratings</u>.          October 1996

During the FY96 Performance Rating period management <u>did not objectively</u> review my accomplishments. I believe this occurred for two reasons:

1) OFM has a predisposition to assign white employees (often management level) with "outstanding" ratings over African-American employees; and

2) OFM retaliated against me because I had filed an EEO complaint against both the rating official and OFM's Director, who ultimately held the power to approve outstanding ratings.

Note: In a previous EEO complaint I alluded to the unfairness of OFM.'s rating process. However, this time I am filing specifically on OFM.'s handling of my <u>FY 1996 appraisal</u>. Originally, I sought to handle this through the grievance process. However, after a documented review by a fact-finder assigned to this case, I have been advised to solicit relief under the EEO complaint process.

Management can always debate, given the subjectivity of the appraisal system, whether or not I'm deserving of a "Commendable" rating. However, a few things cannot be dismissed. They are as follows:

♦   Both Ms. King and I were initially slated to receive a "Commendable." However, Mr. Johnson upgraded her rating to an "Outstanding." He rated me as "Commendable" and <u>lowered</u> my numerical rating. (Note: The previous year, before going forward on my EEO complaint I had received an "Outstanding" in **Management Support**.) Mr. Johnson dropped me in this element even after indicating during the midpoint that my previous year's performance of "outstanding" <u>was on track</u>.          (See Attached Excerpt From Performance Plan)

♦   Ms. King's rating was handled differently. Mr. McShan, rather than Douglas Day, served as her approving official. To my knowledge she was the only Financial Management Specialist on Larry's team that had Mr. McShan sign off as the "approving official."

♦   Management neither in good faith nor consciencely reviewed my comprehensive accomplishment's list before coming up with the "commendable rating." In fact, Mr. Johnson indicated that he did not have time go through my entire list. Instead, he requested a list *of unfinished assignments*. He did not make this request from <u>everyone</u> on his staff. I was singled out. I believe his pursuit to - uncover any uncompleted tasks - was employed merely to undermine my exemplary accomplishments.

♦   Ms. King, supposedly a member of Larry's team, sat in an enclosed office on a different corridor apart from members of Mr. Tyler's team. She enjoyed a personal relationship with Mr. McShan (OFM. Director) He had provided her with various opportunities. And, she had provided him with a nomination award. Their close association, I believe, influenced management's objectivity. Mr. Johnson, knew of Ms. King's and Mr. McShan's unique relationship. <u>I strongly believe</u> that he let:

1.) Mr. McShan's **(his supervisor)** personal relationship with Ms King **(his subordinate)**; (See Attached-Nomination sheet); and

2.) and my allegation of his discriminatory practices

influence the overall rating process.

### D.    What harm, if any came to you in your work situation as a result of this action.

- As a result of differential treatment I was overlooked for an opportunity at a GS-14 position. Rather than make it available where I can apply for it, management has decided not to post the position at this time.

- As a result of differential treatment I was denied career opportunities. Unlike non-minorities at my grade level, I was not given diverse or accreted work assignments that would have increased my competitiveness within the organization.

- As result of retaliation I did not receive a fair rating during the FY 96 performance Appraisal period, my numerical rating was lowered, and the associated award monies were not given to me.

## REMEDIES

The remedies requested under my EEO complaint are as follows:

- Promotion to a GS-14
- Back and front pay
- Requisite benefits commensurate with promotion
- High performance evaluation
- Awards
- Compensatory damages
- Reasonable attorney fees
- Revised performance plan
- Restoration of language in my position description reflecting duties commensurate with a team leader.
- OFM. managers should attend a refresher Diversity training course

|  |  | Date | Element No. |
|---|---|---|---|
|  |  | 12/13/ | 1 of 3 |

...d-Jordan

...ng Financial Policy

. Progress Reviews   (Indicate progress toward accomplishing this element, the need for any adjustments to the plan, or areas where performance needs to be improved.)

Progress on track.

| Employee's Initials | Date | Employee's Initials | Date | Supervisor's Initials | Date | Supervisor's Initials | Date |
|---|---|---|---|---|---|---|---|
| [sig] | 5/10/96 |  |  | TWJ | 5/10/96 |  |  |

| Name |  | Date | Element No. |
|---|---|---|---|
| Tanya Ward-Jordan |  | 12/13/95 | 2 of 3 |

**Element:**

Formulation and Interpretation of Financial Policy

Item 4. Progress Reviews   (Indicate progress toward accomplishing this element, the need for any adjustments to the plan, or areas where performance needs to be improved.)

