# Jordan 5
# (No. 99-51-00707)

Form CD-4?? (January 1997)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## AGAINST THE U.S. DEPARTMENT OF COMMERCE

For OCR Use
Complaint Number: 99-61-00707        Filing Date: 6-21-99

## INFORMATION ABOUT YOU

Name: Tanya D.W. Jordan
Address: 13003 Keverton Dr
City/State: Upper Marlboro MD    Zip Code: 20774

Social Security Number: [redacted]
Home Phone: (301) 390-4306
Work Phone: (202) 482-0233

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name: N/A
Address:
City/State:    Zip Code:

NOTE: You do not have to have a representative.
Phone ( )
Fax ( )
Is your representative an attorney? ☐ Yes ☐ No

RECEIVED 1999 JUN 21 A 11:56 U.S. DEPT OF COMMERCE OFFICE OF CIVIL RIGHTS

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
Office of the Secretary

Did you work for the Department of Commerce at the time? ☒ Yes ☐ No  If yes, what was your position (title/series/grade), office, and bureau?
GS-14 Office of Executive Budgeting / ODec

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).
See attached
Office of Financial Policies & Assistance Director made a slanderous statement about me to her staff members. Event occurred 4/13/99. It is my understanding that Ms. Casias, who I have never worked for, discussed my previously filed EEO complaint

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☐ Race            ☐ National Origin        activity w/
☐ Color           ☐ Age                    Director of Civil
☐ Religion        ☐ Disability             Rights
☐ Sex             ☒ Retaliation

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).
• A written apology
• The name of the person who made the statements        previously submitted 4/21/99
• Compensation commensurate w/ such character defamation

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ☐ No  Counselor's name?

Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☐ No  Filing date(s)?

Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☐ No  Filing date(s)?

Sign here (or have your attorney sign for you): [signature]
Date (Month/Day/Year): June 21, 1999

Tanya Ward Jordan
Statement of Retaliation
Submitted April 26, 1999 *resubmitted June 21, 1999*

In reprisal for filing a previous EEO complaint against the Office of Financial Policy and Assistance (OFPA), OFPA's Director (Ms. Lisa Casias) disseminated libelous statements about me to members of her staff. Such statements have marred my professional character and may potentially impact my future rating and/or upward mobility into management positions. Such statements smear my name and project me as a "lagger" in my work duties rather than a diligent worker.

When I met with Ms. Casias to inquire about the false statements she made about me and to request an apology, she said she had already retracted the statement. Still, I questioned Ms. Casias as to why she had said openly among members of her staff that -- *Ms. Riddle had been eating breakfast in the cafeteria for long periods of time with Tanya*. She, after being confronted, admitted that the statement was passed along to her. I asked Ms. Casias: who on her staff made the false statement? Ms. Casias stated that -- she did'nt remember. I told her that I deserved an apology. I reiterated to her that she had never seen me sitting down with Ms. Riddle eating breakfast in the morning, because I don't do breakfast. The story was without merit. Instead of offering me an apology Ms. Casias stated *"it was no big deal."* I informed her it was a big deal to me because I value both my current job in the Office of Executive Budgeting and my professional reputation. [Note: Ms. Riddle is a black female, like myself, who had filed a complaint against OFPA]

Reportedly, Ms. Casias also had made a statement that I *"visited"* Ms. Riddle too often. Ms. Casias, who had only seen me twice in Ms. Riddle's office (both times work related), made this statement to Ms. Riddle and to a Mr. Gary Gilbertson. Many of Ms. Casias's subordinates are involved in "audit" work. My job as audit liaision requires that I interact periodically with her staff. Once in a while Ms. Casias may have seen me in OFPA discussing audit issues with other employees, like Mr. Gilbertson. Discussing work with other OFPA staff members has never been a problem. Yet on the few isolated occassions I have had to exchange audit work with Ms. Riddle, Ms. Casias has selectively chosen to term such audit interfaces - *visits* - rather than work. Hence, she continues to perpetuate the concept that I am neglecting my work assignments.

The day I met with Ms. Casias to express my concerns over her false assertions, she later reprimanded me. She told me that one of her employees had attended a Blacks In Government (BIG) event. Specifically, Ms. Casias told me that she was Ms. Andrea Washington's supervisor and that Ms. Washington would have to get her approval before going to a BIG event. Ms. Casias went on to confront me about the xeroxing habits of her employee. She held me responsible --- since as she stated the employee was xeroxing BIG correspondence. I informed Ms. Casias that I was unaware of the incident. I later informed Ms. Casias that I was uncertain as to why she brought the matter up with me since I have no supervisory authority over Ms. Washington.

In addition to OFPA's attempts to defame my professional character, OFPA's Director inappropriately discussed the personnel matters involving her staff with me.

# MEMORANDUM

**To:**     Lawrence N. Self
           Deputy Director, Office of Civil Rights

**From:**   Kathryn E. Hawker
           Acting Chief, Compliance Division
           Office of Civil Rights

**Subject:** Complaint of:      **Tanya Ward Jordan**
             Complaint Number: **99-51-00707**
             Filing Date:       June 21, 1999

Attached is our decision in this complaint. Complainant, an employee of the Office of Executive Budgeting and Assistance Management, Office of the Secretary, alleges that in retaliation for her prior EEO activity, Lisa Casias, Director of the Office of Financial Policy and Assistance, made false, derogatory remarks about Complainant spending long periods of time having breakfast with another employee and that she and the other employee "visited." Complainant further alleges that Casias implied that Complainant, in her capacity as an officer of the Commerce chapter of Blacks in Government (BIG) had some responsibility for the actions of an employee who attended a BIG event and used the office copier to reproduce BIG materials.

We find that Complainant is not aggrieved. In reaching this conclusion, we applied the Commission's decision in *Cobb v. Treasury,* which the Office of Federal Operations now uses as its standard analysis of whether comments render an employee aggrieved. Complainant identifies no injury in fact, and her claims, even if true, do not rise to the level of harassment.

I recommend that you sign this decision dismissing this complaint for failure to state a claim.