# Jordan 7
# (No. 03-51-00203)

MEMORANDUM FOR:     Suzan Aramaki                12/16/03
Director of Civil Rights
Department of Commerce

FROM:     Tanya Ward Jordan
Audit Liaison, Departmental Management
Office of the Secretary

SUBJECT:     Complaint of Employment Discrimination Against the U.S. Department of Commerce

This memo transmits my formal complaint against the U.S. Department of Commerce. As authorized in the *Notice of Right to File* document I received 12/5/03, I have elected to use this memorandum, in lieu of Form CD-498, to assert my allegations.

The numerous claims (13) are submitted after attempting to resolve complaints with management via mediation. Pertinent data (as cited on Form CD-498) is provided within this memorandum. The narrative reflects similar claims of other African-American class members who have been included in the *Janet Howard vs Donald Evans, Secretary of Commerce* **racial discrimination class complaint.**

---

## INFORMATION ABOUT YOU

Name:     Tanya Ward Jordan        Social Security Number: [ ]
Address:     13003 Keverton Drive        Home Phone:     (301) 390-4306
           Upper Marlboro, Md 20774    Work Phone:     (202) 482-0233

## INFORMATION ABOUT YOUR REPRESENTATIVE

Upon appointment of a representative, contact information will be sent to the Office of Civil Rights. Do note, however, the class complaint attorney is:
Gordon, Silberman, Wiggins and Childs  -----http://www.gswc.com/CM/Custom/Home.asp.

## COMPLAINT INFORMATION

In which bureau did the alleged discrimination take place?    Office of the Secretary (OS)
Did you work for the Department at the time?    Yes
If yes, what was your position (title/series/grade) office, and bureau?    Management / Program Analyst
GS-343-14
Office of Budget-Systems and Policy Division

Page 1 of 4

Tanya Ward Jordan  12/16/03
Formal Complaint of Discrimination

**DESCRIBE THE ACTIONS OR POLICIES YOU BELIEVE WERE DISCRIMINATORY.** The following events occurred circa 7/27/03 and beyond and are noted in my *Notice of Right to File*.

Based on race (African-American); color (Black); sex (Female) and retaliation (prior EEO history and presented claims against the Office of Budget) management officials discriminated against me since 2003 when:

1. Since July 27, 2003, Ms. Barbara Retzlaff {Office of Budget's (OB) Director} has precluded me {GS/343/14 Program and Management Analyst} from serving as the *"Acting Chief of the Systems and Policy Division* (SPD)" {GS/343/15 Program and Management Analyst.} I was excluded from this career advancement and promotional opportunity. However, Ms. Retzlaff provided this opportunity to a GS-13 White/Male Budget Analyst. She also permitted two (2) other White Males (Mr. Doug Allis and Mr. Peter Maxey) to serve as Chief of SPD.

2. On October 6, 2003 - Peter Maxey, newly assigned Chief of SPD reportedly acting in accordance w/Mrs. Retzlaff's input, denied me an opportunity to serve as *Acting Chief*. Mr. Maxey **did not** afford me the same career enhancing work assignment opportunity to "act" as other similarly situated GS-14's within the Office Budget.

3. On July 27, 2003 I (GS-14 Black/Female/w EEO History) was constructively demoted when management had me report to *"Acting Chief: Bill Tatter"* - a lower graded (GS13 White/Male) employee.

4. Unlike Mr. Tatter (White/Male/GS13) who was afforded the opportunity to report directly to the *"Acting Deputy Director, Ms. Victoria Ditoto"* I (Black/Female/w EEO History-GS14) in the Systems and Policy Division – was told to report to Doug Allis, Chief of the Trade and Information Program Division.

5. On November 3, 2003 the Office of Human Resources Management confirmed that Peter Maxey had been assigned to the Office of Budget's SPD. As a qualified GS-14 Program and Management Analyst I was precluded from submitting an application and competing for the promotional opportunity (GS-15 Program and Management Analyst position).

