# Jordan 8
# (No. 05-51-00073)

Form CD-498 (February 1999)                                                         OMB Approval No. 0690-0015

**Complaint of Employment Discrimination Against the U.S. Department of Commerce**

### INFORMATION ABOUT YOU

Name: TANYA D Ward JORDAN
Social Security Number:
Address: 13003 Kewerton Dr
Home Phone: (301) 390-4306
City/State: Upper Marlboro MD   Zip Code: 20774
Work Phone: (202) 482-2576

### INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name: Matthew Fogg
NOTE: You do not have to have a representative.
Address: P.O. Box 3095-C
Phone: (301) 899-6207
Wash. DC 20030-0956
Fax: ( )
City/State    Zip Code
Is your representative an attorney? ☐ Yes ☒ No

### INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place?
Office of the Secretary

Did you work for the Department of Commerce at the time? ☒ Yes ☐ No  If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and **include dates**. If you need more space, attach an extra page(s). See Attached Sheet. I was discriminated against based on my disability + in retaliation for prior EEO activity when Mr. Gordon Alston/Lisa Casias improperly rated me during FY04. * In addition, See Attachment A.

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

☐ Race
☐ National Origin
☐ Color
☐ Age
☐ Religion
☒ Disability
☐ Sex
☒ Retaliation Prior EEO activity
                Seeking reasonable accommodations

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s). • Cash Award for OB performance
• Maximum Compensable damages allowable  • Rating Commensurate w/
• Attorney fees, as appropriate              established performance
• RIF Credits                                 FY01-FY03

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ☐ No  Counselor's name? Ms Andrea Byrd
Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☒ No  Filing date(s)?
Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☒ No  Filing date(s)?

SIGN HERE (OR HAVE YOUR ATTORNEY SIGN FOR YOU)   DATE (MONTH/DAY/YEAR) May 17, 2005

ATTACHMENT A

| Complaint of Discrimination Against the U.S. Department of Commerce |
|---|
| Name: Tanya Ward Jordan   Phone: 301-390-4306<br>Address: 13003 Keverton Drive Upper Marlboro, MD 20774 |

### Describe the actions that you believe were discriminatory.

I was discriminated against based on my disability (major depression/anxiety disorder/chronic rhinitis), when OFM Supervisors - Mr. Gordon Alston/Lisa Casias. improperly rated my performance during FY04. Supervisor Alston asserted in a memo – that he had "no basis for rating me"; yet he assigned me a low overall final rating; rated each of my three (3) critical elements with a low numeric score; and denied me reduction in force credit.. Mr. Alston appraised me for the period March 8, 2004 - Sept 30, 2004. During much of this time I was on medical leave due to a work place injury. [It is my understanding that Mr. Alston received guidance on how to appraise me from Mr. Jay Jamison ~ who I had named as an alleged discriminating official in a pending EEO case in Federal court.]

I was also discriminated against based on my disability/participation in the EEO process when my former Office of Budget Supervisors Mr. Peter Maxey/Victorio Ditoto rated me during FY04. Maxey failed to inform, to meet or to discuss with me a "mid-term close out rating" prior to or after my transfer to OFM. Instead, Maxey/DiToto assigned me (without my knowledge) an "ACCEPTABLE rating.

Moreover, Mr. Maxey failed to ever inform me that such an interim rating had been done for the period Oct. 1, 2003 thru March 7, 2004. Rather, OFM supervisor Alston informed me via mail of Mr. Maxey's purported interim rating. Mr. Alston sent me a copy of Mr. Maxey's interim evaluation of my performance. (Maxey initialed the document without a date.) He initialed the document inappropriately suggesting that an interim rating meeting (or notice of such a meeting) had taken place.

Mr. Maxey, who has been named in pending EEO activity and who failed to provide me with reasonable accommodations while an employee in his office, assigned me an "acceptable rating" ~ which is the lowest rating received in my 18 years as a Commerce Employee. NOTE: I received both the interim rating & final rating via mail 1/6/05.

**What do you believe were the reasons for the alleged discrimination?**
I believe I was discriminated against due to my disability and in retaliation for previously utilizing the EEO process to obtain reasonable accommodations  {Disability   Retaliation}

**What remedies do you seek for the alleged discrimination?**
- Maximum compensable damages allowable
- Attorney fees, as appropriate
- Reduction In Force Credits
- Rating commensurate with my performance over the FY01; FY02 and FY03 Appraisal cycles
- Cash award for performance rendered while in the Office of Budget

*[signature]*    May 17, 2005



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer and**
**Assistant Secretary for Administration**
Washington, D.C. 20230

Tanya Ward Jordan
13003 Keverton Drive
Upper Marlboro, MD 20774

JUL 25 2005

Dear Ms. Jordan:

This is in reference to complaint number 05-51-00073 filed by you on May 23, 2005. The Department of Commerce has decided to accept the following basis and claim for investigation.

