UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANET HOWARD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-1968 (JDB) |
| ) | |
| GARY LOCKE, Secretary, ) | **FILED** |
| U.S. Department of Commerce, ) | MAY 2 0 2009 |
| ) | |
| Defendant. ) | NANCY MAYER WHITTINGTON, CLERK |
| ) | U.S. DISTRICT COURT |

### STIPULATION OF SETTLEMENT

Plaintiff Tanya Ward Jordan ("Plaintiff"), by her court-appointed attorney, and Defendant Gary Locke, Secretary, United States Department of Commerce ("Agency"), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. Plaintiff and Defendant do hereby agree to settle and compromise Plaintiff's claims in the above-entitled action under the terms and conditions set forth herein, which the parties agree evidence good, valuable, and adequate consideration under applicable law.

2. Defendant shall pay Plaintiff a total lump sum of Sixty-Seven Thousand, Five Hundred dollars ($67,500.00), and Plaintiff's mediation attorney, Alan Banov, Seven Thousand, Five Hundred dollars ($7,500.00) for attorney's fees, in full settlement of this matter, inclusive of costs and fees.

3. Payment of the above amounts shall be made by an electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following

the dismissal of Plaintiff's claims in the above-captioned civil action pursuant to Paragraph 8 hereof. Plaintiff and Plaintiff's counsel shall co-operate with Defendant to insure that all documentation required to process this payment is complete and accurate. The above payments are inclusive of Plaintiff's attorney's fees, costs, and other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses.

4. As further part of this settlement, promptly after notification that the Court has ordered this Stipulation, Defendant agrees to cancel and zero balance any current deficits in Plaintiff's annual leave and sick leave accounts.

5. Defendant hereby affirms and agrees that the Agency will obey any and all of the obligations it owes to Plaintiff under the Rehabilitation Act (including but not limited to the provisions regarding the provision of reasonable accommodations), subject to the requirements, terms, conditions and limitations of that Act and any future amendments, cancellations, revisions, terminations, or other modifications to such Act.

6. Defendant hereby affirms and agrees that the Agency will obey any and all of its obligations under the applicable law and regulations regarding the crediting of time towards Plaintiff's retirement for the period that she has been on worker's compensation, subject to the requirements, terms, conditions and limitations of those laws and regulations and any future amendments, cancellations, revisions, terminations, or other modifications to such law and regulations.

7. <u>OWBPA Compliance.</u> Plaintiff acknowledges that she has been given at least twenty-one (21) calendar days within which to consider this settlement, and that the waiver of her rights and claims hereunder is a knowing and voluntary waiver. Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution

hereof. Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Stipulation of Settlement to her and that the Agency has provided sufficient time for this purpose. By his signature below, Plaintiff's counsel represents that: (i) he has served as Plaintiff's attorney with respect to mediation and settlement of this matter; (ii) he has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G), including the waiting periods prescribed therein, have been fully satisfied in connection with this settlement agreement.

       8.    <u>Dismissal with Prejudice.</u> Unless Plaintiff timely exercises her right to rescind this Stipulation as provided in Paragraph 7 hereof, Defendant's counsel may file the fully executed Stipulation with the Court at any time after the expiration of seven (7) calendar days after the date on which the Stipulation was signed by Plaintiff, and such filing shall constitute a dismissal of Plaintiff's claims in the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation.

       9.    <u>Release.</u> This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action and all claims that have accrued on or before the date of this Stipulation or are based upon actions occurring on or before the date of this Stipulation, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorneys' fees, and interest or other compensation for delay; provided, however, that this release does not affect Plaintiff's outstanding claim for worker's compensation, which is currently before the Office of Worker's

Compensation Programs. Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein or any event occurring on or before the date of this Stipulation. Plaintiff hereby fully and forever releases and discharges the Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date Plaintiff signs this Stipulation which may affect Plaintiff's future compensation, or (ii)

Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

10. <u>No Assignment.</u> Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

11. <u>No Admission of Liability.</u> This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

12. <u>Tax Consequences.</u> Plaintiff acknowledges that she has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements with respect to her payment of $67,500.00 and other obligations arising from this Stipulation that are applicable to Plaintiff. Plaintiff's attorney shall be solely responsible for compliance with all federal, state, and local tax filing requirements with respect to his payment of $7,500.00 and other obligations arising from this Stipulation that are applicable to Plaintiff's attorney.

13. <u>Entire Agreement.</u> This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

14. <u>No Duress.</u> Plaintiff acknowledges that she has entered into this Stipulation of Settlement voluntarily and that Defendant, the Agency, or any of the Agency's present or former employees or agents has not imposed any undue hardship, duress, or coercion in connection with execution of this document.

15. <u>Amendments.</u> The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

16. <u>Construction.</u> The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is

construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

17.    Headings.    The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

18.    Severability.    The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

19.    Further Assurances.    Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

20.    Right to Cure.    If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

21.    Notices.    Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

              If to Plaintiff:      Tanya Ward Jordan
                                    13003 Keverton Dr.
                                    Upper Marlboro, MD 20774
                                    ward.tj7@gmail.com

       If to Defendant:       Tiffany Blakey
Employment & Labor Law Division
U.S. Department of Commerce
Office of the General Counsel
1401 Constitution Ave., NW
Washington, DC 20230
TBlakey@doc.gov

       with copy to:       Brian P. Hudak
U.S. Attorney's Office
555 Fourth St., NW
Washington, DC 20530
brian.hudak@usdoj.gov

22.    Execution. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

23.    Governing Law. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

24.    Binding Effect. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 7 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

\*   \*   \*

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

Dated: May 7, 2009
Washington, DC

Respectfully submitted,

_____
ALAN BANOV, D.C. BAR #95059
Alan Banov & Associates
8401 Colesville Road, Suite 325
Silver Spring, MD 20910
(301) 588-9699; fax: (301) 588-9699
abanov@banovlaw.com

*Attorney for Plaintiffs Pro Bono Publico for Mediation and Settlement*

_____
TANYA WARD JORDAN
13003 Keverton Dr.
Upper Marlboro, MD 20774
ward.tj7@gmail.com

*Plaintiff*

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

SO ORDERED:

On this ___18th___ day of ___May___, 2009.

_____
JOHN D. BATES
United States District Judge