# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JANET HOWARD, et al.,

      Plaintiffs,

         v.

GARY LOCKE,
Secretary, U.S. Dep't of Commerce,

      Defendant.

Civil Action No.  05-1968 (JDB)

## AMENDED ORDER[1]

Currently before the Court are [96] [114] [115] plaintiffs' motions for court appointed attorney.[2]  Because the remaining claims in this case arise under Title VII, these motions are made pursuant 42 U.S.C. § 2000e–5(f)(1),[3] which provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."  Although this "provision gives plaintiffs a right to request representation, it does not create a statutory right to have counsel actually appointed."  Poindexter v. Fed. Bureau of Investigation, 737 F.2d 1173, 1179 (D.C. Cir. 1984).  Rather, "[t]he

---

[1] This Order supersedes the Court's June 5, 2009 Order (ECF # 122).

[2] Plaintiffs' most recent motion, filed May 5, 2009, is labeled "Motion to Amend Information for Court Appointed Attorney," but for ease of reference the Court will refer to it as Plaintiff's Amended Motion for Court Appointed Attorney ("Pls.' Am. Mot.").

[3] Plaintiffs Janet Howard and Joyce E. Megginson assert that they are entitled to appointment of counsel under the statute governing proceedings in forma pauperis and its appointment of counsel provision, 28 U.S.C. § 1915(e)(1).  See Pls.' Am. Mot. at 1 (ECF #115). However, their motions are properly considered under 42 U.S.C. § 2000e–5(f)(1), which applies specifically to requests for counsel in Title VII cases.  For the same reason, Local Civ. R. 83.11(b)(3), governing appointment of counsel when in forma pauperis status has been granted, is inapplicable to these motions.

decision to appoint rests in the sound discretion of the trial judge." Id. The language of the statute, however, "offers little direction to lower courts confronted with such requests." Id. Due to this lack of guidance, the D.C. Circuit has articulated several factors for courts to consider when resolving a request to appoint counsel in a Title VII case: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Id. at 1185.

The first factor, ability to afford an attorney, weighs in favor of plaintiffs. Despite defendant's efforts to demonstrate that plaintiffs are not indigent, see Def.'s First Response to Pls.' Request and Mot. for Court-Appointed Representation ("Def.'s First Response") at 2-3 (ECF #108), that is not the relevant inquiry here. "In evaluating the plaintiff's ability to afford counsel, a court should not insist that a plaintiff be destitute, nor should it demand as substantial a showing as that required to proceed in forma pauperis." Poindexter, 737 F.2d at 1186. Instead, courts should determine whether "payment of fees would jeopardize the plaintiff's ability to maintain the necessities of life." Id. Plaintiffs Howard and Megginson contend that they "do not maintain the financial capacity to continue to litigate this case." Pls.' Request and Mot. for Court-Appointed Representation ("Pls.' First Mot.") at 2 (ECF #99). Howard has been unemployed since April 2008, she has no source of income, she has been denied unemployment benefits and she represents that her home has been placed in foreclosure.[4] Id. at 3-4; Pls.' Am.

_____

[4] Defendant asserts that "Howard is eligible to receive federal CSRS retirement upon election" and if she elected to do so "she would receive a pre-tax annuity of $2,964.49 per month." Def.'s First Response at 3; Def.'s Ex. 2 ¶¶ 4-9 (Decl. of Vanessa Lewis). The Court is unpersuaded that the retirement annuity that Howard may potentially be entitled to, but does not actually receive at this time, should alter the analysis here.

Mot. at 2-4; Pls.' Ex. 3 (Feb. 27, 2008 Notice of Proposed Removal).  Megginson has not worked

since 1999 due to post traumatic stress disorder and she receives Workers' Compensation

benefits that total $2,574 per month.  Pls.' Ex. 12 (April 2009 Benefit Stmt.).  She asserts that her

monthly benefits "are barely enough to cover her everyday living expenses, which renders her

incapable of paying for an attorney."  Pls.' Am. Mot. at 5.  Both plaintiffs also cite their chronic

medical conditions as a further strain on their limited financial resources.  See id. at 3-5; Pls.'

First Mot. at 3-5.  In light of the foregoing, the Court concludes that "payment of fees would

jeopardize the plaintiff[s'] ability to maintain the necessities of life."  Poindexter, 737 F.2d at

1186.

     The second and third factors -- merits of the claim and efforts to secure counsel -- also

favor plaintiffs.  In considering the merits of a plaintiff's claim, appointment of counsel is not

appropriate if the claim "appears to be patently frivolous."  Id. at 1187.  However, if "the

plaintiff appears to have some chance of prevailing, then appointment should not be refused for

want of a meritorious claim."  Id.  Plaintiffs' Title VII claims have already survived two motions

to dismiss.  See Howard v. Gutierrez, 571 F. Supp. 2d 145, 152-61 (D.D.C. 2008); Howard v.

Gutierrez, 474 F. Supp. 2d 41, 48-53 (D.D.C. 2007).  Consequently, plaintiffs' claims have at

least "some chance of prevailing" and are not "patently frivolous."  With respect to the third

factor, the Court is satisfied -- based upon representations made by plaintiffs in their motions and

during prior status conferences and hearings -- that they have made "'a reasonably diligent effort

under the circumstances to obtain counsel,'" which is all that is required.  Poindexter, 737 F.2d at

1188 (quoting Bradshaw v. Zoological Soc'y, 662 F.2d 1301, 1319 (9th Cir. 1981)).

     Finally, the fourth factor, capacity of the plaintiff to present the case adequately without

aid of counsel, reinforces the conclusion that appointment of counsel is appropriate here.  There

is nothing in plaintiffs' backgrounds or their demonstrated skills to suggest "that appointment of

counsel is unnecessary."  Id. at 1189.  The most pertinent question in this case, however, is "the

degree to which lawyering skills will be required."  Id.  Plaintiffs assert that their claims cannot

be presented adequately without counsel because, inter alia, the factual issues will require

investigation, civil rights litigation is a complex area of law, there will be a need for discovery,

and there may be the need for a motions hearing.  Pls.' Am. Mot. at 6-9.  The Court agrees with

plaintiffs and also notes that plaintiffs' disparate impact claims will likely require potentially

complex statistical evidence of the type referenced in their Second Amended Complaint.  See

Sec. Am. Compl. ¶¶ 161-91.  Cultivating this evidence will, in turn, likely require the

preparation of an expert report and the taking and defending of expert depositions -- all of which

will be extremely difficult for plaintiffs without the assistance of counsel.

     In sum, then, the Court is persuaded that plaintiffs have demonstrated that appointment of

counsel is appropriate in this case.  Therefore, it is hereby

     **ORDERED** that [115] plaintiffs' amended motion for court appointed attorney is

**GRANTED** and [96] [114] plaintiffs' prior motions are **DENIED AS MOOT**.

     **SO ORDERED**.

                                    /s/ John D. Bates
                                    JOHN D. BATES
                          United States District Judge

Dated:  June 9, 2009