Progress on track.

| Employee's Initials | Date | Employee's Initials | Date | Supervisor's Initials | Date | Supervisor's Initials | Date |
|---|---|---|---|---|---|---|---|
| [sig] | 5/10/96 |  |  | TWJ | 5/14/96 |  |  |

| Name |  | Date | Element No. |
|---|---|---|---|
| Tanya Ward-Jordan |  | 12/13/95 | 3 of 3 |

**Element:**

Management and Administrative Support

Item 4. Progress Reviews   (Indicate progress toward accomplishing this element, the need for any adjustments to the plan, or areas where performance needs to be improved.)

Progress on track.

| Employee's Initials | Date | Employee's Initials | Date | Supervisor's Initials | Date | Supervisor's Initials | Date |
|---|---|---|---|---|---|---|---|
| [sig] | 5/10/96 |  |  | TWJ | 5/10/96 |  |  |

# Call for Nominations



*Federal Computer Week* once again needs your help in recognizing those among us who have made a difference in the government systems community. We invite you to nominate people in government, private industry and academia who have made substantial contributions during 1996 to the development, acquisition or management of information technology in the federal arena.

An independent panel of judges will select the **Federal 100,** who will be featured in a special supplement to the March 10, 1997, issue of *FCW* and honored at a banquet in March.

| | |
|---|---|
| **Nominee's Name** | Clyde G. McShan, II |
| **Title** | Deputy Chief Financial Officer & Director for Financial Mgmt |
| **Agency/Company** | Department of Commerce, 14th & Consitution AV NW 20230 |
| **Phone Number** | (202) 482-1207 |
| **Reason for Nomination** | Extraordinary and unprecedented archievements in the establishing and execution of Government-wide Franchising |

*To qualify, nominations must include a summary of the individual's extraordinary contribution for 1996. You may include additional material on your nominee, but please be sure it supports the particular achievement you wish to have recognized.*

See attachment

**Your Name and Phone Number**   JILL  J. KING        (202) 482-6246
**Names and numbers of others**   TED  JOHNSON        (202) 482-0766
**who will substantiate this**    MIKE SERLIN         (703) 765-2315
**nomination**

### TO SUBMIT YOUR NOMINATIONS
**BY MAIL:** To the return address on the back of this form
**BY FAX:** (703) 876-5126
**VIA INTERNET:** File all the information requested to our Internet address: letters@fcw.com

**DEADLINE IS FRIDAY, DEC. 13, 1996.**


FCW
Government Technology Group

FINAL DECISION

BY THE

U.S. DEPARTMENT OF COMMERCE

IN THE COMPLAINT OF

Tanya Ward Jordan

COMPLAINT NUMBER 97-51-0189

This is the Department's final decision to dismiss part and accept part of complaint number 97-51-0189 filed by Tanya Ward Jordan (Complainant), an Accountant, GS-510-13, with the Office of Financial Management (OFM), Office of the Secretary (Agency), U.S. Department of Commerce (Department).

## BACKGROUND AND PROCEDURAL HISTORY

On April 23, 1997, Complainant filed this complaint. On June 6, 1997, the Equal Employment Opportunity (EEO) Officer for the Agency transmitted the complaint to the Office of Civil Rights (OCR) for further processing.

## ALLEGATIONS

Complainant alleges that because of her race (African American), sex, and in retaliation for her prior EEO complaint and personal favoritism on the part of the former Director of OFM:

1. she has not been promoted by accretion of duties or offered assignments that would lead to career growth, whereas white female employees have been promoted and/or given career-enhancing assignments;

2. she was treated differently with respect to her 1996 performance appraisal when:

    a. she and a white female (Jill King) were initially rated "commendable," but King's rating was later raised to "outstanding" while Complainant's revised point score was lowered;

    b. former OFM Director Clyde McShan approved King's rating. He was not her second-level supervisor, but was her personal friend;

    c. Complainant was asked for a list of her unfinished assignments, whereas other employees were asked for lists of their accomplishments; and

3. McShan gave King a private office and other privileges.

Fax sent by : 2024824751	OGC ELLD	07-25-08 02:14p	Pg: 16/19
Case 1:05-cv-01968-JDB   Document 92-3   Filed 08/06/2008   Page 10 of 13

2	97-51-0189

## ANALYSIS

1. **Duplication of Prior Complaint**

In Complaint 96-51-0110, Complainant alleged, in part, that she has not been promoted since 1989, and that two less senior white females were given career-enhancing opportunities that accelerated their rate of promotion. Complaint 96-51-0110 was filed on December 9, 1996, and is currently under investigation.