In addition, due to retaliation for participating in the EEO process the following claims are also presented:

6. Since July 27, 2003, I was the **only employee reassigned** from the Office of Executive Budgeting (OEB) to the Office of Budget. Other employees from OEB retained their same first level supervisor, their duties, and were merged under the Office of Financial

Page 2 of 4

Tanya Ward Jordan  12/16/03
Formal Complaint of Discrimination

Management (an office I had prior EEO history against).

7. Since the end of September 2003 my audit function, which included activities to ensure the Department's Office of the Secretary's funds are in compliance with regulations, has been significantly minimized. Instead, (as annotated in the performance plan developed by Mr. Maxey with the Office of Financial Management's input) I have been tasked with absorbing budget (in lieu of audit) assignments that have me (at times) reporting to lower graded employees, rather than directly to the Chief (GS15) SPD.

8. At least one (1) similarly situated employee in the Office of Budget at the GS-14 level was allowed to serve as *Acting Chief*. The GS-14, unlike me, did not have to report to a GS-13. Nor did the GS-14 have to report to a manager outside of his official chain of command.

Due to discrimination (disability) and retaliation for participating in the EEO process the following claims are presented:

9. After I (employee in the Systems and Policy Division) filed a claim against the Office of Budget circa August 8, 2003, Ms. Retzlaff discussed my medical concerns re: reasonable accommodations with Doug Allis (Chief - Trade and Information Programs Division).

10. Mr. Allis instructed me to meet with him in the presence of Vicki Ditoto to accept a letter. The letter dated and signed by Mr. Allis September 9, 2003, specified that I provide the Department's Medical Officer with medical documentation for reasonable accommodations. Mr. Allis's request, had not been made until **after** I notified the Office of Civil Rights of a number of claims I had against OB.

11. July 27, 2003-September 2003 management *"temporarily"* assigned me to a dusty small office with no window in the Trade and Information and Programs Division. The office, located outside my assigned area, had a door accessible from the hallway **that could not be fully opened, thereby presenting a safety risk in case of evacuation**. Management assigned me, despite my expressed need for direct sunlight, to the hazardous area rather than allow me to *"temporarily"* occupy the vacant private office with the window within the Systems and Policy Division (S&PD) or any other vacant office within the Office of Budget.

12. After expressing a medical need for reasonable accommodation *(a private office with a window)* Ms. Retzlaff denied my request. When Ms. Retzlaff had an opportunity to resolve the issue during office renovations (new carpet, etc.) a time when all SPD employees were disjoined from their offices - Ms. Retzlaff failed to meet my expressed need *(for fresh air and natural lighting)*. Instead, management assigned me *"permanently"* to an outside bay (converted office) of a GS-13 white/male employee

Page 3 of 4

12/16/03

Tanya Ward Jordan
Formal Complaint of Discrimination

w/poor ventilation and lighting/glare issues that aggravated my medical conditions.

Due to discrimination (race/color) and retaliation for participating in the EEO process the following claims are presented:

13. At least two white employees in the Office of Budget received more favorable treatment with regard to seating accommodations.

   A.) One white female (Ms. Victoria Ditoto) was allowed to retain a private office with a window while occupying another large office with a window.

   B.) A white male outside of my section-SPD (Doug Allis) was afforded the opportunity to occupy a private office with a window while management "*HELD*" another office for him in my section.

**WHAT DO YOU BELIEVE WERE THE REASONS FOR THE ALLEGED DISCRIMINATION? THE FOLLOWING REASONS ARE CITED BELOW:**
Race: African-American   Color: Black   Sex: Female   Disability   Retaliation

**WHAT REMEDIES DO YOU SEEK FOR THE ALLEGED DISCRIMINATION?**
- Opportunity to serve as *Acting Chief* when assigned official is out of the office.
- To report and to receive work assignments from upper management officials in lieu of lower graded employees
- Reasonable accommodations commensurate w/ medical condition as documented and provided to Department's Medical Officer
- Restoration of performance plan consistent with Audit Liaison role *or* transfer to Civil Rights Office / Office of Human Resources Management Office
- Attorney Fees/Compensatory Damages as needed
- GS-15 Management and Program Analyst or comparable position
- Restoration of Sick Leave Expended in Connection w/Reasonable Accommodation Concern/Illness.