> Complainant, Staff Accountant, ZA-510-IV, Office of Financial Management (OFM), Office of the Secretary, alleges that she was discriminated against based on her disability (major depression/anxiety disorder/chronic rhinitis) and in retaliation for her prior EEO activity when:
>
> 1. Peter Maxey and Victoria Ditoto, former Office of Budget Supervisors, gave her an "acceptable" rating for the period October 1, 2003 thru March 7, 2004.
> 2. Based on the guidance of Employee Relations Specialist Jay Jamison, OFM supervisors Gordon Alston and Lisa Casias, gave her an overall performance score of 52 for the period March 6, thru September 30, 2004.

<u>Rights and Responsibilities</u>

➢ If you or your representative believe that the issue(s) in this complaint has/have not been correctly identified, you or your representative must notify the Acting Chief, Program Implementation Division at the address shown below, in writing, within 15 calendar days after receipt of this Notice, specifying why you believe that the issue(s) in this case has/have not been correctly identified.

➢ An investigator will soon contact you to receive your sworn or affirmed statement and the evidence he/she possess. Both you and your representative will receive a copy of the final Report of Investigation upon its completion.

➢ The investigation must be completed by **November 21, 2005**, unless you and the Department agree on an extension. *See* Title 29, Code of Federal Regulations (C.F.R.) section (§) 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support the complaint, you and/or your representative promptly provide it.

➢ You or your representative may amend the formal complaint at any time before the investigation is completed. *See* 29 C. F.R. § 1614.106(d). New claims must be like or related to the claims raised in the original complaint. For example, if the original complaint concerns a Performance Improvement Plan, a new claim concerning a subsequent

performance rating would be "like or related." A new claim concerning time and attendance would not. If you amend the complaint, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed, whichever comes first. If we determine that the new claim is not like or related to the original complaint, we will notify you of your right to seek EEO counseling.

➤ If more than one complaint is filed, the Agency is required to consolidate all of the complaints for processing. The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the filing date of Complainant=s first complaint, whichever comes first.

➤ You or your representative may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date the original complaint was filed. The request for hearing must be filed with the EEOC office specified in the Acknowledgment Memorandum, dated July 1, 2005, and a copy of the request must be provided to this office.

➤ The complaint may be dismissed if you fail to cooperate with the investigation.

➤ If the EEO Officer/Counselor informed you or your representative that Alternative Dispute Resolution, through mediation, is an appropriate option for this complaint, you have a right to choose mediation at any time during the processing of this formal complaint, including during the investigation. *(The DOC EEO Alternative Dispute Resolution: Mediation Guide* identifies the following cases where mediation is inappropriate:  cases involving applicants for employment, former employees, alleged violence, egregious harassment, adverse actions, class actions, when authoritative resolution of a matter is required in precedent-setting cases, when the matter in dispute has significant government policy implications, or when it is important to produce a full public record of the proceedings.)

For your information, I have enclosed an information sheet on EEO Complaint Investigations and EEO mediation.

Amendments to formal complaints, copies of hearing requests, requests for corrections to the statement of claims, and requests for mediation may be sent to me at:

>Susan E. Thomas
>Chief, Program Implementation Division
>Office of Civil Rights, Room 6012
>U.S. Department of Commerce
>Washington, D.C. 20230

2

Requests for mediation and a copy of the ADR Program Guide should be addressed to the servicing EEO Officer or:

> Bernadette M. Worthy
> Chief, Client Services and Resolution Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D.C. 20230

Sincerely,

*[signature]*

Susan E. Thomas
Acting Chief, Program Implementation Division
Office of Civil Rights

Enclosures

4

## Certificate of Service

I attest that a copy of this Notice of Acceptance for Investigation has been sent to the parties listed below:

**By Certified Mail:**

Tanya Ward Jordan
13003 Keverton Drive
Upper Marlboro, MD 20774

**Other:**

Matthew Fogg
P.O. Box 30956
Washington, DC 20030-0956

Bernadette M. Worthy
EEO Officer, OS

Investigative Team

Complaint File (Tab F)

OCR Chron File

_Erica Jackson_
Signature

JUL 2 5 2005
Date

5