According to the regulations of the Equal Employment Opportunity Commission (EEOC) which govern the processing of Federal sector EEO complaints:
> The agency head or designee shall dismiss a complaint or a portion of a complaint:
> (a) That ... states the same claim that is pending before or has been decided by the agency or Commission....

29 C.F.R. § 1614.107(a) (1992).

In the instant complaint, Complainant states that she has been in the same grade since 1989, and refers to three personnel actions that occurred in January 1997, wherein the Agency took action to promote and/or reassign three white females. To avoid duplication of the prior complaint, Allegation 1 will be limited to actions since December 9, 1996.

2. **Untimely Counseled**

EEOC regulations provide that:

> An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1) (1992)

The regulations further provide that:
> The agency shall dismiss a complaint or a portion of a complaint:...
> (a) That fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and

                                3                        97-51-0189

        1614.204(c), unless the agency extends the time
        limits in accordance with §1614.604(c)....
29 C.F.R. § 1614.107(b) (1992).

The record shows that Complainant contacted the EEO Counselor on February 6, 1997. Consequently, in order to be timely counseled, the actions complained of must have occurred no earlier than December 24, 1996. The record shows that all of the actions related to Complainant's performance appraisal occurred in or about October 1996. Complainant indicates that she filed a grievance on this issue and was advised by the grievance examiner to seek EEO counseling.[1] However, the filing of a grievance or the use of internal or informal processes does not toll the running of the applicable limitations period. *International Union of Electrical, Radio and Machine Workers AFL-CIO Local 790 v. Robbins and Myers, Inc.* 429 U.S. 229, 236 (1976).

Complainant did not raise Jill King's assignment to a private office and other privileges as a formal issue in Complaint 96-51-0110, but she did raise the issue with the EEO Counselor for that complaint. Therefore, Complainant was aware long before December 24, 1996, that King had been given a private office and other privileges. Allegation 3 is untimely and must be dismissed.

3. <u>Failure to State a Claim</u>

EEOC regulations at 29 C.F.R. § 1614.103(a) provide for the processing of:

> Individual and class complaints of employment discrimination and retaliation prohibited by Title VII (discrimination on the basis of race, color, religion, sex, and national origin), the ADEA (discrimination on the basis of age when the aggrieved individual is at least 40 years of age), the Rehabilitation Act (discrimination on the basis of handicap) or the Equal Pay Act (sex-based wage discrimination)... [and]... [c]omplaints alleging retaliation prohibited by these

---

[1] Complainant also filed a grievance on the matters alleged in this complaint. Complainant is not a bargaining unit employee. She used a Departmental Administrative Grievance Procedure which does not permit allegations of discrimination.

Fax sent by : 2024824751    OGC ELLD    07-25-08 02:14p   Pg: 18/19
Case 1:05-cv-01968-JDB    Document 92-3    Filed 08/06/2008    Page 12 of 13

4                                        97-51-0189

statutes....

EEOC regulations at 29 C.F.R. § 1614.107(a) mandate dismissal of complaints that fail to state a claim under 29 C.F.R. § 1614.103 or 29 C.F.R. § 1614.106(a).

Complainant's claim of personal favoritism fails to state a claim. It is not unlawful under federal civil rights laws to be motivated by favoritism so long as the employer was not motivated by a prohibited criterion. *Holder v. City of Raleigh*, 867 F. 2d 823, 825 (4th Cir. 1989), *Benzies v. Illinois Dept. of Mental Health and Developmental Disabilities*, 810 F. 2d 146, 148 (7th Cir. 1987)

## DECISION

Allegation 1 is accepted for investigation as modified below. 29 C.F.R. § 1614.107(a) (1992).

Allegations 2 and 3 are dismissed because Complainant did not bring them to the attention of an EEO Counselor within 45 days. 29 C.F.R. § 1614.107(b) (1992).

Complainant's claim of personal favoritism is dismissed because fails to state a claim under 29 C.F.R. § 1614.103. 29 C.F.R. § 1614.107(a) (1992).

## ACCEPTED ALLEGATION

Complainant alleges that because of her race (African American), sex, and in retaliation for her prior EEO complaint, since December 9, 1996, she has not been promoted or given career-enhancing assignments, whereas the Agency has taken action to promote and/or provide career-enhancing opportunities to three white females.

5                                                97-51-0189

### ATTORNEY'S FEES

As I have made no finding of discrimination and there is no other basis for an award, I have determined that an award of attorney's fees is not appropriate. 29 C.F.R. §§ 1614.110, 1614.501(e). Therefore, this is the Department's final action on the dismissed allegations.

Courtland Cox
Director, Office of Civil Rights