| | |
|---|---|
| DID YOU DISCUSS THIS(ESE) ISSUES WITH AN EEO COUNSELOR? | YES |
| DID YOU FILE A GRIEVANCE UNDER A NEGOTIATED GRIEVANCE PROCEDURE? | NO |
| DID YOU FILE A MERIT SYSTEMS PROTECTION BOARD APPEAL? | NO |

Tanya Ward Jordan

12/16/03
Date

Page 4 of 4



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

APR 2 2 2004

Tanya W. Jordan
13003 Keverton Drive
Upper Marlboro, MD  20774

Dear Ms. Jordan:

This is in reference to complaint number 03-51-00203 filed on December 16, 2003, and your amendments dated January 20, 2004, and March 16, 2004. The Department of Commerce has decided to accept the following bases and claims for investigation:

1. Complainant, a Program and Management Analyst, GS-343-14, alleges that based on her race (African-American), color (black), sex (female), and in retaliation for her prior EEO complaints:
    a. Since July 27, 2003, Barbara Retzlaff and Peter Maxey have not allowed her to serve as the Acting Chief of the Systems and Policy Division (SPD), whereas three White males -- Bill Tatter, Doug Allis and Peter Maxey -- have served as Acting Chief;
    b. On July 27, 2003, she was constructively demoted when she was instructed to report to Acting Chief Bill Tatter, a lower-graded GS-13 employee;
    c. On October 6, 2003, Peter Maxey, the new Chief of SPD, denied her the opportunity to serve as Acting Chief of SPD;
    d. On an unspecified date, she was instructed to report to Doug Allis, Chief of the Trade and Information Program Division, whereas Mr. Tatter reported directly to Victoria DiToto, the Acting Deputy Director.

2. Complainant alleges that based on her race (African-American), color (Black), disability (history of surgery, chronic condition affecting breathing and seeing) and in retaliation for her prior EEO activity:
    a. On or about August 8, 2003, Ms. Retzlaff discussed her request for reasonable accommodations with Doug Allis;
    b. On or about September 9, 2003, she was required to meet with Mr. Allis in the presence of Ms. DiToto to accept a letter from Mr. Allis dated September 9, 2003, requiring her to provide the Department Medical Officer with documentation for her reasonable accommodation request;
    c. From July 27, 2004, to September 2003, contrary to her request for direct sunlight, she was assigned to a hazardous "dusty small office with no window" with a hallway door that could not be fully opened, presenting a safety risk in the event of an evacuation, located in the Trade and

      Information and Program Division, outside of her assigned area, even though a vacant private office with a window was available in the SPD, and other vacant offices were available within the Office of Budget;

    d. Ms. Retzlaff denied her request for a private office with a window, fresh air, and natural lighting, as reasonable accommodation for her disability, and on an unspecified date, permanently assigned her to an outside bay formerly occupied by a White male GS-13, which had poor ventilation and problems with lighting and glare, which aggravate her medical conditions;

    e. During an unspecified period, Ms. DiToto (White female) was allowed to retain both a private office with a window and a second large office with a window, and Mr. Allis (White male), occupied a private office with a window while management "held" a second office for him in her section; and,

    f. Despite providing the Department with medical documentation, as of March 13, 2004, her request for reasonable accommodation had not been granted.

3. Complainant alleges that in retaliation for her prior EEO activity:

    a. On or about July 27, 2003, she was the only employee reassigned from the abolished Office of Executive Budgeting (OEB) to the Office of Budget, whereas other former OEB employees retained their same first level supervisor, their duties, and were merged under the Office of Financial Management (OFM), with which she had a history of EEO activity;

    b. Since late September 2003, her audit function was significantly minimized, and she was instead tasked with absorbing budget assignments that at times require her to report to lower-graded employees rather than directly to the Chief of SPD.

    c. On March 7, 2004, she was reassigned from her Management and Program Analyst, GS-14, "Audit Liaison" position within the Office of Budget, to a Staff Accountant position in the Office of Financial Management (OFM), under paybanding, where she reports to someone at her same level rather than to a GS-15; and,

    d. Complainant further alleges that this reassignment to a position for which she has no prior skills or expertise exacerbates her medical condition, thus continuing management's failure to reasonably accommodate her disability.

    e. on February 13 and 27, 2004, management denied her requests to attend three training courses: 1) USDA Graduate School, Auditing Performance Outcomes, 2) USDA Graduate School, Performance Measurement and Budgeting, and 3) Blacks in Government National Training Conference.

Your allegation that on November 13, 2003, you learned that Peter Maxey had been reassigned as the permanent Chief of SPD, GS-15, which precluded you from competing for the position, is dismissed. The record shows that Mr. Maxey was selected as a Supervisory Budget Analyst, GS-560-15, Chief, SPD, from Vacancy Announcement OS-OB-03-078N-EA, effective September 21, 2003. You did not apply for that position.

2

EEOC regulations mandate dismissal of complaints that fail to state a claim under 29 C.F.R. 1614.103(a) or 1614.106(a). 29 C.F.R. 1614.107(a)(1). Your failure to apply for the position precludes you from establishing that you suffered harm to a term, condition, or privilege of your employment. *Blake V. Department of the Treasury*, EEOC Appeal No. 01A24372 (August 22, 2003).

The materials you submitted will be included in the Report of Investigation. The accepted issues set forth above are statements of the legal claims you have made against the Agency. If you believe the issues in your complaint have not been correctly identified, please notify me, in writing, within **15 calendar days** after you receive this letter, and specify why you believe the issues have not been correctly identified. If you fail to contact me, I will conclude that you agree that the issues have been properly identified above.

At this time, you do not have the right to appeal the dismissed issue cited above until final action is taken on the remainder of the complaint or consolidated complaints. However, the dismissed portion is reviewable by an EEOC administrative if a hearing is requested or by this office if no hearing is requested. You will be fully advised of your appeal rights after adjudication of the entire complaint.

An investigator will soon contact you to receive your sworn or affirmed statement and the evidence you possess. The investigation must be completed by June 14, 2004, unless you and the Department agree on an extension. See Title 29, Code of Federal Regulations (C.F.R.) section (§) 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support your complaint, you promptly provide it. You will receive a copy of the final Report of Investigation upon its completion. Your complaint may be dismissed if you fail to cooperate with the investigation.

You may amend your formal complaint at any time before the investigation is completed. See 29 C. F.R. §1614.106(d). However, your new claims must be like or related to the claims raised in the original complaint. For example, if the original complaint concerns a Performance Improvement Plan, a new claim concerning a subsequent performance rating would be "like or related." A new claim concerning time and attendance would not. If the complaint is amended, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed, whichever comes first. If it is determined that the new claim is not like or related to the original complaint, you will be notified of your right to seek EEO counseling.

If you file more than one complaint, the Department is required to consolidate all of the complaints for processing. The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the filing date of the first complaint, whichever comes first.

You may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date you filed the original complaint. You must file your request with the EEOC office specified in the Acknowledgment Memorandum, dated January 29, 2004, and a copy of the request must be provided to this office.

Amendments to formal complaints, copies of hearing requests, and requests for corrections to the statement of claims may be sent to me at:

> Nancy McNamara
> Chief, Compliance Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D. C. 20230

For your information, I have enclosed an information sheet on EEO Complaint Investigations.

Requests for ADR and a copy of the ADR Program Guide should be addressed to the servicing EEO Officer or:

> Bernadette M. Worthy
> Chief, Client Services and Resolution Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, DC 20230

Sincerely,

Nancy McNamara
Chief, Compliance Division
Office of Civil Rights

Enclosure

## Certificate of Service

I attest that a copy of this Letter of Acceptance has been sent to the parties listed below:

<u>By Certified Mail</u>:

Tanya W. Jordan
13003 Keverton Drive
Upper Marlboro, MD 20774

<u>Other</u>:

Bernadette Worthy
EEO Officer, Office of the Secretary

Investigative Team

Complaint File (Tab F)

OCR Office File

_____
Signature

APR 2 2 2004
Date



Tanya Jordan
13003 Keverton Drive
Upper Marlboro, MD 20774

5